# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>RCN TELECOM SERVICES, LLC, et al.,<br><br>　　　　　Defendants. | **No.  3:19-cv-17272-MAS-ZNQ**<br><br>**ORAL ARGUMENT REQUESTED** |

## PATRIOT MEDIA CONSULTING, LLC'S
## <u>REPLY IN SUPPORT OF MOTION TO DISMISS</u>

Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
Telephone: 267.780.2000
Fax: 215.405.9070

Richard L. Brophy*
Zachary C. Howenstine*
Margaret R. Szewczyk*
Michael W. Carwin*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
*Admitted Pro Hac Vice

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.......................................................................................ii

INTRODUCTION....................................................................................................1

    I.      Plaintiffs' claims against Patriot are indistinguishable from those
           that were dismissed in *Grande*..............................................................1

    II.    Conclusory allegations "upon information and belief" cannot,
           standing alone, state a claim for secondary copyright infringement.....4

    III.   Plaintiffs offer no authority authorizing a tertiary liability claim........6

    IV.   Plaintiffs' allegations do not support a contributory infringement
           claim...................................................................................................10

    V.    Plaintiffs' allegations do not support a vicarious infringement
           claim...................................................................................................13

    VI.   The Court should dismiss Plaintiffs' claims with prejudice...............14

CONCLUSION.......................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arista Records, Inc. v. Flea World, Inc.*, No. 1:03-cv-2670, 2006 WL 842883 (D.N.J. Mar. 31, 2006).........................................................................12

*Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398 (S.D.N.Y. 2011) ...........................................................................................................................7

*Broad. Music Inc. v. Hemingway's Café, Inc.*, No. 3:15-cv-6806, 2017 WL 2804951 (D.N.J. June 28, 2017).................................................................7

*Broad. Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d 184 (S.D.N.Y. 2016).............................................................................................................6

*Capitol Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280 (E.D.N.Y. 2002).....................................................................................................7

*Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004)................................................13

*EMI Christian Music Grp. v. MP3tunes, LLC*, 844 F.3d 79 (2d Cir. 2016) ...........................................................................................................................7, 8

*Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376 (3d Cir. 2016)...........................13, 14

*McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263 (3d Cir. 2016) ..................5

*Menard v. CXT Transp., Inc.*, 698 F.3d 40 (1st Cir. 2012) ......................................5

*Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454 (S.D.N.Y. 2016)............................5

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788 (9th Cir. 2007)......11, 12, 13

*Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304 (2d Cir. 1963) ...........................................................................................................................8

*Star Pac. Corp. v. Star Atl. Corp.*, No. 2:08-cv-4957, 2011 WL 2413150 (D.N.J. June 10, 2011) .........................................................................7

*Sygma Photo News, Inc. v. High Soc'y Magazine, Inc.*, 778 F.2d 89
(2d Cir. 1985)..........................................................................................8

*UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 412–14
(N.D. Cal.
2004)..............................................................................................8, 9, 10

*UMG Recordings, Inc. v. Grande Commc'ns Networks LLC*, No. 1:17-
cv-365, 2018 WL 1096871 (W.D. Tex. Feb. 28, 2018) ....................................10

*UMG Recordings, Inc. v. Grande Commc'ns Networks LLC*, No. 1:17-
cv-365, 2018 WL 4501535 (W.D. Tex. Sept. 20, 2018) ............................*passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................2, 10

Fed. R. Civ. P. 15(a)(2)......................................................................................15

## INTRODUCTION

Plaintiffs cannot state a secondary copyright infringement claim against Defendant Patriot Media Consulting, LLC ("Patriot") based on its provision of management services to Defendant RCN.[1]  The district court in *Grande* dismissed virtually identical claims in a prior action between the parties, and Plaintiffs' claims in this case should be dismissed on the same grounds.   Plaintiffs impermissibly seek to hold Patriot liable for RCN's conduct, and Plaintiffs' allegations are facially insufficient to support a claim for contributory or vicarious copyright infringement against Patriot for a number of different reasons.   The Court should dismiss Plaintiffs' claims against Patriot with prejudice.[2]

### I.   Plaintiffs' claims against Patriot are indistinguishable from those that were dismissed in *Grande*.

Plaintiffs argue that their claims against Patriot are different from those that were dismissed in *Grande* because "Plaintiffs have pleaded numerous additional facts," including that "Patriot is an owner of RCN," and that "Patriot effectively makes all policy decisions for RCN, specifically including any policy regarding copyright infringement."   Pls.' Resp. to Patriot's Mot. to Dismiss at 9–10 (ECF No. 53) (hereinafter, "Resp. to MTD").

