# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UMG RECORDINGS, INC., et al.,

        Plaintiffs,

    vs.

RCN TELECOM SERVICES, LLC, et al.,

        Defendants.

**No.  3:19-cv-17272-MAS-ZNQ**

**ORAL ARGUMENT REQUESTED**

## <u>RCN DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>

Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
Telephone: 267.780.2000
Fax: 215.405.9070

Richard L. Brophy*
Zachary C. Howenstine*
Margaret R. Szewczyk*
Michael W. Carwin*
Abigail L. Twenter*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
*Admitted Pro Hac Vice*

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................ii

ARGUMENT........................................................................................................................1

    I.     Plaintiffs Have Not Plausibly Alleged Direct
Infringement........................................................................................................1

           A.     Plaintiffs Do Not Plausibly Allege A Violation Of Their
Reproduction Rights...................................................................1

           B.     Plaintiffs Do Not Plausibly Allege A Violation Of Their
Distribution Rights.....................................................................2

    II.    Plaintiffs Have Not Plausibly Alleged Contributory
Infringement........................................................................................................4

           A.     Plaintiffs Do Not Adequately Plead Knowledge.......................5

           B.     Plaintiffs' Amended Complaint Does Not Adequately Plead
Inducement or Encouragement.................................................10

    III.   Plaintiffs Have Not Plausibly Alleged Vicarious
Infringement......................................................................................................13

CONCLUSION...................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) ...........................................................................16

*Arista Records, Inc. v. Flea World, Inc.*,
  No. 1:03-cv-2670, 2006 WL 842883 (D.N.J. Mar. 31, 2006)...........................12

*Atl. Recording Corp. v. Howell*,
  554 F. Supp. 2d 976 (D. Ariz. 2008) ...................................................................4

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
  149 F. Supp. 3d 634 (E.D. Va. 2015) ........................................................4, 6, 10

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
  881 F.3d 293 (4th Cir. 2018) ....................................................................6, 9, 10

*Capitol Records, Inc. v. Thomas*,
  579 F. Supp. 2d 1210 (D. Minn. 2008)..................................................................4

*Leonard v. Stemtech Int'l Inc.*,
  834 F.3d 376 (3rd Cir. 2016) ..............................................................................11

*London-Sire Records, Inc. v. Doe 1*,
  542 F.Supp.2d 153 (D. Mass 2008)........................................................................4

*Maverick Recording Co. v. Harper*,
  598 F.3d 193 (9th Cir. 2010) ................................................................................1

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster*,
  545 U.S. 913 (2005).......................................................................................11, 12

*Nat'l Car Rental Sys. v. Computer Assocs. Int'l, Inc.*,
  991 F.2d 426 (8th Cir. 1993) ................................................................................3

*Perfect 10 v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) ............................................................................11

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*,
  907 F. Supp. 1361 (N.D. Cal. 1995)......................................................................8

*TD Bank, N.A. v. Hill*,
  No. 1:12-cv-7188-RBK-JS, 2015 WL 4523570 (D.N.J. July 27,
  2015) ............................................................................................................3

*UMG Recordings, Inc., et al. v. Grande Commc'ns Networks, LLC*,
  1:17-cv-00365, 2018 WL 1096871 (W.D. Tex. Feb. 28, 2018)........................13

*W. Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*,
  712 F.3d 165 (3d Cir. 2013) ............................................................................1, 2

*Warner Bros. Records Inc. v. Charter Commc'ns, Inc.*,
  No. 1:19-cv-874, 2019 WL 5387099 (D. Colo. Oct. 21, 2019) ..................14, 15

**Statutes**

17 U.S.C. § 106(3) ....................................................................................................3

## ARGUMENT

### I. **Plaintiffs Have Not Plausibly Alleged Direct Infringement.**

#### A. **Plaintiffs Do Not Plausibly Allege A Violation Of Their Reproduction Rights.**

To sufficiently allege direct infringement of their reproduction rights for which RCN could be secondarily liable, Plaintiffs must offer facts demonstrating that an RCN subscriber downloaded copyrighted material using RCN's network.[1] *See* Pls.' Resp. to RCN's Mot. to Dismiss at 34–35 (ECF No. 52) (hereinafter, "Resp. to MTD") (citing authorities holding that "downloading" is synonymous with "reproducing"); *see also, e.g.*, *Maverick Recording Co. v. Harper*, 598 F.3d 193, 197 (9th Cir. 2010) (defendant directly infringed copyright "by downloading, and hence reproducing, the audio files").

