| | |
|---|---|
| Thomas R. Curtin<br>George C. Jones<br>McELROY, DEUTSCH, MULVANEY<br>  & CARPENTER, LLP<br>1300 Mount Kemble Ave.<br>P.O. Box 2075<br>Morristown, NJ  07962-2075<br>(973) 993-8100<br>*Attorneys for Plaintiffs* | Edward F. Behm, Jr.<br>ARMSTRONG TEASDALE LLP<br>2005 Market Street<br>29th Floor, One Commerce Square<br>Philadelphia, PA 19103<br>267.780.2000<br>*Attorneys for Defendants* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>RCN TELECOM SERVICES, LLC, *et al.*,<br><br>          Defendants. | Civil Action No. 19-17272 (MAS) (ZNQ)<br><br><br><br>**JOINT DISCOVERY PLAN** |

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26, the parties hereby submit their Joint Discovery Plan, having conducted their Rule 26(f) conference on February 27, 2020.  The parties each reserve the right to amend or supplement their positions based on future developments and additional information learned through discovery or the ongoing investigation into the facts and circumstances of the case.  The parties specifically note the possibility that proposed or actual case deadlines may need to be revisited as a result of issues surrounding the COVID-19 outbreak.

1

**(a)    Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a)**

The parties have not identified any such changes at this time.

**(b)    The date on which mandatory disclosures were or will be made**

The parties will exchange initial disclosures on March 16, 2020.

**(c)    The anticipated scope of discovery, considering the proportionality factors set forth in Federal Rule of Civil Procedure 26(b)(1)**

<u>Plaintiffs' position.</u>  Plaintiffs anticipate seeking the following categories of documents, information, and testimony (while reserving the right to seek additional categories of discovery as may be warranted):

- RCN's and Patriot's policies and procedures regarding copyright infringement (e.g., DMCA Policy, Acceptable Use Policy, etc.) and related documents and communications;

- RCN's and Patriot's receipt and handling of infringement notices (email notices, correlation of notices to RCN customers, reports on infringing customers, communications with customers, etc.);

- Emails, powerpoints, and other documents concerning RCN's and Patriot's knowledge of and response to copyright infringement by subscribers;

- Financial data concerning RCN's revenues and profits (overall and attributable to customers identified as engaging in infringing conduct); and

- Patriot's and other entities or persons' ownership and financial interest in/relating to RCN, and Patriot's role in managing RCN.

Plaintiffs anticipate producing the following categories of documents, information and testimony (while reserving the right to seek additional categories of discovery as may be warranted):

2

- Evidence establishing Plaintiffs' registration of, and ownership or exclusive control over, the works in suit;

- Notices of copyright infringement by RCN subscribers that Rightscorp sent to RCN, and associated data;

- Audio files that Rightscorp downloaded from RCN subscribers, and associated data;

- Rightscorp source code; and

- Evidence matching audio files Rightscorp downloaded from RCN subscribers, to Plaintiffs' works in suit, generated by the RIAA using the Audible Magic database.

<u>Defendants' position.</u>  Defendants anticipate seeking the following categories of documents, information, and testimony (while reserving the right to seek additional categories of discovery as may be warranted):

- Evidence regarding the functionality and capabilities of the Rightscorp system;

- Evidence regarding alleged copyright infringement by users of RCN's network in the possession of Plaintiffs/RIAA;

- Communications and other documents from or regarding Rightscorp in the possession of Plaintiffs/RIAA;

- Communications between Plaintiffs/RIAA and Rightscorp;

- Data and other information Rightscorp obtained from users of RCN's network;

- Evidence regarding the value of, and demand for, the works in suit;

- Evidence regarding the anti-piracy practices and initiatives of Plaintiffs/RIAA, including the responsibilities and capabilities of vendors engaged to identify alleged infringement of copyrighted works owned or controlled by Plaintiffs;

3

- Communications and other documents reflecting the views of Plaintiffs/RIAA concerning how internet service providers should respond to email notices of alleged copyright infringement by users of their networks; and

- Evidence regarding the relationship between Plaintiffs/RIAA and Rightscorp.

