# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
**ATTORNEYS AT LAW**

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

April 20, 2020

**VIA ECF**

Hon. Michael A. Shipp, U.S.D.J.
Clarkson S. Fisher Federal Building
 and U.S. Courthouse, Room 5000
402 E. State Street
Trenton, New Jersey 08608

      Re:    *UMG Recordings, Inc. et al. v. RCN Telecom Services, LLC et al.*
             Civil Action No. 19-17272 (MAS) (ZNQ)

Dear Judge Shipp:

      This firm, along with our co-counsel Stein Mitchell Beato & Missner LLP, represents plaintiffs in the referenced matter. I am writing to apprise the Court of a decision issued on April 15, 2020, by the United States District Court for the District of Colorado in *Warner Bros. Records Inc. v. Charter Commc'ns, Inc.*, No. 19-CV-00874-RBJ-MEH (D. Colo.) ("*Charter*"). We respectfully request that the Court consider this decision as supplemental authority supporting the denial of Defendants' pending motions to dismiss.

      The *Charter* case is substantially similar to the instant lawsuit. It was filed by some of the same Plaintiffs and asserts the same claims of secondary copyright infringement against an internet service provider ("ISP"). The magistrate judge in *Charter* previously recommended denying Charter's motion to dismiss Plaintiffs' claims for vicarious liability.[1] In adopting that recommendation, the district court rejected many of the same arguments that Defendants RCN and Patriot have raised in their motions to dismiss in the instant case.[2]

      In *Charter*, the court ruled on the standard for the "direct financial benefit" element of a claim for vicarious liability, which is at issue in the instant case. *See Charter* Op. at 7 (holding that the law "does not require that the plaintiff's materials must be '*the* attracting factor.' If subscribers are attracted to Charter's services *in part* because of the ability to infringe on

---

[1] Plaintiffs in the instant case cited the *Charter* magistrate judge's report and recommendation in their oppositions to Defendants' motions to dismiss. *See* Dkt. 52 at 5, 27, 30; Dkt. 53 at 25.

[2] Charter did not move to dismiss Plaintiffs' claim for contributory copyright infringement.

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Hon. Peter G. Sheridan, Sr. U.S.D.J.
May 13, 2019
Page 2

plaintiffs' copyrighted materials in particular, this is sufficient to show that the materials were 'a draw'") (emphasis in original).

The court also ruled on the "right and ability to supervise and control" element of a claim for vicarious liability, which is also at issue in the instant case. *See Charter* Op. at 13 (rejecting Charter's argument that ISPs "lack sufficient ability to curtail infringing conduct to be held liable" and holding that "Charter can certainly limit its subscribers' ability to infringe by blocking their access to the internet through Charter. I find that this is sufficient to allege that Charter has the ability to control infringement.").

In addition, the *Charter* court concluded that Plaintiffs' allegations in support of their claim for vicarious liability were sufficient to state a claim. The allegations in that case are similar to the allegations in the instant case. *Compare Charter* Op. at 10-11 *with* Dkt. No. 9, Pls.' First Am. Compl. ("FAC") ¶¶ 7-8, 62, 64, 68, 99-100, 125 (allegations regarding direct financial benefit); *compare Charter* Op. at 13 *with* FAC ¶ 73 (allegations concerning right and ability to supervise and control).

Plaintiffs respectfully submit that the *Charter* decision supports the conclusion that Plaintiffs have stated viable claims for vicarious liability, and that Defendants' motions to dismiss should be denied. A copy of the district court's opinion in *Charter* is attached hereto as Exhibit A.

    Respectfully yours,

    MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

    *s/ Thomas R. Curtin*

    THOMAS R. CURTIN

Enclosure
cc:     All Counsel (via ECF and e-mail)