Edward F. Behm, Esquire
Direct **T** 267.780.2030  **F** 215.405.9070
ebehm@atllp.com

April 22, 2020

**VIA ECF**

The Honorable Michael A. Shipp
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:   *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
           Civil Action No. 19-17272-MAS-ZNQ

Dear Judge Shipp:

     This firm represents Defendants in the above-referenced matter. On April 20, 2020, Plaintiffs filed a letter brief to notify the Court of *Warner Brothers Records Inc. v. Charter Communications, Inc.*, No. 1:19-cv-874, 2020 WL 1872387 (D. Colo. Apr. 15, 2020), which Plaintiffs contend is relevant to the sufficiency of their vicarious copyright infringement claim. *See* ECF No. 64. Defendants respectfully submit this response to Plaintiffs' letter.

     ***First***, RCN Defendants[1] have already explained that *Charter* is distinguishable. *See* RCN Defs.' Reply ISO Mot. to Dismiss at 14–15 (ECF No. 62). In *Charter*, the plaintiffs expressly alleged that Charter had "tout[ed] specific features of its service that are attractive to copyright infringers," and that these advertisements "'motivated' a subset of [accused infringers] to sign up for, or remain with, the company" and to "purchase more bandwidth." *See id.* at 14. There are no such allegations in this case. Plaintiffs have therefore failed to plausibly allege the "direct financial benefit" element of their vicarious copyright infringement claim.[2]

     Indeed, as previously noted, Plaintiffs' allegations are virtually identical to those in *UMG Recordings, Inc. v. Grande Communications Networks, LLC*, in which the

---

[1] "RCN" collectively refers to all defendants apart from Patriot Media Consulting, LLC—*i.e.*, RCN Telecom Services, LLC; RCN Telecom Services of New York, L.P.; RCN Capital Corp.; RCN Telecom Services of Philadelphia, LLC; RCN Telecom Services of Massachusetts, LLC; Starpower Communications, LLC; RCN Management Corporation; RCN ISP, LLC; RCN Digital Services, LLC; RCN NY LLC 1; RCN Telecom Services (Lehigh), LLC; RCN Telecom Services of Illinois, LLC; 21st Century Telecom Services, Inc.; and RCN Cable TV of Chicago, Inc.

[2] For the reasons previously stated, RCN Defendants reiterate that Plaintiffs have also failed to plausibly allege the "right and ability to control" element of their vicarious infringement claim.

district court dismissed Plaintiffs' vicarious infringement claim against a different internet service provider.  *See id.* at 13.  Plaintiffs cannot distinguish *Grande*.

**Second**, both *Grande* and *Charter* recognize that a vicarious infringement claim requires allegations that the ability to infringe the works in suit drew subscribers to the defendant's service.  *See id.*; *see also Charter*, 2020 WL 1872387, at *3–*4.  There is no such allegation in Plaintiffs' First Amended Complaint.  *See* RCN Defs.' Reply ISO Mot. to Dismiss at 13.

Furthermore, Plaintiffs cannot "fix" this deficiency because they cannot allege any <u>facts</u> showing that an RCN subscriber joined or remained with RCN because of the ability to infringe the works in suit.  At best, Plaintiffs can offer a formulaic allegation aping this claim element.  Any attempt at amendment would be futile.

**Third**, *Charter* is essentially irrelevant to whether Plaintiffs have stated a vicarious infringement claim against Defendant Patriot Media Consulting, LLC ("Patriot"), which provides management consulting services to RCN.  Plaintiffs offer no plausible, factual allegation that Patriot either directly profited from the alleged direct infringement or had the right and ability to control it.  *See, e.g.*, Patriot's Reply ISO Mot. to Dismiss at 13–14 (ECF No. 61).

For the foregoing reasons, and for the reasons previously stated in support of Defendants' Motions to Dismiss (ECF Nos. 15 and 30), the Court should dismiss Plaintiffs' claims under Rule 12(b)(6).  Defendants also respectfully reiterate their request for oral argument, which Defendants believe would be helpful in light of the complex issues addressed in the parties' briefing.

Respectfully Submitted,

*/s/ Edward F. Behm, Jr.*

Edward F. Behm, Jr.

EFB:gc
CC:    All counsel of record via ECF