# McElroy, Deutsch, Mulvaney & Carpenter, LLP

### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

April 24, 2020

**VIA ECF**

Hon. Michael A. Shipp, U.S.D.J.
Clarkson S. Fisher Federal Building
 and U.S. Courthouse, Room 5000
402 E. State Street
Trenton, New Jersey 08608

> Re:   *UMG Recordings, Inc. et al. v. RCN Telecom Services, LLC et al.*
>        Civil Action No. 19-17272 (MAS) (ZNQ)

Dear Judge Shipp:

Plaintiffs respectfully submit this response to Defendants' April 22, 2020 letter (Dkt. No. 65) in the above-referenced matter.  The Court should disregard Defendants' letter because it contains improper legal argument and goes well beyond the limited purpose of Plaintiffs' letter (Dkt. No. 64), which was to bring to the Court's attention a new decision that is directly relevant to legal issues raised by Defendants' motions to dismiss:  *Warner Brothers Records Inc. v. Charter Communications, Inc.*, No. 1:19-cv-874, 2020 WL 1872387 (D. Colo. Apr. 15, 2020) ("*Charter*").  But because Defendants used their letter to re-argue their motions, Plaintiffs feel compelled to respond.

*First,* Defendants' claim that Plaintiffs' allegations in support of their claim for vicarious liability in the instant case are distinguishable from the allegations in *Charter* is demonstrably false.  Plaintiffs have alleged precisely the same sort of allegations as the *Charter* plaintiffs:

- "Defendants promoted RCN's high internet speeds to customers, knowing that the ability to download copyrighted materials (including Plaintiffs' copyrighted sound recordings) illegally using high-speed internet, without repercussions, was a substantial draw for infringers."  Dkt. No. 9, First Am. Compl. ¶ 6 ("FAC").

- Customers were motivated to subscribe to RCN by RCN's promises of "an online experience that delivers unlimited access to a wealth of resources" "with speeds up to 1 GB," and "the fastest Internet speeds in town to support your entire family online at once," and that those promises appealed to consumers who sought to "use RCN's network to download music and other copyrighted content—including unauthorized content—as efficiently as possible[.]"  *Id.* ¶ 64.

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Hon. Michael A. Shipp, U.S.D.J.
April 24, 2020
Page 2

*Second*, Defendants incorrectly claim that Plaintiffs have not alleged "that the ability to infringe the works in suit drew subscribers to the defendant's service." Defs.' Ltr at 2. In fact, Plaintiffs alleged that:

- RCN and Patriot's refusal to stop infringing subscribers was a "draw for customers to purchase RCN's internet services and to use those services to infringe the Copyrighted Sound Recordings," and that "subscribers who sought to engage in online infringement knew that they could do so on RCN's network with impunity, which attracted those subscribers to use RCN's service to do so." FAC ¶ 99; *see also id.* ¶¶ 7-8, 125.

- RCN and Patriot "turn[ed] a blind eye to the flagrant and repeated infringement by [their] subscribers[,]"and did not terminate infringing subscribers or otherwise prevent them from infringing, *id.* ¶¶ 89, 115, and "[t]he ability of subscribers to download and distribute Plaintiffs' copyrighted works illegally through RCN's service, without limit, has served as a valuable draw for infringing subscribers to use RCN's service, and has allowed Defendants to attract, retain, and charge higher fees to subscribers[,]" *id.* ¶ 7.[1]

*Third*, the *Charter* decision is relevant to Plaintiffs' claim for vicarious liability against Defendant Patriot. Defendants claim that "Plaintiffs offer no plausible, factual allegation that Patriot either directly profited from the alleged direct infringement or had the right and ability to control it." But that argument mischaracterizes the FAC. Plaintiffs have alleged that Patriot:

- "is an owner of RCN";

- "effectively makes all policy decisions for RCN, specifically including any policy regarding copyright infringement";

- "directed RCN's response to allegations of copyright infringement occurring on the RCN network, including RCN's decision not to terminate repeat copyright infringers[,]" thus affording it the "the right and ability to supervise and control the infringing activities that occur using the RCN service";

---

[1] In this regard, Plaintiffs' allegations here are distinguishable from those that the court in *UMG Recordings, Inc. v. Grande Communications Networks LLC* found insufficient for the direct financial benefit element of a claim for vicarious liability. No. A-17-CA-365-LY, 2018 WL 1096871, at *10 (W.D. Tex. Feb. 28, 2018), *report and recommendation adopted*, No. 1:17-CV-365-LY, 2018 WL 2182282 (W.D. Tex. Mar. 26, 2018), and *report and recommendation adopted*, No. 1:17-CV-365-LY, 2018 WL 1905124 (W.D. Tex. Mar. 28, 2018).

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Michael A. Shipp, U.S.D.J.
April 24, 2020
Page 3

- "fail[ed] to adequately police RCN's infringing subscribers [which] was also a draw" for those customers;

- "engaged in this conduct because of its financial interest in the amount of revenue RCN generated from continuing to provide internet service to known infringing users"; and

- "thus by virtue of its ownership interest in and control over RCN, [ ] enjoys a direct financial benefit in RCN infringing customers' wrongful activity, in the same manner as does RCN."

FAC ¶¶ 81-83, 125.  These allegations mirror those that the *Charter* court found were sufficient to plead a claim of a vicarious liability.  *Charter*, 2020 WL 1872387, at *6 (a "failure to stop or take other action in response to notices of infringement is a draw to current and prospective subscribers."); *id.* (the ability to "'stop or limit' infringement of plaintiffs' works by terminating those users about whom it is notified" meets "the supervision and control prong").

In sum, the allegations in the two cases are fundamentally the same.  This Court should reach the same conclusion regarding vicarious liability as the court in *Charter*, and deny Defendants' motions to dismiss.

Respectfully yours,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*s/ Thomas R. Curtin*

THOMAS R. CURTIN

cc:     All Counsel (via ECF and e-mail)