# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br>          Plaintiffs,<br><br>v.<br><br>RCN TELECOM SERVICES, LLC, *et al.*<br>          Defendants. | No. 3:19-cv-17272-MAS-ZNQ |

**RCN'S OBJECTIONS AND**
**ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants RCN Telecom Services, LLC, RCN Telecom Services of New York, L.P., RCN Capital Corp., RCN Telecom Services of Philadelphia, LLC, RCN Telecom Services of Massachusetts, LLC, Starpower Communications, LLC, RCN Management Corporation, RCN ISP, LLC, RCN Digital Services, LLC, RCN NY LLC 1, RCN Telecom Services (Lehigh), LLC, RCN Telecom Services of Illinois, LLC, 21st Century Telecom Services, Inc., and RCN Cable TV of Chicago, Inc. (collectively, "RCN"), by and through its attorneys, hereby responds to Plaintiffs' First Set of Interrogatories with the following answers and objections.

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in each of RCN's Specific Objections and Answers set forth below:

1.     RCN objects to Plaintiffs' instructions to the extent they impose obligations on RCN that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, Rules of the United States District Court for the District of New Jersey, or any Order of this Court.

2. RCN objects to the First Set of Interrogatories to the extent they seek the disclosure or production of information protected by the attorney-client privilege and/or work product doctrine. Such information shall not be provided in response to the First Set of Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

3. Where RCN provides a partial response to an otherwise objectionable Interrogatory, RCN does not waive any general or specific objection by providing a partial response. Nothing in RCN's answers shall be construed as waiving any rights or objections that otherwise might be available to RCN, nor should RCN's responses to the First Set of Interrogatories be deemed an admission or relevance, materiality, or admissibility of the Interrogatories or related answers.

4. RCN objects to the Definitions set forth in Plaintiffs' First Set of Interrogatories, specifically, RCN objects to the definition of "Plaintiffs' Copyrighted Works" as overly broad in that it purports to encompass materials not yet identified.

5. RCN objects to the use of the term "concerning" in Plaintiffs' First Set of Interrogatories as vague and ambiguous. RCN understands and interprets such Interrogatories to seek information that refers to the specific subject matter.

6. RCN reserves the right to supplement these General Objections, as well as its specific Answers and Objections to the First Set of Interrogatories.

## RCN'S ANSWERS AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1**. Identify all persons who you believe have knowledge of relevant facts in the lawsuit and identify the issues about which you believe they have knowledge.

**RESPONSE**:

In addition to its General Objections, RCN objects to Interrogatory No. 1 to the extent it seeks disclosure of privileged attorney-client communications and/or attorney work product. RCN also objects to Interrogatory No. 1 as unduly burdensome and not proportional to the needs of the case to the extent it purports to require RCN to identify persons with knowledge of relevant facts who are affiliated with Plaintiffs.

Subject to its specific and general objections, RCN states that the following persons affiliated with Defendants are believed to have knowledge of relevant facts in this lawsuit:

- Philip Rhinelander – Senior Manager Application Development, IT. Mr. Rhinelander is likely to have knowledge regarding RCN's receipt of, and policies and practices for responding to, allegations of copyright infringement against users of RCN's network. Mr. Rhinelander is also likely to have knowledge regarding the involvement of Patriot Media Consulting, LLC ("Patriot") in RCN's policies and practices for responding to such allegations of copyright infringement.

- Ruth Ann Welsh – PMO Director for IT. Ms. Welsh is likely to have knowledge regarding RCN's policies and practices for responding to allegations of copyright infringement against users of RCN's network.

- John Feehan – EVP and Chief Financial Officer. Mr. Feehan is likely to have knowledge regarding RCN's financials and regarding the relationship between Patriot and RCN.

**Interrogatory No. 2**. If any of the Defendants defined herein as "RCN" is improperly identified in the Complaint, give its proper identification and state whether you will accept

service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

**RESPONSE**:

In addition to its General Objections, RCN objects to Interrogatory No. 2 as vague and ambiguous in that "improperly identified" is subject to multiple different interpretations.

Subject to its specific and general objections, and to the extent this Interrogatory is understood, RCN states that the names of the Defendants listed in the Complaint, and defined in Plaintiffs' First Set of Interrogatories as "RCN," are the correct names of existing legal entities.

**Interrogatory No. 3**. If you contend that some other person, in whole or in part, was involved in or responsible for any of the matters that form the basis for Plaintiffs' claims in the Complaint, identify that person and describe in detail the basis of their involvement/responsibility.

**RESPONSE**:

In addition to its General Objections, RCN objects to Interrogatory No. 3 as seeking irrelevant information—to the extent the interrogatory is understood—and as vague and ambiguous as to the meaning of "some other" person who is "involved in or responsible for any matters that form the basis for Plaintiffs' claims in the Complaint." RCN also objects to this Interrogatory as seeking a legal conclusion.

Based on these objections, RCN will not answer Interrogatory No. 3. RCN is willing to meet and confer regarding the nature of the information sought by this interrogatory.

**Interrogatory No. 4**. For January 1, 2010 to the present, identify and describe in detail all of RCN's policies and procedures concerning copyright infringement on RCN's network, including any DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and any other policy or procedure concerning RCN's receipt, review, forwarding to Customers, response to, and resolution of, Notices and/or other copyright infringement allegations. For each policy or procedure, provide the time period during which it was in effect, a description of the timing of and reasons for any changes to any of the policies and procedures, and whether and how such policies or procedures were communicated to Customers or any other persons outside of RCN.

**RESPONSE**:

In addition to its General Objections, RCN objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks information regarding policies and procedures that were in effect more than three years before Plaintiffs filed their Complaint in this matter. RCN also objects to this interrogatory to the extent it seeks information regarding the reasons for changes to policies and procedures that is protected by attorney-client privilege and/or the work product doctrine.

RCN also notes that it considers this Interrogatory No. 4 to constitute at least three separate interrogatories for purposes of Rule 33(a)(1).

Subject to its specific and general objections, RCN will produce and identify non-privileged documents pursuant to Rule 33(d) from which the answer to this Interrogatory may be determined.

**Interrogatory No. 5**. For January 1, 2010 to the present, identify and provide the number of Notices or other documents or communications concerning copyright infringement allegations

that RCN received, from any source. Your response should include the date the Notice or document/communication was received, the type of Notice or document/communication (e.g., email, letter, etc.), the sender of the Notice or document/communication (e.g., Rightscorp), the IP address associated with the Notice or document/communication, the Customer associated with that IP address identified in the Notice or document/communication, and the identity of the copyrighted work(s) that was allegedly infringed.

**RESPONSE**:

In addition to its General Objections, RCN objects to this Interrogatory as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks information about Notices that are irrelevant to Plaintiffs' claims in this case, and about Notices sent more than three years before Plaintiffs filed their Complaint in this matter. RCN also objects to this Interrogatory as unduly burdensome and oppressive to the extent it seeks information that is already in Plaintiffs' possession, custody, or control.

RCN also notes that it considers this Interrogatory No. 5 to constitute at least two separate interrogatories for purposes of Rule 33(a)(1).

Subject to its specific and general objections, RCN will produce and identify pursuant to Rule 33(d) all Notices that RCN has received from Rightscorp and from MarkMonitor (to the extent the MarkMonitor Notice was sent on behalf of RIAA). With respect to these Notices, RCN is willing to meet and confer regarding the request to identify "the Customer associated with that IP address identified in the Notice."

**Interrogatory No. 6**. Identify and describe in detail all actions you have taken in response to each of the Notices and/or other documents or communications You identified in response to Interrogatory No. 5, including, without limitation, whether, when and how you forwarded the Notice and/or other document/communication to the Customer associated with the IP address contained in the Notice or document/communication; whether you engaged in other communications with the Customer concerning the Notice(s) or alleged copyright infringement; whether and how you tracked or monitored Customers about whom RCN has received multiple Notices or other documents/communications concerning copyright infringement allegations; whether you suspended the account of the Customer, and if so, when and for how long; and whether you terminated the account of the Customer, and if so, when.

**RESPONSE**:

In addition to its General Objections, RCN objects to this Interrogatory as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks information about Notices that are irrelevant to Plaintiffs' claims in this case, and about Notices sent more than three years before Plaintiffs filed their Complaint in this matter.  RCN asserts the same objections to this Interrogatory to the extent it seeks a tremendous amount of detailed information, the collection, review, and organization of which would impose great burdens and costs on RCN.  RCN also objects to this Interrogatory as vague, ambiguous, unduly burdensome, and overly broad in that it seeks a description of various "actions," which could be interpreted to call for information with no potential relevance to any issue in this case.

Subject to its specific and general objections, RCN will produce and identify documents under Rule 33(d) from which the answer to this Interrogatory may be determined, in terms of

RCN's policies and procedures for addressing allegations of copyright infringement and communicating with subscribers about same from 2016 to present. With respect to information regarding individual Notices and "actions" taken with respect to individual subscriber accounts, RCN is willing to meet and confer with Plaintiffs about the nature of the responsive information RCN possesses and the manner in which it is stored.

**Interrogatory No. 7**. If you contend that you are entitled to any safe harbor protection under the DMCA, identify and describe in detail the factual and legal bases for that contention.

**RESPONSE**:

In addition to its General Objections, RCN objects to this Interrogatory as premature and as seeking information protected by the attorney-client privilege and/or work product doctrine, to the extent it seeks information about a defense that RCN has not yet raised and of which RCN currently has no obligation to provide notice.

Subject to its specific and general objections, RCN states that it will supplement its answer to this Interrogatory in the event it raises a defense under any DMCA safe harbor.

**Interrogatory No. 8**. For each year from 2011 to the present, identify and provide the number of accounts of your Customers that RCN has suspended and the number of accounts of your Customers that RCN has terminated, for allegations of copyright infringement, for non-payment, or for any other reasons. Your response should be organized by category of reasons for suspension and termination (e.g., in 2011, X number of Customers were suspended for allegations of copyright infringement, Y number were terminated for allegations of copyright infringement, Z number were suspended for non-payment, etc.).

**RESPONSE**:

In addition to its General Objections, RCN objects to this Interrogatory as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case, in that it seeks a tremendous amount of detailed information, the collection, review, and organization of which would impose great burdens and costs on RCN. This Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks information regarding account terminations that have no bearing on any issue in this lawsuit, and regarding account terminations and suspensions more than three years before Plaintiffs filed their Complaint in this matter. RCN will not provide information relating to the termination or suspension of subscriber accounts for reasons other than allegations of copyright infringement.

RCN also notes that it considers this Interrogatory No. 8 to constitute at least two separate interrogatories for purposes of Rule 33(a)(1).

Subject to its specific and general objections, RCN will produce and identify non-privileged documents pursuant to Rule 33(d) from which one may determine the annual number of account terminations based on allegations of copyright infringement, for the years 2016 to present. With respect to information regarding account suspensions based on allegations of copyright infringement for the years 2016 to present, RCN is willing to meet and confer with Plaintiffs about the nature of responsive information RCN possesses and the manner in which it is stored.

**Interrogatory No. 9**. For each year from 2011 to the present, identify and provide the number of Rightscorp Notices that RCN received; the number of Rightscorp Notices RCN

forwarded to Customers; the number of Rightscorp Notices RCN received that RCN was unable to associate with a RCN Customer, if any; the revenue and profits attributable to the Customers for whom RCN received one or more Rightscorp Notices (in total and by Customer); the number of RCN Customers for whom RCN received one or more Rightscorp Notices and one or more Notices from another person; the number of Customers who received more than one Rightscorp Notice, received three or more, 10 or more, 50 or more, 100 or more, 500 or more, and 1,000 or more; the number of Customers for whom RCN received Rightscorp notices who were terminated for alleged copyright infringement; and of those Customers who were terminated, the number who were re-instated and the timing of their reinstatement.

**RESPONSE**:

In addition to its General Objections, RCN objects to this Interrogatory as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case, in that it seeks a tremendous amount of detailed information, the collection, review, and organization of which would impose great burdens and costs on RCN. This Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks information unrelated to the allegations of copyright infringement asserted in this lawsuit, and information about Notices received more than three years before Plaintiffs filed their Complaint in this matter.

RCN also notes that it considers this Interrogatory No. 9 to constitute at least eight separate interrogatories for purposes of Rule 33(a)(1).

Subject to these objections, RCN states that it will produce and identify pursuant to Rule 33(d) non-privileged documents from which some of the requested answers may be determined, including all Notices it has received from Rightscorp, documents from which one may determine

the number of Rightscorp Notices received that could not be associated with an RCN subscriber, documents from which one may determine the number of subscriber accounts that were terminated based on allegations of copyright infringement for the years 2016 to present, and documents sufficient to identify any subscriber who was terminated based on allegations of copyright infringement and then subsequently reinstated, if any.

**Interrogatory No. 10**. Identify all persons who have had an ownership interest in RCN from 2011 to the present, and for each such person's ownership interest, identify the interest as a percentage of RCN and as a dollar amount, including the nature, amount, and time period of such interest, any changes to that ownership interest over time, and all economic benefits of any nature that RCN has provided or could in the future provide to the persons you identify, by virtue of such interest.

**RESPONSE**:

In addition to its General Objections, RCN objects to this Interrogatory as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case as the Interrogatory seeks information not relevant to any issues in this lawsuit. RCN also asserts the same objections to the extent this Interrogatory purports to require it to calculate the dollar value of ownership interests in RCN over time. RCN also objects to this Interrogatory as vague and ambiguous to the extent it seeks information about "all economic benefits of any nature that RCN has provided or could in the future provide to the persons you identify, by virtue of such interest."

Based on these objections, RCN will not answer this Interrogatory.

**Interrogatory No. 11**. For each year from 2011 to the present, identify RCN's total gross revenues, profits and profit margins for its overall business; separately for its residential and business services; and separately for each of its business lines, including but not limited to internet, telephone, cable, and/or video on demand services.

**RESPONSE**:

In addition to its General Objections, RCN objects to this Interrogatory as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case as the Interrogatory seeks financial information that has no relevance to any issue in this case, and to the extent it seeks information from more than three years before Plaintiffs filed their Complaint in this matter.

Subject to its specific and general objections, RCN states that it will produce and identify documents pursuant to Rule 33(d) from which the answer to this Interrogatory may be determined, for the years 2016 to present and to the extent RCN possesses the requested information.

**Interrogatory No. 12**. Identify and describe in detail the transactions by which RCN was acquired by ABRY Partners, and acquired by TPG and thereafter combined with Grande Communications Networks LLC and Wave Broadband, including the purchase price or valuation of such transactions; the lawyers, bankers, advisors, and consultants who represented or worked on behalf of the parties to such transactions; the contracts and other documents evidencing such transactions; and all documents or communications concerning RCN's policies, procedures, or practices concerning copyright infringement allegations, exchanged with Abry Partners or TPG in connection with such transactions.

**RESPONSE**:

In addition to its General Objections, RCN objects to this Interrogatory as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case. General information about the identified transactions is not relevant to any issue in this case, and the collection, review, and organization of this information would impose great burdens and costs on RCN.

Based on these objections, RCN will not answer this Interrogatory.

Dated: June 4, 2020

By:  /s/ *Zachary C. Howenstine*
Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
Telephone: 267.780.2000
Fax: 215.405.9070
ebehm@atllp.com

Richard L. Brophy*
Zachary C. Howenstine*
Margaret R. Szewczyk*
Abigail L. Twenter*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
atwenter@atllp.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that June 4, 2020, a true and correct copy of the foregoing was served by email on:

George C. Jones
gjones@mdmc-law.com
Stephanie Lopez
slopez@mdmc-law.com
Thomas Curtin
tcurtin@mdmc-law.com
Robert B. Gilmore
rgilmore@steinmitchell.com
Philip J. O'Beirne
pobeirne@steinmitchell.com
Michael A. Petrino
mpetrino@steinmitchell.com
Kevin L. Attridge
kattridge@steinmitchell.com
Shawna Bray
sbray@steinmitchell.com

                                                 */s/ Zachary C. Howenstine*
                                                 Zachary C. Howenstine