Edward F. Behm, Esquire
Direct **T** 267.780.2030  **F** 215.405.9070
ebehm@atllp.com

July 10, 2020

**VIA ECF**

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
            Civil Action No. 19-17272-MAS-ZNQ

Dear Judge Quraishi:

This firm represents Defendants in the above-referenced matter. On June 26, 2020, Plaintiffs filed a letter brief with the Court regarding two discovery disputes and a dispute concerning access to Confidential and Attorneys'-Eyes-Only materials.

Defendants respectfully submit this response and request oral argument.

**Nature of the Case and Procedural Background**

Plaintiffs represent the three major record labels in the United States: Sony, Warner, and Universal. There are two principal defendants in this action: RCN (which collectively refers to a number of related defendant entities[1]) and Patriot Media Consulting, LLC ("Patriot").

RCN is a general-purpose internet service provider ("ISP"). In other words, RCN provides subscribers with access to the internet, but does not host or distribute content available over the internet. Patriot is a consulting firm that provides certain management services to RCN.

RCN—like virtually every other ISP in the country—maintains an email inbox for receiving complaints about subscriber conduct, including emails alleging that users of its

---

[1] Specifically, "RCN" refers to Defendants RCN Telecom Services, LLC; RCN Telecom Services of New York, L.P.; RCN Capital Corp.; RCN Telecom Services of Philadelphia, LLC; RCN Telecom Services of Massachusetts, LLC; Starpower Communications, LLC; RCN Management Corporation; RCN ISP, LLC; RCN Digital Services, LLC; RCN NY LLC 1; RCN Telecom Services (Lehigh), LLC; RCN Telecom Services of Illinois, LLC; 21st Century Telecom Services, Inc.; and RCN Cable TV of Chicago, Inc.

network have committed acts of copyright infringement.  Typically, the senders of such emails purport to be rights-holders or companies acting on their behalf.

The email accusations at issue in this case were sent by Rightscorp, Inc.  Rightscorp sent these emails on behalf of other rights-holders (*i.e.*, not Plaintiffs), concerning copyrights not at issue in this case.[2]  To Defendants' knowledge, Plaintiffs have never engaged or authorized Rightscorp to police alleged copyright infringement on their behalf.  Instead, it appears Plaintiffs purchased Rightscorp's emails and related evidence after the fact, in order to pursue this litigation.

Relying on Rightscorp's emails, Plaintiffs seek to hold Defendants secondarily liable for infringement of the sound recordings listed in Exhibit A to Plaintiffs' Amended Complaint (ECF No. 9-1).  Plaintiffs contend that Defendants are secondarily liable for copyright infringement because RCN did not terminate the internet access of subscribers Rightscorp accused of copyright infringement.  *See, e.g.*, Am. Compl., ¶¶ 89, 99 (ECF No. 9).

On January 21, 2020, RCN and Patriot moved to dismiss Plaintiffs' claims.  *See* ECF Nos. 15, 30.  Defendants' motions to dismiss are pending before the Court.

## I. Plaintiffs Are Not Entitled to Any Order Compelling the Production of "Pre-2016" Information, Much Less the Expansive Ruling They Seek Here.

Plaintiffs seek a broad advisory ruling that all "pre-2016"[3] information "concerning RCN's handling of copyright infringement by its subscribers" is relevant and discoverable—without regard to the specific discovery requests before the Court.  *See* Pls.' Letter at 2; *see also id.* at 3 ("Plaintiffs should be permitted discovery into RCN's pre-2016 infringement knowledge and practices.").  The Court should reject Plaintiffs' request, both in its broadest form and as to the specific interrogatories at issue.

*First*, Rule 26(b)(1) does not permit the expansive relief Plaintiffs seek.  Absent a specific interrogatory or discovery request, it is impossible to assess whether Plaintiffs are seeking relevant information or whether the request is "proportional to the needs of the case."  For example, Plaintiffs' Interrogatory No. 8 purports to require RCN to provide information on every subscriber account RCN has terminated since 2011—<u>for any reason</u>.  *See* Pls.' Ex. 1 at 9.  Clearly, this request goes far beyond "RCN's handling of copyright infringement by its subscribers"—the subject matter Plaintiffs contend is at issue.  Furthermore, Plaintiffs have served over 100 requests for production on Defendants, and the Court is currently in no position to assess whether Plaintiffs are entitled to discovery of any of the numerous categories of pre-2016 documents they have

---

[2] Generally speaking, Rightscorp sent these emails on behalf of music publishers regarding alleged infringement of copyrights to musical compositions.  It appears that Plaintiffs intend to rely on Rightscorp's emails on grounds that Plaintiffs hold copyrights to sound recordings of those compositions.

[3] To be precise, RCN has objected to answering Plaintiffs' Interrogatories Nos. 6, 8, 9, and 11 as to the period more than three years before Plaintiffs filed their complaint in this matter—*i.e.*, information from before August 28, 2016.  *See* Pls. Ex. 1.  Plaintiffs have used "pre-2016" as shorthand for this time period.

requested. In short, Plaintiffs' request for relief must be considered in the context of their Interrogatories Nos. 6, 8, 9, and 11 to RCN, and those interrogatories *only*.

***Second***, Plaintiffs are wrong to suggest that the pre-August 2016 information requested in Interrogatories 6, 8, 9, and 11 is relevant and proportional to the needs of this case. It is telling that Plaintiffs do not explain what information they are actually seeking to compel. Among other things, Plaintiffs' Interrogatories Nos. 6, 8, 9, and 11 seek the following information:

- Dating back to January 1, 2010, a description of "all actions" taken by RCN in response to each and every email (or "Notice") RCN received regarding alleged copyright infringement. Pls.' Ex. 1 at 8.

- Dating back to January 1, 2011, (1) an identification of every subscriber account terminated by RCN for any reason, accompanied by the reason for the termination (*id.* at 9); (2) "the revenue and profits attributable to the Customers for whom RCN received one or more Rightscorp Notices (in total and by Customer)" (*id.* at 10–11); (3) "the number of RCN Customers for whom RCN received one or more Rightscorp Notices and one or more Notices from another person" (*id.*); and (4) RCN's annual "total gross revenues, profits and profit margins for its overall business; separately for its residential and business services; and separately for each of its business lines, including but not limited to internet, telephone, cable, and/or video on demand services." *Id.* at 13.

To the extent these categories of information relate to alleged instances of copyright infringement before August 2016 (many do not), the requested information is irrelevant and not proportional to the needs of the case. Any such infringement is no longer actionable. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) (Under the Copyright Act's three-year statute of limitations, "an infringement is actionable within three years, and only three years, of its occurrence."); *Sohm v. Scholastic Inc.*, 959 F.3d 39, 51–52 (2d Cir. 2020) (irrespective of when a copyright infringement claim accrues—for example due to the discovery rule—damages are only recoverable for infringements that occur within three years of the filing of the complaint).

Furthermore, the above requests make clear that Plaintiffs are not merely seeking "information on how [RCN] handled DMCA [Digital Millennium Copyright Act[4]] issues" prior to August 2016. *See* Pls.' Letter at 3. Much of the requested information is irrelevant to that issue—and to any other relevant issue in this case[5]—even if one ignores

---

[4] As discussed in the next section, the DMCA provides certain defenses to service providers accused of copyright infringement.

[5] The relevant issues for Plaintiffs' contributory infringement claims are (1) whether any user of RCN's network directly infringed Plaintiffs' asserted copyrights, (2) whether RCN knew of that specific infringement, and (3) whether RCN intentionally induced or encouraged that infringement. *See Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 387 (3d Cir. 2016). In addition to proof of direct infringement, Plaintiffs' vicarious infringement claim requires them to prove that RCN (1) had the right and ability to supervise or control the infringement and (2) had a direct financial interest in it. *Id.* at 388. As damages, Plaintiffs may seek their actual damages, profits that are attributable to the infringement, or statutory damages. *See* 17 U.S.C. § 504(b–c).

the limitations period. It is certainly not "proportional to the needs of the case" to require RCN to collect and produce five to six years of pre-limitations period information, on grounds that some tiny sliver of it might ultimately have some relevance in this case.

*Third*, Plaintiffs lack any basis for comparing the instant dispute to the discovery dispute in *Grande*. *See* Pls.' Letter at 3. There, the narrow issue was whether the plaintiffs were entitled to an order compelling the defendant to produce its copyright infringement and DMCA policies that were in effect more than three years before suit was filed. *See UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 2018 WL 4627276, at *3 (W.D. Tex. Sept. 26, 2018). That is not the relief Plaintiffs are seeking here—Interrogatories Nos. 6, 8, 9, and 11 do not request a description of RCN's copyright infringement policies at all.

In fact, as Plaintiffs well know, RCN has <u>agreed</u> to produce RCN's pre-August 2016 copyright infringement and DMCA policies. In addition, RCN has already produced all emails it received from Rightscorp regarding alleged copyright infringement, which date back to 2011. RCN also has no doubt that Plaintiffs' counsel will question RCN's employees about how RCN handled copyright infringement allegations in the pre-2016 timeframe. Any further pre-August 2016 discovery is neither relevant nor proportional to the needs of the case, and certainly is not warranted in the context of Plaintiffs' Interrogatories Nos. 6, 8, 9, and 11.

## II. Plaintiffs Are Not Entitled to an Order Compelling RCN to Provide Information About Irrelevant Copyright Infringement Allegations from Third Parties.

As with Plaintiffs' requests for pre-2016 discovery, the relief Plaintiffs are seeking—a sweeping ruling requiring "RCN to provide information and documents concerning all [alleged] infringement by its subscribers"—goes far beyond the discovery requests before the Court. *See* Pls.' Letter at 4. The question before the Court is whether RCN should be required to answer Plaintiffs' Interrogatory No. 6 by describing every "action" it took in response to every email alleging that a user of RCN's network had committed copyright infringement—regardless of who sent the email, when the alleged infringement occurred, and whether the alleged infringement concerned one of the Works in Suit. *See* Pls.' Letter at 1; Pls.' Ex. 1 at 8. Plaintiffs are not entitled to any such relief.

Information about how RCN responded to copyright infringement allegations not at issue in this case is irrelevant to Plaintiffs' claims. It has no bearing on any element of Plaintiffs' contributory or vicarious infringement claims, and no bearing on any damages issue. *See supra* n.4.

A DMCA safe harbor defense (which Defendants have not yet raised, as their motions to dismiss are still pending) likewise does not make this information relevant and discoverable. Just as pre-August 2016 information is irrelevant to Plaintiffs' claims, it is irrelevant to any DMCA defense. Defendants require no defense against pre-2016 infringement because it is no longer actionable. *See Petrella*, 572 U.S. at 671.

The Honorable Michael A. Shipp
Page 5

As for information from August 2016 to present, the existence of a DMCA safe harbor defense does not make RCN's response to each and every email allegation relevant and discoverable. *See* 17 U.S.C. § 512(a), (i)(1)(A) (requiring service providers to implement repeat infringer policies as a condition of safe harbor eligibility). Plaintiffs misrepresent *Grande* in suggesting otherwise. The defendant in *Grande* was not ordered to describe its response to every email it had ever received regarding alleged copyright infringement. *See Grande*, 2018 WL 4627276, at *3. Moreover, the *Grande* court's discussion of "hundreds of thousands" of accusations from third parties was not based on any huge production of data by the defendant ISP, but rather on a single internal email. *See Grande*, 384 F. Supp. 3d 743, 758 (W.D. Tex. 2019) (citing Dkt. #172-18, No. 1:17-cv-365-DAE). Here, RCN has agreed to produce information regarding subscriber accounts terminated since August 2016 due to copyright infringement allegations and has agreed to answer Plaintiffs' interrogatory seeking the basis of any safe harbor defense. That is more than sufficient.

Finally, leaving aside the DMCA, it is clear that RCN's responses to third-party copyright infringement allegations (regarding copyrights not at issue in this case) are irrelevant to whether RCN knew of or was willfully blind to the infringement at issue in this case, whether RCN induced or encouraged that infringement, and whether RCN controlled or profited from that infringement. Plaintiffs are not entitled to an order compelling RCN to provide a further answer to Interrogatory No. 6.

## III. Plaintiffs Are Not Entitled to An Order Unconditionally Granting RIAA Access to Confidential and Attorneys'-Eyes-Only Material.

As Plaintiffs effectively concede, the Recording Industry Association of America ("RIAA") is a non-party only in the most technical sense of the term. RIAA—not Plaintiffs—engaged Rightscorp as Plaintiffs' consultant and paid Rightscorp for the evidence on which this case is based. RIAA has had extensive dealings with Rightscorp over the years, which is why multiple RIAA employees were fact witnesses in Plaintiffs' copyright infringement litigation against Grande Communications, likewise based on evidence purchased from Rightscorp.[6] Indeed, in the upcoming trial in that case, Plaintiffs intend to offer fact testimony from RIAA in support of their case-in-chief. *See* Pls.' Witness List at 2 (ECF No. 302-5), No. 1:17-cv-365-DAE (W.D. Tex.) (Jeremy Landis, VP of Technology).

As such, it is eminently reasonable for Defendants to request that RIAA, if it wants to be treated as a party for purposes of access to confidential material under the protective order, also act as a party for purposes of discovery. Contrary to Plaintiffs' claims, counsel for Defendants has repeatedly explained <u>exactly</u> what this means: it means that Plaintiffs and RIAA will not require Defendants to invoke Rule 45 in order to seek discovery from RIAA, and it means that RIAA will not object to discovery on grounds that it would impose undue burden or expense on a non-party. *See* Fed. R. Civ.

---

[6] None of these facts regarding the relationship between RIAA and Rightscorp were known to Grande when it allowed RIAA attorneys unconditional access to confidential material in that case.

ARMSTRONG TEASDALE LLP

P. 45(d)(1).  If, as Plaintiffs suggest, RIAA has every intention of cooperating in discovery, then Plaintiffs and RIAA should have no issue agreeing to this.[7]

## Conclusion

Defendants respectfully submit that Plaintiffs' requests for relief should be denied without further proceedings.  In the alternative, Defendants request that the Court order Plaintiffs to seek relief by formal motion prior to compelling any additional discovery.

Counsel for Defendants are available for a teleconference or videoconference on these matters at the Court's convenience.

Respectfully Submitted,

*/s/ Edward F. Behm, Jr.*

Edward F. Behm, Jr.

EFB
CC:   All counsel of record via ECF

---

[7] The extent to which RIAA cooperated in discovery in the *Grande* case is not relevant to the issue before the Court, and fully and fairly addressing the subject would require more substantial briefing.  For present purposes, it should suffice to say that Defendants' counsel vehemently disagrees with Plaintiffs' assertions on this matter.  As just one example, RIAA conveniently failed to produce highly relevant RFP responses from Rightscorp, and failed to log allegedly privileged documents regarding those RFP responses, until after RIAA's corporate depositions (and only then because defendant's counsel identified the issue in deposition).

ARMSTRONG TEASDALE LLP