Edward F. Behm, Esquire
Direct **T** 267.780.2030  **F** 215.405.9070
ebehm@atllp.com

July 14, 2020

**VIA ECF**

The Honorable Michael A. Shipp
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
                Civil Action No. 19-17272-MAS-ZNQ

Dear Judge Shipp:

    This firm represents Defendants in the above-referenced matter. We write to advise the Court of the district court's July 8, 2020 decision in *UMG Recordings, Inc., et al. v. Bright House Networks, LLC*, No. 8:19-cv-710-MSS-TGW (M.D. Fla.) ("*Bright House*") (attached as Exhibit A). Defendants respectfully request that the Court consider *Bright House*—which likewise involves secondary copyright infringement claims against an internet service provider—as supplemental authority supporting Defendants' pending motions to dismiss Plaintiffs' claims for vicarious copyright infringement. *See* RCN Defs.' Mem. ISO Mot. to Dismiss at 27–33 (ECF No. 15-1); Patriot's Mem. ISO Mot. to Dismiss at 10–12 (ECF No. 30-1).

    In *Bright House*, the district court dismissed the vicarious infringement claims of the plaintiff recording companies—many of which are Plaintiffs in this case—for failure to plausibly allege the "direct financial benefit" element of the claim. The district court's reasoning is directly applicable to Plaintiffs' claims here.

    Most importantly, the *Bright House* court rejected Plaintiffs' argument that "they can satisfy the direct financial benefit requirement simply by alleging that the ability to download infringing content is one of many reasons some subset of subscribers subscribe to Bright House's services." *Bright House* at 9–10. The court reasoned that such a standard "effectively reads the limiting term 'direct' out of the test," and that the copyright plaintiff must instead "allege that the availability of infringing content provides the *main* customer draw to the service." *Id.* at 10 (emphasis in original; quotations, alterations & citation omitted). As Defendants have pointed out in their motions to dismiss, the *Bright House* court recognized that "to accept Plaintiffs' theory would impose liability on every ISP, as the music at issue is available on the Internet generally,

as is the BitTorrent protocol, and is not something exclusively available through Bright House's services." *Id.* at 13 (quotations, alterations & citation omitted).

Thus, Plaintiffs failed to state a claim against Bright House because their allegations did "not support a reasonable inference or plausibly assert that the *main* <u>draw</u> for Bright House subscribers is access to infringing content generally available on the internet." *Id.* at 11–12 (underline added; italics in original). Here, the Court should dismiss Plaintiffs' vicarious infringement claims for the same reason: because Plaintiffs do not, and cannot, allege that access to infringing content was the "main draw" for RCN's subscribers. *See, e.g.*, Am. Compl., ¶¶ 6–7, 99.

Furthermore, the *Bright House* court found that Plaintiffs did not plausibly allege that access to infringing content drew subscribers to Bright House at all. Specifically, Plaintiffs did not allege that there was "anything unique about the service Bright House provides as a portal to the internet or as a portal to this alleged contraband content." *Bright House* at 10–11 ("In stark contrast [to the foundational cases regarding vicarious liability], all that is alleged here is that Bright House offers a conduit to the 'World Wide Web.' In fact, Plaintiffs candidly acknowledge that the available infringing content is found on the robust peer-to-peer sharing platforms ubiquitous to the internet and driven largely by BitTorrent (and similar networks), which are, as discussed, in no way affiliated with or controlled by Bright House or any other ISP, for that matter."). The same is true here—Plaintiffs do not allege that RCN provides its subscribers with any unique access to infringing content, and they have therefore failed to state a claim.

Additionally, the *Bright House* court rejected as insufficient Plaintiffs' other "direct financial benefit" allegations. The court rejected Plaintiffs' "'dog-whistle' theory that Bright House advertises faster internet speeds to surreptitiously entice the prospective infringer," because this allegation failed to show that "access to infringing content" was the "main draw" for subscribers. *Bright House* at 11–12; *compare with* Am. Compl., ¶ 64 (alleging that RCN advertises fast internet speeds to entice copyright infringers). For similar reasons, the court rejected Plaintiffs' argument that Bright House's "failure to police . . . infringing subscribers adequately" could supply the necessary draw. *Id.* at 12–13 ("[T]his is not the test: the test is whether users are drawn to Bright House by the *availability of infringing content*." Nor, if this were the test, is there an allegation in the complaint that the *main* draw for Bright House subscribers is the company's alleged failure to take meaningful action against copyright infringement.") (emphasis in original); *compare with* Am. Compl., ¶ 99 ("Upon information and belief, RCN's failure to adequately police its infringing subscribers was also a draw for customers . . . ."). The court also rejected the notion that Plaintiffs could satisfy this element by alleging that the defendant has "an economic incentive to tolerate infringing conduct." *Bright House* at 13–14.

Finally, Defendants note that the *Bright House* court expressly considered and declined to follow the district court's decision in *Warner Records Inc. v. Charter Communications, Inc.*, which the parties addressed in previous letters to the Court. *See* ECF Nos. 64, 65, 67. Specifically, the court was critical of *Charter*'s "expansive

interpretation of the direct financial benefit requirement," and it considered the *Charter* court's reliance on the defendant's alleged failure to police its subscribers to be "unpersuasive." *Bright House* at 15.

    For the foregoing reasons, and for the reasons previously stated in support of Defendants' Motions to Dismiss (ECF Nos. 15 and 30), Defendants respectfully request that the Court dismiss Plaintiffs' vicarious copyright infringement claims under Rule 12(b)(6). Defendants also respectfully reiterate their request for oral argument, which Defendants believe would be helpful in light of the complex issues addressed in the parties' briefing.

Respectfully Submitted,

*/s/ Edward F. Behm, Jr.*

Edward F. Behm, Jr.

EFB:gc
CC:    All counsel of record via ECF