# McElroy, Deutsch, Mulvaney & Carpenter, LLP
**ATTORNEYS AT LAW**

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

July 17, 2020

**VIA ECF**

Hon. Michael A. Shipp, U.S.D.J.
Clarkson S. Fisher Federal Building
and U.S. Courthouse, Room 5000
402 E. State Street
Trenton, New Jersey 08608

      Re:    *UMG Recordings, Inc. et al. v. RCN Telecom Services, LLC et al.*
             Civil Action No. 19-17272 (MAS) (ZNQ)

Dear Judge Shipp:

      Plaintiffs respectfully submit this response to Defendants' July 14, 2020 letter (Dkt. No. 76) regarding the motion to dismiss ruling in *UMG Recordings, Inc. v. Bright House Networks, LLC,* No. 8:19-cv-710-MSS-TGW (M.D. Fla.) ("*Bright House*").

      *First*, Plaintiffs in this case have alleged two separate claims for secondary infringement against Defendants RCN and Patriot: one for contributory infringement, and a second for vicarious liability. The *Bright House* ruling concerns only vicarious liability, not contributory infringement. In fact, the defendant internet service provider ("ISP") in *Bright House* did not even try to move to dismiss the plaintiffs' contributory infringement claim. Thus, the *Bright House* ruling has no bearing on Plaintiffs' contributory infringement claims here.

      *Second*, the *Bright House* court's reasoning contravenes well-established law concerning vicarious liability, including case law from this judicial district. Central to the *Bright House* ruling is the court's conclusion that the plaintiffs failed to plead the direct financial benefit element of vicarious liability, because "the plaintiff[s] must . . . allege that the availability of infringing content 'provide[s] the *main* customer 'draw' to the [service][,]'" which, the court found, the plaintiffs in that case did not (and could not plausibly) allege. *Bright House* Op. at 10 (Dkt. 76-1) (emphasis in original). *Bright House* cites a single 2001 district court case (*Adobe Systems Inc. v. Canus Products, Inc.*, 173 F. Supp. 2d 1044, 1051 (C.D. Cal. 2001)) in support of this holding. *Id.*

      But courts have overwhelmingly rejected the notion that the infringing content must be the "main" draw to state a claim for vicarious liability. As this Court has observed, "[t]he case law indicates that the presence of infringing music does not need to be a significant draw to

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Michael A. Shipp, U.S.D.J.
July 17, 2020
Page 2

establish vicarious liability, *only that infringing music must be 'a' draw.*" *Arista Records, Inc. v. Flea World, Inc.*, No. CIV.A. 03-2670 (JBS), 2006 WL 842883, at *12 (D.N.J. Mar. 31, 2006) (citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263 (9th Cir. 1996)) (emphasis added). *See also Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004) (the direct financial benefit element is satisfied where there is a "causal relationship between the infringing activity and *any* financial benefit a defendant reaps, *regardless of how substantial the benefit is in proportion to a defendant's overall profits*.") (emphasis added); *A&M Records, Inc. v. Napster, Inc.*, 239 F.2d 1004 (9th Cir. 2001) (a financial benefit can include simply having more users choose the defendant's service, whenever "the availability of infringing material acts as *a* 'draw' for [the defendant's] customers") (emphasis added).

Indeed, in two decisions this year involving these same Plaintiffs against other ISPs, courts have followed the same reasoning as in *Flea World* and the cases it cited, sustaining vicarious liability claims involving the same sort of allegations that Plaintiffs have pleaded in this case. In *Sony Music Entertainment v. Cox Communications, Inc.* ("*Cox*"), the court denied in substantial part Cox's Rule 50 post-trial motion, affirming a jury's finding of vicarious liability against Cox. No. 1:18-cv-950-LO-JFA, 2020 WL 3121306 (E.D. Va. June 2, 2020). The *Cox* court cited *Ellison* in holding that (1) "a 'draw' need not be substantial," (2) "retention of subscriptions and potential losses from obstructions to customer infringement are relevant considerations to establish this causal connection," and (3) "there was ample evidence for a reasonable jury to conclude, as this jury did, that Cox gained *some* direct financial benefit from the infringement, no matter how small." 2020 WL 3121306, at *9 (emphasis in original). Similarly, in *Warner Records Inc. v. Charter Communications, Inc.* ("*Charter*"), the court denied Charter's motion to dismiss the plaintiff music companies' claim for vicarious liability, holding that a "[f]inancial benefit exists where the availability of infringing material acts as a draw for customers and that [t]he size of the 'draw' relative to a defendant's overall business is immaterial." No. 19-cv-00874-RBJ-MEH, 2020 WL 1872387, at *3 (D. Colo. Apr. 15, 2020) (internal quotations and citation omitted). The *Charter* court concluded that "[i]f subscribers are attracted to Charter's services *in part* because of the ability to infringe on plaintiffs' copyrighted materials in particular, this is sufficient to show that the materials were 'a draw'." *Id.* at 4 (emphasis in original).

Here, Plaintiffs plead precisely the type of allegations found sufficient in *Cox* and *Charter*: "Defendants' failure to adequately police RCN's infringing subscribers was also a draw for customers to purchase RCN's internet services" as those "subscribers who sought to engage in online infringement knew that they could do so on RCN's network with impunity, which attracted those subscribers to use RCN's service to do so." Pls.' 1st Am. Compl. (Dkt. No. 9) ("FAC") ¶ 7. *See also id.* ¶¶ 99 ("Indeed, the ability to download music illegally—and particularly to download Plaintiffs' music using the high internet speeds touted by RCN to customers—without facing any repercussions from RCN and Patriot, acts as a powerful draw for

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Hon. Michael A. Shipp, U.S.D.J.
July 17, 2020
Page 3

RCN's subscribers, who utilize RCN's service to download infringing music files using BitTorrent protocols."), 125.

*Third*, Plaintiffs in this case have alleged that Defendants enjoy another financial benefit: the ongoing subscriber fees that Defendants reap from infringing users. As set forth in the First Amended Complaint, RCN and Patriot receive a direct financial benefit from users' infringing conduct by refusing to terminate users' accounts after learning of their infringement. By tolerating such users' illegal activity, Defendants increase their revenue, pocketing substantial subscription fees that Defendants otherwise would have to forgo if they properly terminated infringing accounts. *See, e.g.,* FAC ¶¶ 8 ("By continuing to provide known repeat infringers with the internet service they use to commit their infringement, Defendants obtained a direct financial benefit from the subscribers' infringing activity in the form of monthly subscription fees that they would not have received if they had terminated those subscribers' accounts."), 100. Courts have recognized that where defendants have "an economic incentive to tolerate infringing conduct," they derive a direct financial benefit from such conduct—and thus bear vicarious liability for their subscribers' wrongdoing. *Capitol Records, LLC v. Escape Media Grp., Inc.*, 2015 WL 1402049, at *42 (S.D.N.Y. Mar. 25, 2015). The *Cox* and *Charter* courts both found that this kind of financial benefit supported vicarious liability against the ISPs in those cases. *See Cox,* 2020 WL 3121306, at *10 (evidence supported jury's finding of a "connection between infringing accounts and continued collection of revenue rather than termination."); *Charter*, 2020 WL 1872387, at *5 ("Charter's profit comes directly from subscriptions, and it is the subscribers themselves who engage in infringement. Thus, there is only one layer of removal between Charter and the infringing activity, and Charter receives a financial benefit directly from those engaged in infringement.").

Plaintiffs respectfully submit that this Court should adopt the approach taken by the majority of courts with respect to the direct financial benefit element of Plaintiffs' claim for vicarious liability, and should reject the approach of the *Bright House* court's ruling.

Respectfully yours,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*s/ Thomas R. Curtin*

THOMAS R. CURTIN

cc:    All Counsel (via ECF and e-mail)