UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2105

CHAMBERS OF
**ZAHID N. QURAISHI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

August 5, 2020

**LETTER ORDER**

Re:   **UMG Recordings, Inc. v. RCN Telecom Services, LLC**
    Civil Action No. 19-17272 (MAS) (ZNQ)

Dear Counsel:

This matter comes before the Court upon a discovery dispute between the parties.[1] Plaintiffs[2] are record companies that produce, distribute, sell, and license commercial sound recordings. (Compl. ¶ 2, ECF No. 1.) Defendant RCN[3] is an internet service provider ("ISP"), and Defendant Patriot Media Consulting, LLC ("Patriot") provides management services to RCN. (*Id.* ¶ 3; Defs.' July 10, 2020 Letter 1, ECF No. 75.) Plaintiffs claim RCN and Patriot (collectively, "Defendants") facilitated massive online infringement of copyrighted sound recordings by RCN's subscribers. (Pls.' June 26, 2020, Letter 1, ECF No. 72.) Plaintiffs raise three issues to the Court: (1) whether RCN must produce information and documents concerning copyright infringement notices and RCN's handling of copyright infringement from before 2016; (2) whether RCN must produce infringement notices and related information from companies other than Rightscorp and MarkMonitor; and (3) whether, in-house counsel for an industry trade group, the Recording Industry Association of America ("RIAA"), may have access to confidential and attorneys' eyes-only information under a proposed protective order. (*Id.* at 1–2.)

Plaintiffs claim the pre-2016 infringement notices and information concerning RCN's handling of

---

[1] The Court notes that Plaintiffs have recently filed an additional letter, raising three new discovery issues, (ECF No. 80), which Defendants intend to oppose. Defendants also plan to raise their own discovery issues.

[2] "Plaintiffs" refers to Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Arista Records LLC, Arista Music, LaFace Records LLC, Volcano Entertainment III, LLC, Zomba Recording LLC, Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Maverick Recording Company, The All Blacks U.S.A., Inc., Warner Records Inc., Warner Records/Sire Ventures, Inc., and WEA International, Inc.

[3] "RCN" refers to Defendants RCN Telecom Services, LLC, RCN Telecom Services of New York, L.P., RCN Capital Corp., RCN Telecom Services of Philadelphia, LLC, RCN Telecom Services of Massachusetts, LLC, Starpower Communications, LLC, RCN Management Corporation, RCN ISP, LLC, RCN Digital Services, LLC, RCN NY LLC 1, RCN Telecom Services (Lehigh), LLC, RCN Telecom Services of Illinois, LLC, 21st Century Telecom Services, Inc., and RCN Cable TV of Chicago, Inc.

copyright infringement by its subscribers is relevant because it bears on (1) Defendants' knowledge of infringement by RCN's subscribers, (2) Defendants' capabilities in responding to infringement notices, (3) Defendants' financial benefits from infringing subscribers, (4) Defendants' entitlement to safe harbor under the Digital Millennium Copyright Act ("DMCA"), and (5) Defendants' willfulness. (*Id.* at 2–3.) Plaintiffs argue that, in a similar case, RCN's sibling ISP objected to production of information three years prior to the filing of the complaint. (*Id.* at 3 (citing *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. 17-365, 2018 WL 4627276, at *3 (W.D. Tex. Sept. 26, 2018)).) According to Plaintiffs, the Court allowed discovery, finding such information relevant as to the defendant's awareness and response to repeat infringers. (*Id.* (discussing *Grande Commc'ns Networks*, 2018 WL 4627276, at *3.) Plaintiffs assert the Court ultimately relied on that evidence in granting summary judgment on the defendant's safe harbor claim. (*Id.* (citing *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743, 755, 757, 769 (W.D. Tex. 2019)).)

First, Defendants respond that the interrogatories Plaintiffs propounded were much broader than what Plaintiffs now seek, and must be analyzed as advanced. (Defs.' July 10, 2020 Letter 2.) Second, Defendants argue that, to the extent the broad categories of information Plaintiffs requested relate to alleged instances of copyright infringement before August 2016, "the requested information is irrelevant and not proportional to the needs of the case," because "[a]ny such infringement is no longer actionable." (*Id.* at 3.) Third, Defendants assert *Grande* is inapposite because the narrow issue before the Court was whether the defendant had to produce its copyright infringement and DMCA policies in effect three years before the lawsuit was filed. (*Id.* at 4 (citing *Grande Commc'ns Networks*, 2018 WL 4627276, at *3).) Defendants have agreed to produce their pre-2016 copyright infringement and DMCA policies, and argue that those policies and deposition testimony that can be obtained regarding how Defendants handled copyright infringement claims before 2016 is sufficient. (*Id.*)

Pursuant to Federal Rule of Civil Procedure 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Court finds Defendants' first argument unavailing. While Plaintiffs' interrogatories may have been broader than their instant requests, the Court perceives no reason why Plaintiffs' narrowing of their requests should preclude discovery. As to the second and third argument, the Court agrees the pre-2016 instances of copyright infringement may be actionable under the discovery rule, *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d Cir. 2009), and, even if they are not, the Court finds the requested information—details about how Defendants handled copyright infringement claims before 2016—is relevant and proportional to the needs for this case. As Plaintiffs contend, that information may bear on Defendants' knowledge of infringement by RCN's subscribers, the benefit they derived from infringing subscribers, and their capabilities in responding. The Court disagrees with Defendants that production of its pre-2016 policies or deposition testimony will be an adequate substitute for the data Plaintiffs seek. Moreover, although "yet" asserted, such information would bear on Defendants' entitlement to the

DMCA's safe harbor defense.

Next, Plaintiffs argue they "are entitled to information about copyright infringement notices that RCN received, regardless of the source," but "RCN has refused to produce such information unless it relates to notices from Rightscorp (the entity that identified the infringement of the works in suit at issue in this case) or MarkMonitor (another entity that is similar to Rightscorp and that has performed infringement detection services for the recording industry)." (Pls.' June 26, 2020, Letter 3.) Plaintiffs contend that information is relevant to Defendants' safe harbor defense because a key issue will be whether RCN's users can be characterized as repeat infringers and whether Defendants acted properly in response. (*Id.* at 3–4.) Plaintiffs claim the same issue arose in *Grande*, and the Court ultimately relied, in part, on notices received from companies other than Rightscorp. (*Id.* at 4 (discussing *Grande*, 2018 WL 4627276, at *3; *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743, 758 (W.D. Tex. 2019)).)

In response, Defendants argue Plaintiffs' request mischaracterizes their demand, and that the question is "whether RCN should be required to answer Plaintiffs' Interrogatory No. 6 by describing every 'action' it took in response to every email alleging that a user of RCN's network had committed copyright infringement—regardless of who sent the email, when the alleged infringement occurred, and whether the alleged infringement concerned one of the Works in Suit." (Defs.' July 10, 2020 Letter 4.) Defendants assert that information regarding how RCN responded to allegations of copyright infringement is irrelevant to Plaintiffs' claims, in particular, having no bearing on Plaintiffs' contributory or vicarious infringement claims, or on damages. (*Id.*) As for the DMCA safe harbor defense, Defendants contend the information is not relevant because pre-2016 copyright infringement is not actionable. (*Id.*) Defendants assert that Plaintiffs misrepresent *Grande*, that the defendant in *Grande* never had to produce every email alleging copyright infringement, and the other notices of copyright infringement noted in the summary judgment opinion were based on a single internal email. (*Id.* at 5.) Further, Defendants submit, their response to copyright allegations not at issue are irrelevant to this case. (*Id.*)

Again, Plaintiffs' request in the instant dispute is narrower than the interrogatory propounded. Plaintiffs are not seeking information regarding every email alleging copyright infringement, as Defendants contend, rather they have narrowed their request to information related to copyright infringement notices. The Court agrees with Plaintiffs such information may be relevant to Defendants' safe harbor defense and will compel production.

Lastly, Plaintiffs seek the Court's intervention to allow attorneys for an industry recording group, RIAA, which provides legal counsel to, and works with, member-record companies, like Plaintiffs, to bring copyright infringement lawsuits, including this case. (Pls.' June 26, 2020, Letter 4.) Plaintiffs contend "RIAA lawyers serve as counsel for Plaintiffs, helping to coordinate litigation efforts, providing legal advice, and discussing legal strategy." (*Id.*) "Plaintiffs seek to have RIAA attorneys receive access to discovery materials produced in this case to aid Plaintiffs in prosecution of their suit." (*Id.*)

Defendants assert that RIAA "is a non-party only in the most technical sense of the term," stressing that "RIAA—not Plaintiffs—engaged Rightscorp as Plaintiffs' consultant and paid Rightscorp for the evidence on which this case is based." (Defs.' July 10, 2020 Letter 5.) Defendants contend that RIAA has had extensive dealings with Rightscorp, which is why RIAA employees were fact witnesses in *Grande*,

and will be fact witnesses in this case. (*Id.*) Defendants submit "it is eminently reasonable for [them] to request that RIAA, if it wants to be treated as a party for purposes of access to confidential material under the protective order, also act as a party for purposes of discovery." (*Id.*) Defendants explain that this means "Plaintiffs and RIAA will not require Defendants to invoke Rule 45 in order to seek discovery from RIAA, and . . . that RIAA will not object to discovery on grounds that it would impose undue burden or expense on a non-party." (*Id.*)

There being no dispute that RIAA attorneys are providing legal assistance to Plaintiffs, the Court agrees with Plaintiffs that RIAA attorneys should be able to see confidential and attorneys' eyes-only material produced in this matter. At the same time, the Court does not find the subpoena process so burdensome that, as a tradeoff, the Court should deviate from the usual process. Further, prohibiting RIAA from raising standard objections to discovery would be improper. The Court will address the merits of any such disputes when and if they arise.

In sum, for the reasons stated above, and for other good cause shown,

1. Defendants' objections to Plaintiffs' interrogatory requests—as narrowed—are overruled; Defendants must produce information and documents concerning copyright infringement notices and RCN's handling of copyright infringement from before 2016, and must produce infringement notices and related information from companies other than Rightscorp and MarkMonitor.

2. The Court further finds RIAA attorneys should be allowed access to confidential information under the parties' forthcoming Discovery Confidentiality Order.

ZAHID N. QURAISHI
UNITED STATES MAGISTRATE JUDGE

4