

Edward F. Behm, Esquire
Direct **T** 267.780.2030  **F** 215.405.9070
ebehm@atllp.com

September 10, 2020

**VIA ECF**

The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:   *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
           Civil Action No. 19-17272-MAS-ZNQ

Dear Judge Quraishi:

      This firm represents Defendants in the above-referenced matter. Plaintiffs' latest discovery letter (ECF 90) asks the Court to compel the RCN Defendants ("RCN") to provide additional information in response to Plaintiffs' Interrogatory No. 4, which seeks a description of RCN's "policies and procedures concerning copyright infringement on RCN's network" from 2010 to present. There is no dispute requiring Court intervention because RCN has no additional information to provide.

      Plaintiffs are wrong to claim that RCN has provided no "description or information regarding its pre-2016 policies and procedures for copyright infringement." After the Court issued the August 5, 2020 Letter Order, RCN served a supplemental interrogatory answer that identified RCN's Acceptable Use Policy, which has been in place since at least 2010 and advises subscribers that transmitting infringing content is not an acceptable use of RCN's network.

      Based on its investigation to date, RCN has no other information to provide regarding any pre-2016 "polic[y] [or] procedure[] concerning copyright infringement on RCN's network." In other words, there is no additional information to compel. While RCN has provided *more* information for the period of June 2016-present, that is because more responsive information exists. In June 2016, RCN implemented a Digital Millennium Copyright Act ("DMCA") safe harbor policy under 17 U.S.C. § 512(h), which is described in detail in RCN's supplemental answer to Interrogatory No. 7 (incorporated by reference in RCN's supplemental answer to Interrogatory No. 4). *See* Pls.' Ex. A at 4, 8-13.

      Plaintiffs were well aware of this before they filed the instant discovery letter. In

an August 28, 2020 email, counsel for RCN explained that "RCN has identified documents reflecting RCN's policies relating to allegations of copyright infringement in place prior to 2016. . . . RCN's supplemental responses are complete." Exhibit 1 (August 28, 2020 Email). Then, on September 4, 2020—after Plaintiffs reiterated their intention to pursue this issue, but before they filed their letter—RCN emphasized that it does not possess any other information about pre-2016 "policies and procedures concerning copyright infringement on RCN's network":

> With respect to Interrogatory No. 4, we want to make clear that based on our investigation to date, apart from the referenced [Acceptable Use Policy], **RCN has no additional information to provide with respect to any "policy or procedure concerning copyright infringement" for the period of January 2010 through May 2016. In other words, you will be asking the court to compel additional information that, to our knowledge, does not exist.**

Exhibit 2 (September 4, 2020 Email) (emphasis added). RCN's counsel received no response to this email, and Plaintiffs filed their discovery letter later that day without even mentioning it.

In sum, the instant discovery letter is a waste of the Court's and the parties' time. RCN has fully responded to Interrogatory No. 4 and continues to participate in discovery in good faith. RCN therefore respectfully requests that the Court deny the relief requested in Plaintiffs' September 4, 2020 discovery letter (ECF 90).

                Respectfully Submitted,

                */s/ Edward F. Behm, Jr.*

                Edward F. Behm, Jr.

EFB:gc
CC:    All counsel of record via ECF