UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**UMG RECORDINGS, et al.**

Plaintiffs,

v.

**RCN TELECOM SERVICES, LLC., et al.**

Defendants.

Civil Action No. 19-17272 (MAS)(ZNQ)

**ORDER SCHEDULING INITIAL CONFERENCE**

ARB:   YES            NO  **X**

   **IT IS** on this **15th** day of **September 2020**

   **ORDERED**, pursuant to Federal Rule of Civil Procedure 16, that a scheduling conference be held before the Honorable Zahid N. Quraishi, on **October 20, 2020 at 2:00 p.m.** in Courtroom 7 West at the United States Courthouse, Trenton, New Jersey, and it is further

   **ORDERED** that (1) prior to the above conference, all counsel and individuals who are appearing on their own behalf (or "*pro se*") confer on a joint discovery plan (*see* L. Civ. R. 26.1(b)); (2) the joint discovery plan, as well as any disputes regarding it, be electronically filed no later than seven (7) days prior to the above conference (*see* L. Civ. R. 26.1(b)); (3) at the above conference, all parties not appearing *pro se* shall be represented by counsel with full authority to speak for their clients in all pretrial matters (*see* L. Civ. R. 16.1(a)); (4) Plaintiff(s) notify any party who hereafter enters an appearance for the above conference and forward to that party a copy hereof; and (5) the parties are to advise the Honorable Zahid N. Quraishi immediately if this action has been settled or terminated, so that the above conference may be cancelled.

Furthermore, counsel and litigants are advised that, pursuant to Federal Rules of Civil Procedure 26, 30, and 33, early disclosure requirements and limitations on depositions and interrogatories will be enforced; therefore, counsel shall exchange the following information without formal discovery requests:

    (i)    identities of individuals with knowledge of facts that support your claims on defenses;

    (ii)    a copy of, or description by category and location of, documents and things in the possession of counsel or the parties regarding the disputed issues;

    (iii)    insurance agreements in force; and

    (iv)    statement of the basis for any damages claimed; and it is further

**ORDERED** that the meeting of parties required by Federal Rules of Civil Procedure 26(f) shall take place four (4) weeks prior to the date of the initial conference; and it is further

**ORDERED** that upon the entry of appearance of any new and/or additional counsel subsequent to the date of this Order, Plaintiff's counsel shall send a copy of this Scheduling Order to the newly appearing attorney(s), but on any third party claim, the counsel for the third-party plaintiff shall send a copy of this Order to the newly entering counsel for third-party defendant(s); and it is further

**ORDERED** that all parties shall confer and electronically file a <u>Joint Discovery Plan</u> not less than seven (7) days prior to the above-stated conference date, as required by Local Civil Rule 26.1(b) of this Court.  The conference date should appear on the caption of the Joint Discovery Plan, which shall include, at a minimum, the following items: (1) a brief statement of the facts underpinning the claims or defenses in the action, as well as a brief statement of the legal issues

in the case; (2) a description of all discovery conducted by the parties to date; (3) a description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties' suggested resolution of the problems; (4) a description of the parties' further discovery needs; (5) the parties' estimate of the time needed to complete discovery; (6) a statement regarding whether expert testimony will be necessary, and the parties' anticipated schedule for retention of experts and submission of their reports; (7) a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought; (8) a description of any special discovery needs of the parties (e.g., videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of digital information) (*see* L. Civ. R. 26(d)).

The Court notes that a template for a Joint Discovery Plan can be found on the Court's website at https://www.njd.uscourts.gov/forms/proposed-discovery-plan and is attached to this Order for the convenience of the parties; **the Court recommends the parties use the JDP template as a guide**; and it is further

**ORDERED** that in all patent cases where the parties cannot agree on a proposed schedule, the Court will apply the scheduling provisions set forth in the Local Patent Rules (*see generally* L. Civ. R. 9.3).

Sanctions may be imposed pursuant to Federal Rules of Civil Procedure 16(f) if Counsel or a *pro se* litigant either fails to appear at the conference or appears unprepared. Each attendant at the conference shall be fully familiar with the file and have full authority to bind his or her clients in all pretrial matters.

   s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES MAGISTRATE JUDGE**

ALTERNATIVE DISPUTE RESOLUTION
IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY

**Mediation** is the Alternative Dispute Resolution (ADR) program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer **(currently United States Magistrate Judge Falk)** who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that **must** be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to **Rule 26(a)(1) of the Federal Rules of Civil Procedure.**

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. **The mediator's hourly rate is $300.00,** which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are pro se parties (incarcerated or not) are not eligible for mediation.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
|  | : |  |
|  | : | Civil Action No. |
|  | : |  |
| Plaintiff(s) | : | Hon. |
|  | : |  |
|  | : |  |
| v. | : | **JOINT PROPOSED DISCOVERY PLAN** |
|  | : |  |
|  | : |  |
|  | : |  |
| Defendant(s) | : |  |
|  | : |  |
|  | : |  |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

3. Have settlement discussions taken place? Yes_____ No _____

    (a) What was plaintiff's last demand?

        (1) Monetary demand: $ _____
        (2) Non-monetary demand: _____

    (b) What was defendant's last offer?

        (1) Monetary offer: $ _____
        (2) Non-monetary offer: _____

4. The parties [have_____ have not_____] met pursuant to Fed. R. Civ. P. 26(f):

1

5. The parties [have_____have not_____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

7. The parties [have_____have not_____] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

   (b) Discovery [should_____should not_____] be conducted in phases or be limited to particular issues. Explain.

   (c) Proposed schedule:

   (1) Fed. R. Civ. P. 26 Disclosures_____.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d)_____.

   (3) Service of initial written discovery_____.

   (4) Maximum of_____Interrogatories by each party to each other party.

   (5) Maximum of_____depositions to be taken by each party.

   (6) Motions to amend or to add parties to be filed by_____.

   (7) Factual discovery to be completed by_____.

   (8) Plaintiff's expert report due on_____.

   (9) Defendant's expert report due on_____.

   (10) Expert depositions to be completed by_____.

   (11) Dispositive motions to be served within_____days of completion of discovery.

   (d) Set forth any special discovery mechanism or procedure requested.

  (e)  A pretrial conference may take place on_____.

  (f)  Trial date:_____(_____Jury Trial;_____Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?  Yes_____No_____. If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes_____No_____.

  If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S.

12. Do you anticipate any discovery problem(s) not listed above? Describe. Yes_____No_____.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

14. Is this case appropriate for bifurcation? Yes_____No_____

15. An interim status/settlement conference (with clients in attendance), should be held in _____.

16. We [do_____do not_____] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

_____
Attorney(s) for Plaintiff(s) / Date

_____
Attorney(s) for Defendant(s) / Date

3