## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., e*t al.*, §<br>§<br>§<br>Plaintiffs,   §<br>§<br>v.   §<br>§<br>RCN TELECOM SERVICES, LLC, §<br>*et al.*,   §<br>§<br>Defendants.   § | Civil Action No. 19-17272 (MAS) (ZNQ) |

## STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN NON-PARTY TPG CAPITAL, PLAINTIFFS, AND DEFENDANTS

WHEREAS, the Court entered a Discovery Confidentiality Order (Dkt. No. 85) to protect Party and Non- party confidential business information in the above referenced action on August 7, 2020 ("Protective Order"); and

WHEREAS, Volcano Entertainment III, LLC, WEA International Inc., Capitol Records, LLC, UMG Recordings, Inc., Warner Records/Sire Ventures, Inc., The All Blacks U.S.A., Inc., Bad Boy Records LLC, Elektra Entertainment Group Inc., Maverick Recording Company, Laface Records LLC, Sony Music Entertainment, Atlantic Recording Corporation, Fueled By Ramen LLC, Warner Records Inc., Zomba Recording LLC, Arista Records LLC, Arista Music ("Plaintiffs"); 21st Century Telecom Services, Inc., Patriot Media Consulting, LLC, RCN Cable TV of Chicago, Inc., RCN Capital Corp., RCN Digital Services,

1

LLC, RCN ISP, LLC, RCN Management Corporation, RCN NY LLC 1, RCN Telecom Services (Lehigh), LLC, RCN Telecom Services of Illinois, LLC, RCN Telecom Services of Massachusetts, LLC, RCN Telecom Services of New York, L.P., RCN Telecom Services of Philadelphia, LLC, RCN Telecom Services, LLC, Starpower Communications, LLC ("Defendants") (together, hereinafter referred to as "the Parties") and TPG Capital ("TPG"), a non-party to this action may produce confidential financial analysis in this action that include or incorporate CONFIDENTIAL INFORMATION belonging to TPG ("TPG Confidential Information"); and

WHEREAS the Parties and Non-Party TPG have agreed to provisions in addition to those contained in the Protective Order to protect against misuse or disclosure of such TPG Confidential Information;

WHEREFORE, IT IS HEREBY ORDERED that financial analyses or documents that incorporate TPG Confidential Information produced in connection with the above-captioned matters that are designated as "TPG – OUTSIDE ATTORNEYS' EYES ONLY" shall be subject to the following restrictions:

## I.    DEFINITIONS

1.     "TPG MATERIAL": Confidential information (regardless of how generated, stored, or maintained) or tangible things that include or incorporate Non-Party TPG Confidential Information, that Non-Party TPG (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law, or any other

applicable privilege or right related to confidentiality or privacy. TPG MATERIAL includes all information, documents, testimony, and things produced, served, or otherwise provided in this action by any Party or by Non-Party TPG, that include or incorporate TPG Confidential Information.

2. "TPG – OUTSIDE ATTORNEYS' EYES ONLY" material:  TPG MATERIAL that includes information, documents, and things that constitute proprietary techniques or commercially sensitive competitive information that Non-Party TPG maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of Non-Party TPG.

3. "Designated TPG Material": material that is designated "TPG OUTSIDE ATTORNEYS' EYES ONLY" under this Supplemental Protective Order.

4. "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action. For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

5. "Party" means any Party to the above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

6. "Producing Party" means a party or non-party that discloses or produces Designated TPG Material in the above-captioned actions.

7.      "Receiving Party" a Party that receives Designated TPG Material from a Producing Party in the above-captioned actions.

8.      "Authorized Reviewer(s)" shall mean persons authorized to review "TPG OUTSIDE ATTORNEYS' EYES ONLY" material in accordance with this Supplemental Protective Order and the Protective Order.

9.      "Counsel of Record": (i) Outside Counsel who appears on the pleadings, or has entered an appearance in this action, as counsel for a Party, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

10.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party, of a competitor of a Party, or of Non-Party TPG, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of:

1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party TPG, or of 4) Non- Party TPG.

11.     "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and

preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party, a competitor of a Party, or of Non-Party TPG, and who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party TPG, or 4) Non-Party TPG. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

## II.    RELATIONSHIP TO PROTECTIVE ORDER

16.    This Supplemental Protective Order shall not diminish any existing restriction with respect to Designated TPG Material. The Parties and TPG acknowledge and agree that this Supplemental Protective Order is a supplement to the Protective Order entered in this action on August 7, 2020 in the United States District Court, District of New Jersey, in this action. The Protective Order applies to all material designated pursuant to this Supplemental Protective Order. To the extent that there is any confusion or conflict between protective orders with respect to Designated TPG Material, then this Supplemental Protective Order governs.

17.    In addition to the restrictions outlined in this Supplemental Protective Order, material designated as "TPG – OUTSIDE ATTORNEYS' EYES ONLY" shall be subject to obligations with respect to "ATTORNEYS' EYES ONLY" and "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" material outlined in the Protective Order.

### III.   SCOPE

18.   The protections conferred by this Supplemental Protective Order cover not only Designated TPG Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any applicable local rules or General Orders. Identification of any individual pursuant to this Supplemental Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or any applicable rules or General Orders.

19.   This Supplemental Protective Order shall not prevent a disclosure to which Non- Party TPG consents in writing before that disclosure takes place.

20.   This Supplemental Protective Order shall apply to all Designated TPG Material that is produced or provided for inspection in this action, including all Designated TPG Material that is in the possession, custody or control of TPG or any Party in these actions, or that is otherwise relevant to these actions.

### IV.   ACCESS TO DESIGNATED TPG MATERIAL

21.   Access to "TPG – OUTSIDE ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by Non-Party TPG, a Receiving Party may disclose any information, document or thing designated "TPG – OUTSIDE ATTORNEYS' EYES ONLY" only to:

a.   Persons who appear on the face of Designated TPG Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony on

behalf of a Producing Party;

b.  Counsel of Record;

c.  Jared Freedman, Senior Vice President, Litigation & Legal Affairs, Recording Industry Association of America in-house , or the successors to such individual;

d.  Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case," attached hereto as Exhibit B;

e.  Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case," attached hereto as Exhibit B, as well as any arbitrator's or

mediator's staff who have also signed Exhibits A and B;

    f.    Court reporters and videographers employed in connection with this action; and

    g.    Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case" attached hereto as Exhibit A, subject to the following exception: Designated TPG Material shall not be disclosed to mock jurors without Non-Party TPG's express written consent;

    h.    The Court, its personnel and the jury.

22.    Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Non-Party TPG, Designated TPG Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff, other than those persons identified in paragraph 21 above.

23.    Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Non-Party TPG, Designated TPG Material may not be disclosed to mock jurors.

24.    Receiving Party may host "TPG – OUTSIDE ATTORNEYS' EYES ONLY" Material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) inside the system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party. To the extent that any Designated TPG Material is transmitted from or to authorized recipients outside

of the Receiving Party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by secure electronic means, such as email using an encrypted password protected container (other than Trucrypt), or download via secure FTP.

25.     Each person to whom Designated TPG Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case," attached hereto as Exhibit B, shall do so, prior to the time such Designated TPG Material is disclosed to him or her. Counsel for the Receiving Party who makes any disclosure of Designated TPG Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for Non-Party TPG at the termination of this action.

26.     Absent written permission from Non-Party TPG, persons not permitted access to Designated TPG Material under the terms of this Supplemental Protective Order shall not be present at depositions while Designated TPG Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated TPG Material from disclosure to persons not authorized to have access to such Designated TPG Material. Any Party intending to disclose or discuss Designated TPG Material at pretrial or trial proceedings must give advance notice

to the Producing Party to assure the implementation of the terms of this Supplemental Protective Order.

27.     The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual to whom each copy of each Producing Party's "TPG – OUTSIDE ATTORNEYS' EYES ONLY" documents is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon Non-Party TPG the log. In addition, any Outside Consultants of the Receiving Party to whom paper copies of any Designated TPG Material were provided must certify in writing that all copies of Designated TPG Material were destroyed or returned to the counsel who provided them the information and that they will make no use of the Designated TPG Material, or of any knowledge gained from the source code in any future endeavor.

## V.     ACCESS BY OUTSIDE CONSULTANTS

28.     **Notice**. If a Receiving Party wishes to disclose Designated TPG Material to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated TPG Material, provide notice to counsel for Non-Party TPG, which notice shall include: (a) the individual's name and business title; (b) country of citizenship; (c) business address; (d) business or profession; (e) the individual's CV; (f) any previous or current relationship (personal or professional) with Non-Party TPG or any of the Parties to this action; (g) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (h) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years,

the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment, and (i) copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case," attached as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case," attached hereto as Exhibit B, that have both been signed by that Outside Consultant. Neither Non-Party TPG, nor its outside counsel or any other representatives, shall disclose the notice, or any of the information contained in the notice (including without limitation, the identity of the Outside Consultants), to RCN Telecom Services, LLC, Patriot Media Consulting, LLC, or Grande Communications Networks LLC, or to any of their outside counsel or representatives, without the prior written permission of the Receiving Party providing such notice.

29.   **Objections**. With respect to Outside Consultants that have not been previously disclosed to Non-Party TPG, Non-Party TPG shall have five (5) business days, starting from the first business day following the date upon which Receiving Party provides the notice and all information required by paragraph 28 to the Producing Party, to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5 business days (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by Non-Party TPG, then Designated TPG Material may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective Order. Any objection by Non-Party TPG must be made for good cause, and must set forth

in detail the grounds on which it is based. Should Receiving Party disagree with the basis for the objection(s), Receiving Party must first attempt to resolve the objection(s) informally with Non-Party TPG. If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by Non-Party TPG, Receiving Party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Non-Party TPG shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by Receiving Party and Non-Party TPG, the discovery material shall not be disclosed to the person objected to by Non-Party TPG.

## VI.   PROCEDURE FOR DESIGNATING MATERIALS

30.   Subject to the limitations set forth in the Protective Order and in this Supplemental Protective Order, any Party or Non-Party TPG may: designate as "TPG – OUTSIDE ATTORNEYS' EYES ONLY" or information that it believes, in good faith, meets the definition set forth in paragraph 2 above.

31.   Any material, including (including physical objects) made available by Non-Party TPG for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "TPG – OUTSIDE ATTORNEYS' EYES ONLY" information, and shall be subject to this Order. Thereafter, Non-Party TPG shall have seven (7) calendar days from the inspection to review and designate the appropriate documents as "TPG– ATTORNEYS' EYES ONLY" prior to furnishing copies to the Receiving

Party.

32.    Designation in conformity with the Protective Order and this Supplemental Protective Order shall be made as follows:

a.    <u>For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings):</u> the Designating Party shall affix the legend "TPG – OUTSIDE ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "TPG – OUTSIDE ATTORNEYS' EYES ONLY." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Designated TPG Material.

b.    <u>For Testimony Given in Deposition:</u> For deposition transcripts, the Designating Party shall specify any portions of the

testimony that it wishes to designate, by line and page number, no later than 20 business days after the final transcript of the deposition has been received. The Party or Non- Party may identify the entirety of the transcript as "TPG – OUTSIDE ATTORNEYS' EYES ONLY," but all deposition transcripts not designated during the deposition will nonetheless be treated as "TPG –ATTORNEYS' EYES  ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Supplemental Protective Order and the Protective Order in these actions, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Supplemental Protective Order and shall be required to operate in a manner consistent with this Supplemental Protective Order. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "TPG –ATTORNEYS' EYES ONLY." An encrypted, password protected copy of deposition transcripts containing Designated TPG Material made pursuant to this paragraph may be hosted electronically by the Receiving Party on any system inside the firewall of a law firm representing the Receiving Party, however, all other restrictions in this

Supplemental Protective Order pertaining to Designated TPG Material apply. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Supplemental Protective Order and the Protective Order, substantially along the lines of "This videotape contains confidential or outside counsel eyes only confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective orders in this matter or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by the Protective Orders in this action to receive or access Protected Material based on the designation of such Protected Material.

c.  <u>For information produced in some form other than documentary, and for any other tangible items,</u> the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

d.  The provisions of subparagraphs 32 (a-c) do not apply to documents produced in native format. For documents produced

15

in native format, the parties shall provide written notice to the Receiving Party of any confidentiality designations at the time of production, such as in a load file.

## VII.    CHALLENGES TO TPG CONFIDENTIALITY DESIGNATIONS

33.    The provisions of Section 8 of the Protective Order for challenging confidentiality designations shall apply to any challenges that any Receiving Party may bring with respect to Designated TPG Material. Nothing in this Supplemental Protective Order shall alter the procedures, presumptions, or burdens, for such challenges set forth in the Protective Order.

## VIII.   USE OF DESIGNATED TPG MATERIAL

34.    Use of Designated TPG Material By Receiving Party: Unless otherwise ordered by the Court, or agreed to in writing by Non-Party TPG, all Designated TPG Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this action, and shall not be used in any other way, or for any other purpose, including without limitation for commercial purposes related to the valuation of any portfolio company in which TPG has invested. Information contained or reflected in Designated TPG Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated TPG Material, except in accordance with the terms of the Protective Order or this Supplemental Protective Order.

35.    Use of Designated TPG Material by Non-Party TPG: Nothing in this Supplemental Protective Order shall limit Non-Party TPG's use of its own documents and information, nor shall it prevent Non-Party TPG from disclosing its own confidential information, documents or things to any person. Such disclosure

shall not affect any designations made pursuant to the terms of this Supplemental Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

36.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated TPG Material of which such person has prior knowledge.

37.     Use of Designated TPG Material at Hearing or Trial: The parties will give Non-Party TPG prior notice of, and an opportunity to object to, any intended use of the Designated TPG Material at any hearing or trial in this case. Said notice shall (a) be served by facsimile or email on counsel for Non-Party TPG at least five (5) business days prior to the hearing or first day of trial, (2) identify the Designated TPG Material with specificity while redacting any other Party's Confidential Business Information and (3) identify the measures the party intends to rely upon to protect the Designated TPG Material when used at any hearing or trial consistent with this Supplemental Protective Order. This section shall not limit in any way the use of Designated TPG Material during the cross-examination of any witness otherwise permitted access to such Designated TPG Material, as long as the parties take all necessary steps to protect and maintain the confidentiality of any such Designated TPG Material.

## IX.     DESIGNATED TPG MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

38.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in

this action as "TPG – OUTSIDE ATTORNEYS' EYES ONLY," Receiving Party must notify the Producing Party and Non-Party TPG of such information, documents or things, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Supplemental Protective Order and the Protective Order. In addition, the Receiving Party must provide a copy of this Supplemental Protective Order and the Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and the Protective Order and to afford the Party whose Designated TPG Material in this case, is at issue in the other case, an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated TPG Material. Nothing in these provisions should be construed as authorizing or encouraging any Receiving Party in this action to disobey a lawful directive from another court.

X.      **UNAUTHORIZED DISCLOSURE OF DESIGNATED TPG MATERIAL**

39.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated TPG Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Producing Party and Non-Party TPG of the unauthorized disclosures, (b)

use its best efforts to retrieve all copies of the Designated TPG Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party TPG In This Case" that is attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Supplemental Protective Order.

## XI.    DURATION

40.    Even after the termination of this action, the confidentiality obligations imposed by this Supplemental Protective Order shall remain in effect following the termination of this action, or until Non-Party TPG agrees otherwise in writing or a court order otherwise directs.

## XII.    FINAL DISPOSITION

41.    Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will destroy all Designated TPG Material produced by Non-Party TPG or any other Party in this action and will destroy or redact any such Designated TPG Material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final judgment,

each Receiving Party shall serve Non-Party TPG with a certification stating that it, including its Outside Counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated TPG Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

**So ORDERED and SIGNED this _____ day of October, 2020.**

_____
HON. ZAHID N. QURAISHI
United States Magistrate Judge

The undersigned hereby stipulate to the terms and agree to the entry of the foregoing Order.

| | |
|---|---|
| */s/ Thomas R. Curtin* | */s/ Edward F. Behm, Jr.* |
| Thomas R. Curtin | Edward F. Behm, Jr. |
| George C. Jones | ARMSTRONG TEASDALE LLP |
| McELROY, DEUTSCH, MULVANEY | 2005 Market Street, 29th Floor |
| & CARPENTER, LLP | One Commerce Square |
| 1300 Mount Kemble Avenue | Philadelphia, PA 19103 |
| P.O. Box 2075 | (267) 780-2000 |
| Morristown, New Jersey 07962-2075 | ebehm@armstrongteasdale.com |

20

(973) 993-8100
tcurtin@mdmc-law.com
gjones@mcmc-law.com

Andrew H. Bart*
Jacob L. Tracer*
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022-3908
(212) 891-1600
ABart@jenner.com
JTracer@jenner.com

Robert B. Gilmore*
Philip J. O'Beirne*
Michael A. Petrino*
Kevin L. Attridge*
STEIN MITCHELL BEATO
 & MISSNER LLP
901 15th Street, N.W., Suite 700
Washington, DC 20005
(202) 737-7777
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com

*Attorneys for Plaintiffs/Counterclaim*
*Defendants and Counterclaim Defendant*
*Recording Industry Association of*
*America, Inc.*

Richard L. Brophy*
Zachary C. Howenstine*
Margaret R. Szewczyk*
Michael W. Carwin*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
(314) 621-5070
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
mcarwin@armstrongteasdale.com

*Attorneys for Defendants and*
*Counterclaim Plaintiff*


/s/ Cassandra B. Roth
Kevin J. Post
Cassandra B. Roth
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
Kevin.Post@ropesgray.com
Cassandra.Roth@ropesgray.com

*Attorneys for Non-Party*
*TPG Capital*

*Admitted pro hac vice*

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY
SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL
INFORMATION OF NON-PARTY TPG IN THIS CASE**

I,_____[print or type full name], state:

My business address is_____;

1.  My present employer is _____;

2.  My present occupation or job description is_____;

3.  I have been informed of and have reviewed the Supplemental Protective Order Governing Discovery from Non-Party TPG in this case (the "Supplemental Protective Order") entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the matter of *UMG Recordings, Inc. et al. v. RCN Telecom Services, LLC, et al.*, Case No. 19-17272 in the United States District Court, District of New Jersey in accordance with the restrictions in the Supplemental Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to the Supplemental Protective Order.

4.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[Signature]

Executed On_____          _____
[Printed Name]

22

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL
PROTECTIVE ORDER GOVERNING CONFIDENTIAL
INFORMATION OF NON-PARTY TPG IN THIS CASE**

I,_____[print or type full name], of

_____ am not an employee of the Party who

retained me or of a competitor of any Party or Non-Party TPG and will not use

any information, documents, or things that are subject to the Supplemental

Protective Order Governing Discovery From Non-Party TPG in *UMG*

*Recordings, Inc. et al. v. RCN Telecom Services, LLC, et al.*, Case No. 19-17272

in the United States District Court, District of New Jersey, for any purpose other

than this litigation.

    I state under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.


                                    _____
                                    [Signature]

Executed On_____           _____
                                    [Printed Name]