## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Civil Action No. 19-17272 |
| Plaintiffs, | (MAS) (ZNQ) |
| v. | |
| RCN TELECOM SERVICES, LLC, *et al.*, | |
| Defendants. | |
| and | |
| RCN TELECOM SERVICES, LLC, | |
| Countercomplaint-Plaintiff, | **Return Date: January 26, 2021** |
| v. | |
| UMG RECORDINGS, INC., *et al.*, RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC., and RIGHTSCORP, INC. | **ORAL ARGUMENT REQUESTED** |
| Counterclaim-Defendants. | |

## REPLY BRIEF IN SUPPORT OF MOTION BY RIGHTSCORP, INC., TO DISMISS COUNTERCOMPLAINT

Brian J. Levine
The Law Office of Brian J. Levine
75 North Bridge Street
Somerville, NJ 08876

*Attorney for Rightscorp, Inc.*

## **TABLE OF CONTENTS**

**INTRODUCTION**................................................................................1

**ARGUMENT**...................................................................................2

**I.   RCN's UCL Claim Based on Alleged Destruction of Materials Must Be Dismissed**........................................................................2

    **A.   California Law Bars RCN from Asserting a Standalone Claim Based on Spoliation**................................................3

    **B.   RCN Has Not Stated a Claim under the "Unfair" Prong of the UCL Based on Rightscorp's Alleged Destruction of Materials**..........4

        1.   RCN Lacks Statutory Standing Based on Alleged Spoliation ...........5

        2.   RCN Cannot Remedy Its Lack of Standing by Pivoting to the "Volume" of Rightscorp Notices.......................................7

        3.   RCN Disclaimed Any "Lack of Substantiation Theory"; It Lacks Statutory Standing to Assert One ......................................8

    **C.   RCN Has Not Stated a Claim under the "Fraudulent" Prong of the UCL**........................................................9

    **D.   RCN's Countercomplaint Did Not Allege a Claim under the "Unlawful" Prong of the UCL; Amendment Would Be Futile**.........10

**II.   RCN's UCL Claim Based on its Arbitrary Electronic Signature Requirement Must Be Dismissed**................................................11

**III.  RCN's Remaining Arguments Do not Rescue Its Countercomplaint**.......13

    **A.   RCN's Prayer for Restitution is Improper**.........................13

    **B.   RCN's Theory Based on Legal Defense Costs is Barred by *Noerr-Pennington***..............................................14

    **C.   RCN's Counterclaim is Preempted by the DMCA**.................14

    **D.   Rightscorp's Requests for Judicial Notice Are Appropriate.**..........15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Asberry v. Money Store*,
   218CV01291ODWPLAX, 2018 WL 6834309, (C.D. Cal. Dec. 27,
   2018) ................................................................................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................6

*California Pub. Employees' Ret. Sys. v. Chubb Corp.*,
   394 F.3d 126 (3d Cir. 2004) .........................................................12

*Cedars-Sinai Medical Center v. Superior Court*,
   18 Cal. 4th 1 (1998) .......................................................................3

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .................................................................13

*In re Grand Jury Investigation*,
   445 F.3d 266 (3d Cir. 2006) ...........................................................3

*Kwikset Corp. v. Super. Ct.*,
   61 Cal. 4th 310 (2011) ...................................................................5

*Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*,
   9 Cal. 5th 279 (2020) .....................................................................5

*Pestmaster Servs., Inc. v. Travelers Cas. & Sur. Co. of Am.*,
   No. CV135039JFWMRWX, 2013 WL 12147583 (C.D. Cal. Sept.
   10, 2013) ........................................................................................4

*Red v. Gen. Mills, Inc.*,
   No. 215CV02232ODWJPR, 2015 WL 9484398 (C.D. Cal. Dec.
   29, 2015) ......................................................................................13

*Safeco Ins. Co. v. Superior Court*,
   216 Cal. App. 3d 1491 (Cal. Ct. App. 1990).................................4

*Schuchardt v. President of the United States*,
    839 F.3d 336 (3d Cir. 2016) ................................................................................6

*Starkey v. Covenant Care, Inc.*,
    No. B156021, 2004 WL 206209 (Cal. Ct. App. Feb. 4, 2004) ...........................3

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
    17 Cal. 4th 553 (1998) .......................................................................................3

*Temple Cmty. Hosp. v. Superior Court*,
    20 Cal. 4th 464 (1999) .......................................................................................3

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) .......................................................................................9

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...........................................................................9

*Zhang v. Super. Ct.*,
    57 Cal. 4th 364 (2013) .......................................................................................5

*Pennsylvania. ex rel. Zimmerman v. PepsiCo, Inc.*,
    836 F.2d 173 (3d Cir. 1988) .............................................................................11

# INTRODUCTION

RCN's frenetic attempt to defend its counterclaim is understandable. Rightscorp identified a mountain of fatal flaws in RCN's countercomplaint, including a legal bar to standalone spoliation, lack of statutory standing, failure to plead fraud and reliance with particularity, among others. RCN cannot remedy any these flaws. Instead, RCN offers a shell game. For each deficiency Rightscorp identified in RCN's counterclaim, RCN waves a hand and recharacterizes its allegations in a manner no more sufficient to survive this motion to dismiss.

It is telling that RCN has not analogized to a single decision finding a viable claim under the UCL on similar facts. Rightscorp's motion does not turn on the balancing of competing facts, as RCN insists. It turns on the *legal* deficiencies in RCN's claims. No balancing of facts is necessary.

In its opposition, RCN retreats from the sweeping scope of its countercomplaint and focuses on two categories of alleged conduct: (1) RCN contends Rightscorp destroyed evidence supporting its infringement allegations and (2) RCN contends Rightscorp failed to comply with RCN's self-imposed requirement that infringement notices be digitally signed. *E.g.*, RCN Opp. at 9, 17. Neither set of allegations, standing alone or in combination, states a plausible claim.

This reply brief addresses RCN's two core theories in turn (Sections I and II). As discussed below, none of RCN's characterizations of those theories overcomes

the legal deficiencies identified in Rightscorp's opening brief. Section III then addresses several additional arguments that further demonstrate RCN's failure to state a claim.

For the reasons stated herein and in Rightscorp's opening brief, the counterclaim should be dismissed. RCN cannot plead facts that would overcome these arguments, nor has it identified any such facts in its brief. Leave to amend would therefore be futile and should also be denied.

## ARGUMENT

### I.      RCN's UCL Claim Based on Alleged Destruction of Materials Must Be Dismissed

RCN contends it stated a claim based on Rightscorp's alleged destruction of materials related to notices of copyright infringement that Rightscorp detected on RCN's network. RCN attempts to shift focus to the cost of handling the "volume" of Rightscorp's notices—which has no bearing on the alleged spoliation—or by claiming Rightscorp "shield[ed] its notices from scrutiny"—though RCN never attempted such scrutiny—among other characterizations. *E.g.*, Opp. at 22, 26.

*None* of RCN's varied characterizations suffice as a matter of law: To the extent the claim sounds in destruction of materials, California law bars standalone spoliation actions. To the extent it sounds in lack of substantiation, it is not actionable under the UCL. To the extent it rests on the volume of notices Rightscorp sent, it is barred by the UCL safe harbor. To the extent it rests on RCN's need to

2

defend against copyright allegations, it is barred by *Noerr-Pennington*. To the extent it sounds in fraud, RCN has not pled reliance. No matter the theory, RCN failed to plead a legally sound nexus between the accused conduct and an economic injury.

RCN has failed to state a claim stemming from its allegations that Rightscorp has destroyed materials—regardless of the shell RCN places it under.

### A. California Law Bars RCN from Asserting a Standalone Claim Based on Spoliation

As Rightscorp explained in its opening brief, standalone spoliation claims are barred by California law. *See* Mot. at 13 (citing *Asberry v. Money Store*, 218CV01291ODWPLAX, 2018 WL 6834309, at *3 (C.D. Cal. Dec. 27, 2018)); *see also Temple Cmty. Hosp. v. Superior Court*, 20 Cal. 4th 464, 471 (1999) (applying the bar to claims against a third party). This principle has been applied to bar claims under the UCL. *Starkey v. Covenant Care, Inc.*, No. B156021, 2004 WL 206209, at *5 (Cal. Ct. App. Feb. 4, 2004) (non-precedential)[1] (citing *Cedars-Sinai Medical Center v. Superior Court*, 18 Cal. 4th 1 (1998)) ("[The UCL] may not be used to circumvent the absolute litigation privilege or in a derivative suit to curb discovery

---

[1] The Third Circuit "does not prohibit citation to" non-precedential opinions. *In re Grand Jury Investigation*, 445 F.3d 266, 276 (3d Cir. 2006). Particularly in the absence of contrary authority (or any argument whatsoever) presented by RCN, this should be viewed as persuasive authority that California law would apply the prohibition on standalone spoliation claims to prohibit a standalone spoliation claim dressed up under the UCL.

abuses.")). As the Supreme Court of California has acknowledged, "the UCL cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law." *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998) (citing *Safeco Ins. Co. v. Superior Court*, 216 Cal. App. 3d 1491, 1494 (Cal. Ct. App. 1990)). RCN's UCL claim based on alleged spoliation is therefore barred.

RCN did not address this bar to its counterclaim. RCN seems to have missed it entirely. *See* Opp. at 15 ("Rightscorp offers no argument or authority that would permit the Court to find these allegations insufficient[] as a matter of law . . . ."). Nor has RCN identified a decision allowing a UCL claim based on analogous facts.

Instead, RCN insists that this motion to dismiss cannot be resolved without weighing the underlying evidence. Opp. at 14. Not so. The Court need not examine the facts at all because its theory is barred as a matter of law. *See Safeco*, 216 Cal. App. 3d at 1494; *Pestmaster Servs., Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. CV135039JFWMRWX, 2013 WL 12147583, at *5 (C.D. Cal. Sept. 10, 2013) (dismissing UCL claim where "gist" of the claim was barred).

**B.   RCN Has Not Stated a Claim under the "Unfair" Prong of the UCL Based on Rightscorp's Alleged Destruction of Materials**

In lieu of addressing the legal prohibition to its claim based on alleged destruction of materials, RCN insists the Court must undertake a fact-bound

4

balancing test to determine whether RCN has stated a claim under the "unfair" prong of the UCL. Opp. at 13–14. RCN's proffered balancing test does not overcome the legal bar to its spoliation-based theory.[2] In any case, this Court need not resolve the issue of the applicable test for "unfair" conduct. No matter which test applies, RCN has failed to state a claim. Nor can it.

### 1.   *RCN Lacks Statutory Standing Based on Alleged Spoliation*

Regardless of the applicable test for "unfair" conduct, the law is clear that RCN needed to establish standing under the UCL. *Kwikset Corp. v. Super. Ct.*, 61 Cal. 4th 310, 321 (2011). This requires establishing causation and resulting injury. *Id.* As a private plaintiff, RCN was specifically required to "demonstrate economic injury caused by the alleged unfair competition." *Zhang v. Super. Ct.*, 57 Cal. 4th 364, 382 (2013). RCN has not done so.

The only economic injury RCN alleges it suffered is the cost incurred relating to its system for processing copyright infringement allegations sent by Rightscorp.

---

[2] The California Supreme Court acknowledged—but declined to resolve—a "split in authority" as to the test for "unfair" business practices under the UCL in cases "on behalf of consumers rather than competitors." *See Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*, 9 Cal. 5th 279, 303 and n.10 (2020). The issue is further complicated here, where RCN is not a traditional consumer.

Opp. at 26 (citing FAC ¶¶ 54–56, 117).[3] But RCN has not pled facts plausibly connecting those expenditures to Rightscorp's alleged destruction of materials. Nor could it, if given leave to amend. As discussed in Rightscorp's opening brief, binding judicial admissions by RCN prove that RCN has not evaluated the veracity of Rightscorp's infringement notices at all. *See* Mot. at 19–20 and n.7.[4]

RCN points out that the countercomplaint alleges these expenditures were made "as a result of" Rightscorp's accused conduct. Opp. at 26 (citing FAC ¶¶ 54–56, 117). But that conclusory allegation of causation is not entitled to the presumption of truth. *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) ("[T]he presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009))). The *factual matter* pled relates to RCN's arbitrary signature requirement, not the alleged spoliation.

RCN implicitly acknowledges that it has *not* identified any economic injury caused by the alleged destruction of materials. Opp. at 31 (acknowledging the

---

[3] RCN appears to acknowledge that it cannot state a claim based on expenditures it made prior to October 2016, i.e., outside the limitations period. Opp. at 29; *accord* Mot. at 20, 23.

[4] RCN's insists that it did *not* ignore Rightscorp's notices. Opp. at 30–31. But as RCN acknowledges—consistent with its admissions in other litigation—RCN only evaluated the notices for compliance with RCN's arbitrary signature requirement. *Id.* It *did* ignore the substance. As discussed below in Section II, RCN has not stated a claim stemming from alleged failure to comply with that arbitrary policy.

standing argument might "have merit if RCN's claim were based _solely_ on Rightscorp's spoliation of evidence" and failing to identify any injury caused by the alleged spoliation). Yet, RCN insists that the issue of statutory standing is a fact issue that is improper on a motion to dismiss. Opp. at 32. It is not. It is a failure to plead causation and resulting injury—precisely the providence of Rule 12(b)(6).

RCN's counterclaim should therefore be dismissed. Further, RCN's judicial admissions that it never considered the substance of Rightscorp's notices demonstrate that any amendment would be futile.

### 2.      *RCN Cannot Remedy Its Lack of Standing by Pivoting to the "Volume" of Rightscorp Notices*

RCN knows it cannot plead injury caused by the alleged destruction of materials establishing the merits of Rightscorp's notices, because RCN never considered those merits. *See* Mot. at 19–20 and n.7; Opp. at 30–31. Instead, RCN contends it incurred expenditures due to the volume of notices that Rightscorp sent to RCN. Opp. at 26. But RCN has not alleged that the *volume* of Rightscorp's notices constitutes an unfair practice under the UCL. Nor could it; the volume of notices is simply commensurate with the volume of infringement Rightscorp detected on RCN's network. (To the extent RCN's injury stems from an alleged volume of *false* notices, it sounds in fraud, and RCN has not pled reliance. *See* Section I.C, *infra*.) Moreover, as Rightscorp explained in its opening brief, Mot. at 15–16, the DMCA

contemplates infringement notices, so they cannot form the basis of a UCL claim.[5]

### 3.    RCN Disclaimed Any *"Lack of Substantiation Theory"*; It Lacks Statutory Standing to Assert One

Rightscorp explained in its opening brief that RCN cannot state a claim based on a lack of substantiation for its infringement notices. Mot. at 14–15. Rightscorp does not dispute that principle but instead asserts that it "has no application here." Opp. at 19. Nevertheless, RCN insists it has stated a claim because Rightscorp "shielded the legitimacy of [its] allegations from scrutiny . . . ." Opp. at 15; *see also id.* at 22. But beyond the outright bar to any lack-of-substantiation claim, the same lack of causation that dooms RCN's spoliation theory is also fatal here. RCN admits it has not considered the merits of any Rightscorp notice, so it cannot claim it incurred any economic injury caused by a lack of substantiation for those notices.

Whether RCN's theory relies on the alleged destruction of materials, the volume of infringement notices RCN received from Rightscorp, or a lack of substantiation for Rightscorp's notices, RCN has not stated a viable claim under the UCL. This Court should dismiss the claim.

---

[5] RCN's response to Rightscorp's safe harbor argument, Opp. at 17, misses the point. The UCL safe harbor protects Rightscorp's sending of notices contemplated by the DMCA. To the extent RCN's theory is based on some *other* alleged conduct, such as the signature formatting or spoliation, it fails for the other reasons Rightscorp has argued.

### C.   RCN Has Not Stated a Claim under the "Fraudulent" Prong of the UCL

As Rightscorp detailed in its opening brief, RCN was required to plead facts supporting the entirety of its UCL claim with particularity under Rule 9(b), because the entire claim sounds in fraud. Mot. at 8 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–1104 (9th Cir. 2003)). It failed to do so. RCN insists that its claims do not sound in fraud; yet it insists it has stated a claim under the "fraudulent" prong of the UCL based on the very same course of conduct it contends states a claim under the "unfair" prong.

RCN feigns incredulity that Rightscorp insists that RCN plead fraud with particularity, as the law requires. Opp. at 10, n.2. RCN insists that pleading with particularity is unnecessary here because RCN "cannot know which allegations were false . . . ." *Id.* That is the point. To state a claim under the "fraudulent" prong of the UCL, "a plaintiff must allege that the defendant's misrepresentations were an immediate cause of the injury-causing conduct." *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009).[6] RCN has not done so.

By RCN's own admission, it never relied on the contents of Rightscorp's

---

[6] *Tobacco II* specifically rejected RCN's insistence, *see* Opp. at 23, that the only relevant consideration is whether conduct is likely to deceive the public. *Reliance* is required. RCN has not pled it. And RCN's judicial admissions show that it could not, if given leave to amend.

notices at all, much less on a *false* notice. *See* Mot. at 19–20 and n.7 (detailing judicial admissions); Opp. at 27–28. Plainly, RCN could not allege any injury resulting from reliance on a misrepresentation. These are essential elements of a claim under the fraudulent prong of the UCL. RCN's inability to plead its allegations with particularity is not due to Rightscorp's conduct—it is due to RCN's lack of a viable claim.

RCN's insistence that it *did* plead reliance, Opp. at 27–28, is just another sleight of hand. RCN contends it "rel[ied]" on Rightscorp's notices via its system for handling DMCA notices, *id.*, but it fails to identify any representation (much less a fraud) that it relied on in incurring those expenses. Rather, as RCN acknowledges, those expenses were incurred not to evaluate or act on the veracity of any notice—though that would also not be sufficient, since it would still fail to allege a *false* representation—but rather "in order to determine" that "they do not comply with RCN's" arbitrary signature policy. Opp. at 28.[7] RCN has not alleged the requisite reliance to establish a claim under the "fraudulent" prong.

### D. RCN's Countercomplaint Did Not Allege a Claim under the "Unlawful" Prong of the UCL; Amendment Would Be Futile.

RCN's complaint was clear: it asserted claims under the unfair and fraudulent

---

[7] RCN's argument is particularly odd, given that RCN insists its claim based on its signature requirement *is not* grounded in fraud. Opp. at 11.

prongs of the UCL. *E.g.*, FAC ¶¶ 1, 39, 117–18. The word "unlawful" appears in the countercomplaint only once, describing RCN's alleged effort to police unlawful activity on its own network. FAC ¶ 48. For the first time in its opposition brief, RCN contends it has stated a claim under the "unlawful" prong of the UCL. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). This sandbagging should not be countenanced.

Nor should RCN be permitted to amend its complaint to allege its eleventh-hour theory. RCN has done nothing to overcome the California law barring standalone claims based on spoliation. *See supra*, Section I.A. Nor can RCN overcome its failure to establish it has statutory standing. *See supra*, Section I.B.1. Amendment would therefore be futile.

## II.   RCN's UCL Claim Based on its Arbitrary Electronic Signature Requirement Must Be Dismissed

RCN's second theory is that Rightscorp conducted unfair business practices by failing to comply with RCN's own self-imposed rule that infringement notices be digitally signed using a particular encryption format. Opp. at 4 (citing FAC ¶¶ 51, 99). RCN lacks statutory standing to assert a claim based on Rightscorp's alleged failure to comply with RCN's arbitrary formatting condition.

As Rightscorp explained in its opening brief, Mot. at 23–24, RCN cannot manufacture standing by creating arbitrary requirements for third parties to meet.

11

Mot. at 23–24 (citations omitted). RCN did not defend its attempt to manufacture standing at all. The reason is clear: although RCN's "DMCA Policy and Procedure" is visible to the public, *see* FAC ¶ 99 (citing https://www.rcn.com/hub/about-rcn/policies-and-disclaimers/dmca-policy-and-procedure/)[8], RCN cannot even allege that Rightscorp is bound by RCN's unilateral policy—which is really just an internal claims-handling procedure.

The only economic injury RCN purports to tie to Rightscorp's alleged failure to use RCN's preferred signature format is the expense of examining whether Rightscorp's notices satisfied that preference.[9] Opp. at 30–31 (citing FAC ¶¶ 51–53, 99–100, 117). RCN does not allege, for example, that it incurred some expense by processing a Rightscorp notice lacking an encrypted signature that turned out not to have originated from Rightscorp. Nor could it.[10] RCN acknowledges it does not

---

[8] The contents of RCN's "DMCA Policy and Procedure" are appropriate to consider on a motion to dismiss as incorporated by reference into the complaint. *See California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 134 (3d Cir. 2004).

[9] To be clear, RCN's alleged expenses stem from examining whether notices *comply* with its self-imposed policy, not from the handling of non-compliant notices, though that would also be insufficient.

RCN also offers no response to Rightscorp's arguments that RCN cannot find UCL standing because evaluating whether Rightscorp's notices complied with the arbitrary signature requirement is a pre-litigation expense. Mot. at 24–25.

[10] As demonstrated by the notices that RCN has already placed in the record and incorporated by reference into the complaint, ECF 15-3, Rightscorp's notices are

12

process Rightscorp notices beyond evaluating whether they conform to RCN's signature-formatting preferences. *Id.*; *see also* Mot. at 19–20 and n.7. This self-inflicted injury cannot confer standing. *See also Red v. Gen. Mills, Inc.*, No. 215CV02232ODWJPR, 2015 WL 9484398, at *4 (C.D. Cal. Dec. 29, 2015) ("[S]elf-inflicted harm doesn't satisfy the basic requirements for standing.").

RCN was free to arbitrarily ignore notices of infringement on its network. But it did so at its own peril, if the notices were nonetheless adequate to inform it of copyright infringement *under the law*. Under RCN's theory, a private entity can not only unilaterally impose requirements on third parties informing RCN of copyright infringement on its network, it can also impose tort liability for failure to comply. This is not an effort to curb unfair practices, it is a transparent attempt to chill meritorious enforcement of copyrights. The UCL is broad, but it is not *that* broad. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999) ("Although the unfair competition law's scope is sweeping, it is not unlimited."). RCN's counterclaim should be dismissed without leave to amend.

**III.     RCN's Remaining Arguments Do not Rescue Its Countercomplaint**

**A.     RCN's Prayer for Restitution is Improper**

RCN's countercomplaint sought an award of "restitution." FAC at 51 ¶ D

---

made under the penalty of perjury and include the name and contact information of Rightscorp and its CEO as well as the identity of the copyright holder.

(prayer for relief). Rightscorp presented clear authority demonstrating that RCN is not entitled to restitution. Mot. at 26–27. RCN offers no defense of its request for restitution, describing the request as "irrelevant," because RCN seeks injunctive relief. Opp. at 32. To the extent RCN's ever-shifting counterclaim is not dismissed, RCN's prayer for restitution should be stricken.

## B.   RCN's Theory Based on Legal Defense Costs is Barred by *Noerr-Pennington*

RCN's countercomplaint alleged RCN had incurred costs "defending against Rightscorp's copyright infringement allegations . . . ." FAC ¶ 117. Rightscorp, joining Plaintiff/RIAA's motion, argued that such costs were not actionable due to the *Noerr-Pennington* doctrine. Mot. at 26.

RCN contends *Noerr-Pennington* does not bar its claim, pointing to different alleged injuries. Mot. at 32. To the extent RCN's ever-shifting counterclaim is not dismissed in its entirety, RCN's allegation that it has suffered injury by incurring legal defense costs should be stricken. Rightscorp further joins the portion of Plaintiff/RIAA's reply brief addressing *Noerr-Pennington*.

## C.   RCN's Counterclaim is Preempted by the DMCA

Rightscorp explained that RCN's counterclaim is conflict-preempted by the DMCA, joining that portion of the co-pending motion to dismiss filed by Plaintiffs/RIAA. Mot. at 27. RCN responds solely by cross-referencing its opposition to the co-pending motion. Opp. at 33. Rightscorp joins the portion of the

14

reply filed by Plaintiffs/RIAA addressing preemption.

### D. Rightscorp's Requests for Judicial Notice Are Appropriate.

Rightscorp sought judicial notice that "other decisions [have found] Rightscorp's system to be valid." Mot. at 12–13 and n.1. The fact that other courts have found Rightscorp's system valid is beyond dispute and is plainly proper. RCN's effort to recast that request as some form of estoppel, Opp. at 25–26, is misplaced. Rightscorp has not sought to preclude RCN from making factual arguments contradicting those findings. Rather, Rightscorp only intended to provide the Court with helpful background about the nature of RCN's dispute. These decisions demonstrate the frivolity of RCN's counterclaims and make clear that RCN—just like Cox and Grande did—has adequate means to air its grievances with Rightscorp via appropriate proceedings, without litigating this meritless counterclaim.

*       *       *

For the reasons stated herein and in Rightscorp's opening brief, the Court should dismiss RCN's counterclaim. Leave to amend should not be granted inasmuch as RCN has identified no facts it could allege that would cure the deficiencies in its claims, and its judicial admissions demonstrate it could not do so.

15

Dated:  January 26, 2021                 Respectfully submitted,


                                          _s/ Brian J. Levine_____
                                          Brian J. Levine

                                          **_Attorney for Rightscorp, Inc._**