**McElroy Deutsch**

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

August 27, 2021

<u>VIA ECF</u>

Hon. Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Federal Building
 and U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

  Re: *UMG Recordings, Inc. et al. v. RCN Telecom Services, LLC et al.*
     <u>Civil Action No. 19-17272 (MAS) (TJB)</u>

Dear Judge Bongiovanni:

  We represent Plaintiffs and Counterclaim-Defendant Recording Industry Association of America, Inc. ("RIAA") in this action. We submit this letter in response to Defendants' letter dated August 13, 2021, in order to provide necessary context for evaluating the discovery dispute described therein.

  Plaintiffs are the major record companies in the United States that own the majority of commercial sound recording copyrights in this country. Defendants (collectively, "RCN") are internet service providers ("ISPs") who offer consumers access to high-speed internet services in exchange for subscription fees. Plaintiffs initiated this lawsuit to address the actions of RCN in facilitating and profiting from the massive infringement of their copyrighted sound recordings by subscribers of RCN's services using a peer-to-peer file sharing service called Bit Torrent. BitTorrent allows users to exchange files anonymously, making it impossible for Plaintiffs to identify the infringers themselves.

  In 2011, a company called Rightscorp, Inc. ("Rightscorp") began using a technology to detect the unauthorized distribution of copyrighted works on BitTorrent. That technology enables Rightscorp to identify infringing users by their IP addresses, which are uniquely assigned to users' ISPs. Thus, when Rightscorp detects infringement on BitTorrent, it can identify the ISP providing internet access to the infringing user. The ISP can then match the particular IP address identified by Rightscorp to the customer assigned to that IP address. Since the ISP—and only the

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 27, 2021
Page 2

ISP—can connect the IP address of the infringer to the actual user, it is critical that ISPs take action when they receive notices from Rightscorp or other similar infringement monitoring services informing the ISP about the specifics of the infringement.

In this case, Rightscorp has, over the years, detected massive amounts of infringement on RCN's network. It has sent RCN millions of infringement notices and has actually downloaded tens of thousands of infringing files from users of RCN's internet services. However, rather than addressing Rightscorp's notices or making any attempt to stop its customers from infringing Plaintiffs' copyrights, RCN turned a blind eye to this conduct and continued profiting from the monthly fees it received by providing high-speed internet services to subscribers it knew to be violating copyright law.

Faced with Rightscorp's damning evidence and without a valid defense, RCN has repeatedly sought to shift the focus of this case away from its own actions. Most notably, it filed a counterclaim against Plaintiffs, the RIAA, and Rightscorp focused on Rightscorp's business practices. *See* Dkt. 104. All counterclaim-defendants moved to dismiss, and Judge Shipp granted those motions. *See* Dkt. 160. However, Judge Shipp also gave RCN an opportunity to amend its pleading. While RCN has filed an amended counterclaim, *see* Dkt. 161, Plaintiffs and the RIAA are confident it will again be dismissed. Their responses to RCN's amended pleading are due on August 31, 2021.

More importantly, Rightscorp's technology has been tested in court multiple times and has been found reliable. Most notably, a federal jury relied on Rightscorp's evidence to find another ISP liable for contributory copyright infringement. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, (E.D. Va. 2015) (summary judgment) and 199 F. Supp. 3d 958, (E.D. Va. 2016) (post-trial motions), *aff'd in part, rev'd in part on other grounds*, 881 F.3d 293 (4th Cir. 2018). Moreover, another district court has held that Rightscorp's evidence is sufficient as a matter of law to defeat a motion for summary judgment and warrant a jury trial in a case involving RCN's sibling company represented by the same counsel that represents RCN. *See UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743 (W.D. Tex. 2019).

Against this backdrop, RCN's discovery dispute with Rightscorp should be seen for what it is: an attempt to deflect attention from RCN's patent liability and to skew the Court's perception of the issues presented while Rightscorp is ostensibly still a counterclaim-defendant. Accordingly, and for all the reasons articulated by Rightscorp in its own submission, RCN's request for relief should be denied.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 27, 2021
Page 3

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

*s/ Thomas R. Curtin*

Thomas R. Curtin

cc:  All counsel (via ECF and e-mail)