## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>RCN TELECOM SERVICES, LLC, *et al.*,<br><br>            Defendants.<br><br>and<br><br>RCN TELECOM SERVICES, LLC, *et al.*,<br><br>            Counterclaim-Plaintiffs,<br><br>    v.<br><br>UMG RECORDINGS, INC., *et al.*, RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC., and RIGHTSCORP, INC.,<br><br>            Counterclaim-Defendants. | Civil Action No. 19-17272 (MAS) (TJB)<br><br><br><br><br><br><br><br><br>**Motion Returnable: October 4, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY PLAINTIFFS AND COUNTERCLAIM-DEFENDANT RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC. TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIM

Thomas R. Curtin
George C. Jones
McELROY, DEUTSCH, MULVANEY
  & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100

*Attorneys for Plaintiffs and Recording Industry Association of America, Inc.*

*[Additional counsel on signature block]*

# TABLE OF CONTENTS

INTRODUCTION...............................................................................................4

FACTUAL BACKGROUND ...........................................................................8

LEGAL STANDARD.......................................................................................9

ARGUMENT ..................................................................................................10

I.      THE DMCA PREEMPTS RCN'S COUNTERCLAIM.............................10

II.     RCN LACKS STANDING TO PURSUE A UCL CLAIM AGAINST MOVANTS..12

        A.      RCN's Litigation Costs Cannot Confer Standing Under The UCL As A
                Matter Of Law. ....................................................................14

        B.      RCN's Alleged Costs Related To Rightscorp's Notices Are Concededly
                Not Attributable To Movants. ...........................................15

III.    RCN FAILED TO PLEAD ENTITLEMENT TO A REMEDY AGAINST MOVANTS.
        .........................................................................................................18

IV.     IF RCN'S CLAIM AGAINST RIGHTSCORP SURVIVES, IT SHOULD BE
        STRICKEN FROM THIS ACTION...................................................19

CONCLUSION...............................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Acad. of Mot. Pictures Arts & Sciences v. GoDaddy, Inc.*,
   No. 10-cv-3738, 2015 WL 12697732 (C.D. Cal. Apr. 10, 2015) .................... 20

*Aguilera v. Matco Tools Corp.*,
   No. 19-cv-1576, 2020 WL 1188142 (S.D. Cal. Mar. 12, 2020) ....................... 13

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678 (2009) ................................................................................ 10

*Buck v. Hampton Twp. Sch. Dist.*,
   452 F.3d 256 (3d Cir. 2006) ............................................................................ 16

*Emery v. Visa Int'l Serv. Ass'n*,
   95 Cal. App. 4th 952 (Ct. App. 2002) ....................................................... 15, 17

*Hammill v. Bank of Am., N.A.*,
   No. 12-cv-117, 2013 WL 4648317 (W.D. Pa. Aug. 29, 2013) ........................ 10

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) .......................................................................... 16

*In re Firearm Cases*,
   126 Cal. App. 4th 959 (Ct. App. 2005) ...........................................................18

*Khan v. 7-Eleven, Inc.*,
   No. 14-cv-522, 2015 WL 12781203 (C.D. Cal. May 6, 2015) ........................ 13

*Kwikset Corp. v. Super. Ct.*,
   246 P.3d 877 (Cal. 2011) ................................................................................. 13

*Madrid v. Perot Sys. Corp.*,
   130 Cal. App. 4th 440 (2005) .......................................................................... 19

*Merchants Mutual Ins. Co. v. 215 4th St., LLC*,
   No. 19-cv-9206 (ES), 2020 WL 634149 (D.N.J. Feb. 10, 2020) ...................... 9

*Pickett v. Ocean-Monmouth Legal Services, Inc.*,
   No. 11-cv-6980, 2012 WL 1601003 (D.N.J. May 7, 2012) ............................. 17

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*,
   181 F.3d 410 (3d Cir. 1999) ............................................................................ 10

*Tine Bak LLC v. Selkatz, Inc.*,
    No. 20-cv-5065, 2020 WL 9074806 (C.D. Cal. Nov. 30, 2020) .................. 6, 12

**Statutes**

17 U.S.C. § 512 ......................................................................................11

**Other**

*H.R. Rep. No. 105-551*
    Part 1 at 26 (Judiciary Rep.) ..............................................................11

*RCN Telecom Services, LLC v. BMG Rights Mgmt. (US) LLC,*
    No. 16-cv-4417, Dkt. 45, Am. Compl. ¶ 37 (S.D.N.Y. filed Sept. 16, 2016) ....16

## INTRODUCTION

This is the second time Defendants RCN Telecom Services, LLC, *et al.* ("RCN") have tried to allege a counterclaim under California's Unfair Competition Law ("UCL") against Plaintiffs UMG Recordings, Inc., *et al.* ("Plaintiffs"), Plaintiffs' trade association, the Recording Industry Association of America, Inc. (the "RIAA," and together with Plaintiffs, "Movants"), and a third-party company called Rightscorp, Inc. ("Rightscorp"). The Court dismissed RCN's first counterclaim for failure to state a claim, but granted RCN leave to amend. *See* Dkt. 159 ("Op."). However, RCN's amended pleading suffers from the same infirmities as its first one. Accordingly, the Court should now dismiss RCN's counterclaim (the "Counterclaim") with prejudice.

As the Court is aware, Plaintiffs filed this lawsuit to address RCN's actions in facilitating and profiting from the widespread infringement of Plaintiffs' copyrighted sound recordings by subscribers of RCN's internet services. That infringement was detected and documented by third party Rightscorp. In 2011, Rightscorp began investigating copyright infringements committed by customers of various internet service providers ("ISPs"), such as RCN, using BitTorrent, an anonymous peer-to-peer file-sharing service. Rightscorp traced a significant number of the infringements to RCN's subscribers, documented those infringements, and sent notices to RCN identifying the specific infringements. Rather than addressing

Rightscorp's notices or making any attempt to implement a repeat infringer policy, as required to qualify for a safe harbor defense to a claim of secondary infringement, RCN turned a blind eye to this conduct and continued profiting from the monthly fees it received in exchange for providing high-speed internet services to subscribers it knew to be violating copyright law.

Critically, it is undisputed that Movants never retained Rightscorp to either investigate infringements or send copyright infringement notices on their behalf. Rather, Rightscorp performed these services on behalf of other copyright owners. Recorded music contains intellectual property protected by two distinct copyrights: one in the sound recording, and one in the underlying musical composition performed on the sound recording. Generally, record labels—like Plaintiffs—own the sound recording copyrights, while separate music publishing companies own the underlying musical composition copyrights. Here, owners of certain musical composition copyrights retained Rightscorp to monitor BitTorrent for infringement of their works, document those infringements, and send infringement notices to ISPs like RCN. Indeed, the notices Rightscorp sent to RCN—examples of which RCN has put in the record in this case, *see* Dkt. 15-3—disclosed the fact that Rightscorp represented the owners of "musical compositions."

In 2014, a music publishing company that had retained Rightscorp sued a different ISP (Cox Communications) for copyright infringement on the basis of

Rightscorp's evidence.  That case proceeded to trial in December 2015 and resulted in a $25 million verdict.  Recognizing that the verdict against Cox meant that sound recording copyrights embodying the musical compositions had also been infringed, the RIAA and Rightscorp began discussing the possibility of the RIAA acquiring Rightscorp's data to see if there was a basis to bring similar cases on behalf of sound recording copyright owners like Plaintiffs.  In 2019, the RIAA and Rightscorp entered into an agreement whereby Plaintiffs obtained access to Rightscorp's infringement data relevant to RCN.  That data led to this case.

Faced with Rightscorp's damning evidence proving RCN's liability and without any valid defense, RCN has repeatedly sought to shift the focus of this case away from its own actions.  Its Counterclaim under the UCL is one such effort, and the Court correctly dismissed RCN's first effort to plead it.  However, RCN's second attempt to assert a counterclaim under the UCL merely confirms that RCN cannot cure its pleading failures.  Accordingly, this Court should dismiss the Counterclaim with prejudice.

Each of the arguments that Movants raised in their first motion to dismiss RCN's Counterclaim compels dismissal once again.

*First*, the Counterclaim is preempted by the Digital Millennium Copyright Act ("DMCA"), which comprehensively regulates the relationship between copyright owners like Plaintiffs and online service providers like RCN.  Movants

have already briefed this issue, which presents a pure question of law unaffected by any of RCN's amendments to its pleading. Moreover, since Movants filed their prior motion to dismiss, an additional judicial opinion has considered this issue and held that a state law claim is preempted when it would otherwise upset the balance struck by Congress in the DMCA. *See Tine Bak LLC v. Selkatz, Inc.*, No. 20-cv-5065, 2020 WL 9074806 (C.D. Cal. Nov. 30, 2020).

*Second*, RCN again failed to plead that it has standing to pursue a UCL claim against Movants. The Court dismissed RCN's initial Counterclaim on this ground, and RCN has not cured this defect in its amended Counterclaim. To satisfy the UCL's standing requirement, RCN must allege that it lost money or property as a result of what Movants did. However, the only economic loss pled by RCN allegedly attributable to Movants is the legal expense RCN has incurred defending itself in this action. As the Court has already recognized, the *Noerr-Pennington* doctrine immunizes Movants from any liability related to their litigation activity. While RCN also alleges it has incurred costs related to evaluating and responding to Rightscorp's infringement notices, such costs may not be attributed to Movants as a matter of law, given RCN's concession that Rightscorp never sent any notices on Movants' behalf.

*Third*, RCN again failed to allege a right to any remedy against Movants. While RCN's original pleading sought both restitution and an injunction, its

7

amended pleading seeks *only* injunctive relief to prevent Rightscorp from continuing to send infringement notices to RCN unless certain conditions are met. However, such relief is unavailable against Movants because they never retained Rightscorp to send notices. Thus, Movants do not plausibly pose any ongoing threat to RCN warranting injunctive relief.

*Fourth*, in the event the Court dismisses RCN's Counterclaim against Movants but not against Rightscorp, the Court should exercise its discretion under Rule 14 of the Federal Rules of Civil Procedure (the "Rules") to strike the Counterclaim from this action. Movants have already briefed this issue for the Court, and the same analysis applies to RCN's amended pleading.

## FACTUAL BACKGROUND[1]

In their prior motion to dismiss, Movants described in detail the factual background relevant to the Counterclaim. *See* Dkt. 122-1 ("First Mot.") at 5-11. They incorporate that recitation as if fully set forth herein.

RCN's pleading amendments were minimal.[2] While the specific amendments relevant to Movants are addressed in context below, RCN continues to allege that

---

[1] Movants accept the facts alleged in RCN's amended pleading as true only for the purpose of this motion to dismiss.

[2] For the Court's convenience, Movants have attached a "redlined" version of RCN's pleading that demonstrates the amendments RCN made in response to the Court's order dismissing its Counterclaim as originally pled. *See* Declaration of Kevin L. Attridge, Exhibit 1 (redline comparison of RCN pleadings).

8

Rightscorp sends infringement notices to RCN that do not comply with RCN's policy for processing such notices. *See* Dkt. 161, Second Am. Answer & Counterclaims ("Am. Counterclaim") ¶ 105. However, RCN also concedes, as it previously did, that Movants have never hired Rightscorp to monitor BitTorrent on their behalf or to send infringement notices to ISPs like RCN. *Id.* ¶¶ 74, 75, 93. Instead, RCN acknowledges that Movants have engaged a different infringement monitoring company to do that work. *Id.* ¶ 93. Nevertheless, RCN makes the conclusory and demonstrably false allegation that Movants exercise "unbridled control" over Rightscorp, *id.* ¶ 128, and thus should be enjoined from "consenting to, directing, or otherwise authorizing" Rightscorp to send notices to RCN in the future unless certain conditions are met. *Id.* at 60 (Request for Relief ¶ C). As discussed below, those allegations are insufficient as a matter of law and thus the claim should be dismissed with prejudice.

## LEGAL STANDARD

When considering a motion to dismiss a counterclaim under Rule 12(b)(6), a court "undertakes the same analysis as it would for claims in a complaint." *Merchants Mutual Ins. Co. v. 215 4th St., LLC*, No. 19-cv-9206 (ES), 2020 WL 634149, at *1 (D.N.J. Feb. 10, 2020) (granting motion to dismiss counterclaim). Accordingly, a court must determine whether a counterclaim-plaintiff has pled "sufficient factual matter, accepted as true, to state a claim for relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). In undertaking this inquiry, a court may consider the pleading as well as any materials of which the court can take judicial notice. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

## ARGUMENT

RCN's Counterclaim is fatally flawed for the same reasons articulated in Movants' previous motion to dismiss. Moreover, because the Court has already given RCN one opportunity to replead its Counterclaim, there is no reason to believe RCN could, in good faith, allege any other facts to rehabilitate that claim. Accordingly, dismissal with prejudice is warranted because further amendment would be futile. *See, e.g.*, *Hammill v. Bank of Am., N.A.*, No. 12-cv-117, 2013 WL 4648317, at *5 (W.D. Pa. Aug. 29, 2013) (holding amendment would be futile where plaintiff already had one opportunity to amend).

## I.    THE DMCA PREEMPTS RCN'S COUNTERCLAIM.

Movants have already explained why 17 U.S.C. § 512 ("Section 512") preempts the Counterclaim. *See* First Mot. at 13-18; Dkt. 139, Reply Mem. of Law in Further Support of First Mot. ("First Reply") at 3-8. Because none of RCN's

amended allegations affects that issue of law, Movants incorporate their prior arguments regarding preemption as if fully set forth herein. *See id.*[3]

In sum, Section 512 operates as a comprehensive federal regulation of the relationship between copyright owners and online service providers ("OSPs")— including ISPs like RCN—that operate networks on or through which copyrighted material is distributed online. Section 512 was based on a carefully negotiated balancing of the competing interests of copyright owners and OSPs in the online marketplace. As part of that balancing, Congress considered what rights and remedies should be available to OSPs in the event they received "information indicating infringement" and took actions relying on that information. H.R. Rep. No. 105-551 Part 1 at 26 (Judiciary Rep.). The result was Section 512(f), which created a private right of action for OSPs when they receive and rely on false infringement notices. *See* 17 U.S.C. § 512(f).

RCN does not and cannot state a claim under Section 512(f). *See* First Mot. at 16-17; First Reply at 5-7. Instead, it seeks to graft a state law claim under the UCL on top of the remedies Congress expressly provided to OSPs. Longstanding principles of conflict preemption preclude RCN from applying state law in such a manner. *See* First Mot. at 13-18; First Reply at 3-8.

---

[3] The Court declined to adjudicate this issue in dismissing RCN's original pleading because it ruled on alternate grounds. *See* Op. at 11.

Indeed, in the time since Movants filed their first motion to dismiss, another court has held that Section 512 preempts state law claims based on allegations that the claimant received false notices of online copyright infringement. *See Tine Bak LLC v. Selkatz, Inc.*, No. 20-cv-5065, 2020 WL 9074806, at *4-6 (C.D. Cal. Nov. 30, 2020). Critically, the *Tine Bak LLC* court concluded that the DMCA's "comprehensive scheme addressing the submission of false infringement notices" had preemptive effect even where the notice at issue did not meet all of Section 512's statutory requirements. *Id.* at *5. Because the claim at issue there was "predicated" on the receipt of allegedly false infringement notices, the DMCA's comprehensive regulatory framework preempted the application of state law. *Id.* at *4.

This Court should reach the same result. RCN seeks to employ state law to impose liability based on Rightscorp's infringement notices in a manner that is unavailable under Section 512. Imposing such liability would upset the balance of rights and remedies Congress enumerated when it enacted the DMCA. Thus, the Counterclaim is preempted and should be dismissed with prejudice.

## II.    RCN LACKS STANDING TO PURSUE A UCL CLAIM AGAINST MOVANTS.

The Court previously dismissed the Counterclaim because RCN failed to satisfy the UCL's statutory standing requirement. *See* Op. at 7-11. RCN's amendments have not cured that deficiency.

As the Court recognized, the UCL imposes a statutory standing requirement that "is 'substantially narrower than federal standing under Article III.'"  Op. at 7 (quoting *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 886 (Cal. 2011) (internal alterations omitted)).  To satisfy this requirement, a plaintiff must allege and eventually prove that (1) it suffered an "economic injury" that (2) was "caused by" the business practice at issue.  *Id.* (quoting *Aguilera v. Matco Tools Corp.*, No. 19-cv-1576, 2020 WL 1188142, at *7 (S.D. Cal. Mar. 12, 2020)).  The second element ensures that alleged economic injuries are "attributable to" the specific defendants accused of violating the UCL.  Op. at 8 (dismissing RCN's original pleading).

This principle continues to be fatal to RCN's Counterclaim.[4]  While RCN's amended pleading alleges two types of economic injury, neither can support a UCL

---

[4] This principle is also fatal to RCN's new theory that Rightscorp allegedly acted unlawfully by acting without a private investigator license.  *See* Am. Counterclaim ¶¶ 133-44.  The only connection RCN alleges between its alleged harm and Rightscorp's alleged failure to obtain a private investigator license is that Rightscorp "would not have engaged in" its practices had it "been subject to the training and licensure requirements for private investigators."  Am. Counterclaim ¶ 144.  However, another court dismissed a UCL claim as speculative when the only alleged causal connection between the plaintiff's injury and the defendant's alleged failure to register as a private investigator was that "but for" the registration failure, the injury would not have occurred because licensed investigators would not have engaged in the allegedly harmful activity.  *See Khan v. 7-Eleven, Inc.*, No. 14-cv-522, 2015 WL 12781203, at *2 (C.D. Cal. May 6, 2015).  Thus, RCN's new theory must be dismissed.  Moreover, because RCN concedes that Movants never retained Rightscorp to send infringement notices on their behalf, this new theory does not save RCN's Counterclaim against them.

13

claim against Movants as a matter of law.  First, RCN again invokes the legal costs it has allegedly incurred defending itself against Plaintiffs' claims.  *See* Am. Counterclaim ¶ 132.  However, as this Court has already recognized, the *Noerr-Pennington* doctrine immunizes Movants from any liability arising from those costs. *See* Op. at 9-10.  Second, RCN alleges that it has incurred costs in evaluating and responding to Rightscorp's notices.  *See* Am. Counterclaim ¶¶ 130-31.  However, those costs are not attributable to Movants as a matter of law because RCN concedes that Movants have never authorized Rightscorp to monitor the internet for infringement or send infringement notices on their behalf.

### A.    RCN's Litigation Costs Cannot Confer Standing Under The UCL As A Matter Of Law.

One of RCN's allegations of economic injury—that it incurred litigation-related legal costs—was already dismissed by this Court.  *See* Op. at 9-10.  In its decision, the Court recognized that the *Noerr-Pennington* doctrine "provides absolute immunity from statutory liability when petitioning the government for redress," and thus prohibits RCN from invoking its legal costs related to its defense of this lawsuit as a basis for UCL standing.  *Id.*

In response, RCN does nothing more than move language alleging that RCN has incurred legal expenses "in evaluating and defending against Rightscorp's copyright infringement allegations, including its defense of the Record Labels' claims in this matter" from one part of its pleading to another.  *Compare id.* ¶ 132,

*with* Dkt. 104, Defs.' First Am. Answer & Counterclaims ("First Counterclaim") ¶ 117 (alleging identical language).  RCN has made no substantive change to this allegation.  Because the Court already considered this exact allegation and found it "insufficient" to confer standing under the UCL, the Court should again dismiss this portion of RCN's claim.  Op. at 9-10.

### B.     RCN's Alleged Costs Related To Rightscorp's Notices Are Concededly Not Attributable To Movants.

RCN also alleges it incurred costs evaluating Rightscorp's notices, determining how to respond to them, and maintaining its internal systems to process them.  *See* Am. Counterclaim ¶¶ 130-31.  However, RCN's pleading forecloses any inference that Movants caused RCN to incur those alleged costs.  *See* First Mot. at 22-24; First Reply at 8-11.[5]

To satisfy the causation component of UCL standing, a defendant's liability must be based on its "personal participation in the unlawful practices and unbridled control" over them.  *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 969 (Ct. App. 2002).  However, it is beyond dispute that Rightscorp never sent infringement notices on behalf of Movants.  Indeed, RCN concedes that Movants have never hired Rightscorp to monitor BitTorrent or send notices on their behalf.  *See* Am.

---

[5] The Court declined to reach this issue in resolving Movants' first motion to dismiss. *See* Op. at 8 n.3.

Counterclaim ¶¶ 74, 75, 93. Thus, Movants did not personally participate in Rightscorp's practices and plainly lacked unbridled control over them as a matter of law. *See* First Mot. at 22-24; First Reply at 8-11.

Rather, as RCN is well aware, Rightscorp was retained by owners of musical composition copyrights, who are not parties to this lawsuit. In 2016, RCN even sued one such musical composition copyright owner and conceded in its pleading that the owner "engaged" Rightscorp "to monitor BitTorrent . . . in order to detect and document potential infringements." *RCN Telecom Services, LLC v. BMG Rights Mgmt. (US) LLC*, No. 16-cv-4417 (S.D.N.Y.), Dkt. 45, Am. Compl. ¶ 37 (Sept. 16, 2016).[6] Finally, Rightscorp disclosed in the notices it sent to RCN that it sent those notices as a representative of the owners of "musical compositions." Dkt. 15-3 (compilation of Rightscorp notices).[7] Thus, those copyright owners were the only

---

[6] In that litigation, RCN was represented by the same counsel that represents it here.

[7] The Court can take judicial notice of the content of Rightscorp's notices because they are integral to the Counterclaim. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (holding that, on a motion to dismiss, a court may consider "any matters incorporated by reference or integral to the claim"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."). Moreover, it is beyond dispute that the above-referenced compilation of Rightscorp notices is authentic and reliable, as RCN put it in the record in support of its motion to dismiss Plaintiffs' claims, along with a declaration from counsel averring that it is "a compilation of true and correct copies of emails received by RCN." Dkt. 15-2 ¶ 2.

third parties who could arguably have had unbridled control over Rightscorp's business practices.

RCN's amended allegations cannot overcome this fatal flaw.  In a last-ditch effort to tie Movants to Rightscorp's independent activities, RCN now alleges—on information and belief only—that Movants can be liable for Rightscorp's alleged actions because Rightscorp is Movants' agent and is "financially dependent" on Movants.  Am. Counterclaim ¶¶ 126-28.  However, these allegations are too vague and conclusory to overcome the specific concessions and judicially noticeable facts that contradict them.  *See, e.g.*, *Pickett v. Ocean-Monmouth Legal Services, Inc.*, No. 11-cv-6980, 2012 WL 1601003, at *4 (D.N.J. May 7, 2012) (ignoring conclusory allegations in deciding motion to dismiss when facts properly before the court contradicted them).

Further, apart from the conclusory nature of RCN's allegations, Rightscorp's alleged current financial dependence on Movants is insufficient as a matter of law to render Movants liable for Rightscorp's business practices on behalf of clients who are not parties to this action.  *See* Am. Counterclaim ¶ 128.  The law is clear that UCL claims "cannot be predicated on vicarious liability."  *Emery*, 95 Cal. App. 4th at 960.  Accordingly, courts interpreting the UCL consistently hold that the defendants cannot be liable for actions of third parties when the defendants did not directly participate in the third-party actions, even when they allegedly had the

power to stop them. *See id.* at 960-61; *In re Firearm Cases,* 126 Cal. App. 4th 959, 983 (Ct. App. 2005) (firearm dealers had no liability under UCL for misuse of firearms by third parties). Movants are not aware of any authority holding that an allegation that a third party's "financial dependence" on a defendant satisfies this standard. Indeed, such a holding would upend that standard, as it would permit UCL claims to be brought against any lender, investor, or important client/customer in a company.

Because any alleged economic harm flowing from Rightscorp's practices cannot be attributed to Movants as a matter of law, RCN cannot invoke such harm to allege standing under the UCL.[8]

## III. RCN FAILED TO PLEAD ENTITLEMENT TO A REMEDY AGAINST MOVANTS.

The UCL offers private plaintiffs like RCN two and only two potential remedies: restitution and injunctive relief. *See* First Mot. at 24-27; First Reply at 13-14.[9] While RCN's original pleading sought both, its amended pleading seeks

---

[8] Movants also agree with Rightscorp that RCN's amended allegations are insufficient to confer standing against Rightscorp itself. In dismissing RCN's original pleading, the Court held that RCN's alleged legal costs associated with evaluating and responding to Rightscorp's notices could satisfy the UCL's standing requirement only if they "were not investigation conducted in preparation for filing the present counterclaim." Op. at 10-11. Despite that ruling, RCN's amendments do not allege that RCN's legal costs related to Rightscorp were for a purpose other than the Counterclaim.

[9] The Court previously declined to determine whether RCN adequately alleged entitlement to any remedy under the UCL. *See* Op. at 11.

only injunctive relief. *See* Am. Counterclaim at 60 (Request for Relief ¶ C). Because RCN concedes that Movants have never authorized Rightscorp to send infringement notices to RCN, *see id.* ¶ 93, there is no basis to enjoin Movants from doing so in the future.

To obtain an injunction under the UCL, a plaintiff must plead and prove that the allegedly wrongful acts are "likely to be repeated in the future." *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 465 (2005) (internal quotation marks omitted). But Movants of course cannot repeat acts that they did not undertake in the first place. While RCN seeks an injunction to prevent Movants from sending or authorizing infringement notices unless certain conditions are met, RCN's factual allegations demonstrate that Movants never engaged Rightscorp to monitor BitTorrent for infringements of their sound recording copyrights and send infringement notices to ISPs like RCN in the past and are not currently taking any of those actions. *See supra*, at § II.B. Thus, RCN has not plausibly pled that it is entitled to any injunction against Movants.

## IV. IF RCN'S CLAIM AGAINST RIGHTSCORP SURVIVES, IT SHOULD BE STRICKEN FROM THIS ACTION.

If the Court dismisses the Counterclaim against Movants but not against Rightscorp, it should be stricken from this action as an improper third-party pleading under Rule 14. Movants have already briefed this issue, and they incorporate their

19

prior arguments as if fully set forth herein. *See* First Mot. at 27-30; First Reply at 14-15.

Further, because RCN has abandoned its claim for restitution, judicial economy would not be served by keeping RCN's claim against Rightscorp alongside Plaintiffs' claims against RCN. RCN is not entitled to a jury to resolve its claim for injunctive relief. *See Acad. of Mot. Pictures Arts & Sciences v. GoDaddy, Inc.*, No. 10-cv-3738, 2015 WL 12697732, at *2 (C.D. Cal. Apr. 10, 2015) (holding "there is no right to a jury trial for UCL claims" and citing authorities). Thus, even if RCN's Counterclaim against Rightscorp survives Rightscorp's motion to dismiss, RCN's claim against Rightscorp will inevitably be resolved separately from Plaintiffs' claims against RCN.

## CONCLUSION

For the reasons stated above, RCN's Counterclaim should be dismissed with prejudice. In the event the Court dismisses RCN's Counterclaim against Movants but not against Rightscorp, the Court should strike RCN's third-party claim against Rightscorp.

Dated: August 31, 2021                    Respectfully submitted,

*/s/ Thomas R. Curtin*
Thomas R. Curtin
George C. Jones
**McElroy, Deutsch, Mulvaney &**
    **Carpenter, LLP**
1300 Mount Kemble Avenue, P.O. Box 2075
Morristown, NJ 07962
Tel: (973) 401-7117
Fax: (973) 425-0161
tcurtin@mdmc-law.com
gjones@mdmc-law.com

Andrew H. Bart (*pro hac vice*)
Jacob L. Tracer (*pro hac vice*)
**Jenner & Block LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 891-1600
Fax: (212) 891-1699
abart@jenner.com
jtracer@jenner.com

Robert B. Gilmore (*pro hac vice*)
Philip J. O'Beirne (*pro hac vice*)
Michael A. Petrino (*pro hac vice*)
Kevin L. Attridge (*pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Tel: (202) 737-7777
Fax: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com

***Attorneys for Plaintiffs and Recording Industry Association of America, Inc.***