# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RCN TELECOM SERVICES, LLC, *et al.*,<br><br>　　　　Defendants.<br><br>and<br><br>RCN TELECOM SERVICES, LLC,<br><br>　　　　Countercomplaint-Plaintiff,<br><br>　　v.<br><br>UMG RECORDINGS, INC., *et al.*,<br>RECORDING INDUSTRY<br>ASSOCIATION OF AMERICA, INC.,<br>and RIGHTSCORP, INC.<br><br>　　　　Countercomplaint-Defendants. | Civil Action No. 19-17272<br>(MAS) (TJB) |

## REPLY IN SUPPORT OF MOTION BY RIGHTSCORP, INC., TO DISMISS AMENDED COUNTERCOMPLAINT

Brian J. Levine
*blevine@bllawnj.com*
Law Office of Brian J. Levine
75 North Bridge Street
Somerville, New Jersey 08876
(908) 243-0111

>Michael J. Allan (*Pro Hac Vice*)
>*mallan@steptoe.com*
>John W. Toth (*Pro Hac Vice*)
>*btoth@steptoe.com*
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, NW
>Washington, DC 20036
>(202) 429-6749
>
>*Attorneys for Counterclaim Defendant, Rightscorp, Inc.*

**TABLE OF CONTENTS**

**Table of Authorities** ................................................................................................ ii

I.   The UCL does not empower RCN to enforce its own arbitrary encryption requirement ....................................................................................1

II.   RCN cannot state a claim based on destruction of evidence or lack of substantiation...................................................................................................4

III.  RCN's amorphous fraud theory cannot support a claim under the UCL ......................................................................................................................6

IV.  RCN has not stated a claim under the UCL based on its private investigator's licensure theory .......................................................................8

    A.   RCN has not pled an economic injury traceable to Rightscorp's lack of a license ......................................................................................8

    B.   Rightscorp is not a private investigator; the licensure requirement does not apply..................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arista Recs. LLC v. Does 1-27*
    584 F. Supp. 2d 240 (D. Me. 2008) ................................................................... 11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .............................................................................................. 9

*Camacho v. Automobile Club of S. Cal.,*
    142 Cal. App. 4th 1394 (2006) ............................................................................. 3

*Daugherty v. Am. Honda Motor Co.,*
    144 Cal. App. 4th 824 (2006), *as modified* (Nov. 8, 2006) ................................. 3

*Khan v. 7-Eleven, Inc.,*
    No. EDCV1400522DMGPLAX, 2015 WL 12781203 (C.D. Cal.
    May 6, 2015) ......................................................................................................... 9

*Robinson v. HSBC Bank USA,*
    732 F. Supp. 2d. 976 (N.D. Cal. 2010) ................................................................. 1

*Saunders v. Super. Ct.,*
    27 Cal. App. 4th 832 (1994) ................................................................................. 7

*State Farm Fire & Cas. Co. v. Super. Ct.,*
    45 Cal. App. 4th 1093 (1996) ............................................................................... 7

*Steel v. City of San Diego,*
    726 F. Supp. 2d 1172 (S.D. Cal. 2010) ................................................................ 9

*In re Tobacco II Cases,*
    46 Cal. 4th 298 (2009) ..................................................................................... 6, 7

*Venice PI, LLC v. Doe,*
    No. 2:17-cv-1075, Dkt. 39 (W.D. Wash. Jan. 8, 2018) ..................................... 10

*Venice PI, LLC v. Doe,*
    No. 2:17-cv-1075, Dkt. 53 (W.D. Wash. Oct. 19, 2018) .................................. 11

**Statutes**

17 U.S.C. 512(a) ................................................................................................. 2

Cal. Bus. & Prof. Code § 7521(e) ..................................................................... 10

RCN's first attempt at its countercomplaint failed because it had not pled "facts showing RCN suffered a qualifying injury in fact." ECF No. 159 at 11. RCN was required to plead that it suffered an economic injury traceable to Rightscorp's alleged misconduct, and it needed to show that the economic injury amounted to something other than the "expenses incurred in order to bring their UCL claim." ECF. No. 159 at 11 (citing *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 989 (N.D. Cal. 2010)). But RCN failed to do so. *Id.*

RCN's amended countercomplaint does not meet that requirement. Instead, RCN offers bald conclusory allegations and attorney argument asserting that the legal expenses it incurred pertained to something other than its preparations for this case. It offers no *facts* to support that conclusion.

RCN's new theory of economic injury—diverted employee work hours—fares no better. The *only* reason RCN undertook those work hours was to enforce its own copyright claims-handling policy. So too with any legal expenses related to the policy. Such self-inflicted and avoidable costs are neither traceable to Rightscorp nor actionable under the UCL.

For the reasons stated below and in Rightscorp's opening brief on this motion, RCN's counterclaim should be dismissed without leave to amend.

## I. THE UCL DOES NOT EMPOWER RCN TO ENFORCE ITS OWN ARBITRARY ENCRYPTION REQUIREMENT

The DMCA requires ISPs like RCN to terminate the service of repeat

1

copyright infringers in "appropriate circumstances" in order to be entitled to a safe harbor from secondary copyright infringement liability. 17 U.S.C. 512(a). RCN insists that the "DMCA does not purport to regulate how rightsholders should notify section 512(a) 'conduit' ISPs of copyright infringement issues . . . ." Opp. at 25.[1] Instead, RCN has appointed itself as the arbiter of what information gives rise to "appropriate circumstances" under the DMCA. (2d. Am. Answer & Countercompl. ¶ 52). And according to RCN, the California Unfair Competition Law allows it to act as a vigilante enforcer of its self-imposed interpretation of the law. RCN is wrong.

RCN's countercomplaint does not directly challenge Rightscorp's practice of sending notices that do not use PGP encryption. It could not. RCN has not even attempted to tether any economic injury to the actual format of RCN's emails. And any attempt to do so would be illogical: RCN's PGP requirement is in place to "verify that the sender is who they claim to be." (*Id.* ¶ 102). Plainly, RCN has no trouble attributing notices to Rightscorp.

Rather, RCN's grievance is that Rightscorp's notice format does not meet RCN's self-determined threshold for assessing which notices it will consider in evaluating whether to take disciplinary action against its customers who repeatedly

---

[1] To be clear, Rightscorp does *not* concede the preemption argument and joins plaintiffs' motion to that extent.

infringe copyright. (*Id.* ¶ 52). And RCN's theories of economic injury all trace to its efforts to establish and enforce its internal[2] claims-handling process: (1) "employee work hours" dedicated to "designing, modifying, and maintaining" its claims-handling process, (*id.* ¶ 131), and (2) "legal costs . . . to analyze the legal significance of Rightscorp's refusal to comply with RCN's digital signature requirement . . .", (*id.* ¶ 130).[3]

None of these alleged injuries is actionable under the UCL or traceable to Rightscorp's conduct. A UCL claim cannot rely on a plaintiff's injury that they "themselves could reasonably have avoided." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 839 (2006), *as modified* (Nov. 8, 2006) (citing *Camacho v. Automobile Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006)); *see also* Mot. at 11–12 (collecting cases). RCN could easily have avoided its purported injuries by modifying, waiving, or eliminating its arbitrary encryption requirement. Instead, it chose to systematically discard Rightscorp's notices.

Unsurprisingly, RCN has not identified a *single* decision applying California's Unfair Competition Law to a plaintiff's imposition of its own internal

---

[2] The fact that RCN's statement of its encryption requirement is "public-facing," Opp. at 30, does not make it any less of an internal claims-handling policy.

[3] As Rightscorp explained in its opening brief, RCN makes no attempt to trace its other categories of legal costs to Rightscorp's notice formatting. Mot. at 10–11.

policy under any of the tests for unfairness.[4] It cannot.

RCN's complaint should be dismissed to the extent it rests on alleged violations of its internal DMCA policy.

## II. RCN CANNOT STATE A CLAIM BASED ON DESTRUCTION OF EVIDENCE OR LACK OF SUBSTANTIATION

RCN insists that "Rightscorp either engaged in the systematic spoliation of evidence or made millions of utterly baseless accusations—and possibly both." Opp. at 30. Rightscorp roundly rejects the factual premise, but even at the pleading stage, neither contention is actionable.

Rightscorp has repeatedly explained that California's Unfair Competition Law cannot form the basis of a claim grounded in spoliation. Mot. at 17–18 (collecting cases). Nor can RCN pursue a claim based on an alleged lack of substantiation for Rightscorp's notices. Mot. at 20 (collecting cases). RCN has steadfastly refused to engage with either argument. The reason is obvious: RCN has no legal basis for circumventing these clear prohibitions.

Instead, RCN attempts to contort its claim around these legal bars, by insisting that:

> RCN's claim is based on [1] the spoliation of evidence _coupled with_ [2] Rightscorp making millions of copyright infringement allegations that directly implicate the spoliated evidence,

---

[4] Rightscorp does not concede that RCN's proffered balancing test applies here, but the Court need not reach that issue to decide this motion.

> [3] refusing to comply with RCN's digital signature requirement, and [4] acting as a private investigator without a license—all in order to . . . [5] forc[e] RCN (and other ISPs) to treat conclusory and unverifiable copyright infringement complaints as fact.

Opp. at 32. But RCN offers no theory of economic injury that stems from this string of allegations in combination, as distinct from the discrete (and insufficient) expenses attributable to each individually, which are rebutted throughout this brief and Rightscorp's opening brief.

Taking RCN's arguments in reverse order, as to Number 5, the UCL does not permit a claim based on lack of substantiation. *See* Mot. at 20 (collecting cases); ECF No. 136-1 at 14–15 (same). As to Number 4, RCN's licensure theory simply incorporates RCN's flawed theories of economic injury proffered in support of its other theories. (2d Am. Answer & Countercompl. ¶ 144). It adds nothing to RCN's claims. As to Number 3, RCN's own allegations note that RCN's PGP encryption requirement is intended to "verify that the sender is who they claim to be." But RCN has offered no reason that its purported inability to verify Rightscorp's identity using RCN's preferred method causes any injury at all, much less one that compounds the spoliation issue.

What remains then of RCN's purported combination, is "[1] the spoliation of evidence _coupled with_ . . . [2] allegations that directly implicate the spoliated evidence." That is nothing more than a legally prohibited standalone spoliation claim. And leaving aside the legal prohibition on RCN's spoliation theory, RCN has

5

not identified any economic injury stemming from the alleged destruction of evidence, much less an actionable one. *See* Mot. at 19. It is also of no moment that RCN purports to complain of alleged destruction of evidence beyond the scope of the notices at issue in this case. Opp. at 32. RCN still has not identified an economic injury traceable to that destruction of evidence, nor has it articulated a theory under which such notices are either unfair or unlawful, much less actionable despite the prohibition on spoliation claims. The bare fact that RCN *seeks* a prospective remedy concerning notices not at issue in this case, Opp. at 32, does not establish RCN's *entitlement* to that remedy.

To the extent RCN's claim relies on the alleged destruction of evidence, it fails.

### III.   RCN'S AMORPHOUS FRAUD THEORY CANNOT SUPPORT A CLAIM UNDER THE UCL

RCN offers nothing but attorney argument and conclusory allegations in support of its wild assertion that "it is a virtual certainty that some of Rightscorp's allegations were false . . . ." Opp. at 33. Even if that were enough to satisfy Rule 9 or even the lesser burden of Rule 8 (it is not), RCN still has not stated a claim under the fraudulent prong of the UCL.

RCN tacitly acknowledges that it has never considered the veracity of Rightscorp's notices. It cites *In re Tobacco II Cases* for the proposition that it was "not required to allege that [Rightscorp's] misrepresentation were the sole or even

6

the decisive cause of the injury-producing conduct." Opp. at 34 (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)). But RCN recites only half of the relevant proposition. The rest holds that causation is sufficiently alleged where "the representation has played a substantial part, and so had been a substantial factor, in influencing his decision." *In re Tobacco II*, 46 Cal. 4th at 326.[5] *That* substantial influence is what is missing from RCN's countercomplaint.

RCN's pivot to the costs it incurred in designing a system to process Rightscorp's notices "*in order to determine* that they did not comply with RCN's DMCA policy" is a complete nonsequitor. *See* Opp. at 34. That has nothing to do with the allegations in Rightscorp's notices at all. RCN has not alleged that it ever even *considered* the veracity of Rightscorp's accusations. Plainly, no such representation could have played a substantial part in influencing any RCN decision.

RCN's fraudulent prong claim must fail.

---

[5] RCN's contention that Rightscorp asks the Court to "ignore controlling case law" is therefore entirely misplaced. Opp. at 33 (discussing *State Farm Fire & Cas. Co. v. Super. Ct.*, 45 Cal. App. 4th 1093 (1996)). RCN cites case law that predates Prop. 64's economic injury requirement in addition to eliding the operative portion of *In re Tobacco II*. RCN repeats its misstatement of the law in connection with the unlawfulness prong too. Opp. at 34 (quoting *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838–39 (1994)).

It is RCN, therefore, that invites error.

### IV. RCN HAS NOT STATED A CLAIM UNDER THE UCL BASED ON ITS PRIVATE INVESTIGATOR'S LICENSURE THEORY

RCN's unlawful-prong[6] theory—that Rightscorp should have secured a private investigator's license—does nothing to remedy the other deficiencies in RCN's countercomplaint. On the contrary, RCN's licensure theory inextricably relies on those flawed theories as the sole basis of economic injury. And the theory is legally baseless too.

Rightscorp does not need a private investigator's license to undertake its copyright infringement monitoring and noticing business, but the court need not address that question. RCN's sole theory of economic injury attributable to Rightscorp's operation without a license is that the *other* conduct it complains of would not have occurred had Rightscorp secured a private investigator's license. (2d Am. Answer & Countercompl. ¶ 144). Beyond the fact that those theories fail for the reasons discussed above, RCN's theory of causation rests on nothing but baseless attorney argument and conclusory allegations. RCN's unlawful prong theory must be dismissed.

#### A. RCN has not pled an economic injury traceable to Rightscorp's lack of a license

RCN does not even attempt to show that some aspect of California's licensure

---

[6] RCN oddly suggests that this theory also supports its claim under the unfair prong, Opp. at 30. The distinction is immaterial. The claim fails regardless of the applicable prong for the reasons stated herein and in Rightscorp's opening brief.

8

requirements would have prevented any injury it suffered. Instead, RCN baldly asserts that "[i]t is certainly plausible to infer that if Rightscorp and its employees had received private investigator training" RCN's other asserted injuries would not have occurred. Opp. at 36–37. RCN's attorney argument that its legal conclusion is "plausible" does not make it so. RCN needed to plead *factual matter* to support that inference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It has not done so.

Rightscorp's opening brief explained that the law does not permit a UCL claim to rest on a bare lack of licensure. Mot. at 25–26 (citing *Khan v. 7-Eleven, Inc.*, No. EDCV1400522DMGPLAX, 2015 WL 12781203, at *3 (C.D. Cal. May 6, 2015)). RCN's sole response—noting that *Steel v. City of San Diego* allowed a UCL claim based on unlicensed investigation—is not to the contrary. Opp. at 35– 36 (quoting *Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1186–87 (S.D. Cal. 2010)). That decision did not address the UCL's injury-in-fact requirement at all and so does not vitiate RCN's requirement to do so here.[7] RCN did not meet that requirement.

Moreover, RCN's unlawful-prong theory relies on RCN's contention that Rightscorp purportedly "[s]ecure[d] evidence to be used before" a court. *See* Cal. Bus. & Prof. Code § 7521(e). But RCN has not offered a theory of loss tethered to

---

[7] Nor did that case involve the securing evidence prong of the licensure requirement, which implicates *Noerr-Pennington*.

9

the securing of evidence for litigation, as distinct from Rightscorp's efforts to inform RCN of its subscriber's misconduct and informing rightsholders that RCN appeared not to be taking appropriate disciplinary action. Moreover, even if RCN *could* attribute some expense to the use of Rightscorp's data in court, such an expense would be a litigation costs that cannot support a UCL claim. *See* ECF No. 159 at 9–11 (collecting cases).

### B. Rightscorp is not a private investigator; the licensure requirement does not apply

RCN cites *Venice PI, LLC v. Doe*, purportedly as an example of a court recognizing that private investigator licensure requirements "apply to business that gathered peer-to-peer sharing data." Opp. at 35 (citing Minute Order, *Venice PI, LLC v. Doe*, No. 2:17-cv-1075 (W.D. Wash. Jan. 8, 2018), Dkt. 39 (Opp. Ex. A)). RCN misconstrues that decision.

The discussion of the private investigator licensure requirement in the unpublished order that RCN cites was not a holding or even dictum reflecting the court's interpretation of the law. Rather, it was the court's recitation of arguments attorneys had made elsewhere. Specifically, RCN cites an order to show cause why plaintiff's counsel should not be sanctioned for failing to disclose objections made by attorneys in other disputes about a witness's lack of an investigator's license, coupled with other apparently scandalous facts. The court never decided the issue, but instead issued a new order to show cause on entirely separate grounds, after

which the case was voluntarily dismissed. *See* Minute Order, *Venice PI, LLC v. Doe*, No. 2:17-cv-1075 (W.D. Wash. Oct. 19, 2018), Dkt. 53. *Venice* does not support RCN's argument.

A decision cited by the plaintiff in response to that order to show cause, however, provides further support for Rightscorp's position. In *Arista Recs. LLC v. Does 1-27*, the district court rejected a challenge to the admissibility of a purported private investigator's expert testimony, noting that it "cannot be correct" that a private investigator's license was required to determine "that some persons using [an] ISP are perhaps using online media distribution systems." 584 F. Supp. 2d 240, 257 (D. Me. 2008). Nor here.

To the extent RCN's claim rests on its private investigator licensure theory, it must fail.[8]

\*   \*   \*

For the reasons stated herein and in Rightscorp's opening brief, the Court should dismiss RCN's amended counterclaim.

Further leave to amend should not be granted. RCN's prior amendment neither cured the deficiencies identified by the Court in ruling on the prior motion to

---

[8] RCN offers no defense of its theory that New Jersey law can serve as a predicate for a California unfair competition claim. Opp. at 35 n.9. As Rightscorp explained in its opening brief, RCN's theory is baseless. Mot. at 26–27.

dismiss, nor those identified in Rightscorp's prior motion that the Court did not reach. RCN has identified no facts it could allege that would cure these deficiencies. Its flawed arguments on this motion demonstrate that it could not do so.

Dated:  October 26, 2021    Respectfully submitted,

/s/ Brian J. Levine
Brian J. Levine
*blevine@bllawnj.com*
Law Office of Brian J. Levine
75 North Bridge Street
Somerville, New Jersey 08876
(908) 243-0111

Michael J. Allan (*Pro Hac Vice*)
*mallan@steptoe.com*
John W. Toth (*Pro Hac Vice*)
*btoth@steptoe.com*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-6749

*Attorneys for Counterclaim Defendant, Rightscorp, Inc.*