UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RCN TELECOM SERVICES, LLC, *et al.*,<br><br>Defendants.<br><br>and<br><br>RCN TELECOM SERVICES, LLC,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>UMG RECORDINGS, INC., *et al.*,<br><br>Counterclaim-Defendants. | Civil Action No. 19-17272<br>(MAS) (TJB)<br><br><br><br><br><br>**Motion Date: November 15, 2021**<br><br>**ORAL ARGUMENT<br>REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY PLAINTIFFS AND THE RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC. TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIM**

                              Thomas R. Curtin
                              George C. Jones
                              McELROY, DEUTSCH, MULVANEY
                               & CARPENTER, LLP
                              1300 Mount Kemble Avenue
                              P.O. Box 2075
                              Morristown, NJ 07962-2075
                              (973) 993-8100

                              *[Additional counsel listed on next page]*

Andrew H. Bart (*pro hac vice*)
Jacob L. Tracer (*pro hac vice*)
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
(212) 891-1600

Robert B. Gilmore (*pro hac vice*)
Philip J. O'Beirne (*pro hac vice*)
Michael A. Petrino (*pro hac vice*)
Kevin L. Attridge (*pro hac vice*)
STEIN MITCHELL BEATO
 & MISSNER LLP
901 15th Street, N.W., Suite 700
Washington, DC 20005
(202) 737-7777

*Attorneys for Plaintiffs and Recording Industry Association of America, Inc.*

# TABLE OF CONTENTS

INTRODUCTION..........................................................................................................1

ARGUMENT................................................................................................................3

I. THE DMCA PREEMPTS RCN'S AMENDED COUNTERCLAIM. .........................3

II. RCN LACKS STANDING UNDER THE UCL TO PURSUE A CLAIM AGAINST MOVANTS.......................................................................................................6

III. RCN FAILED TO PLEAD ENTITLEMENT TO A REMEDY AGAINST MOVANTS. ....................................................................................................................12

IV. IF RCN'S CLAIM AGAINST RIGHTSCORP IS NOT DISMISSED, IT SHOULD BE STRICKEN FROM THIS ACTION...................................................................13

CONCLUSION..........................................................................................................14

i

## TABLE OF AUTHORITIES

**Cases**

*Madrid v. Perot Sys. Corp.*,
   130 Cal. App. 4th 440 (2005) .......................................................................... 12

*In re Commonwealth's Mot. To Appoint Counsel Against or Directed to Defender Assn' of Phila.*
   790 F.3d 476 (3d Cir. 2015) ............................................................................. 5

*RCN Telecom Services, LLC v. BMG Rights Mgmt. (US) LLC*,
   No. 16-cv-4417 (S.D.N.Y) ................................................................................. 9

**Statutes**

17 U.S.C. § 512 ........................................................................................... 3, 4, 5, 6

**Rules**

Fed. R. Civ. P. 14 ................................................................................................. 13

**Other**

*H.R. Rep. No. 105-551*
   Part 1 at 26 (Judiciary Rep.) .............................................................................. 4

# INTRODUCTION[1]

Plaintiffs initiated this copyright infringement action to hold RCN accountable for facilitating and profiting from the massive infringement of Plaintiffs' copyrighted sound recordings by subscribers of RCN's internet services. To prove their claims, Plaintiffs will rely on infringement evidence generated by Rightscorp, a third-party monitoring service, which documented hundreds of thousands of specific examples of RCN's subscribers offering to distribute Plaintiffs' sound recordings, sent notices to RCN informing it of these infringements, and obtained infringing copies of each of the works at issue from RCN's customers. In prior cases, each court that has considered the issue has found Rightscorp's evidence to be sufficient to support a jury verdict finding infringement against an ISP.

Without any valid defense to Plaintiffs' claims, RCN has consistently sought to deflect attention away from its own conduct by attacking Rightscorp. Its Amended Counterclaim is one such effort. However, the memorandum of law filed by RCN opposing the motion by Plaintiffs and the Recording Industry of America Association ("RIAA") (collectively, "Movants") to dismiss the Amended

---

[1] Unless otherwise noted, all capitalized terms have the same definitions ascribed to them in Plaintiffs' and the RIAA's Memorandum of Law in Support of Their Motion to Dismiss Defendants' Amended Counterclaim, filed on August 31, 2021 (Dkt. 174-1) ("Second Mot.").

Counterclaim exposes that RCN's pleading is a litigation ploy, not a meritorious claim.

Movants' successful motion to dismiss RCN's initial Counterclaim made four principal arguments: (1) the Counterclaim is preempted by the DMCA; (2) RCN lacks standing under the UCL to pursue a claim against Movants; (3) RCN cannot plead it is entitled to any UCL remedy against Movants; and (4) if RCN's claim against Rightscorp survives, it should be stricken from this action. RCN opposed each of those grounds. In Movants' reply brief, they rebutted all of RCN's arguments.

After the Court granted the motion to dismiss and gave RCN leave to replead, RCN filed an Amended Counterclaim that contains additional conclusory allegations (often cited on information and belief) but does not cure any of the prior deficiencies. Accordingly, Movants filed a motion to dismiss RCN's Amended Counterclaim, incorporating by reference the legal arguments Movants made in their first motion to dismiss and reply brief. Thus, in its opposition to Movants' currently pending motion, RCN had its first opportunity to address the arguments Movants made in their reply papers on the initial motion.

However, RCN has not taken that opportunity. Instead, its opposition brief makes the ***same arguments*** RCN made in opposing Movants' first motion, as if Movants' previous reply brief did not exist. In fact, large passages in RCN's pending

opposition brief were lifted word-for-word (or with only minor stylistic changes) from RCN's first opposition brief.  RCN does not even acknowledge that Movants have already rebutted these arguments, let alone make any attempt to counter Movants' rebuttals.

RCN's silence in response to those rebuttals speaks volumes.  When one strips away RCN's rhetoric and conclusory allegations, its current opposition can be seen for what it truly is: a dispositive admission that RCN has no response to the arguments Movants raised in their prior reply brief.  As those arguments are effectively undisputed, the Court should now dismiss the Amended Counterclaim with prejudice.

## ARGUMENT

### I.   THE DMCA PREEMPTS RCN'S AMENDED COUNTERCLAIM.

Movants' previous explanation of how 17 U.S.C. § 512 ("Section 512") preempts RCN's Counterclaim also applies to the Amended Counterclaim.  *See generally* First Mot. at 13-18; First Reply at 3-8; Second Mot. at 10-12.  In sum, when Congress passed the DMCA, it sought to create a comprehensive framework to balance the competing interests of copyright owners and online service providers ("OSPs") in the online marketplace.  *See* First Mot. at 14-16; First Reply at 3; Second Mot. at 11.  The result of that balancing was Section 512, which created specific rights and remedies for copyright owners and OSPs that apply in specific

circumstances. RCN concedes both that it is an OSP to which Section 512 applies and that Section 512 does not provide it with a remedy against Movants. *See* First Opp. at 4, 17-23; Second Opp. at 2, 21-26. Thus, in asserting its Amended Counterclaim, RCN attempts to graft a state-law cause of action on top of the remedies expressly available under Section 512.

Longstanding principles of conflict preemption preclude RCN from using state law to alter the balance of rights and remedies that Congress made available to copyright owners and OSPs. *See* First Mot. at 13-18; First Reply at 3-4; Second Mot. at 11. In evaluating this argument, it is critical to note that when Congress drafted the DMCA, it expressly considered what remedies should be available to OSPs in the event that (like RCN here) they received "information indicating infringement" on their networks and relied on that information. H.R. Rep. No. 105-551 Part 1 at 26 (Judiciary Rep.). As a result, Congress enacted Section 512(f), which allows specified OSPs that rely on false infringement notices to sue the senders of those notices. *See* 17 U.S.C. § 512(f).

RCN has ***never disputed*** this account of the congressional balancing that resulted in Section 512. Thus, the core of Movants' argument—that Congress expressly considered potential remedies for OSPs receiving false infringement notices as part of its overall balancing effort and made a final legislative determination of how to obtain that balance—stands unrebutted. Because RCN's

4

Amended Counterclaim would use state law to create additional remedies for OSPs beyond those contained in Section 512 and dramatically recalibrate the balance established by Congress, it "stands as an obstacle" to Congress's objectives in passing the DMCA and is preempted. *In re Commonwealth's Mot. to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 476 (3d Cir. 2015) (internal quotations omitted); *see also* First Mot. at 13-14 (citing other cases).

With no answer to these dispositive principles, RCN repeats—frequently verbatim—the same arguments it made in opposing Movants' first motion to dismiss. *Compare* First Opp. at 15-27, *with* Second Opp. at 10-25. Movants rebutted all those arguments in their first reply brief and incorporate those rebuttals here. *See* First Reply at 3-8. In particular:

- RCN repeats its *ipse dixit* claim that the Court should apply a presumption against preemption because Section 512(f) is a component of "tort law" typically regulated by the states. *See* First Opp. at 12-14; Second Opp. at 15-17. Movants have already explained that Section 512(f) is a component of federal statutory copyright law and reflects only federal interests, and that no presumption against preemption applies in that circumstance. *See* First Reply at 4 n.2. RCN offers no response.

- RCN repeats its argument that preemption does not apply because RCN is ineligible to sue under Section 512(f). *See* First. Opp. at 17-23; Second Opp. at 20-26. Movants have already explained that whether RCN can invoke any specific remedy in Section 512 is irrelevant to whether Section 512 preempts its state law claim. *See* First Reply at 5-7. The determinative issue on this motion is whether the Amended Counterclaim would impose a different set of policies governing the relationship between OSPs and copyright owners than those selected by Congress in Section 512. To resolve that issue, the relevant

5

questions are whether RCN is an OSP to which Section 512 applies and whether RCN's state-law claim falls within the subject matter of Section 512. Because the undisputed answer to both those questions is yes, RCN is limited to the rights and remedies expressly available in Section 512 and cannot use state law to supplement them. *See id.* RCN offers no response.

- RCN repeats its argument that a savings clause in the Copyright Act's express preemption provision protects its Amended Counterclaim. *See* First Opp. at 15-17; Second Opp. at 17-20. Movants have already explained that they do not base their argument on express preemption and that the Supreme Court has held repeatedly, for over a century, that savings clauses like the one on which RCN relies do not limit claims of *conflict* preemption. *See* First Reply at 7-8.[2]

Accordingly, the Amended Counterclaim is preempted and should be dismissed with prejudice.

## II. RCN LACKS STANDING UNDER THE UCL TO PURSUE A CLAIM AGAINST MOVANTS.

This Court has already held that to adequately allege standing under the UCL, a plaintiff must plead that it suffered an economic injury "attributable to" the defendant. Op. at 8. RCN cannot satisfy this standard with regard to Movants.

---

[2] In the *only* portion of RCN's pending opposition that even implicitly acknowledges Movants' first reply brief, RCN claims that the Supreme Court authorities Movants cited are distinguishable because preemption was necessary in those cases to avoid undermining a federal statute. *See* Second Opp. at 19-20. However, Section 512 reflects a careful balancing of federal interests that likewise would be undermined if RCN is permitted to use state law to recalibrate that very balance and apply a remedy that Congress did not create. *See* First Mot. at 13-18; First Reply at 3-5; Second Mot. at 10-12.

As a threshold matter, it is beyond dispute that RCN's only alleged economic injury that it directly attributes to Movants does not confer standing as a matter of law. In both its original and Amended Counterclaim, RCN alleged that it incurred litigation-related legal costs caused by Movants as a result of having to defend itself in this lawsuit. *See* First Counterclaim ¶ 117; Am. Counterclaim ¶ 132 (alleging identical language). This Court previously held that the *Noerr-Pennington* doctrine precluded RCN from invoking such alleged costs as a basis for UCL standing. *See* Op. at 9-10. While Movants raised this issue in their pending motion, *see* Second Mot. at 14-15, RCN ignored it in its opposition. Thus, RCN has conceded the issue.

All the remaining economic injuries RCN has pleaded relate to costs RCN allegedly incurred in evaluating Rightscorp's notices, determining how to respond to them, and maintaining its internal systems to process them. *See* Am. Counterclaim ¶¶ 130-31. However, because RCN does not and cannot allege that Movants ever hired Rightscorp to send these notices on their behalf, RCN alleges no plausible basis to infer that any of these alleged costs are attributable to **Movants**.

As Movants have repeatedly explained, standing under the UCL must be based on a defendant's "personal participation in the unlawful practices and unbridled control" over them. First. Mot. at 24; First Reply at 9-10; Second Mot. at 15. While RCN disputes that standard, its arguments are lifted wholesale from its opposition to Movants' first motion to dismiss. *Compare* First Opp. at 26-28, *with*

7

Second Opp. at 13-15. Movants conclusively rebutted those arguments in their first reply brief. *See* First Reply at 9-11. RCN simply ignores those rebuttals. In particular, RCN's repeated claim that "unbridled control" is sufficient but not necessary to confer UCL standing is contrary to well-established law. *See* First. Opp. at 26; Second Opp. at 13. The "unbridled control" standard has been cited in dozens of federal court opinions, including opinions granting motions to dismiss from the Ninth Circuit and every federal district in California. *See* First Reply at 10 & nn.7-8 (citing cases). RCN ignores these cases.

RCN cannot meet this established legal standard of "unbridled control." Indeed, RCN concedes in its pleading that Movants never hired Rightscorp to monitor BitTorrent or send notices on their behalf. *See* Am. Counterclaim ¶ 74 ("On each occasion, the RIAA declined to hire Rightscorp to monitor ISPs' networks for infringements of the Record Labels' copyrights."); ¶ 75 ("The Record Labels have never hired Rightscorp to monitor ISPs' networks for infringements of their copyrights."); ¶ 93 ("The RIAA does not permit Rightscorp to send copyright infringement complaints to RCN or any other ISP in which any of the Record Labels is identified as the copyright owner.").

While Movants cited these paragraphs of the Amended Counterclaim in their pending motion, *see* Second Mot. at 15-16, RCN's opposition did not address them.

8

Moreover, the record clearly demonstrates that if anyone could arguably have exercised unbridled control over Rightscorp, it was the owners of the musical composition copyrights—not Movants—who retained Rightscorp to send the notices at issue. *See* Second Mot. at 16-17. RCN makes no attempt to address this evidence, perhaps because RCN expressly conceded in a pleading in another case that a musical composition copyright owner had "engaged" Rightscorp "to monitor BitTorrent . . . in order to detect and document potential infringements." *RCN Telecom Services, LLC v. BMG Rights Mgmt. (US) LLC*, No. 16-cv-4417 (S.D.N.Y.), Dkt. 45, Am. Comp. ¶ 37 (Sept. 16, 2016). Indeed, Rightscorp disclosed in the notices it sent to RCN that it acted as a representative of the owners of "musical compositions." Dkt. 15-3 (compilation of Rightscorp notices).[3] Those copyright owners—not Movants—are the only third parties who could arguably have had "unbridled control" over Rightscorp's practice of sending infringement notices to RCN.

RCN does not attempt to address either the concessions in its pleading or the evidence Movants cited. Instead, it invokes a bullet-point list of conclusory allegations from its Amended Counterclaim and summarily claims they are

---

[3] RCN does not dispute that the Court can take judicial notice of the content of Rightscorp's notices because they are integral to the Amended Counterclaim. *See* Second Mot. at 16 n.7.

9

sufficient to confer standing against Movants. *See* Second Opp. at 12-13. However, Movants have already addressed the key allegations RCN cites, and the others are insufficient as a matter of law to demonstrate unbridled control.

Movants have already addressed the first three paragraphs cited by RCN. *See* Second Opp. at 12 (citing Am. Counterclaim ¶¶ 126-28). Paragraphs 126 and 128 are conclusory allegations, asserted only "on information and belief," that Movants exercise control over Rightscorp. Such self-serving and unsupported statements are plainly insufficient to overcome RCN's specific concessions that Movants never hired Rightscorp to monitor BitTorrent or send notices on their behalf or the judicially noticeable facts demonstrating that parties other than Movants engaged Rightscorp. *See* Second Mot. at 17.[4] Moreover, the only alleged fact supporting paragraphs 126 and 128—that Rightscorp is "financially dependent" on Movants, Am. Counterclaim ¶ 128—is insufficient to create a plausible inference that Movants control Rightscorp. As Movants already explained, UCL claims cannot be premised on such a claim of "financial dependence" as a matter of law. *See* Second Mot. at 17-18. Indeed, Movants stated in their motion that they are not aware of "any

---

[4] While RCN claims that paragraphs 126 and 128 should be credited on information and belief because "the parties have not yet taken any depositions," Second Opp. at 12 n.3, that explanation improperly reverses the civil litigation process. To plead its Counterclaim consistent with its obligations under Rule 11, RCN must have a good faith basis to believe the truth of its allegations *before* taking any discovery.

authority" permitting a UCL claim to proceed based on alleged financial dependence. *Id.* at 18. RCN does not cite any such authorities in its opposition.

Movants have also already addressed paragraph 127, which alleges in conclusory fashion that Rightscorp is Movants' "agent." Am. Counterclaim ¶ 127. This argument defies logic and cannot be squared with the alleged facts. RCN bases this allegation on the fact that Movants have claimed, in this litigation, that certain communications with Rightscorp are privileged.[5] However, Movants' claim of privilege over certain documents is irrelevant to the issue of whether Rightscorp was Movants' agent in sending notices. Movants' privileged communications with Rightscorp relate to the prosecution of Plaintiffs' copyright litigation pursuant to litigation consulting agreements between Rightscorp and the RIAA. *See* First Reply at 11.[6] Those communications have nothing to do with Rightscorp's sending of notices to RCN on behalf of third-party musical composition owners—and thus cannot be the basis for a purported agency relating to that activity. RCN offers no basis to dispute that response.

---

[5] Not only did RCN make the same argument in opposing Movants' first motion to dismiss, *compare* First Opp. at 27-28, *with* Second Opp. at 14-15, but RCN again failed to address the rebuttal to that argument contained in Movants' first reply. *See* First Reply at 11.

[6] Copies of these agreements have been produced to RCN in discovery.

11

The other allegations RCN cites in its bullet-point list are facially insufficient to demonstrate that Movants exercise unbridled control over Rightscorp or that Rightscorp is Movants' agent. *See* Second Opp. at 12-13. They purport to allege only that Rightscorp acted with Movants' "knowledge and consent." *E.g.*, Am. Counterclaim ¶ 97. That allegation, even if true, is insufficient to confer standing under the UCL as a matter of law. *See* First Reply at 10-11.

### III. RCN FAILED TO PLEAD ENTITLEMENT TO A REMEDY AGAINST MOVANTS.

RCN does not dispute that to be entitled to an injunction against Movants, it must plead and prove that Movants committed wrongful acts that are "likely to be repeated in the future." Second Mot. at 19 (quoting *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 465 (2005)). Because RCN concedes that Movants never hired Rightscorp to send any notices on their behalf in the first place, RCN cannot obtain an injunction to stop Movants from continuing to do so in the future. *See* Second Mot. at 19.

RCN offers two responses, but both are insufficient. First, RCN repeats its allegation that Movants control Rightscorp. But as discussed above, RCN has not pleaded and cannot plead specific facts creating a plausible inference of such control. *See* Second Mot. at 15-18; *supra* at 10-11.

Second, RCN claims that Movants must be enjoined because they might send allegedly "abusive" notices to RCN "themselves or through a different vendor."

12

Second Opp. at 38. However, RCN's Amended Counterclaim does not allege that Movants have ever engaged in such activity or that they are likely to do so in the future. While RCN observes that RIAA has engaged a vendor called MarkMonitor "to perform services similar to those offered by Rightscorp," Am. Counterclaim ¶ 93, RCN does not allege that this vendor engages in any of the allegedly "abusive" practices that it seeks to enjoin; indeed, RCN acknowledges that the vendor's practices differ from Rightscorp's. *See id.* ¶¶ 93-94. Thus, RCN has not pleaded that Movants are likely to use MarkMonitor to send allegedly "abusive" notices to RCN.

### IV. IF RCN'S CLAIM AGAINST RIGHTSCORP IS NOT DISMISSED, IT SHOULD BE STRICKEN FROM THIS ACTION.

If the Court dismisses the Amended Counterclaim against Plaintiffs but not Rightscorp, it should strike Rightscorp from this action as an improper third-party defendant under Rule 14. Movants have already briefed this issue. *See* First Mot. at 27-30; First Reply at 14-15; Second Mot. at 19-20.

RCN has never advanced any theory against Rightscorp that would satisfy Rule 14 or cited any authority allowing a defendant to join a third party when Rule 14 applies and its standard is not met. Rather, RCN's opposition to Movants' pending motion repeats the arguments it made in opposing Movants' first motion. *Compare* First Opp. at 31-35, *with* Second Opp. at 38-40. Thus, the arguments in Movants' first reply brief are unrebutted. *See* First Reply at 14-15.

13

## CONCLUSION

RCN's Amended Counterclaim should be dismissed with prejudice.

Dated: October 26, 2021

Respectfully submitted,

*/s/ Thomas R. Curtin*
Thomas R. Curtin
George C. Jones
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
1300 Mount Kemble Avenue, P.O. Box 2075
Morristown, NJ 07962
Tel: (973) 993-8100
Fax: (973) 425-0161
tcurtin@mdmc-law.com
gjones@mdmc-law.com

Andrew H. Bart (*pro hac vice*)
Jacob L. Tracer (*pro hac vice*)
**Jenner & Block LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 891-1600
Fax: (212) 891-1699
abart@jenner.com
jtracer@jenner.com

Robert B. Gilmore (*pro hac vice*)
Philip J. O'Beirne (*pro hac vice*)
Michael A. Petrino (*pro hac vice*)
Kevin L. Attridge (*pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Tel: (202) 737-7777
Fax: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com

***Attorneys for Plaintiffs and Recording Industry Association of America, Inc.***