# EXHIBIT 1

| | |
|---|---|
| Thomas R. Curtin | Robert B. Gilmore (*pro hac vice*) |
| George C. Jones | Philip J. O'Beirne (*pro hac vice*) |
| McELROY, DEUTSCH, MULVANEY | Michael A. Petrino (*pro hac vice*) |
| & CARPENTER, LLP | Kevin L. Attridge (*pro hac vice*) |
| 1300 Mount Kemble Avenue | Shawna Bray (*pro hac vice*) |
| P.O. Box 2075 | STEIN MITCHELL BEATO & |
| Morristown, New Jersey 07962-2075 | MISSNER LLP |
| (973) 993-8100 | 901 15th Street, N.W., Suite 700 |
| | Washington, DC 20005 |
| | (202) 737-7777 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>RCN TELECOM SERVICES, LLC, *et al.*<br><br>        Defendants. | Civ. A. No. 19-17272-MAS-ZNQ<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs serve their First Set of Requests for Production of Documents and Things to Defendants RCN Telecom Services, LLC, RCN Telecom Services of New York, L.P., RCN Capital Corp., RCN Telecom Services of Philadelphia, LLC, RCN Telecom Services of Massachusetts, LLC, Starpower Communications, LLC, RCN Management Corporation, RCN ISP, LLC, RCN Digital Services, LLC, RCN NY LLC 1, RCN Telecom Services (Lehigh), LLC, RCN Telecom Services of Illinois, LLC, 21st Century Telecom Services, Inc.,

1

## REQUESTS FOR PRODUCTION

**Request No. 1.**   All documents concerning any Plaintiff.

**Request No. 2.**   All documents concerning any of Plaintiffs' Copyrighted Sound Recordings.

**Request No. 3.**   All documents concerning Rightscorp, including without limitation all communications with Rightscorp; all documents concerning, reflecting or comprising Notices received from Rightscorp; all documents concerning the technological capabilities of Rightscorp; all documents evaluating or critiquing Rightscorp's reliability, effectiveness, accuracy, or business practices; as well as documents sufficient to show the total number of Notices RCN has received from Rightscorp.

**Request No. 4.**   All documents concerning alleged copyright infringement of sound recordings, musical compositions, movies, television, or videos through the use of internet service, including but not limited to such activity by Customers.

**Request No. 5.**   All documents concerning BitTorrent or other Peer-to-Peer file systems, including but not limited to Customers' use of BitTorrent or other Peer-to-Peer file exchange systems.

**Request No. 6.**   All documents concerning any research, studies, focus groups or surveys concerning: (a) Customers or potential Customers who use or have used BitTorrent or other Peer-to-Peer file sharing, (b) alleged copyright infringement

11

by Customers or potential Customers, or (c) alleged copyright infringing activity through the use of internet service.

**Request No. 7.**     All documents concerning, reflecting, or relating to any Notice, including any draft or final versions of any such Notice.

**Request No. 8.**     All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any Notice.

**Request No. 9.**     Documents sufficient to show how and when any Notice was communicated to third parties, including but not limited to Customers.

**Request No. 10.**     All documents concerning any DMCA Policy, including any draft or final versions of any such policy.

**Request No. 11.**     All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any DMCA Policy.

**Request No. 12.**     Documents sufficient to show how and when any DMCA Policy was communicated to third parties, including but not limited to Customers.

**Request No. 13.**     All documents concerning any Repeat Infringer Policy, including any draft or final versions of any such policy.

**Request No. 14.**     All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any Repeat Infringer Policy.

Litigation, the RCN-BMG Litigation, the Grande Litigation, the Sony-Cox Litigation, the Charter Litigation, and/or the Bright House Litigation.

**Request No. 86.**   All documents concerning the sale of RCN to TPG relating to any of the following topics:  copyright infringement, RCN's or Patriot's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, Notice(s) (in draft or final as-sent form), RCN's or Patriot's compliance with the DMCA, RCN's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, BitTorrent, Peer-to-Peer file sharing, the BMG-Cox Litigation, the RCN-BMG Litigation, the Grande Litigation, the Sony-Cox Litigation, the Charter Litigation, and/or the Bright House Litigation.

**Request No. 87.**   All documents reflecting or comprising communications between or among any of Patriot, RCN, TPG, or ABRY Partners, concerning any of the following topics:  copyright infringement, RCN's or Patriot's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, Notice(s) (in draft or final as-sent form), RCN's or Patriot's compliance with the DMCA, RCN's or Patriot's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, BitTorrent, Peer-to-Peer file sharing, the BMG-Cox Litigation, the RCN-BMG Litigation, the Grande

Litigation, the Sony-Cox Litigation, the Charter Litigation, and/or the Bright House Litigation.

**Request No. 88.**   Contracts and other documents sufficient to show the transaction by which RCN was acquired by ABRY Partners, including documents showing the purchase price or other consideration paid by ABRY Partners to acquire RCN.

**Request No. 89.**   Contracts and other documents sufficient to show the transactions by which RCN was acquired by TPG and thereafter combined with Grande Communications Networks LLC and Wave Broadband, including documents showing the purchase price or other consideration paid by TPG to acquire RCN.

**Request No. 90.**   Documents sufficient to show any valuations of RCN.

**Request No. 91.**   Documents sufficient to show any valuations of Patriot.

**Request No. 92.**   Documents sufficient to show your corporate structure concerning the business of providing internet services, including the relationship between any parent corporations, subsidiaries, or any affiliates engaged in your business of providing internet services.

**Request No. 93.**   Documents sufficient to show the corporate entities that provide internet services to Customers, the geographic area of such service, and the relationship between and among those entities and/or you.

**Request No. 102.**  All documents provided to any expert you designate or intend to designate as a testifying expert in this action.

**Request No. 103.**  All documents that you intend to use as exhibits in the trial or any hearing in this lawsuit.

Dated:  March 13, 2020                               Respectfully submitted,

*/s/ Robert B. Gilmore*
Robert B. Gilmore (*pro hac vice*)
Philip J. O'Beirne (*pro hac vice*)
Michael A. Petrino (*pro hac vice*)
Kevin L. Attridge (*pro hac vice*)
Shawn Bray (*pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com
sbray@steinmitchell.com

Thomas R. Curtin
George C. Jones
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
1300 Mount Kemble Ave., P.O. Box 2075
Morristown, NJ 07962-2075
Telephone: (973) 401-7117
Facsimile: (973) 425-0161
tcurtin@mdmc-law.com
gjones@mdmc-law.com

***Attorneys for Plaintiffs***