Edward F. Behm, Esquire
Direct T 267.780.2030  F 215.405.9070
ebehm@atllp.com

December 30, 2021

**VIA ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
               Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

      This firm represents Defendants (collectively, "RCN") in the above-referenced matter. We submit this letter pursuant to Local Rule 37.1(a)(1) to seek an order compelling Plaintiffs to answer RCN's Interrogatory No. 12, which asks Plaintiffs to "[i]dentify all persons who participated in Plaintiffs' decision in or around 2009 to remove Digital Rights Management ('DRM') from sound recordings sold through the iTunes Store." *See* Ex. A at 30–31. Plaintiffs have refused to provide any substantive response.[1] *See id.*

      In this case, Plaintiffs allege that RCN's subscribers shared copies of Plaintiffs' copyrighted sound recordings using peer-to-peer file-sharing platforms such as BitTorrent, and they seek to hold RCN liable for those alleged infringements. *See, e.g.*, Am. Compl., ¶¶ 57–58, 84–107 (ECF No. 9). DRM is technology that prevents purchasers of digital music from sharing the files with third parties. *See, e.g.*, https://en.wikipedia.org/wiki/FairPlay. In other words, if a digital music file is protected by DRM, then there is no reason to share it over BitTorrent, because it is useless to anyone other than the purchaser. In or around 2009, Plaintiffs made the decision to stop protecting their music with DRM. *See id.* It is certainly reasonable to infer that this decision—along with Plaintiffs' continuing decision not to re-impose the use of DRM—has affected the frequency with which Plaintiffs' music is shared over peer-to-peer networks.

      Thus, the information RCN is seeking in Interrogatory No. 12—the mere identification of people knowledgeable about Plaintiffs' decision to stop using DRM—is relevant to Plaintiffs' alleged damages. Plaintiffs are seeking actual damages, and RCN is asserting the defense of failure to mitigate. *See, e.g.*, Am. Compl., ¶¶ 93, 105 (ECF No. 9); 2nd Am. Answer at 15 (ECF No. 161); *see also, e.g.*, *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948

---

[1] Undersigned counsel certifies that counsel for RCN conferred with counsel for Plaintiffs in good faith to attempt to resolve this issue by agreement. Counsel discussed these matters by email and teleconference, and Plaintiffs indicated that they intend to stand on the objections set forth in their written response to Interrogatory No. 12.

F.3d 261, 275 (5th Cir. 2020) (mitigation principles apply to actual damages under the Copyright Act). Plaintiffs' decisions regarding the use of DRM are also relevant to their request for statutory damages (Am. Compl., ¶¶ 92, 104). *See, e.g.*, *Energy Intelligence Grp.*, 948 F.3d at 275 ("Courts have considered, inter alia, the conduct of parties when setting the *amount* of statutory damages. Hence, the district court appropriately instructed the jury to consider [the plaintiff's] lost revenues and mitigation in determining the amount of statutory damages.") (emphasis in original) (internal citations omitted); *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 677 (E.D. Va. 2015), ("A plaintiff's actual damages are a relevant consideration in determining statutory damages under the Copyright Act. Because actual damages are relevant, so too are the actions a plaintiff took to mitigate those damages.") (internal citations omitted), *rev'd in part on other grounds*, 881 F.3d 293 (4th Cir. 2018); *Malibu Media, LLC v. Julien*, No. 1:12-cv-1730, 2013 WL 5274262, at *2 (S.D. Ind. Sept. 17, 2013) ("While the plaintiff may opt for statutory damages, the court may consider plaintiff's actual damages in making its determination. In determining Plaintiff's actual damages, it is reasonable for the court to consider the actions Plaintiff took to mitigate such damages.") (internal citations omitted).

Thus, the Court should overrule Plaintiffs' relevance objection, which is their principal basis for refusing to provide the requested information. *See* Ex. A at 30–31. Plaintiffs also assert that the identities of people knowledgeable about Plaintiffs' use of DRM are privileged or work product, but that objection is plainly meritless. *See id.*

Finally, RCN notes that the requested discovery is proportional to the needs of the case. Plaintiffs are seeking hundreds of millions of dollars in damages for copyright infringement, and RCN is attempting to conduct some simple discovery concerning how Plaintiffs could have reduced or avoided their alleged damages. RCN sought documents from Plaintiffs regarding their use of DRM, but Plaintiffs have represented that they have not been able to locate a ***single document*** responsive to RCN's requests. *See* Ex. B at 86–87, 88–91, 167–172. Thus, Interrogatory No. 12 is the only way for RCN to obtain information on this subject.

## Conclusion

RCN respectfully requests that the Court grant the relief requested in this letter. Counsel for RCN is available for a teleconference or videoconference on these matters at the Court's convenience.

Respectfully Submitted,

*/s/ Edward F. Behm, Jr.*
Edward F. Behm, Jr.

CC: All counsel of record via ECF