# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

January 31, 2022

**VIA ECF**
Hon. Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Federal Building
 and U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

      Re:    *UMG Recordings, Inc. et al. v. RCN Telecom Services, LLC et al.*
             Civil Action No. 19-17272 (MAS) (TJB)

Dear Judge Bongiovanni:

      This firm, Jenner & Block LLP, and Stein Mitchell Beato & Missner LLP jointly represent Plaintiffs in the above-referenced action. Pursuant to Local Civil Rule 37.1(a)(1), we submit this letter in response to the discovery dispute letter filed by Defendants and Counterclaimant RCN Telecom Services, LLC, et al. ("RCN") on December 30, 2021 (ECF 196). RCN argues in its letter that the Court should compel Plaintiffs to respond to an interrogatory seeking information about certain decisions they allegedly made concerning the use of Digital Rights Management ("DRM") technology on authorized downloads offered for sale to the public through the iTunes store.[1] RCN concedes that such decisions were made in 2009, two years ***prior*** to the first instance of copyright infringement at issue in this case and seven years before Plaintiffs were first aware of any such infringements. Such pre-infringement conduct is irrelevant to Plaintiffs' claims and RCN's defenses as a matter of law. Accordingly, the Court should reject RCN's discovery request as nothing more than an improper fishing expedition.

**RELEVANT FACTS AND BACKGROUND[2]**

      Plaintiffs in this case are the three major record companies in the United States: Universal Music Group, Sony Music Entertainment, and Warner Music Group. They initiated this lawsuit

---

[1] DRM technologies endeavor to, among other things, restrict the distribution of digital files containing copyrighted content.

[2] Plaintiffs refer the Court to their December 30, 2021 discovery letter brief (ECF 194), § 1 Background, for a more detailed description of the case background.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
January 31, 2022
Page 2

to seek redress for RCN's actions in contributing to and profiting from the widespread infringement of Plaintiffs' copyrighted sound recordings by RCN's subscribers on the peer-to-peer file-sharing network known as BitTorrent.  As the Court is aware, the fact that RCN's subscribers infringed Plaintiffs' copyrights using BitTorrent was discovered by Rightscorp, Inc., which developed a proprietary technology to monitor BitTorrent activity, document instances of copyright infringement, download sample infringing files from BitTorrent users, and send notices of copyright infringement to BitTorrent users' internet service providers.  It is undisputed that Rightscorp began sending copyright infringement notices to RCN in 2011.

Rightscorp sent notices to RCN on behalf of copyright owners other than Plaintiffs.[3]  Thus, Plaintiffs had no reason to be and in fact were not aware of the infringements Rightscorp discovered.  However, in December 2015, a jury found a different internet services provider (Cox Communications) liable for copyright infringement based on Rightscorp's evidence.  Thereafter, in 2016, Plaintiffs' trade organization, the Recording Industry Association of America, Inc. ("RIAA") entered into an agreement with Rightscorp to obtain some of the data Rightscorp had developed relevant to the infringements at issue herein.[4]

RCN's Interrogatory No. 12 requests Plaintiffs to "[i]dentify all persons who participated in Plaintiffs' decision in or around 2009 to remove Digital Rights Management ('DRM') from sound recordings sold through the iTunes Store."  *See* ECF 196-1, at 30–31.  The only justification RCN offers for this discovery request is that it is allegedly relevant to RCN's affirmative defense that Plaintiffs failed to mitigate their damages.  *See* ECF 196 at 1.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 limits discovery to matters "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(2).  It is well established that under Rule 26, "parties may only obtain discovery regarding issues properly presented and pending in the lawsuit."  *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 05-2367 SRC, 2012 WL 4764589, at *7 (D.N.J. Oct. 5, 2012), *aff'd sub nom. In re Merck & Co., Inc. Sec.*, No. CV 05-1151 (SRC), 2012 WL 12904796 (D.N.J. Dec. 12, 2012) (denying discovery into categories of information not relevant to proper claims or defenses).

---

[3] Recorded music contains intellectual property protected by two distinct copyrights: one in the sound recording, and one in the underlying musical composition performed on the sound recording.  Rightscorp acted on behalf of musical composition copyright owners.  Plaintiffs own sound recording copyrights.

[4] The RIAA and Rightscorp entered into a subsequent agreement in 2019 regarding Rightcorp's evidence related to RCN.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
January 31, 2022
Page 3

**ARGUMENT**

RCN concedes that it is seeking information on decisions Plaintiffs allegedly made in 2009, two years *before* Rightscorp began sending the infringement notices to RCN that form the basis of Plaintiffs' claims and seven years *before* Plaintiffs had knowledge of any of the infringements documented by Rightscorp's evidence. Thus, the information RCN seeks is irrelevant, as a matter of law, to the issue of whether Plaintiffs purportedly failed to mitigate their damages.

Even assuming failure to mitigate is a cognizable defense in this action,[5] it is necessarily limited to Plaintiffs' actions (or inaction) *after* they became aware of the copyright infringements for which they seek to collect damages, or at a minimum after those infringements occurred. In its traditional application to a tort claim, the failure-to-mitigate defense must be premised on "some act or omission *after* the original injury had already occurred." *Vizzini v. Ford Motor Co.*, 569 F.2d 754, 765 (3d Cir. 1977) (emphasis added). The same limitation applies to a claim for copyright infringement. In the primary authority on which RCN relies, the Fifth Circuit held that "the 'duty to mitigate' refers to methods of apportioning damages in light of a plaintiff's reasonable efforts to reduce loss *after* an injury occurs, not before." *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 274 (5th Cir. 2020) (emphasis in original).[6]

In this case, Plaintiffs do not claim they were injured by RCN before 2011, when Rightscorp began detecting infringements on RCN's network and sending infringement notices to RCN, which RCN ignored. Further, Plaintiffs were not aware of any of those infringements—and thus were not in a position to take any steps to mitigate any of their potential damages—until 2016, when the RIAA first obtained evidence of some of those infringements from Rightscorp.

---

[5] Plaintiffs have not yet elected whether they seek to recover actual or statutory damages in this action. *See* 17 U.S.C. § 504 (giving copyright plaintiff choice of what type of damages to seek). If they ultimately elect to seek statutory damages, RCN's alleged failure-to-mitigate defense is "inapplicable" as a matter of law. *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D.N.J. 2005).

[6] By contrast, a tort plaintiff's relative culpability prior to its alleged injury "generally has been addressed in terms of contributory and comparative negligence." *Vizzini*, 569 F.2d at 765. RCN did not and could not plead any such defense to Plaintiffs' claims because such defenses are unavailable in copyright infringement actions as a matter of law. *See Malibu Media, LLC v. Ryder*, No. 13-cv-01538, 2014 WL 1040478, at *2 (D. Colo. Mar. 18, 2014) (striking contributory negligence defense to copyright claim); *Malibu Media, LLC v. House*, No. 13-cv-12218, 2013 WL 5954571, at *2 (E.D. Mich. Nov. 17, 2013) (same).

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
January 31, 2022
Page 4

Yet RCN is seeking information on measures taken (or not taken) in 2009, two years before the first of the infringements identified by Rightscorp's notices and seven years before Plaintiffs knew about any of those infringements. Thus, any alleged decisions Plaintiffs made regarding DRM are necessarily limited to pre-injury conduct that is irrelevant to RCN's failure-to-mitigate defense.

Finally, the discovery sought by RCN is not proportional to the needs of the case. RCN seeks information about decisions allegedly made 13 years ago. At this point, it may prove difficult to identify relevant individuals. Further, the identification of such persons is of minimal value in that their memories of this issue will undoubtedly have faded. Finally, since the subject itself has no relevance to any issue properly in the case, permitting the discovery sought will simply waste time without leading to the discovery of any admissible evidence.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court sustain their objection to the relevance of RCN's Interrogatory No. 12.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

*s/ Thomas R. Curtin*

Thomas R. Curtin

cc: All counsel (via ECF and e-mail)