
Edward F. Behm, Esquire
Direct **T** 267.780.2030 **F** 215.405.9070
ebehm@atllp.com

February 14, 2022

**VIA EMAIL AND ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:   *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
            Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

    This firm represents Defendants (collectively, "RCN") in the above-referenced matter. We write to reply briefly to Rightscorp, Inc.'s January 31, 2022 Discovery Letter Brief (ECF No. 198) ("Rightscorp's Ltr."), which responded to RCN's December 30, 2021 Discovery Letter Brief (ECF No. 195) ("RCN's Ltr.").

    The main issue is whether RCN should be permitted to inspect the databases in which Rightscorp stores its evidence of alleged copyright infringement by BitTorrent users. Rightscorp's opposition is based almost entirely on arguments that Rightscorp never raised in the parties' numerous meet and confer discussions, including procedural objections that simply do not matter because Rightscorp would have refused to permit the requested inspection no matter what.

    The information in Rightscorp's databases is among the most important evidence in this secondary copyright infringement case. Rightscorp's refusal to permit this basic discovery—in a case involving hundreds of millions of dollars in alleged damages—is difficult to understand. Rightscorp is in the business of collecting digital evidence for use in litigation; opening its doors for an inspection of a few key databases should not be controversial.

    Rightscorp also refuses to serve initial disclosures. As with Rightscorp's refusal to permit an inspection, RCN does not understand why Rightscorp is resisting this basic discovery obligation. The plain language of Rule 26 requires Rightscorp to serve initial disclosures irrespective of whether it has filed a motion to dismiss.

    **I.**    **Rightscorp Is a Counterclaim-Defendant and a Central Figure in This Case.**

    RCN is obligated to respond to Rightscorp's assertions that it "is not a proper party" because RCN's counterclaim alleging unfair business practices under California law is "patently frivolous." Rightscorp's Ltr. at 2. Judge Shipp previously granted RCN leave to amend that counterclaim to supply additional detail regarding standing, finding no other issue with RCN's claim. *See* ECF No. 159 at 10–11. RCN has since supplied that additional detail. *See, e.g.*, 2nd

Am. Answer & Counterclaims ¶¶ 130–32 (ECF No. 161). Judge Shipp did not suggest that RCN's claim is frivolous, and Rightscorp has not served, much less filed, any Rule 11 motion.

In fact, RCN's allegations against Rightscorp are serious and substantive. *See generally id.* Rightscorp sent *millions* of copyright infringement complaints to RCN without a shred of supporting evidence, despite expressly threatening litigation in each complaint. Now, faced with RCN's discovery requests, it appears the only evidence Rightscorp can muster to support those allegations of copyright infringement is a few spreadsheets containing information selectively exported from Rightscorp's databases. *See* RCN's Ltr. at 4; Rightscorp's Ltr. at 6 (referring to "[t]hree large database files"). Rightscorp has not come forward with any of the actual underlying evidence of copyright infringement. Bitfield data, which would show whether a given BitTorrent user actually possessed a particular music file on their computer, is notably absent. Rightscorp either intentionally destroyed this evidence, never had it in the first place, or is willfully withholding it to shield its allegations from scrutiny. An inspection of the Rightscorp databases will provide key insight on this issue, and it would also reveal any other evidence Rightscorp possesses yet decided not to include in its litigation-driven spreadsheets.

An analogy may be useful. According to Rightscorp, Rightscorp's copyright infringement complaints to RCN ("notices") are akin to traffic tickets from a red-light camera. With those complaints, Rightscorp accused users of RCN's network of running a red light (committing copyright infringement), based on pictures taken by a red-light camera (per Rightscorp, bitfield data and other digital evidence obtained from the accused infringer). Just as a traffic ticket is not evidence that someone ran a red light, an email accusing someone of copyright infringement is not evidence that the infringement occurred. Thus, RCN wants to see the supposed red-light pictures, but Rightscorp is unable or unwilling to provide them. So now, RCN has made a very reasonable request for access to Rightscorp's collection of red-light camera captures (its system databases) to attempt to understand whether or to what extent Rightscorp's traffic tickets can be substantiated.

Even if Rightscorp were not a party, an inspection of Rightscorp's databases of infringement evidence would be reasonable and proper. It is undisputed that Plaintiffs' copyright infringement case is based entirely on evidence obtained from Rightscorp, who sold the evidence to Plaintiffs with the express understanding that it would be used to bring this lawsuit. Under the circumstances, Rightscorp cannot legitimately object to allowing RCN to inspect its databases to verify the accuracy and completeness of the evidence Plaintiffs are relying on. *See, e.g.*, Rightscorp's Ltr. at 2 ("In this lawsuit, Plaintiffs rely on Rightscorp's reports of infringement and supporting information to support their claims of copyright infringement asserted against RCN.").

## II. Rightscorp Never Took Issue with the Form of RCN's Inspection Request.

Rightscorp is trying to manufacture an issue by claiming that RCN did not properly ask for an opportunity to inspect Rightscorp's databases. <u>Rightscorp **never** raised this issue with RCN, even though the parties met and conferred about RCN's inspection request on multiple occasions</u>. If Rightscorp had made this procedural complaint, then RCN would have simply served a new Rule 34 request. And if RCN had done so, then Rightscorp would have refused to comply with RCN's request. It would have changed nothing.

The fact is, RCN clearly and unambiguously asked Rightscorp to permit an inspection of Rightscorp's databases to satisfy certain requests for documents and data, subject to whatever reasonable accommodations Rightscorp might demand, and Rightscorp said no. *See* Ex. D (ECF

No. 195-4). RCN first asked for access to these original databases over a year ago, on February 11, 2021. *See* Ex. B at 10–11 (2/12/21 Email from Z. Howenstine) (ECF No. 195-2). Rightscorp's claim that RCN is "shifting the goalposts" is just a continuation of its approach to RCN's request over the past year. Rightscorp has consistently sought to delay this discovery and avoid a resolution by claiming not to understand what RCN is asking for. *See id.*; *see also generally* Ex. B (ECF No. 195-2); Ex. C (ECF No. 195-3). What RCN is now seeking from Rightscorp—and has been seeking for over a year—could not be any clearer: access to the original databases containing Rightscorp's alleged evidence of copyright infringement.

It is also disingenuous of Rightscorp to claim that RCN waited too long to seek this relief and did so "without warning." Rightscorp's Ltr. at 5. In late September, RCN told Rightscorp that it believed the parties were at "an impasse" on this issue, while reiterating its willingness to discuss further and make any reasonable accommodations Rightscorp might request. *See* Ex. D at 2 (9/22/21 Email from Z. Howenstine) (ECF No. 195-4). Rightscorp never responded. Thus, RCN proceeded to file its discovery letter in compliance with the Court's December 30, 2021 deadline to submit disputes concerning written discovery. If RCN had filed that discovery letter in October instead of December, it would have changed nothing.

### III. Proportionality Weighs Strongly in Favor of Permitting an Inspection.

Given Plaintiffs' huge damages claim, RCN's request to inspect a discrete set of databases is "proportional to the needs of the case." One of the most important issues in this case is whether Plaintiffs can prove that RCN's subscribers committed direct copyright infringement. RCN therefore wants to inspect the databases that contain Rightscorp's alleged evidence of infringement—not "summaries" of cherry-picked information provided in spreadsheets, and not new databases created solely for purposes of this litigation. RCN respectfully submits that it is entitled to see the original underlying data obtained from the accused direct infringers. This is why the inspection is necessary.

Rightscorp is also wrong to suggest that the inspection is unnecessary because it has already produced "a massive volume of documents and data." Rightscorp's Ltr. at 5. None of these categories of documents constitute the digital evidence of alleged copyright infringement—bitfield data and the like—that allegedly corroborates Rightscorp's copyright infringement complaints. *See id.* at 5–6. The only thing that comes close is the "[t]hree large database files" (*id.* at 6), but it is undisputed that these files represent a selective (and potentially inaccurate) duplication of some subset of the information in the databases RCN has asked to inspect.

The Court should also reject Rightscorp's unsupported claims of burden and prejudice. Most importantly, although the parties met and conferred about this topic multiple times, **Rightscorp never raised any of these supposed burdens with RCN**. Rightscorp never claimed that an inspection would require it to cease all operations. Rightscorp never claimed that permitting access could result in the accidental deletion of important data. As a result, RCN is extremely skeptical of Rightscorp's claims, particularly given that they are not supported by any evidence, such as a sworn statement from someone involved in Rightscorp's operations. Rightscorp's attorney argument falls far short of the showing necessary to avoid discovery of indisputably relevant material. *See Barton v. RCI, LLC*, No. 3:10-cv-3657, 2013 WL 1338235, at *3 (D.N.J. Apr. 1, 2013) ("[T]he party resisting production of discovery bears the burden of establishing lack of relevancy or undue burden [and] must demonstrate to the Court that the requested documents either do not come within the broad scope of relevance as defined in [Rule]

26(b)(1) or else that they are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.").

Again, RCN repeatedly offered to make reasonable accommodations to address any concerns Rightscorp might have, but Rightscorp refused even to have that conversation. *See* Ex. D (ECF No. 195-4). For example, if Rightscorp had claimed that an inspection would disrupt Rightscorp's business, then RCN could have offered to conduct the inspection during the night or over a weekend when employees are not in the office. As another example, while RCN believes an Attorneys'-Eyes-Only designation under the protective order should address any confidentiality concerns (including concerns about information related to other ISPs), RCN would have entertained more stringent procedures, perhaps like those often used to control access to computer source code.

RCN simply wants an opportunity to inspect the databases that contain Plaintiffs' core evidence of alleged instances of direct copyright infringement—the infringement for which Plaintiffs seek to hold RCN liable. RCN should be permitted to evaluate the very evidence it must defend against. RCN remains willing to make any reasonable accommodations the Court believes are appropriate. Given the significance of this case, the clear relevance of the evidence at issue, and the amount in controversy, Rightscorp does not have a legitimate basis for opposing this basic discovery. *See* Fed. R. Civ. P. 26(b)(1).

### IV. The Court Should Order Rightscorp to Serve Initial Disclosures

Rightscorp's refusal to serve initial disclosures is baffling. Counsel for RCN raised this issue with Rightscorp's counsel no fewer than ***eight times*** before seeking relief from the Court and never received a substantive response. Rightscorp has been a party in this case since October 2020—for nearly a year and a half. *See* ECF No. 104. Rightscorp offers no authority supporting its argument that it should not be required to serve initial disclosures because it filed a motion to dismiss (an argument it never even attempted to make to RCN's counsel). *See* Rightscorp's Ltr. at 9–10. In fact, the plain text of Rule 26(a)(1)(D) refutes that argument. The Court should therefore order Rightscorp to serve initial disclosures pursuant to Rule 26(a)(1)(A).[1]

#### CONCLUSION

RCN respectfully requests that the Court grant the relief requested in RCN's original December 30, 2021 Discovery Letter (ECF No. 195). Counsel for RCN is available for teleconference or videoconference on these matters at the Court's convenience.

---

[1] It is immaterial that RCN did not serve its initial disclosures on Rightscorp. First, Rightscorp never asked for initial disclosures or complained about not receiving them. Second, RCN did serve initial disclosures on Plaintiffs, whose counsel frequently speaks for Rightscorp and who are paying Rightscorp to participate in this case.

ARMSTRONG TEASDALE LLP

Hon. Tonianne J. Bongiovanni
Page 5

        Respectfully Submitted,

        */s/ Edward F. Behm, Jr.*
        Edward F. Behm, Jr.

CC:    All counsel of record via ECF