

**Edward F. Behm, Esquire**
Direct **T** 267.780.2030  **F** 215.405.9070
ebehm@atllp.com

February 14, 2022

**VIA EMAIL AND ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
      Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

  This firm represents Defendants (collectively, "RCN") in the above-referenced matter. We write to reply briefly to Plaintiffs' January 31, 2022 Discovery Letter Brief (ECF No. 199) ("Pls.' Ltr."), which responded to RCN's December 30, 2021 Discovery Letter Brief (ECF No. 196) ("RCN's Ltr.") concerning Plaintiffs' refusal to answer RCN's Interrogatory No. 12.

  As detailed in RCN's letter, the factfinder is entitled to consider an array of factors in setting a statutory damages award, including the plaintiff's actual damages and the conduct of the parties. *See, e.g.*, *Impulsive Music, Inc. v. Bryclear Enters., LLC*, 483 F. Supp. 2d 188, 190 (D. Conn. 2007) ("In making a statutory award, the court . . . may take into account the attitude and conduct of the parties.") (quoting *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989)). Plaintiffs' decision not to protect their digital sound recordings with DRM is within the scope of this inquiry. Moreover, Plaintiffs do not show that they would suffer any undue burden associated with merely identifying individuals with knowledge of this subject—which is all RCN seeks in Interrogatory No. 12.

  RCN therefore respectfully requests that the Court grant the relief requested in RCN's original December 30, 2021 Discovery Letter (ECF No. 196). Counsel for RCN is available for teleconference or videoconference on these matters at the Court's convenience.

            Respectfully Submitted,

            */s/ Edward F. Behm, Jr.*
            Edward F. Behm, Jr.

CC: All counsel of record via ECF