# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

March 25, 2022

**VIA EMAIL AND ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
                Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

This firm, Jenner & Block LLP, and Stein Mitchell Beato & Missner LLP jointly represent Plaintiffs in the above-referenced action. We write in response to the letter filed by Defendants RCN Telecom Services, LLC, *et al.* (collectively, "RCN") requesting leave to redact subscriber information contained in documents that RCN concedes it improperly withheld as privileged and included on its privilege log. *See* ECF 208. Because RCN has never before raised its purported basis for redactions, does not articulate the specific information it seeks to redact, and relies on authorities that compel the *disclosure* of information in discovery, RCN's request should be denied.

    **I.**    **Background**

As the Court is aware, RCN has refused to produce more than 1,600 documents responsive to Plaintiffs' document requests purportedly because they are privileged. *See* ECF 194 at 9-10 (describing RCN's privilege logs). Plaintiffs met and conferred with RCN multiple times regarding the scope of RCN's privilege assertions and were ultimately forced to challenge many of those privilege assertions with the Court because they were facially unjustified. *See id.* at 9-13. As part of that challenge, Plaintiffs identified "at least 19 documents that appear to reflect underlying factual information concerning RCN's knowledge of the copyright infringement notices it received from third parties." *Id.* at 13. Despite having refused to produce these documents on the basis of privilege, RCN conceded that these documents were not actually privileged. *See* ECF 197 at 10. However, RCN still did not agree to produce these documents and fabricated a brand new claim that it could not produce these documents in full because they

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
March 25, 2022
Page 2

contained "highly sensitive customer information" subject to unspecified "privacy obligations." *Id.*

Recognizing that RCN had plainly failed to substantiate its claim that there was sensitive customer information warranting any redactions, the Court ordered RCN either to produce unredacted versions of the documents or provide "argument supported by relevant case law" justifying the redaction request. ECF 205 at 12 ("Order").

RCN did not produce the documents. Instead, it claimed—for the ***first time*** in this litigation—that it should be permitted to redact customer information pursuant to the Cable Communications Privacy Act (the "Cable Act"). *See* ECF 208. But the Cable Act does not preclude the production of customer information. Rather, it authorizes the production of this information so long as the internet service provider ("ISP") provides notice to the subscribers at issue. Thus, RCN's position (not overtly presented to this Court) is that it should be allowed to redact information so that it does not need to comply with the notice requirements of the Cable Act. To be clear, neither the Cable Act nor any case authority supports RCN's newly minted argument.

**II.    Argument**

RCN should be required to comply with the Cable Act's notice requirement and produce the documents in full. First, because RCN failed to describe the information it seeks to redact, it has not demonstrated that the documents at issue contain information subject to the Cable Act. Second, even if the documents do contain information regulated by the Cable Act, the authorities that RCN cited clearly support disclosure of subscriber information in copyright litigation like this action.

      **A.    RCN Failed to Describe the Information It Seeks to Redact.**

As a threshold matter, RCN has never articulated exactly what types of information it seeks to redact from the documents at issue. While RCN claims that the documents contain its subscribers' "personal information," it has never articulated what that means—*i.e.*, whether RCN seeks to redact anonymized account numbers, more sensitive information like social security numbers, or something else entirely. Thus, the Court has no basis to conclude that the information RCN seeks to redact is regulated by the Cable Act. Moreover, Plaintiffs have no basis to evaluate whether RCN's proposed redactions affect Plaintiffs' ability to access the relevant information in the documents. Given that the need for redactions is nothing more than a recently fabricated excuse once RCN's claim of privilege was exposed as specious, RCN's failure to identify what it proposes to redact, standing alone, compels denial of RCN's request.

**McElroy Deutsch**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
March 25, 2022
Page 3

        **B.**      **The Legal Authorities Cited by RCN Demonstrate That Subscriber Information Is Routinely Disclosed in Copyright Litigation Against ISPs.**

Even if the documents at issue do contain information subject to the Cable Act, the Court should not permit RCN to circumvent the Act's notice requirements by implementing redactions not authorized by the Act. Indeed, the only legal authorities RCN submitted in response to the Court's request to provide "relevant case law" demonstrate that subscriber information is routinely disclosed in copyright litigation involving ISPs.

Critically, the Cable Act does not prevent ISPs like RCN from producing subscriber information in civil litigation. Rather, the Cable Act requires that subscribers be notified in advance of such disclosure and be given an opportunity to object. Thus, in each of the four cases RCN cites, the plaintiffs seeking subscriber information from ISPs prevailed in obtaining that information after the ISPs complied with the Cable Act's procedures.[1] Those cases conclusively refute RCN's attempt to invoke the Cable Act to avoid disclosure.

Moreover, the authorities cited by RCN demonstrate that information identifying an ISP's subscribers who allegedly engaged in direct copyright infringement is relevant to an infringement action seeking to hold the ISP secondarily liable for that conduct. Indeed, in one of those cases, the court held that subscriber information is useful to "determine whether the subscribers received notifications and any disciplinary measures from" the defendant ISP and is otherwise relevant to "actions [the ISP] has taken in response to complaints, such as notifications to the account holder, account suspensions, and account terminations." ECF 208, Ex. A at 3. Those issues may affect, *inter alia*, whether an ISP had knowledge of the infringements at issue and whether an ISP maintained an adequate repeat infringer termination policy necessary to be eligible for a safe harbor defense under the DMCA. Here, it is evident from the names of the 19 documents at issue that these documents potentially demonstrate RCN's knowledge of infringement and may affect RCN's safe harbor eligibility, as they consist of infringement notice notification lists, network access termination logs, and other data related to infringement notices. *See* ECF 194 at 13. Thus, redacting the subscriber information contained in these documents would deprive Plaintiffs of non-privileged information that is relevant to disputed issues in this case.

Complying with the Cable Act's notice requirements is also proportional to the needs of this case. In fact, three of the authorities RCN cites are from cases in which some of the same Plaintiffs here are litigating against other ISPs on the same theories of secondary copyright

---

[1] *See* ECF 208, Ex. A-D (Jan. 19, 2022 Order, *After II Movie LLC v. WideOpenWest Finance, LLC*, No. 1:21-cv-01901 (D. Colo.); Oct. 27, 2020 Order, *UMG Recordings, Inc. v. Bright House Networks, LLC*, No. 8:19-cv-00710 (M.D. Fla.); June 5, 2020 Special Master's Order, *Warner Bros. Records Inc. v. Charter Commc'ns, Inc.*, No. 1:19-cv-00874 (D. Colo.); May 6, 2019 Stipulated Order, *Sony Music Ent'mt v. Cox Commc'ns, Inc.*, No. 1:18-cv-00950 (E.D. Va.)).

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
March 25, 2022
Page 4

liability alleged against RCN.  *See* ECF 208, Exs. B-D.  In all of those cases, the courts issued orders requiring the ISPs to comply with the Cable Act's notice requirements and produce subscriber information to the plaintiffs.  *See id.*  RCN offers no explanation why notifying its subscribers would impose a burden greater than the burden imposed on the ISPs in the cases it cites.  Further, while RCN claims that disclosure would also burden the Court because it would have to resolve any individual objections, it provides no basis to conclude that any such objections would be significant.  Indeed, a subsequent order in one of the cases RCN cites referenced just six subscriber objections received by the court.  *See Warner Bros. Records Inc. v. Charter Commc'ns, Inc.*, No. 19-cv-874, ECF 244, Special Master's Order (D. Colo. Sept. 21, 2020).

In a last-ditch effort to avoid disclosure, RCN claims that such disclosure is unnecessary based on Plaintiffs' purported failure to "[seek] discovery of the identities of any of RCN's subscribers." ECF 208 at 1.  This assertion ignores that Plaintiffs propounded multiple requests for production that include customer information within their scope, such as all documents concerning the suspension or termination of customer accounts for violations of RCN's purported repeat infringer termination policy.  More importantly, RCN cites no authorities holding that such specificity is required.  RCN concedes that the documents at issue are responsive to Plaintiffs' document requests.  Indeed, that is why RCN was obligated to disclose the existence of these documents in its privilege log.  Now having conceded the documents are not privileged, RCN is now obligated to produce them in full, even if that means it must first comply with the Cable Act's notice provision.

### III.   Conclusion

Contrary to RCN's unsupported claims, the notice provision in the Cable Act provides no basis for RCN to redact information relevant to RCN's course of conduct in relation to copyright infringement on its network.  Plaintiffs therefore respectfully request that the Court deny RCN's request to redact subscriber information and instead require RCN to comply with the Cable Act and produce the documents in full.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

*s/ Thomas R. Curtin*

Thomas R. Curtin

cc:  All counsel (via ECF and e-mail)