# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

April 21, 2022

**VIA EMAIL AND ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
      Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

  This firm, Jenner & Block LLP, and Stein Mitchell Beato & Missner LLP jointly represent Plaintiffs in the above-referenced action. We write in response to the spreadsheet that Defendants RCN Telecom Services, LLC, *et al.* (collectively, "RCN") submitted to the Court *ex parte* on April 15, 2022, as well as the letter RCN filed on the public docket the same day. *See* ECF 210. Plaintiffs understand that the Court does not presently intend to consider these materials in resolving Plaintiffs' objections to RCN's privilege assertions, and instead intends to rely only on the letter briefs the parties previously filed and the documents RCN was required to submit for an *in camera* review. Plaintiffs respectfully submit this letter only so that the Court is aware of Plaintiffs' positions in the event the Court chooses to consider RCN's most recent submissions. In that circumstance, Plaintiffs submit that RCN's April 15 letter provides no basis to limit the production of documents RCN has improperly withheld and request that the Court not consider the spreadsheet when conducting its *in camera* review.

  In its Letter Order dated March 8, 2022 (the "Order"), the Court determined that there were facts "calling into question" RCN's withholding of documents on the alleged basis of attorney-client privilege. ECF 205 at 12. Accordingly, the Court permitted Plaintiffs to select 30 entries from RCN's privilege log and compelled RCN "to produce the documents to the Court for an *in camera* review." *Id.* The Order did not permit RCN to make any additional arguments about its privilege assertions. Nevertheless, on the same day RCN was required to produce the documents Plaintiffs selected, it filed its April 15 letter and indicated that it had included with the documents "a spreadsheet that lists the selected documents and the nature of RCN's privilege claims." ECF 210 at 1.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
April 21, 2022
Page 2

      Because the spreadsheet constitutes unauthorized *ex parte* argument about RCN's privilege assertions, the Court should ignore the spreadsheet and base its review on the documents themselves and the descriptions of those documents on RCN's privilege log. As an initial matter, RCN did not affirmatively disclose its spreadsheet to Plaintiffs. Plaintiffs became aware of the spreadsheet only because RCN referenced it in its letter filed on the public docket. And Plaintiffs obtained a copy of the spreadsheet only because they demanded that RCN provide one. More importantly, the information in RCN's spreadsheet *differs* from the privilege assertions RCN made in its privilege log. In particular, the spreadsheet includes a column titled "In Camera Review Description" that makes different representations about the documents at issue than were previously disclosed to and addressed by Plaintiffs. Thus, it cannot be disputed that RCN created the spreadsheet to make additional arguments to the Court after Plaintiffs made their document selections that Plaintiffs would have no ability to address. Accordingly, the Court should limit its *in camera* review only to the documents it required RCN to produce and the descriptions of those documents in the privilege log RCN served on Plaintiffs.

      RCN's gamesmanship must also be viewed in light of its ongoing efforts to misuse the attorney-client privilege to hide material and relevant evidence. As the Court may remember, RCN argued that it should not be ordered to search and collect responsive documents from the custodial email file of its CEO, Jim Holanda, because Mr. Holanda lacked sufficient personal knowledge and was thus "not an appropriate document custodian." ECF 197 at 5. However, in response to the Order's requirement that RCN search and produce responsive documents from Mr. Holanda's file, RCN served a *44-page supplemental privilege log* listing more than 400 responsive documents in Mr. Holanda's email account (while producing only ten documents). Not surprisingly, RCN made no attempt to reconcile the existence of such a large trove of responsive documents with its prior representation to the Court about the limited scope of Mr. Holanda's involvement. Plaintiffs are still in the process of reviewing RCN's supplemental privilege log and intend to raise any specific deficiencies with RCN in the first instance. Because it is manifest that RCN has a primary strategy to invoke the attorney-client privilege improperly to avoid producing responsive and inculpatory documents, Plaintiffs reserve the right to bring additional privilege challenges to the Court's attention.

      For these reasons and all those Plaintiffs have already articulated, *see* ECF 194, 200, Plaintiffs respectfully request that the Court ignore RCN's *ex parte* spreadsheet, conduct its *in camera* privilege review on the basis of the documents RCN produced and the statements in RCN's privilege log, and compel RCN to produce all documents it improperly withheld.[1]

---

[1] The Court should also reject RCN's request that any production be made subject to an order pursuant to Fed. R. Evid. 502(d). That rule permits courts to limit privilege waivers when otherwise privileged information is disclosed in a case. Here, RCN's documents are not privileged at all, so there is no waiver to consider. Indeed, the entry of a Rule 502(d) order in this circumstance would permit RCN to argue in another proceeding that the same documents at issue here are privileged even if the Court determines otherwise. Such a result would constitute an abuse of Rule 502(d).

McElroy, Deutsch, Mulvaney & Carpenter, LLP

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
April 21, 2022
Page 3

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*s/ Thomas R. Curtin*

THOMAS R. CURTIN

cc:  All counsel (via ECF and e-mail)