# Law Office of Brian J. Levine

75 NORTH BRIDGE STREET
SOMERVILLE, NEW JERSEY 08876
Phone: (908) 243-0111    Fax: (908) 243-0222
_____

www.bllawnj.com
blevine@bllawnj.com

BRIAN J. LEVINE [*]
LISA PEZZANO MICKEY [1]
(Of Counsel)
_____

[*] Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney
_____

[1] Also Admitted in New York

May 10, 2022

**VIA EMAIL AND ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *UMG Records, Inc. et al. v. RCN Telecom Services, LLC, et al.*
             Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

      This firm, along with Steptoe & Johnson LLP, represents third parties Rightscorp, Inc., and Christopher Sabec, in the above-referenced matter. Pursuant to Local Civil Rule 37.1(a)(1), we submit this letter seeking a protective order related to four Rightscorp-related depositions sought by RCN: (1) a corporate deposition of Rightscorp; (2) Cecil Kyte, Rightscorp's CEO; (3) Greg Boswell, Rightscorp's chief technology officer; and (4) Christopher Sabec, Rightscorp's former CEO. The requested deposition testimony is disproportionate to the needs of the case in view of Rightscorp's status as a third party, and it is duplicative of prior testimony related to the Rightscorp's system and business—including testimony taken in another case by the very same lawyers representing RCN in this action. RCN's subpoenas themselves are also duplicative: the requested corporate deposition will substantially overlap with the subject matter to be covered by the noticed individuals. As explained below, RCN refuses to acknowledge Rightscorp's status as a third party, or the fact that the sought-after testimony is duplicative, burdensome, and harassing: during the meet and confer process, RCN flatly rejected *any* limitation on further deposition discovery of Rightscorp witnesses.

Hon. Tonianne J. Bongiovanni, U.S.M.J.
May 10, 2022
Page 2

A protective order is needed to prevent these burdensome and unnecessary depositions from proceeding and to require RCN to meaningfully confer with Rightscorp's counsel on the number, timing, and scope of Rightscorp-related depositions.

RCN originally noticed these depositions when Rightscorp's second motion to dismiss was still pending and RCN mistakenly believed Rightscorp was a proper party to this case. Rightscorp met and conferred with RCN about the timing, scope, and number of Rightscorp depositions on April 29, 2022. Even though the Court dismissed Rightscorp as a party (for the second time) that same day, RCN refused to consider any limitation on the scope of its depositions of Rightscorp witnesses. Counsel for Rightscorp also asked whether RCN would be willing to narrow the scope of depositions of Rightscorp and its personnel given that Rightscorp has been deposed at length in prior cases, including by RCN's lawyers in this case. RCN steadfastly refused any scope limitation. Instead, RCN has decided to charge forward, converting three of the earlier served party deposition notices into Rule 45 subpoenas. Now, with subpoenas issued, the parties are at an impasse and a protective order should be issued until such time that the number and scope of depositions RCN seeks to take of Rightscorp are limited appropriately.

On April 29, 2022, the Court confirmed what Rightscorp has argued for over a year—RCN's counterclaim against Rightscorp was baseless, and Rightscorp was never properly a party to this lawsuit. (*See* ECF 212, 213.) Nevertheless, RCN persists in its unflinching campaign to distract from the merits of the plaintiffs' case against it by training its focus on Rightscorp and indeed by harassing Rightscorp with overbroad and unjustified discovery demands.

RCN already has in its possession all the deposition and trial testimony from Rightscorp and its employees (as well as from Mr. Sabec) where similar claims were asserted against internet service providers like RCN. Specifically, RCN already has the following testimony from Rightscorp and its witnesses:

| **Witness** | **Date** | **Case** |
|---|---|---|
| Greg Boswell – Rule 30(b)(6) | 8/18/2018 | *UMG Recordings, Inc., v. Grande Communications Networks, LLC*, No. A-17-CA-365 (W.D. Tex.) |
| Greg Boswell – Rule 30(b)(6) | 7/3/2015 | *BMG Rights Management (US) LLC v. Cox Communications*, No. 1:14-cv-1611 (E.D.Va,) |
| Greg Boswell – Trial Testimony | 12/8/2015 | *BMG Rights Management (US) LLC v. Cox Communications*, No. 1:14-cv-1611 (E.D.Va,) |
| Greg Boswell | 6/26/2019 | *UMG Recordings, Inc., v. Grande Communications Networks, LLC*, No. A-17-CA-365 (W.D. Tex.) |
| Christopher Sabec – Rule 30(b)(6) | 7/7/2015 | *BMG v. Rights Management (US) LLC, v. Cox Communications*, Civil No. 1:14-cv-1611 (E.D.Va,) |

Hon. Tonianne J. Bongiovanni, U.S.M.J.
May 10, 2022
Page 3

| Christopher Sabec – Rule 30(b)(6) | 7/8/2015 | *BMG v. Rights Management (US) LLC, v. Cox Communications*, Civil No. 1:14-cv-1611 (E.D.Va,) |
|---|---|---|
| Christopher Sabec – Rule 30(b)(6) | 8/21/2015 | *BMG v. Rights Management (US) LLC, v. Cox Communications*, Civil No. 1:14-cv-1611 (E.D.Va,) |
| Christopher Sabec – Rule 30(b)(6) | 8/7/2018 | *UMG Recordings, Inc., v. Grande Communications Networks, LLC*, No. A-17-CA-365 (W.D. Tex.) |

Notwithstanding the mountain of relevant sworn testimony already in its possession, RCN has issued a series of third-party deposition subpoenas to two Rightscorp employees (Greg Boswell and Cecil Kyte), a former employee of Rightscorp (Christopher Sabec), and to Rightscorp itself, listing twenty-eight sweeping topics.[1]

RCN is entitled to discovery only to the extent it is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The extent of RCN's discovery demands must be limited—even if the subject matter is relevant—if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Rightscorp does not deny that RCN is entitled to depose Rightscorp witnesses regarding RCN-specific aspects of Rightscorp's technology, data, or business practices, if any, and to ask about changes in RCN's technology or business practices, if any, since the prior testimony.[2] But such new or RCN-specific developments are minimal. Rightscorp's business and technology has not changed since the prior depositions or with regard to RCN in particular. RCN does not need three full seven-hour depositions (plus a corporate deposition) for information that can likely be addressed in a much shorter and far less burdensome timeframe.

In considering the reasonableness of a third-party discovery subpoena, courts in this Circuit regularly consider numerous factors, including the party's need for the requested information, the breadth of the request, and the time period covered by the request. *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021). In analogous situations, such as where a witness has already been deposed in a case, but "where new claims, evidence or counterclaims have been asserted since the first deposition," district courts in this circuit have routinely held that "the areas of inquiry will be strictly limited to the newly filed claims or newly disclosed information." *York Grp., Inc. v. Pontone*, No. 2:10-CV-1078-JFC, 2012 WL 12895532, at *2 (W.D. Pa. Sept. 27, 2012) (collecting cases); *cf. also* Advisory Committee Notes on 2000 Amendment to Fed. R. Civ. P. 30(d) ("duplicative questioning should be avoided").

Here, Rightscorp and its employees have already been deposed on numerous occasions regarding the exact same facts on essentially identical claims, as the chart above demonstrates.

---

[1] The subpoenas are attached hereto as Exhibits 1–4.
[2] Rightscorp notes this in particular because RCN has repeatedly mischaracterized Rightscorp's position as stating the contrary.

Hon. Tonianne J. Bongiovanni, U.S.M.J.
May 10, 2022
Page 4

Further, RCN's counsel in this action also represent Grande Communications (which is a sibling company to RCN) in the action filed against it. Thus, the very same attorneys seeking Rightscorp's depositions in this case have already deposed Rightscorp's witnesses in the Grande case. It would be wholly appropriate, therefore, to limit RCN's depositions of Rightscorp witnesses to new developments since the prior depositions, RCN-specific facts, and relevant facts that had not been explored in prior depositions.

RCN has no intention to exercise such restraint. When the parties met and conferred regarding these depositions,[3] Rightscorp asked RCN to identify what relevant information RCN sought that had not already been addressed in prior depositions, in an effort to identify workable limitations on the scope of the depositions and to limit the burden on Rightscorp. Counsel for RCN refused. They insisted that RCN was entitled to depose Rightscorp's witnesses without any subject-matter limitations, citing nothing more than the fact that the prior testimony involved different defendants. Nor would RCN commit to limiting the number of Rightscorp depositions to the number that had already been noticed.

RCN's intransigence regarding even entertaining reasonable limitations on Rightscorp depositions reveals RCN's true purpose: to harass Rightscorp and distract from the merits of plaintiffs' case against RCN. Otherwise, RCN should welcome the opportunity to focus its deposition efforts on facts that have not already been covered in prior sworn testimony. RCN's harassing purpose is further demonstrated by the breadth and limited relevance of the topics it proposes for its Rule 30(b)(6) deposition. Many topics have no relevance to the plaintiffs' case, and instead appear to be designed to continue litigating RCN's failed counterclaims. Just by way of example:

> ➢ Topic 23: "Rightscorp's consideration of whether to digitally sign Rightscorp Emails using the PGP protocol or another form of digital verification, including Rightscorp's knowledge of RCN's requirement that copyright infringement complaints sent to RCN be digitally signed using the PGP protocol."

But this topic has no relevance to any of the claims and defenses in the case. Indeed, in dismissing RCN's counterclaim with prejudice, Judge Shipp observed that RCN "fail[ed] to identify any statutory or legal authority that requires Rightscorp to format its infringement notifications in accordance with Internet Providers' preferences. Even if Rightscorp could have saved [RCN] 'time and effort' by following their DMCA Policy, any additional costs to Internet Providers are based on how they *chose* to design their system." Dkt. No. 212, Mem. Op. at 8–9.

RCN also proposes topics that extend back more than ten years (well outside the limitations period for the plaintiffs' claims), including "Rightscorp's revenues, expenses, and profits, annually from 2011 to present" and "[c]hanges made to the Rightscorp System since 2011 to improve its accuracy or reliability," among other changes. The majority of the remaining topics in Rightscorp deposition subpoena related to the basic operation of Rightscorp's

---

[3] Due to the timing of the Court's decision on Rightscorp's motion to dismiss, this discussion occurred in the context of first-party deposition notices, but counsel for RCN made clear RCN would not accept any limitations even in the context of third-party subpoenas.

Hon. Tonianne J. Bongiovanni, U.S.M.J.
May 10, 2022
Page 5

infringement detection system and business—all of which have been covered at length in the above-referenced testimony. Given the extent to which such topics have already been addressed by prior deposition testimony, RCN's refusal to even consider limitations on such scope is unreasonable and warrants a protective order.

The disproportionality of RCN's deposition demands is particularly stark with regard to Mr. Sabec, who has not worked at Rightscorp since 2018. Indeed, RCN already possesses transcripts of numerous depositions of Mr. Sabec. RCN has no legitimate need to take a full deposition day to retread old ground with Mr. Sabec; it has identified none. *See Servis One, Inc. v. OKS Grp. Int'l Pvt. Ltd.*, No. 20-CV-4661, 2022 WL 605439, at *7 (E.D. Pa. Feb. 28, 2022), *objections overruled sub nom. SERVIS ONE, INC., et al. Plaintiff, v. OKS GROUP, LLC et al., Defendants. Additional Party Names: BSI Fin. Holdings, Inc., Entra Sols. Pvt, LTD, Gagan Sharma, OKS Grp. Int'l Pvt. LTD, Vinit Khanna*, No. CV 20-4661, 2022 WL 1399087 (E.D. Pa. May 4, 2022) (limiting to three hours and to specific issues deposition of witness whose involvement with the defendant postdated the key events in question).

RCN's Rule 45 deposition subpoenas on Rightscorp, its employees, and Mr. Sabec, are unreasonably duplicative of the significant sworn testimony already in RCN's possession. RCN has not and cannot demonstrate any reasonable basis for deposing these witnesses without any limitations on scope or time. To prevent the unnecessary and undue burden of lengthy and duplicative depositions, the Court should issue a protective order preventing these depositions from proceeding until such time RCN meaningfully works with Rightscorp's counsel to arrive at an agreed-on set of depositions limited in time and scope that will not retread at length previously covered subjects and will focus inquiries on RCN specific information.

                                                       Respectfully submitted,

                                                      /s/ *Brian J. Levine*

                                                      BRIAN J. LEVINE