**McElroy Deutsch**

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

May 10, 2022

<u>**VIA EMAIL AND ECF**</u>

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
      Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

  This firm, Jenner & Block LLP, and Stein Mitchell Beato & Missner LLP jointly represent Plaintiffs in the above-referenced action. Pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 37.1(a)(1), we respectfully request that the Court issue a protective order staying all fact depositions in this action until your Honor has determined that Defendants RCN Telecom Services, LLC, *et al.* ("RCN") have complied with all their document discovery obligations in this action. Plaintiffs are very motivated to move this case forward and complete discovery as soon as possible. However, RCN is trying to move forward with the depositions it wants to take at the same time that it is withholding material evidence that prevents Plaintiffs from taking the depositions they want to take. It is only fair that discovery should be conducted on an even playing field: a protective order is necessary to prevent RCN from leveraging its failure to comply with its discovery obligations into an improper prioritization of the fact depositions it wants to take in this case.[1]

  The precipitating factor here is that it appears RCN has deployed a strategy to deprive Plaintiffs of any relevant documents about the development and implementation of its so-called "DMCA Policy," as well as documents related to its awareness of copyright infringement on its network. RCN knows that such documents are critically important to this case. It closely monitored two lawsuits brought against Cox Communications based on the same theories of liability that Plaintiffs are pursuing against RCN. When those cases proceeded to trial—one in 2015, one in 2019—Cox's internal documents on these issues played a prominent role and supported the jury verdicts against Cox.

---

[1] Plaintiffs met and conferred with RCN about this issue before filing this letter and certify that the parties are at an impasse.

**McElroy Deutsch**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
May 10, 2022
Page 2

      As a result, RCN developed and implemented a multi-pronged strategy that it hoped would enable it to avoid producing any material documents bearing on these issues. Uncovering that strategy required Plaintiffs to expend considerable time and resources. *See* ECF 194 at 4 (describing Plaintiffs' efforts); ECF 200 at 3 & n.5 (same). Originally, RCN withheld more than 1,600 communications about its DMCA Policy, while it produced just 427 internal, non-automated communications about any subject matter. *See* ECF 194 at 9. Plaintiffs eventually learned that RCN avoided searching the email files of key witnesses and baselessly withheld hundreds of documents ostensibly due to privilege. Plaintiffs have already described these efforts to the Court, including the facts that RCN (a) refused to collect documents from its CEO, Jim Holanda, even though a third party produced a document from Mr. Holanda demonstrating he had nonduplicative relevant documents in his email file; (b) asserted privilege over more than 100 communications from key RCN witnesses that did not involve any attorneys at all; and (c) asserted privilege over more than 600 communications, again from key witnesses, that included attorneys who never participated in the relevant discussions. *See* ECF 194 at 5-13.

      RCN's subsequent conduct underscores how committed it is to secreting these critical documents. Specifically, after the Court ordered RCN to collect, search, and produce Mr. Holanda's emails, RCN has continued to try to hide as many of Mr. Holanda's relevant documents as possible. First, after arguing to the Court that Mr. Holanda was "not involved in the DMCA process at RCN and is therefore not an appropriate document custodian," ECF 197 at 5, RCN was forced to disclose that Mr. Holanda either sent or received more than 400 responsive documents and had bi-weekly phone calls that addressed relevant issues. However, rather than produce Mr. Holanda's documents, RCN again made hundreds of facially baseless privilege assertions. Indeed, RCN produced just 10 documents and served a 44-page supplemental privilege log withholding more than 400 additional documents in Mr. Holanda's account. *See* ECF 211 at 2. For hundreds of those documents, RCN appears to concede they are not privileged at all, but it continues to withhold them nevertheless. Dozens of other documents either did not include any lawyers, included lawyers who never participated in the discussions, or were disclosed to third parties. Further, the evidence strongly suggests that RCN's efforts to collect Mr. Holanda's emails were inadequate, as RCN's production failed to disclose the very email that Plaintiffs invoked to support their application as well as other documents that likely exist in Mr. Holanda's email account.

      These issues are still unresolved. Plaintiffs sent a letter to RCN on April 25, 2022 raising their disputes with RCN and seeking to meet and confer about them before presenting them to the Court. The parties arranged to meet on May 3, but hours before the meeting, RCN requested an adjournment because it was ostensibly still evaluating Plaintiffs' letter and intended to "update" its privilege log and produce "some" additional documents. Plaintiffs agreed to the adjournment to give RCN sufficient time and requested that RCN agree to postpone fact depositions until these document issues were resolved. RCN refused.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
May 10, 2022
Page 3

      While RCN claims still to be considering the issues Plaintiffs raised, it seems inevitable that Plaintiffs will be forced to seek the Court's intervention yet again to ensure that RCN complies with its discovery obligations. These delays have prejudiced Plaintiffs' ability to analyze core issues in this case, determine what depositions they seek to take, and prepare for those depositions. As noted above, the documents RCN is improperly withholding bear on critical issues, which is undoubtedly why RCN is going to such great lengths to conceal them. Moreover, those documents involve nearly every potentially relevant RCN witness, making it impossible for Plaintiffs to prepare for depositions adequately before those documents are produced. In sum, RCN's efforts to avoid producing all its relevant documents are now preventing Plaintiffs from moving this case forward.

      By contrast, it is beyond dispute that Plaintiffs and third parties the Recording Industry Association of America ("RIAA") and Rightscorp Inc. ("Rightscorp") have completed their document discovery obligations.[2] As a result, RCN is now in a position to take fact depositions and has the temerity to try to take advantage of the inequity in document production by aggressively seeking to move forward with its fact depositions while simultaneously preventing Plaintiffs from being in a position to pursue depositions of their own.[3]

      Accordingly, Plaintiffs respectfully submit that a protective order staying fact depositions until the Court determines that RCN has complied with all its document discovery obligations is necessary. Good cause exists to issue such an order to prevent RCN from obtaining a *de facto* prioritization of its depositions. Rule 26 has long been designed to facilitate the "alteration in the taking of depositions" by all parties based on the assumption that "they bargain on an equal footing" in proceeding through discovery. Fed. R. Civ. P. 26, Advisory Committee's Notes to 1970 Amendment. However, RCN seeks to upend this balance. Thus, a protective order will do nothing more than return the parties to the "equal footing" they would have if RCN had not improperly withheld documents and forced Plaintiffs to seek relief from the Court. Any other outcome would reward RCN for its misconduct.

---

[2] The RIAA and Rightscorp were formerly parties to RCN's counterclaim in this case. However, on April 29, 2022, the district court dismissed that counterclaim with prejudice. *See* ECF 213.

[3] Before the district court dismissed RCN's counterclaim, RCN served deposition notices on Plaintiffs, the RIAA, and Rightscorp. After the district court's order, RCN served deposition subpoenas on Rightscorp and indicated that it intends to proceed with those depositions now. Plaintiffs understand that RCN and Rightscorp dispute the proper number and scope of Rightscorp depositions in this action, and Plaintiffs support Rightscorp's concurrently filed application to limit the discovery RCN seeks to take in light of the duplicative nature of the testimony RCN seeks and Rightscorp's proper status as a third party.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
May 10, 2022
Page 4

   Thus, for all the reasons stated above, Plaintiffs respectfully request that the Court enter a protective order pursuant to Rule 26(c) staying all fact depositions until it has determined that RCN's document production is complete.

               Respectfully submitted,

            McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

                *s/ Thomas R. Curtin*

                THOMAS R. CURTIN

cc: All counsel (via ECF and e-mail)