# Law Office of Brian J. Levine

75 NORTH BRIDGE STREET
SOMERVILLE, NEW JERSEY 08876
Phone: (908) 243-0111   Fax: (908) 243-0222

www.bllawnj.com
blevine@bllawnj.com

BRIAN J. LEVINE [*]
LISA PEZZANO MICKEY [1]
(Of Counsel)

[*] Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

[1] Also Admitted in New York

June 3, 2022

**VIA EMAIL AND ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:   *UMG Records, Inc. et al. v. RCN Telecom Services, LLC, et al.*
              Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

      Rightscorp and Christopher Sabec respectfully submit this reply to RCN's May 24 letter (Dkt. 221).

      RCN's letter completely fails to acknowledge the fact that Rightscorp and its personnel have been deposed for days on end related to the inner workings of their infringement detection system—including by the very lawyers representing RCN in this case. RCN's lawyers have access to a substantial amount of Rightscorp sworn testimony from which it is clear how the system was designed, how infringements are detected and how ISPs (like RCN here) are notified of those infringements. The Rightscorp system detects online copyright infringement the same way, regardless of ISP, and RCN's lawyers know that full well.

      Rather than acknowledging that they are not starting from scratch and have available a trove of sworn Rightscorp testimony that is directly relevant to the claims and defenses in this case, RCN offers a handful of excuses as to why it should be permitted to take whatever discovery it wants of Rightscorp without any scope limitation. RCN argues, for example, that it should be able to conduct discovery into its defenses. Rightscorp agrees, and to the extent RCN seeks to depose Rightscorp personnel in relevant and substantive areas that have not already been

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 2

covered at length in prior testimony (including that conducted by RCN's own counsel on behalf of RCN's sister company, Grande), Rightscorp is amenable. RCN, however, was unwilling to discuss or engage in any reasonable limitation on scope, thus prompting the filing of this motion.

Rightscorp—a non-party infringement-detection company—has had a bullseye on its back since this case began. RCN has tried and failed *twice* to make Rightscorp a party. It is not surprising that RCN now seeks *four* Rightscorp related depositions including one of the company, and three current or former employees. And, RCN refuses to acknowledge whether additional Rightscorp depositions will be sought. RCN's claim that it "went out of its way to avoid a dispute regarding these subpoenas" (Dkt. 221 at 2) is simply false and contradicted by its wholesale treatment of Rightscorp since this case began. RCN's motives here are transparent, and RCN should not be permitted to depose Rightscorp, unchecked, on issues where the company and its personnel have been deposed at length. Such unfettered deposition access is not proportional to the needs of the case.

RCN also posits that it should be able to take four unbounded Rightscorp depositions because Rightscorp is being compensated as a third-party service provider. Somehow, RCN contends, this makes Rightscorp immune from abusive discovery tactics and authorizes RCN to retread ground that has been covered at length in deposition, including by RCN's own lawyers. The fact that Rightscorp has received compensation for its data services does not in any way make up for the harm and prejudice already caused by RCN's actions, or the prejudice that will be caused by forcing Rightscorp to sit for duplicative and harassing testimony that is not proportional to the needs of the case. A scope limitation is both reasonable and required here.

Unfortunately, we must also correct certain misrepresentations made by RCN in its letter regarding the meet and confer process. RCN contends that "Rightscorp asserted that the witnesses would not testify about any topic that the witness had addressed in prior sworn testimony in another case." Dkt. 221 at 2. And it contends that "Rightscorp demanded that RCN not seek to depose any other Rightscorp-affiliated persons, irrespective of what information may come to light in the depositions of Mr. Boswell and Mr. Kyte." *Id.* at 3. For both propositions, RCN cites its own counsel's memorialization of Rightscorp's and Mr. Sabec's positions. *Id.* (citing Ex. 2, 4/29/22 Email from Z. Howenstine).

Both statements are false.

Neither Rightscorp nor Mr. Sabec has sought such absolute restrictions. This is evident on the face of their letter. Rightscorp and Mr. Sabec simply asked the Court to require RCN to "meaningfully work[] with Rightscorp's counsel to arrive at an agreed-on set of depositions limited in time and scope that will not retread at length previously covered subjects and will focus inquiries on RCN specific information." Dkt. 214 at 5. But RCN eschews responding to the request Rightscorp and Mr. Sabec actually made in favor of strawmen. *E.g.*, Dkt. 221 at 3 (mistakenly arguing that under Rightscorp's view "RCN could not question Mr. Boswell about how Rightscorp's software system works").

Rightscorp and Mr. Sabec pointed out RCN's error in response to the email RCN relies on here. *See* Ex. A, 5/3/22 Email from B. Toth to Z. Howenstine ("As you did on the call, you've

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 3

misrepresented Rightscorp's position."). And Rightscorp and Mr. Sabec's letter brief to this Court correctly predicted RCN would repeat those misrepresentations. *See* Dkt. 214 at 3 n.2.

RCN's mischaracterizations and melodrama are unsurprising. RCN has no basis for refusing Rightscorp and Mr. Sabec's measured request. Indeed, RCN does not even pay lip service to the requirement of "proportionality" under the Federal Rules. It offers nothing but vague references to "different strategies" to support its position that it should have *absolutely no limitation* on its ability to retread ground already covered in the testimony of prior Rightscorp witnesses.[1]

Lastly, RCN's claim that Rightscorp "did not attempt to confer with RCN's counsel about the corporate deposition topics in RCN's subpoena to Rightscorp" is plainly false and belied by the Rightscorp filing and back and forth emails between the parties (of which certain key emails were conveniently excluded by RCN). RCN's subpoena to Rightscorp contains 28 topics, virtually all of which have been covered at length in the eight previous instances where Rightscorp or its personnel provided sworn testimony under oath. It is the scope of that testimony, in addition to the scope of the three other Rightscorp current or former personnel that RCN has subpoenaed, that RCN flatly refused to discuss.

Rightscorp respectfully reiterates its request that a protective order be issued and that RCN be ordered to meaningfully work with Rightscorp and Mr. Sabec to arrive at a deposition plan that does not unduly duplicate testimony on subjects on which sworn testimony has been given, is reasonably limited in time, and is otherwise proportional to the needs of the case.

Respectfully submitted,

/s/ *Brian J. Levine*

BRIAN J. LEVINE

---

[1] RCN's citation of *Otsuka Pharm. Co. v. Apotex Corp.*, 310 F.R.D. 256 (D.N.J. 2015), is not on point. There, the court credited the plaintiff's position that it *did* need the disputed testimony to address a particular issue. Here, by contrast, RCN offers no reason it needs free rein to retread old ground.