# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

June 3, 2022

**VIA EMAIL AND ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
              Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

      This firm, Jenner & Block LLP, and Stein Mitchell Beato & Missner LLP jointly represent Plaintiffs in the above-referenced action. Plaintiffs submit this letter in further support of their letter dated May 10, 2022 (ECF 215) seeking a protective order staying all fact depositions in this action until Defendants RCN Telecom Services, LLC, *et al.* ("RCN") have complied with their document discovery obligations. As Plaintiffs have already explained to the Court, they are very motivated to move this case forward. *See* ECF 215 at 1.[1] However, a protective order is necessary to prevent RCN from leveraging its withholding of documents into an improper prioritization of its fact depositions in this case.[2]

      It is undeniable that RCN is delaying the development of the record in this case by withholding relevant documents from Plaintiffs. Its recent conduct regarding the email account

---

[1] RCN's rank speculation that Plaintiffs are trying to delay and "focus their resources" on other cases has no foundation in the record or reality. ECF 221 at 2. Indeed, the delays in this case have been caused by *RCN's* failure to make a complete document production by avoiding searching all sources of potentially relevant documents and by making overbroad privilege claims over the relevant documents it found. *See generally* ECF 194 at 5-13. Plaintiffs seek a stay to prevent RCN from now gaining a tactical litigation advantage because of its misconduct.

[2] Plaintiffs unquestionably have standing to seek such relief. While RCN argues that Plaintiffs cannot "prevent" RCN from seeking third-party depositions, ECF 221 at 6, Plaintiffs seek to do no such thing. In this application, they seek an order governing the *timing* of fact depositions, not what deponents are appropriate. Rightscorp—not Plaintiffs—appropriately raised objections to the amount and scope of deposition testimony RCN seeks from it. *See* ECF 214.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 2

of its CEO, Jim Holanda, underscores the problem. First, RCN refused to search and produce Mr. Holanda's emails, even though a third party produced a relevant email from Mr. Holanda. At that time, RCN even argued to the Court that Mr. Holanda was "not involved in the DMCA process at RCN and is therefore not an appropriate document custodian." ECF 197 at 5. The Court disagreed and ordered RCN to collect, search, and produce Mr. Holanda's documents. Even then, however, RCN produced just 10 documents along with a 44-page privilege log withholding more than 400 of Mr. Holanda's documents. Yet remarkably, RCN failed to produce or log the same email from Mr. Holanda that the third party had produced. Accordingly, Plaintiffs sent a letter to RCN requesting information about RCN's search and collection efforts and the bases for its broad privilege claims. Nearly a month later, RCN responded by disclosing the existence of *141 additional relevant documents* from Mr. Holanda's account—nearly all of which RCN withheld from production—but offering no explanation for its prior failure to collect, search, and disclose the existence of these documents. The only inference that can be drawn from this sequence of events is that, despite the Court's order to collect, search, and produce all of Mr. Holanda's relevant emails, RCN failed to do so and undertook some additional efforts only after Plaintiffs called out that failure. Given this record, Plaintiffs have no assurance that RCN has yet disclosed all of Mr. Holanda's relevant documents. Further, the fact that it took RCN nearly a month to disclose additional documents is further evidence of how RCN has delayed Plaintiffs' ability to litigate their case.

Plaintiffs oppose RCN's improper withholding of Mr. Holanda's documents, which they will raise with the Court under separate cover. For the purposes of the present application, RCN's conduct with regard to Mr. Holanda's documents is a microcosm of its conduct with regard to privilege more generally. While RCN claims Plaintiffs have "no basis whatsoever" to conclude that RCN is withholding relevant documents, ECF 221 at 8, the Court has *already determined* that there are "sufficient facts calling into question" RCN's privilege claims regarding hundreds of documents. ECF 205 at 12. Those documents implicate core issues—namely, RCN's development and implementation of its so-called "DMCA Policy"—and involve nearly every potentially relevant RCN witness. Accordingly, Plaintiffs will not be in a position to begin taking fact depositions of RCN witnesses until the propriety of RCN's privilege assertions is resolved and RCN actually completes its document production.[3]

By contrast, Plaintiffs, the RIAA, and Rightscorp have all been diligent in discovery, thus putting RCN in a position to be ready to take fact depositions. Indeed, Plaintiffs, the RIAA, and

---

[3] For this reason, RCN's conclusory claim that Plaintiffs have "everything they need" and can begin fact depositions now is incorrect. ECF 221 at 8-9. If Plaintiffs were to depose RCN's witnesses now and the Court subsequently orders RCN to produce additional documents, Plaintiffs would have to re-depose the same RCN witnesses a second time.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 3

Rightscorp have all completed their document productions.[4] Thus, the only thing preventing all parties from being on equal footing is RCN's ongoing effort to hide relevant documents from Plaintiffs.

Given that dynamic, RCN should be precluded from taking fact depositions until Plaintiffs are prepared to do the same. Indeed, if left unaddressed RCN's strategy would create a *de facto* prioritization of RCN's depositions over Plaintiffs' that is contrary to the purpose and history of Federal Rule of Civil Procedure 26. *See* ECF 215 at 3 (quoting Advisory's Committee's Notes to 1970 Amendment). Indeed, Rule 26 was designed to facilitate the "alternation in the taking of depositions" on the assumption that parties "bargain on an equal footing" during discovery. Fed. R. Civ. P. 26, Advisory Committee's Notes to 1970 Amendment. Tellingly, RCN *does not dispute* this history.

Instead, RCN incorrectly claims that taking fact depositions now will not be inequitable because it will result only in "some depositions" taking place "before others." ECF 221 at 7. However, while RCN's current focus is on Rightscorp-related depositions, it has in fact already served deposition notices on Plaintiffs and (before it was dismissed from this action with prejudice) the RIAA. Further, Plaintiffs, the RIAA, and Rightscorp have all completed their productions. Thus, permitting RCN to proceed with fact depositions now may well result in RCN taking *all* (or nearly all) of its depositions before Plaintiffs take *any* of theirs. Indeed, while RCN continues to prevent Plaintiffs from accessing the documents to which they are entitled, it could develop the entire record on which it plans to defend itself against Plaintiffs' claims. That would give RCN significant extra time to prepare expert reports or a dispositive motion. Such an outcome would be blatantly inequitable and contrary to the purpose of Rule 26. RCN's generic reference to "efficient case administration" is nothing more than a transparent attempt to mask the inequity that would result from permitting RCN to take fact depositions now. ECF 221 at 7.

Accordingly, the Court should enter an order staying fact depositions until it resolves Plaintiffs' objections to RCN's privilege claims (including Plaintiffs' objections to RCN's withholding of Mr. Holanda's documents) and RCN produces all required documents as a result.[5]

---

[4] There is no basis to conclude that any of Plaintiffs' privilege claims are overbroad. *See* ECF 221 at 8. Unlike RCN, Plaintiffs agreed to use their in-house attorneys as document custodians, and unsurprisingly those attorneys had many privileged communications. Indeed, RCN never raised any challenges to Plaintiffs' privilege logs with the Court before the deadline to do so. *See* ECF 192 (setting December 30, 2021 as deadline to "submit written discovery disputes" to the Court).

[5] Plaintiffs do not seek "unilateral control over the case schedule," as RCN claims. ECF 221 at 8. They seek only to resolve their objections to RCN's privilege claims and to have the opportunity to review any documents that are produced as a result before fact depositions begin.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 4

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

*s/ Thomas R. Curtin*

Thomas R. Curtin

cc:  All counsel (via ECF and e-mail)