---

[1] "RCN" collectively refers to the other defendants in this case.

[2] Patriot also incorporates by reference the arguments and authorities offered by RCN in connection with its pending Motion to Dismiss (ECF No. 15-1), all of which are equally applicable to Plaintiffs' claims against Patriot—if not more so.

Plaintiffs are wrong. As Plaintiffs certainly know, the district court in *Grande* expressly determined that these allegations were insufficient to state a claim. After the district court dismissed Plaintiffs' claims against Patriot under Rule 12(b)(6), Plaintiffs sought leave to amend their complaint with allegations regarding Patriot's ownership of Grande and control over its copyright infringement policies, which the district court rejected as simply "more of the same":

> With regard to Patriot, Plaintiffs rely on evidence acquired in discovery showing that <u>Patriot has an ownership interest in Grande</u> and that <u>Patriot employees advise Grande or 'make policy' on Grande's DMCA and other infringement policies</u>.
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> The new language, which allegedly cures the defects identified by the Court, is:
>
>> Patriot performs the functions of Grande's CEO, CFO, and COO; develops Grande's overall business strategy; and handles various marketing, legal, regulatory, and other functions for Grande. In particular, Patriot sets Grande's policies, including policies relating to copyright infringement.
>
> Though there is more detail in the proposed amendment, these allegations are 'more of the same' when compared to the original complaint.

*UMG Recordings, Inc. v. Grande Commc'ns Networks LLC*, No. 1:17-cv-365, 2018 WL 4501535, at \*3–\*4 (W.D. Tex. Sept. 20, 2018) (emphasis added).

Ultimately, the *Grande* court determined that "[n]othing in [Plaintiffs'] new

allegations changes the fact that [the ISP] is the entity that provided internet access to the subscribers, and [the ISP] (albeit with employees provided by Patriot) made the decisions of which Plaintiffs complain." *Id.* at *4. The court also observed that "[a] minority ownership interest in an entity does not make one liable for acts of the entity," and that Plaintiffs therefore "still fall far short of stating a claim." *Id.* at *4 n.1. The same is true here. *Grande* is directly on point, and its reasoning requires dismissal of Plaintiffs' claims against Patriot.

Plaintiffs are also wrong to suggest that this case involves new and different allegations regarding Patriot's financial interest in the alleged infringement. *See* Resp. to MTD at 9–10. In fact, Plaintiffs' allegations in *Grande* were effectively identical. *See UMG Recordings, Inc., et al. v. Grande Commc'ns Networks LLC*, No. 1:17-cv-365 (W.D. Tex.), Compl. (ECF No. 1) at ¶ 53 ("[Grande and Patriot] have made an affirmative decision to contribute to known copyright infringement and to continue reaping the substantial financial benefits in the form of subscription fees and fees for higher bandwidth."), ¶ 80 ("Patriot . . . at all relevant times has derived a direct financial benefit from the infringement of Plaintiffs' copyrights. Indeed, the availability of music—and particularly Plaintiffs' music— acts as a powerful draw for subscribers to Grande's service who use that service to download infringing music files using BitTorrent protocols.").

The *Grande* court correctly dismissed Plaintiffs' claims against Patriot

because they were "a very poorly disguised attempt to ignore [the ISP's] corporate form," and because "[t]he relationship between the alleged direct infringers and Patriot is too attenuated to support a claim." *See* 2018 WL 4501535, at *3.  The Court should dismiss Plaintiffs' claims against Patriot for the same reasons.

## II.   Conclusory allegations "upon information and belief" cannot, standing alone, state a claim for secondary copyright infringement.

Plaintiffs repeatedly suggest that Patriot ignored "key" and "detailed" factual allegations regarding Patriot's conduct.  *See, e.g.*, Resp. to MTD at 9–10, 15, 21.  However, Plaintiffs fail to mention that each of its supposedly "key" allegations regarding Patriot's conduct is alleged "upon information and belief."  *See, e.g.*, Am. Compl., ¶¶ 81–83.   This includes Plaintiffs' allegations that "Patriot is an owner of RCN"; that "Patriot effectively makes all policy decisions for RCN, specifically including any policy regarding copyright infringement"; that Patriot "formulat[ed] and implement[ed] the business policies, procedures, and practices that provide repeat infringers with continued internet service through RCN"; and that Patriot did so "because of its financial interest in the amount of revenue RCN generated from continuing to provide internet service to known infringing users." *See id*.

These conclusory allegations "upon information and belief" are facially insufficient.  "[P]leading upon information and belief is permissible where it can be shown that the requisite factual information is peculiarly within the defendant's

knowledge or control—*so long as there are no boilerplate and conclusory allegations and plaintiffs accompany their legal theory with factual allegations that make their theoretically viable claim plausible*." *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267–68 (3d Cir. 2016) (emphasis added) (alterations, quotations & citations omitted); *see also Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 461 (S.D.N.Y. 2016) ("[W]hile a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is founded.") (quotations & citations omitted).

Here, in contrast, Plaintiffs' allegations "upon information and belief" are entirely boilerplate and conclusory, and they are not accompanied by any factual allegations that make their claims plausible. *See* Am. Compl., ¶¶ 81–83 (section titled "Patriot's Role in the Infringement"), 108–120 (contributory infringement claim against Patriot), 121–132 (vicarious infringement claim against Patriot). If Plaintiffs could allege any *facts* to support a claim against Patriot, then they were obligated to include them in their Amended Complaint. Their failure to do so is fatal to their claims. *See also Menard v. CXT Transp., Inc.*, 698 F.3d 40, 44 n.5 (1st Cir. 2012) ("Menard says the allegation is made on 'information and belief,' but if he had any facts to support this assertion, they should have been set forth.

'Information and belief' does not mean pure speculation.").

### III.   Plaintiffs offer no authority authorizing a tertiary liability claim.

In effect, Plaintiffs contend that Patriot can be jointly and severally liable for RCN's alleged secondary copyright infringement *even if* Plaintiffs cannot state a secondary infringement claim against Patriot.[3]   *See* Resp. to MTD at 10–15.   This "tertiary liability" argument does not withstand scrutiny.

Although Plaintiffs cherry-pick broad language from various cases, none of those opinions holds that an entity can be liable for copyright infringement in the absence of a viable direct or secondary infringement claim.   For the most part, Plaintiffs' cited cases address the irrelevant issue of when a corporate representative—typically an officer or director—may be personally liable for a corporation's infringement.   Furthermore, in each case, the defendant's conduct either satisfied or was plausibly alleged to have satisfied the requirements of contributory or vicarious liability.   *See Broad. Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d 184, 193–94 (S.D.N.Y. 2016) (corporation and officers were liable for direct copyright infringement because "each had the right and ability to supervise the infringing activity and also had a direct financial interest in such

---

[3] Plaintiffs cannot state a claim against Patriot for the reasons that follow, but it bears mentioning that this theory is absent from Plaintiffs' Amended Complaint.   Plaintiffs' claims against Patriot are premised on the notion that Patriot itself committed acts of contributory and vicarious copyright infringement.   *See, e.g.*, Am. Compl., ¶¶ 113, 125 (ECF No. 9).

activities"—the elements of a vicarious infringement claim) (quotations, citations & alterations omitted); *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 438–39 (S.D.N.Y. 2011) (individual who directed corporate defendant's infringing activity was contributorily liable, as was related entity that lacked any distinct corporate identity); *Star Pac. Corp. v. Star Atl. Corp.*, No. 2:08-cv-4957, 2011 WL 2413150, at *5 (D.N.J. June 10, 2011) (individual who incorporated entity, acted as officer, director, agent, and shareholder, and had knowledge of the infringing conduct was personally liable); *Broad. Music Inc. v. Hemingway's Café, Inc.*, No. 3:15-cv-6806, 2017 WL 2804951, at *4–*5 (D.N.J. June 28, 2017) ("*Individual infringers* can be held personally liable, jointly and severally, with corporate infringers for each act of copyright infringement.") (emphasis added) (citations omitted); *Capitol Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280, 284–85 (E.D.N.Y. 2002) (plaintiffs stated a claim against individual "who managed and financially benefited from the production and sale of the acts of copyright infringement" of corporate defendant, of which he was the president and sole shareholder); *EMI Christian Music Grp. v. MP3tunes, LLC*, 844 F.3d 79, 99–100 (2d Cir. 2016) (affirming judgment of vicarious and contributory liability on grounds that the corporate defendant's CEO controlled and directed the infringing activity and, as its "near-exclusive funder," had an "obvious and direct financial

interest in the exploitation of copyrighted materials" that "acted as a 'draw' to attract subscribers to" the corporate defendant[4]).[5]

In particular, Plaintiffs' reliance on *UMG Recordings, Inc. v. Bertelsmann AG* is misplaced. The *Bertelsmann* court did not accept the argument Plaintiffs advance here—that Patriot may be liable for secondary infringement even if Plaintiffs cannot state a secondary infringement claim against Patriot. *Bertelsmann* concerned claims against two entities that, at different points in time, were alleged to have controlled Napster, which operated and distributed a peer-to-peer file-sharing system. 222 F.R.D. 408, 412–14 (N.D. Cal. 2004). The court concluded that the defendants were wrong to characterize the plaintiffs' allegations as invoking tertiary liability because "more than merely *knowing of* and *contributing to* the infringing activity, [the defendants] are alleged to have specifically *ordered* that such activity take place." *Id.* at 413–14 (emphasis in original). The plaintiffs also alleged that the defendants knew, before taking control of Napster, that a

---

[4] Plaintiffs rely on a district court opinion from *MP3tunes*, which Plaintiffs characterize as approving of tertiary liability for copyright infringement. *See* Pls.' Resp. at 14–15. In the opinion cited above, however, the Second Circuit made clear on appeal that there can be no secondary liability in the absence of proof that the defendant itself engaged in conduct constituting contributory or vicarious infringement.

[5] Additionally, virtually all of Plaintiffs' cited authorities rely on the Second Circuit's decisions in *Sygma* and *Shapiro*. Those cases are plainly distinguishable because they were motivated by the concern that a defendant might attempt to shield itself from secondary copyright infringement liability by establishing "dummy" entities nominally responsible for the infringing conduct. *See Sygma Photo News, Inc. v. High Soc'y Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985); *Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304, 308–09 (2d Cir. 1963).

8

district court had determined that Napster was engaged in infringing activity, and that the defendants nevertheless ordered that activity to continue.  *Id.* at 412–13. There are no comparable allegations in this case.  *See id.* at 414.

Apart from *Grande*, the most directly comparable case is *UMG Recordings, Inc. v. Veoh Networks Inc.*, in which the district court expressly distinguished *Bertelsmann*.  In that case, the plaintiffs alleged that three entities were liable for secondary infringement because they controlled and funded co-defendant Veoh Networks, which operated a video-sharing website that allegedly hosted infringing content.  No. 2:07-cv-5744, 2009 WL 334022, at *1–*2 (C.D. Cal. Feb. 2, 2009). The district court dismissed the plaintiffs' contributory infringement claim, finding that the plaintiffs failed to allege concrete facts demonstrating that the defendants controlled Veoh to the point that it lacked any independent will or judgment.  *Id.* at *4.  The court further concluded that the plaintiffs could not state a vicarious infringement claim because the defendants' financial interest in Veoh's alleged infringement was too attenuated.  *See id.* at *6.  The *Veoh* court's reasoning requires dismissal of Plaintiffs' claims against Patriot here.

As the court determined in *Grande*, the problems with Plaintiffs' claims against Patriot are that (1) Plaintiffs are seeking to hold Patriot liable for its co-defendant's conduct, not its own; and (2) Patriot's alleged conduct is too attenuated from the alleged direct infringement.  *See UMG Recordings, Inc. v. Grande*

*Commc'ns Networks LLC*, No. 1:17-cv-365, 2018 WL 1096871, at *11 (W.D. Tex. Feb. 28, 2018) (finding *Bertelsmann* unpersuasive). Here, the alleged secondary infringement at issue is RCN's provision of internet access to subscribers accused of direct copyright infringement. Patriot is not alleged to have provided that internet access or had any relationship or contact with the affected subscribers. This is a clear-cut attempt to impose tertiary liability, which the copyright law does not permit. *See* Patriot's Mem. in support of Mot. to Dismiss at 5–6 (ECF No. 30-1) (hereinafter, "Mem. ISO MTD").

Plaintiffs cannot state a claim absent allegations plausibly demonstrating that Patriot's own conduct constituted contributory or vicarious copyright infringement. Because Plaintiffs do not and cannot allege any such facts, the Court should dismiss Plaintiffs' claims under Rule 12(b)(6).

## IV.    Plaintiffs' allegations do not support a contributory infringement claim.

There are two fatal defects in Plaintiffs' contributory infringement claim against Patriot—the absence of any plausible, non-conclusory allegation (1) that Patriot had knowledge of the underlying alleged direct infringement; and (2) that Patriot induced or encouraged direct infringement. *See* Mem. ISO MTD at 6–9 (citing *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 387 (3d Cir. 2016)).

First and foremost, Plaintiffs fail to identify any concrete factual allegations demonstrating that Patriot had knowledge of the alleged direct copyright at issue in

this case.  *See* Pls.' Resp. to Patriot's MTD at 16–17.  Plaintiffs do not allege that Patriot received, reviewed, or was otherwise made aware of the email notices of alleged infringement that Rightscorp sent to RCN—the foundation of Plaintiffs' entire case.  *See generally* Am. Compl. (ECF No. 9).  At most, Plaintiffs allege that Patriot was involved in determining how RCN would respond to allegations of copyright infringement *generally*.  *See id.*, ¶ 81("Upon information and belief, Patriot directed RCN's response to allegations of copyright infringement occurring on the RCN network . . . .").  This does not plausibly show that Patriot had knowledge of the substance of those allegations, much less that Patriot had knowledge of *the specific allegations at issue in this case*.  Plaintiffs' contributory infringement claim must therefore be dismissed.

It is likewise clear that Plaintiffs have failed to plausibly allege that Patriot "materially contributed" to RCN's subscribers' alleged infringement.[6]  In this respect, Plaintiffs' reliance on *Perfect 10, Inc. v. Amazon.com, Inc.* is misplaced.  In *Perfect 10*, the Ninth Circuit held that Google could be secondarily liable for copyright infringement if the plaintiff were to show that Google had actual knowledge that specific infringing material was accessible through its search engine, and that Google failed to take simple measures to disable access to that

---

[6] As discussed in RCN's opening brief, "material contribution" is not an independent basis for contributory liability.

material.  508 F.3d 1146, 1172–73 (9th Cir. 2007).  Here, in contrast, Plaintiffs do not plausibly allege that Patriot actually operated RCN's internet service; that Patriot had actual knowledge of specific instances of direct copyright infringement; or that RCN could do anything—much less had the right to do anything—to identify or disable access to any infringing content.

Finally, it is borderline frivolous for Plaintiffs to suggest that Patriot, a management consulting firm, provided the "site and facilities" for RCN's subscribers' alleged direct infringement.  *See* Resp. to MTD at 18–19.  The "site and facilities" of infringement refers to the source of infringing content.  *See, e.g.*, *Arista Records, Inc. v. Flea World, Inc.*, No. 1:03-cv-2670, 2006 WL 842883, at *15 (D.N.J. Mar. 31, 2006) (providing the "site and facilities" for infringement means "provid[ing] a central 'hub' for infringing activity"); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 799–800 (9th Cir. 2007) ("The actual display, location, and distribution of infringing images in this case occurs on websites that organize, display, and transmit information over the wires and wireless instruments that make up the Internet.  The *websites* are the 'site' of the infringement, not Defendants' payment networks.") (emphasis in original).  Here, Patriot's alleged conduct is multiple steps removed from any alleged act of direct copyright infringement, and Plaintiffs have therefore failed to state a claim.  *See Visa*, 494

12

F.3d at 800 (rejecting any conception of "site and facilities" that would encompass "peripherally-involved third parties").

## V.   Plaintiffs' allegations do not support a vicarious infringement claim.

Plaintiffs' vicarious infringement claim is likewise deficient in two key respects, and Plaintiffs fail to credibly show otherwise.

First, Plaintiffs do not plausibly allege that Patriot receives any direct financial benefit from the alleged infringement. *See Leonard*, 834 F.3d at 388. Plaintiffs baldly assert that "Plaintiffs have alleged that Patriot receives revenue from infringing customers that it would forego if it terminated them . . . ." Resp. to MTD at 25–26. In fact, there is no such allegation in the Amended Complaint. *See id.* This is because Plaintiffs have no factual basis for alleging that Patriot receives any revenue that is tied to the amount of revenue RCN generates from its subscribers, or that is otherwise dependent on the amount of RCN's revenues or profits. At most, Plaintiffs allege that Patriot has some unspecified ownership interest in RCN,[7] which is plainly insufficient to show "a causal relationship between [RCN's subscribers' alleged] infringing activity and any financial benefit [Patriot] reaps." *See Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004); *see also Veoh*, 2009 WL 334022, at *6 (dismissing vicarious infringement claim

---

[7] As noted above, Plaintiffs offer the conclusory allegation "upon information and belief" that Patriot has an ownership interest in RCN, without any supporting factual allegations that make this allegation plausible.

because "the alleged financial benefit that [the defendants] might some day enjoy [from investing in Veoh] will not come directly from Veoh's users or from Veoh's advertisers").

Second, Plaintiffs do not plausibly allege that Patriot has the right and ability to supervise the alleged direct infringement.  *See Leonard*, 834 F.3d at 388. Plaintiffs allege no facts indicating that Patriot has the authority to compel RCN (or its subscribers) to do *anything*.  Plaintiffs' allegations—again, "upon information and belief"—that Patriot made policy decisions for RCN, and "directed" its response to infringement allegations, do not demonstrate that Patriot had the right or ability to control RCN's conduct.  *See* Am. Compl., ¶ 81. Likewise, Plaintiffs' vague allegations that Patriot provides management services to RCN and formulated certain of its business policies do not plausibly demonstrate that RCN has no independent will of its own.  *See id.* at ¶ 82.  As noted above, if Plaintiffs could allege any facts demonstrating Patriot's complete control over RCN, then they were obligated to include them in their Amended Complaint.

## VI.    The Court should dismiss Plaintiffs' claims with prejudice.

In their Response, Plaintiffs request leave to amend their Amended Complaint in the event the Court determines that Plaintiffs have failed to state a claim.  *See* Resp. to MTD at 26 n.8.  Because Plaintiffs fail to explain what

additional facts they would allege, and how those facts would render the amendment anything other than futile, the Court should dismiss Plaintiffs' claims with prejudice.  At a minimum, the Court should require Plaintiffs to seek leave under Fed. R. Civ. P. 15(a)(2) prior to authorizing any further amendment.

## CONCLUSION

For the foregoing reasons, the Court should grant Patriot's Motion to Dismiss (ECF No. 30) and dismiss Plaintiffs' claims against Patriot with prejudice.

Dated: March 11, 2020

By:   */s/ Edward F. Behm*
Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
Telephone: 267.780.2000
Fax: 215.405.9070

Richard L. Brophy*
Zachary C. Howenstine*
Margaret R. Szewczyk*
Michael W. Carwin*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
mcarwin@armstrongteasdale.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the below date, I caused a true and correct copy of the foregoing *Patriot Media Consulting, LLC's Reply in Support of Motion to Dismiss* to be filed via the ECF system and served on all counsel of record.

<u>*/s/ Edward F. Behm, Jr.*</u>
Edward F. Behm, Jr.

Dated:          March 11, 2020