As Plaintiffs acknowledge, their *only* allegations regarding direct infringement of their reproduction rights are that RCN subscribers "utilize RCN's service to download infringing music files using BitTorrent protocols," and that these subscribers "download . . . Plaintiffs' copyrighted works." *See* Resp. to MTD at 13 (quoting Am. Compl., ¶¶ 99, 100 (ECF No. 9)).  These allegations are conclusory and merely a formulaic recitation of an element of their claim.

---

[1] "To survive a motion to dismiss, the factual allegations of a complaint must be enough to raise a right to relief above the speculative level and the complaining party must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *W. Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013) (quotations and citations omitted).

Plaintiffs do not offer any "corroborating factual averments" that their copyrighted material was downloaded at all, let alone that it was downloaded (1) illegally and (2) using RCN's network.   *See W. Run Student Housing*, 712 F.3d at 169. Moreover, Plaintiffs do not allege that Rightscorp's system is even capable of detecting downloads.

For the reasons above, Plaintiffs' claims should be dismissed to the extent they are based on alleged direct infringement of Plaintiffs' reproduction rights.

### B.  Plaintiffs Do Not Plausibly Allege A Violation Of Their Distribution Rights.

The Court should reject Plaintiffs' attempts to show that they have sufficiently alleged infringement of their distribution rights.

First, Plaintiffs contend that their allegations are sufficient because they have alleged that Rightscorp downloaded at least one copy of each of the sound recordings at issue.   *See* Resp. to MTD at 9–10 (citing Am. Compl., ¶ 69)). Standing alone, this allegation is not nearly enough.   Plaintiffs' claims are premised on RCN's alleged failure to terminate the accounts of subscribers who Rightscorp accused of infringing copyrights, but Plaintiffs offer no allegations linking any alleged download to any such accusation from Rightscorp.   Put another way, to plausibly allege unlawful distribution *for which RCN may be secondarily liable*, Plaintiffs would have to allege facts sufficient to show that (1) RCN received an email from Rightscorp accusing a particular RCN subscriber of

infringing a specific copyrighted work; and (2) Rightscorp subsequently downloaded a copy of *that* copyrighted work from *that* subscriber.  Absent such allegations, Plaintiffs' right to relief is entirely speculative.[2]

Second, Plaintiffs argue that making a copy of a copyrighted work available for download, by itself, constitutes infringement of the distribution right, and therefore that Plaintiffs need only allege that RCN subscribers made copyrighted works available to others.  RCN respectfully submits that the only reasonable reading of 17 U.S.C. § 106(3) is that actual dissemination is required.  *See also, e.g.*, *TD Bank, N.A. v. Hill*, No. 1:12-cv-7188-RBK-JS, 2015 WL 4523570, at *7 (D.N.J. July 27, 2015) ("Merely making an unauthorized copy of a copyrighted work available to the public does not violate a copyright holder's exclusive right of distribution.") (quotations & citations omitted); *Nat'l Car Rental Sys. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993) (same); *London-Sire Records, Inc. v. Doe 1*, 542 F.Supp.2d 153, 169 (D. Mass 2008) ("'[D]efendants cannot be liable for violating the plaintiffs' distribution right unless a 'distribution' actually occurred."); *Capitol Records, Inc. v. Thomas*, 579 F. Supp. 2d 1210, 1221 (D. Minn. 2008).  Indeed, the district court in *Cox*—whose opinions Plaintiffs are always quick to cite when it suits their interests—expressly concluded that actual

---

[2] Plaintiffs also fail to allege any specific facts regarding when Rightscorp downloaded these audio files.  While Plaintiffs allege that they were downloaded "within the applicable statute of limitations period," Plaintiffs do not allege what they contend "the applicable statute of limitations period" is.  *See* Am. Compl., ¶ 69 (ECF No. 9).

dissemination is required.  *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.,* 149 F. Supp. 3d 634, 670 (E.D. Va. 2015).  Thus, because Plaintiffs fail to allege any additional facts indicating that unlawful distribution occurred, Plaintiffs have failed to state a claim because there is no attempt liability under the copyright law. *See Atl. Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 984 (D. Ariz. 2008).

Finally, RCN has also cited authority, including a leading copyright treatise, recognizing that allowing another person to download a copyrighted work— whether evidenced by a mere offer or actual dissemination—does not implicate the distribution right at all.  *See* Resp. to MTD at 35–36.  Plaintiffs do not even attempt to engage with the sound reasoning of these authorities.

In sum, because Plaintiffs fail to plausibly allege any direct infringement of their distribution rights, the Court should dismiss Plaintiffs contributory and vicarious infringement claims.

## II.   <u>**Plaintiffs Have Not Plausibly Alleged Contributory Infringement.**</u>

Plaintiffs have not met, and cannot meet, their burden of pleading contributory copyright infringement.  ***First***, Plaintiffs' Amended Complaint does not adequately plead that RCN had knowledge of the *specific instances* of infringement for which it seeks to recover.  ***Second***, Plaintiffs' Amended Complaint fails to adequately plead that RCN *intentionally induced* or *encouraged* its subscribers to engage in any of those specific instances of direct infringement.

4

### A.   Plaintiffs Do Not Adequately Plead Knowledge.

Plaintiffs never bothered to monitor RCN's network for infringement.  As a result, they never sent RCN any information regarding alleged infringement taking place on RCN's network.  In an effort to avoid this fatal problem, Plaintiffs attempt to use Rightscorp emails sent on behalf of *other copyright owners*, and pertaining to *other copyrighted works*, to allege that RCN somehow knew its subscribers were infringing the copyrights asserted in this case.

To complete this pleading two-step, Plaintiffs advocate for a loose standard that would allow them to plead knowledge without ever directly alleging that RCN had knowledge of the *specific instances of copyright infringement* for which Plaintiffs seek to recover.   Plaintiffs' approach is fundamentally flawed, contradicts applicable circuit case law, and should be rejected by the Court.

> 1.   *Plaintiffs' Amended Complaint Does Not Adequately Plead Actual Knowledge of Specific Instances of Direct Infringement.*

To adequately plead knowledge, Plaintiffs must show that RCN had "actual knowledge of *specific acts of infringement*" or took steps to ensure "willful blindness of *specific facts*."  *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 310 (4th Cir. 2018) (quoting *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072-73 (9th Cir. 2013)) (emphasis added).   The concept undergirding this case law is that a party accused of contributory infringement

must have knowledge of the *specific instances of infringement* for which a plaintiff seeks to recover—general knowledge of infringement is not enough.  *See id.*

In their Response, Plaintiffs run away from this standard and instead argue that merely showing a party has "reason to know" about infringement is adequate to plead knowledge.[3]  *See, e.g.*, Resp. to MTD at 18-19.  This view of the knowledge standard has been explicitly rejected.  *See BMG*, 881 F.3d at 310–12.

Plaintiffs advocate for a loose knowledge standard because the knowledge evidence they offer in their Amended Complaint is lackluster at best.  Plaintiffs rely exclusively on a set of emails sent by Rightscorp to plead that RCN had knowledge of direct infringement by its subscribers.  *See* Resp. to MTD at 15-19.  These emails cannot demonstrate that RCN had knowledge under the applicable pleading standard because they do not contain (1) any information extracted from a subscriber's computer, (2) a registration number for any copyrighted work asserted in this case, (3) an original sample of any copyrighted work asserted in this case, or (4) any information that identifies a Plaintiff as the registered owner of any copyrighted work asserted in this case.  Without this necessary information, the

---

[3] In their Response, Plaintiffs repeatedly cite to the district court's decisions in *BMG* to support their arguments regarding the standard for knowledge.  *See, e.g.*, Resp. to MTD at 15–16 (relying on the district court's rejection of defendant's post-trial arguments regarding the jury instruction for knowledge).  In doing so, Plaintiffs conveniently ignore the fact that the Fourth Circuit subsequently *rejected* the district court's knowledge instruction and remanded for a new trial on this exact issue.  *BMG*, 881 F.3d at 310 (rejecting the "reason to know"/negligence standard and remanding for new trial).

Rightscorp emails cannot be used to show that RCN had *actual knowledge* of any *specific instance of infringement* for which Plaintiffs seek to recover damages.

Rightscorp's emails lack this necessary information because Rightscorp never monitored the internet for, or sent notices on behalf of, any of the Plaintiffs in this case. Plaintiffs dance around this issue by creatively pleading that "<u>certain rights holders</u> have engaged Rightscorp, Inc." *See* Am. Compl., ¶ 57 (emphasis added). But, those "certain rights holders" are not any of the Plaintiffs in this case. Consequently, the emails Plaintiffs rely on in their Amended Complaint do not contain *any information* pertaining to any Plaintiff or to any of the copyrighted works for which Plaintiffs now seek to recover damages.

Plaintiffs themselves admit that a proper DMCA notice must provide an "identification of the copyrighted work claimed to have been infringed." *See* Resp. to MTD at 17 (citing 17 U.S.C. § 512(c)(3)(A)(ii-iii)). Because Plaintiffs never hired Rightscorp, and because the emails Rightscorp sent relate to *other parties* and *other copyrights*, those emails are insufficient to plead knowledge of the alleged direct infringement at issue in this case.

Given this background, RCN could only possibly obtain knowledge of the specific acts of infringement for which Plaintiffs seek to recover by conducting an extensive *affirmative* investigation into the conduct of its subscribers. At a minimum, this investigation would require RCN to (1) independently identify each

of the specific copyrights asserted in this case, (2) obtain a digital sample of each original copyrighted work from the copyright office, (3) obtain a digital sample of each file allegedly being shared by an RCN subscriber[4], and (4) employ a service to conduct a digital comparison of the sample copyrighted work to the sample shared file to determine whether they match.

RCN has no way to conduct this detailed investigation, and it is under no obligation to do so.   Because this investigation never occurred, RCN has no knowledge of any specific instances of infringement relating to the copyrights Plaintiffs assert in this case.

Because Plaintiffs never presented any evidence of infringement to RCN, let alone evidence pertaining to the specific infringements for which Plaintiffs now seek to recover, Plaintiffs cannot adequately plead knowledge. *See, e.g., Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1374 (N.D. Cal. 1995) ("Where a [defendant] cannot reasonably verify a claim of infringement, [because of the] copyright holder's failure to provide the necessary documentation to show there is a likely infringement, the operator's lack of knowledge will be found reasonable and there will be no liability for contributory infringement for allowing the continued distribution of works on its system.").

       2.    *Plaintiffs Do Not Adequately Plead Willful Blindness.*

---

[4] RCN has no way to obtain this sample, and Plaintiffs do not allege otherwise.

RCN is only willfully blind if it "consciously avoided learning about specific instances of infringement, not merely that [it] avoided confirming the fact that [its] users were infringing [Plaintiffs'] copyrights in general."[5] *BMG*, 881 F.3d at 312 (quotations omitted).  The standard for willful blindness requires Plaintiffs to plead that RCN avoided learning of *specific instances* of infringement for which Plaintiffs seek to recover.

Because Rightscorp sent its emails on behalf of other copyright owners, related to other copyrighted works, Plaintiffs cannot properly plead willful blindness by alleging that "RCN consistently turned a blind eye" to these notices. *See* Resp. to MTD at 20.  At best, Plaintiffs' allegation is that RCN turned a blind eye to other infringement—not to the infringement Plaintiffs assert occurred in this case.   This is a key distinction between the present case and *BMG*.  In *BMG*, the appellate court concluded that BMG could rely on Rightscorp's emails to prove willful blindness because those emails were sent *on behalf of BMG* and *pertained to BMG's asserted works*.  *See, e.g.*, 881 F.3d at 312 (concluding that a jury could find willful blindness based on emails "Rightscorp sent *on BMG's behalf*") (emphasis added).   Because Plaintiffs never sent emails to RCN regarding

---

[5] Once again, Plaintiffs rely on the district court's decision in BMG to support its arguments, this time to support its articulation of the law of willful blindness. *See* Resp. to MTD at 20.  The Fourth Circuit specifically rejected the district court's interpretation of the willful blindness standard on appeal and remanded the case for a new trial.  *BMG*, 881 F.3d at 312 (rejecting the district court's instruction on willful blindness because it failed to properly focus on willful blindness to *specific instances* of infringement).

infringement of their copyrights, Plaintiffs cannot accuse RCN of being willfully blind to those infringements.

Plaintiffs willful blindness pleadings also fail because there is no way for RCN to "unblind" itself.  Willful blindness only exists where a party "consciously avoided learning about specific instances of infringement."  *Id.*  Put another way, a party can only be willfully blind to that which it could possibly see or learn.

Here, RCN has no way to "unblind" itself because it has no way to determine whether its subscribers are truly engaging in copyright infringement. RCN cannot physically access its subscribers' computers.  Nor can RCN digitally hack into those computers to view the files stored on its subscribers' hard drives. Plaintiffs do not plead otherwise in their Amended Complaint.  Thus, Plaintiffs have failed to allege the knowledge element of their claim.

**B.    Plaintiffs' Amended Complaint Does Not Adequately Plead Inducement or Encouragement.**

"One infringes contributorily by *intentionally inducing or encouraging* direct infringement."  *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 387 (3rd Cir. 2016) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 930 (2005)) (emphasis added).  When a party like RCN offers a service capable of substantial noninfringing uses, that party can only be held secondarily liable if they take "*active steps* []to encourage direct infringement, such as advertising an

infringing use or instructing how to engage in an infringing use. . . ." *Grokster,* 545 U.S. at 936-37 (emphasis added).

Plaintiffs do not plead or argue that RCN took any active steps to encourage subscriber infringement. Plaintiffs allege the opposite—that RCN *failed* to act by terminating subscribers. *See, e.g.*, Resp. to MTD at 21–22; Am. Compl., ¶ 89. But RCN does not become liable for contributory infringement by failing to act. Liability only attaches if RCN takes "active steps" in furtherance of the infringement[6] that demonstrate "purposeful, culpable expression and conduct." *Grokster*, 545 U.S. at 936. For this reason, the court should dismiss Plaintiffs' contributory infringement claim.

In their Response, Plaintiffs do not meaningfully engage with a number of key points raised in RCN's motion to dismiss. For example, Plaintiffs do not dispute that a viable contributory infringement theory requires a defendant to

---

[6] Such active steps include, for example, "advertising an infringing use or instructing how to engage in an infringing use." *Grokster*, 545 U.S. at 936. Plaintiffs do not plead that RCN engaged in any of these activities or their equivalents. While Plaintiffs cite *Amazon* and other cases to suggest that inaction can form the basis for liability, those cases involve parties that have a meaningful ability to investigate whether infringing material actually exists and the related ability to cut off access to that material. *See, e.g., Perfect 10 v. Amazon.com, Inc.,* 508 F.3d 1146, 1172 (9th Cir. 2007) ("a computer system operator can be held contributorily liable if it has *actual* knowledge that *specific* infringing material is available using its system . . . and can take simple measures to prevent further damage to copyrighted works") (internal citations omitted, emphasis in original). RCN has no way to investigate the allegations of infringement it received. It therefore has no *actual* knowledge of *specific* infringing material. Because RCN does not store the infringing material, it is also not empowered to take simple measures to prevent further infringement. A subscriber can always go to a coffee shop, library or other source of internet service to continue infringing. In their Amended Complaint, Plaintiffs do not allege any facts that dispute these points.

provide "encouragement or assistance" that bears some "*direct relationship* to the infringing acts." *See* RCN's Mem. in Support of Mot. to Dismiss at 18 (ECF No. 15-1) (hereinafter, "Mem. ISO MTD") (citing *Tanksley v. Daniels*, 259 F. Supp. 3d 271, 296 (E.D. Penn. 2017)) (emphasis added). Plaintiffs also do not address the fact that a contributory infringer must provide the "site and facilities" that constitute a "central hub" for infringement. *See Arista Records, Inc. v. Flea World, Inc.*, No. 1:03-cv-2670, 2006 WL 842883, at *15 (D.N.J. Mar. 31, 2006).

RCN merely provides neutral internet services to its subscribers. RCN's service does not bear any "direct relationship" to the infringing acts, and it does not constitute a "central hub" for infringing activity. Plaintiffs do not allege that RCN (1) stores any of the allegedly infringing material on its networks, (2) operates the websites used by members of the public to identify and join BitTorrent swarms, (3) develops or provides the BitTorrent software that members of the public install on their computers to engage in file sharing, or (4) advertises or promotes the use of BitTorrent to engage in illegal file sharing. Because RCN's services are truly peripheral to the infringement Plaintiffs allege, RCN does not provide the "site and facilities" for infringement, and Plaintiffs have therefore failed to state a claim. *See* Mem. ISO MTD at 21–22.

## III.   **Plaintiffs Have Not Plausibly Alleged Vicarious Infringement.**

The Court should dismiss Plaintiffs' vicarious infringement claim.

*First*, Plaintiffs fail to distinguish *Grande*, in which the district court dismissed a virtually identical vicarious infringement claim against an ISP.  The *Grande* court held that "in order to adequately allege vicarious copyright infringement, [plaintiffs] must plead that customers subscribed to [the ISP's] services because of the specific infringing material at issue."  *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 1:17-cv-00365, 2018 WL 1096871, at *10 (W.D. Tex. Feb. 28, 2018).

There is no such allegation in Plaintiffs' Amended Complaint.  Instead, Plaintiffs merely allege "upon information and belief" that "RCN's failure to adequately police its infringing subscribers was . . . a draw for customers to purchase RCN's internet services and to use those services to infringe the Copyrighted Sound Recordings."  Am. Compl., ¶ 99.  That allegation does not plausibly show that anyone subscribed to RCN's internet service because of the ability to infringe the copyrighted works at issue.  *See* Resp. to MTD at 29–30.

*Second,* Plaintiffs fail to identify any factual allegation which plausibly supports the inference that RCN directly profited from subscriber infringement. Plaintiffs allege no *facts* showing that RCN touts specific features of its service to attract infringing users or that any subscriber has ever been drawn to RCN's service due to the ability to infringe the copyrights at issue in this case.

13

Plaintiffs also lack any basis for suggesting that it is enough to merely allege that RCN has an "infringer-friendly policy." *See* Resp. to MTD at 27.  Plaintiffs allege no facts indicating that any alleged infringer on RCN's network had knowledge of any such "policy."

Plaintiffs' reliance on *Charter* is also misplaced.   In *Charter*, the Magistrate Judge recommended[7] denying Charter's motion to dismiss the plaintiffs' vicarious liability claim due to specific factual allegations that Charter "drew infringers to its service by touting specific features of its service that are attractive to copyright infringers and by adopting a policy of non-enforcement, *and* that these features 'motivated' a subset of users to sign up for, or remain with, the company." *Warner Bros. Records Inc. v. Charter Commc'ns, Inc.*, No. 1:19-cv-874, 2019 WL 5387099, at *4 (D. Colo. Oct. 21, 2019).  For instance, the plaintiffs alleged that Charter advertised the ability to "download 8 songs in 3 seconds" on its network, and further alleged that infringing subscribers actually "purchase[d] more bandwidth" because they "realized that [Charter] did not intend to stop or control the infringement." *Id.* at *5.  There are no comparable allegations in this case.

Similarly, Plaintiffs' allegation that "subscribers who frequently upload copyrighted content often pay higher monthly fees for greater bandwidth,"[8] Am.

---

[7] Charter filed timely objections to the Magistrate Judge's Report and Recommendation, which remain pending before the district court.

[8] RCN also has serious questions about Plaintiffs' Rule 11 basis for this allegation.

Compl., ¶ 64, does not plausibly show that any RCN subscriber was actually drawn to RCN's service by the ability to infringe the copyrights at issue in this case. Plaintiffs' arguments about RCN's supposed "economic incentives" to tolerate infringement are beside the point, because Plaintiffs have not alleged and cannot allege any "causal relationship between the infringing activity and any financial benefit [RCN] reaps." *See Ellison*, 357 F.3d at 1079. For example, more infringement *does not* result in more money for RCN.

**Third,** Plaintiffs offer no meaningful response to the argument that RCN lacks the right and ability to supervise and control the alleged direct infringement. It is absurd for Plaintiffs to claim that "in every relevant way, RCN is like Napster." *See* Resp. to MTD at 30. Napster developed, distributed, and maintained a closed system for peer-to-peer file sharing, supported by a central index of available content housed on Napster servers and used almost exclusively to share illegal content. *See, e.g.*, *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1011–14 (9th Cir. 2001). RCN is nothing like *Napster*—it merely provides content-neutral internet access and, therefore, has no ability to supervise and control how its subscribers use the internet.

## CONCLUSION

For the foregoing reasons, the Court should grant RCN's Motion to Dismiss (ECF No. 15) and dismiss Plaintiffs' claims against RCN with prejudice.

Dated: March 11, 2020

By:   */s/ Edward F. Behm*
Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
Telephone: 267.780.2000
Fax: 215.405.9070

Richard L. Brophy*
Zachary C. Howenstine*
Margaret R. Szewczyk*
Michael W. Carwin*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
mcarwin@armstrongteasdale.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants*

16

# **CERTIFICATE OF SERVICE**

I hereby certify that, on the below date, I caused a true and correct copy of the foregoing *RCN Defendants' Reply in Support of Motion to Dismiss* to be filed via the ECF system and served on all counsel of record.

<u>*/s/ Edward F. Behm, Jr.*</u>
Edward F. Behm, Jr.


Dated:        March 11, 2020