**(d) Whether any party will likely request or produce computer-based or other digital information, and if so, the parties' discussions of the issues listed under the Duty to Meet and Confer in L.Civ.R. 26.1(d)(3) below**

The categories of documents identified in section (c) above all involve electronically stored information (ESI). The parties have discussed and will seek agreement on the sources of ESI from which productions will be made, the process for exchanging search terms and other parameters for identifying relevant ESI, and the protocols concerning the format of ESI production.

**(e) The date by which discovery should be completed**

The parties propose that fact discovery be concluded by November 30, 2020, and that expert discovery be concluded by April 30, 2021.

**(f) Any needed changes in limitations imposed by the Federal Rules of Civil Procedure, local rule, or standing order**

The parties agree to increase the standard limitation on the number of depositions under Rule 30(a)(2)(A)(i) to 15 depositions per side. The parties further agree to cooperate in good faith to ensure that each side has the opportunity to depose all individuals identified in the opposing side's initial disclosures and discovery responses.

**(g) Any orders, such as data preservation orders, protective orders, or orders reflecting agreements under Federal Rule of Evidence 502, which should be entered**

The parties anticipate the need for a confidentiality order that includes a clawback provision pursuant to Federal Rule of Evidence 502. Plaintiffs have proposed modifications to the Court's standard confidentiality order, permitting those of the parties' in-house counsel, and counsel at the Recording Industry Association of America (Plaintiffs' trade association), whose responsibilities include overseeing this litigation, access to restricted or attorneys' eyes only materials.

**(h) Proposed deadline for joining other parties and amending the pleadings**

The parties propose a deadline of July 31, 2020 for amended pleadings and joinder of new parties.

**(i) Proposed dates for filing motions and for trial**

The parties propose a deadline of June 1, 2021 for filing motions for summary judgment and expert motions. The parties submit that trial should be set for November 2021 or as soon thereafter as the Court's calendar allows.

**(j) Whether the case is one which might be resolved in whole or in part by voluntary arbitration (pursuant to L.Civ.R. 201.1 or otherwise), mediation (pursuant to L.Civ.R. 301.1 or otherwise), appointment of a special master or other special procedure.**

The parties will meet and confer regarding a potential mediation. The parties do not believe that voluntary arbitration, a special master, or other special procedure, is warranted for this matter.

Respectfully submitted this 12th of March, 2020.

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| */s/ Thomas R. Curtin* | /s/ *Edward F. Behm* |
| Thomas R. Curtin | Edward F. Behm, Jr. |
| George C. Jones | ARMSTRONG TEASDALE LLP |
| **McElroy, Deutsch, Mulvaney & Carpenter, LLP** | Attorney I.D. No. 017972002 |
| 1300 Mount Kemble Ave., P.O. Box 2075 | 2005 Market Street |
| Morristown, NJ 07962-2075 | 29th Floor, One Commerce Square |
| Telephone: (973) 993-8100 | Philadelphia, PA 19103 |
| Facsimile: (973) 425-0161 | Telephone: 267.780.2000 |
| tcurtin@mdmc-law.com | Fax: 215.405.9070 |
| gjones@mdmc-law.com | |
| | Richard L. Brophy* |
| Robert B. Gilmore (*pro hac vice*) | Zachary C. Howenstine* |
| Philip J. O'Beirne (*pro hac vice*) | Margaret R. Szewczyk* |
| Michael A. Petrino (*pro hac vice*) | Michael W. Carwin* |
| Kevin L. Attridge (*pro hac vice*) | ARMSTRONG TEASDALE LLP |
| Shawna Bray (*pro hac vice*) | 7700 Forsyth Blvd., Suite 1800 |
| **Stein Mitchell Beato & Missner LLP** | St. Louis, Missouri 63105 |
| 901 15th Street, N.W., Suite 700 | Telephone:  314.621.5070 |
| Washington, DC 20005 | Fax:  314.621.5065 |
| Telephone: (202) 737-7777 | rbrophy@armstrongteasdale.com |
| Facsimile: (202) 296-8312 | zhowenstine@armstrongteasdale.com |
| rgilmore@steinmitchell.com | mszewczyk@armstrongteasdale.com |
| pobeirne@steinmitchell.com | mcarwin@armstrongteasdale.com |
| mpetrino@steinmitchell.com | *Admitted Pro Hac Vice |
| kattridge@steinmitchell.com | |
| sbray@steinmitchell.com | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |