**McElroy Deutsch**

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

June 3, 2022

**VIA EMAIL AND ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re: *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
> Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni:

    This firm, Jenner & Block LLP, and Stein Mitchell Beato & Missner LLP jointly represent Plaintiffs in the above-referenced action. Pursuant to Local Civil Rule 37.1(a)(1), we submit this letter to raise a discovery dispute for resolution by the Court. Defendants RCN Telecom Services, LLC, *et al.* (collectively, "RCN") have improperly withheld 560 documents from the custodial email file of its CEO, Jim Holanda, based on impermissible relevance objections and unwarranted assertions of privilege. Plaintiffs have met and conferred with RCN regarding these documents, and the parties are at an impasse. Accordingly, Plaintiffs seek an order compelling RCN to produce these documents.

**I.   Background**

    Much of the procedural background to this dispute is already familiar to the Court. *See generally* ECF 194 at 1-4. Plaintiffs in this case own or control the vast majority of legitimate commercial sound recordings in the United States. They initiated this lawsuit to seek redress from RCN's actions in contributing to and profiting from the widespread infringement of Plaintiffs' sound recordings by RCN's subscribers. Those subscribers used RCN's high-speed internet services to access an anonymous peer-to-peer file-sharing network called BitTorrent, where, without authorization, they distributed and made available thousands upon thousands of Plaintiffs' copyrighted sound recordings for free. The specific instances of infringement at issue in this case were discovered and documented by third-party Rightscorp, Inc. ("Rightscorp"), which began sending notices of copyright infringement to RCN in 2011.

    Two of the key issues in the case are RCN's knowledge of its subscribers' infringing conduct and RCN's development and implementation of its so-called "DMCA Policy" in June 2016. First, knowledge is an element of Plaintiffs' claim for contributory copyright

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 2

infringement, *see* ECF 88 at 15-16, and it will also be relevant to determining whether RCN acted willfully if Plaintiffs elect to seek statutory damages, *see* 17 U.S.C. § 504(c)(2). Second, RCN's development and implementation of its "DMCA Policy" will affect whether RCN is entitled to its alleged safe harbor affirmative defense to Plaintiffs' claims under 17 U.S.C. § 512. *See* ECF 161 at 15-16 (alleging safe harbor defense).

Recognizing the potential impact of documents related to these issues, RCN has employed improper tactics to avoid producing some of them. As Plaintiffs have already described to the Court, RCN has (a) avoided collecting documents from sources likely to have relevant, non-duplicative materials, and (b) asserted overbroad privilege claims over hundreds of the relevant documents it nevertheless identified and was required to disclose. *See* ECF 194 at 4-5 (describing RCN's strategy). RCN has continued to employ the same strategies with Mr. Holanda's documents.

Plaintiffs have long suspected that Mr. Holanda has documents relevant to their claims. In December 2015, a music publishing company called BMG Rights Management (which is not a party to this case) won a $25 million jury verdict against a different internet services provider ("ISP"), Cox Communications, on claims for secondary copyright infringement built on Rightscorp's evidence. At that time, RCN was owned by a private equity firm called Abry Partners. In 2016, after RCN learned about the Cox decision, two significant events occurred. First, RCN belatedly created a DMCA policy and then sued BMG seeking a declaration of non-infringement despite acknowledging receipt of millions of Rightscorp's notices. Second, Abry sold RCN and another ISP called Grande Communications to another private equity firm (called TPG Capital) for $2.25 billion. *See* ECF 194 at 5-6. In other words, in the span of one year, RCN (a) allegedly developed and implemented its "DMCA Policy" to claim a safe harbor defense from future infringement claims, (b) chose to initiate a federal lawsuit related to Rightscorp's infringement notices, and (c) navigated a corporate transaction and associated due diligence that saw its ownership change from one private equity firm to another. All of these significant corporate activities: (a) necessarily were impacted by fallout from the Cox decision; and (b) required the input of RCN's CEO.

Plaintiffs initiated this lawsuit in 2019. Then, in November 2020, TPG announced that it was selling RCN, Grande, and two additional ISPs to yet another private equity firm (called Stonepeak Infrastructure Partners) for $8.1 billion. *See* ECF 194 at 5-6. Thus, RCN navigated another corporate transaction and associated due diligence *after* Plaintiffs filed this case. That transaction also was affected by developments in the law of ISP liability for secondary copyright infringement and required input from RCN's CEO.

Accordingly, it seemed virtually certain that Mr. Holanda would have documents and knowledge relevant to Plaintiffs' claims. Plaintiffs' inference was confirmed when, in response to a subpoena, Abry disclosed the existence of an email Mr. Holanda sent to Abry in November

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 3

2016 attaching a copy of a strategy memo regarding the RCN-BMG litigation. *See* ECF 194 at 7.

Nevertheless, RCN refused to collect, search, and produce Mr. Holanda's emails. Accordingly, Plaintiffs moved to compel. *See* ECF 194 at 5-9. In opposing Plaintiffs' application, RCN claimed that, despite the smoking-gun email Mr. Holanda sent to Abry, Mr. Holanda was "not involved in the DMCA process at RCN" and was "not an appropriate document custodian" in this case. ECF 197 at 5. The Court disagreed, concluding that it was "likely" that Mr. Holanda's email account contained "relevant, non-duplicative, nonprivileged documents." ECF 205 at 10. Thus, the Court ordered RCN to collect, search, and produce Mr. Holanda's emails by April 15, 2022. *See id.* at 10-11.

On April 15, 2022, RCN purported to comply with the Court's order. However, it did so by producing just 10 documents and instead serving a 44-page supplemental privilege log identifying and withholding more than 400 additional documents in Mr. Holanda's file. *See* ECF 211 at 2; ECF 215 at 2. Remarkably, none of those documents was the email Mr. Holanda sent to Abry in November 2016 or any correspondence related to that email. In other words, it appeared that, once again, RCN (a) failed to collect all relevant documents, including a document that Plaintiffs knew existed, and (b) withheld the overwhelming majority of relevant documents purportedly on the basis of privilege.

Plaintiffs sent RCN a letter raising these issues on April 25, 2022. *See* Ex. 1. Nearly a month later—and more than a month after the Court's April 15 deadline to produce Mr. Holanda's documents—RCN disclosed the existence of 141 *additional* relevant documents from Mr. Holanda's account. RCN produced nine of these documents, effectively all of which RCN redacted. For the other 132, RCN disclosed them for the first time on yet another supplemental privilege log, repeating all the strategies to avoid producing Mr. Holanda's documents that Plaintiffs identified in their April 25 letter. RCN offered no explanation whatsoever for its prior failure to collect, search, and disclose the existence of these documents. The only logical inference is that, despite the Court's order, RCN failed to adequately search Mr. Holanda's file and undertook some additional efforts only after Plaintiffs raised concerns about RCN's production.

RCN's belated disclosure of Mr. Holanda's additional documents also exacerbated the effect of the second prong of RCN's strategy: RCN has now produced just 19 documents from Mr. Holanda's account—six of which were redacted for alleged privilege, and five of which were merely images of company logos that appeared in emails—and has fully withheld 575 documents on alleged privilege grounds. Moreover, RCN confirmed on May 21, 2022 that it intends to "stand on" these privilege claims. Ex. 2 at 3. Thus, Plaintiffs must again seek relief from the Court.

**McElroy Deutsch**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 4

## II.   Argument

Plaintiffs seek an order compelling RCN to produce 560 of Mr. Holanda's documents identified on its privilege log. RCN is improperly withholding these documents on at least one of five different grounds. First, RCN is withholding 426 documents that it concedes are *not* privileged, but are part of document families that otherwise contain allegedly privileged materials. Second, RCN is withholding 126 documents that it claims are privileged in *part*, but refuses to produce even in redacted form. Third, RCN is withholding 54 documents that were part of communications with third parties. Fourth, RCN is withholding 127 documents that did not involve communications with any attorneys. Fifth, RCN is withholding 425 documents that nominally included RCN's in-house counsel among other recipients, but to which RCN's counsel never responded.

Each category is addressed below. In addition, a copy of the portion of RCN's privilege log that addresses Mr. Holanda's documents is attached hereto as Exhibit 3. For the Court's convenience, Plaintiffs included additional columns that identify which one or more of the five improper grounds apply to each document.

### A.   Responsive Email Families Must Be Produced In Full.

RCN's privilege log reveals that it is withholding 426 documents from Mr. Holanda's file that it concedes are *not* privileged. Rather, RCN's basis for withholding these documents is its self-serving assertion that the documents are "irrelevant to this case," but are part of an "email family" containing relevant material.[1] Plainly, that is a not a valid basis to withhold documents from production.

It is "well settled" that when a party identifies an email family containing responsive information, it must produce the *entire* family, notwithstanding any objections that certain

---

[1] RCNPriv 2490, 2492, 2494, 2497, 2499, 2501, 2503, 2505, 2507-2510, 2512, 2514-2516, 2518-2522, 2524, 2526-2530, 2532, 2535-2537, 2539, 2541-2545, 2547-2549, 2551-2555, 2557-2560, 2563-2564, 2566, 2568, 2570, 2572-2575, 2577-2583, 2585-2589, 2591-2592, 2594-2597, 2599-2602, 2604, 2606, 2608-2609, 2613, 2615-2621, 2623-2625, 2627-2631, 2633-2642, 2644- 2654, 2656-2663, 2665-2677, 2679-2682, 2684-2691, 2693, 2695-2700, 2702-2708, 2710, 2712, 2714-2717, 2719-2723, 2725- 2729, 2731-2738, 2740-2744, 2746-2753, 2755-2759, 2761-2765, 2767-2774, 2779, 2781, 2783-2785, 2787-2795, 2797-2802, 2804, 2806, 2808, 2810-2811, 2813- 2814, 2816-2822, 2824-2829, 2831-2837, 2839-2841, 2843-2848, 2850-2852, 2854, 2856-2860, 2862-2863-2869, 2871-2874, 2876-2881, 2883, 2885-2903, 2905, 2907, 2909-2910, 2912, 2914, 2916, 2918, 2920, 2922, 2925, 2927-2931, 2933-2945, 2947-2951, 2953, 2959, 2961, 2963-2966, 2968, 2970, 2973, 2975, 2982, 2985-2986, 2988, 2990, 2992-2993, 2995, 2997-2998, 3000-3012, 3014-3015, 3017-3026, 3028, 3030, 3031-3032, 3034-3035, 3038, 3040, 3042, 3052-3053, 3055, 3057-3058, 3060-3061, 3063-3065, 3067.

**McElroy Deutsch**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 5

material in the family may be irrelevant. *Symettrica Entertainment, Ltd. v. UMG Recordings, Inc.*, No. 19-cv-1192, 2020 WL 13311682, at *5 (C.D. Cal. July 17, 2020). That rule flows directly from the fact that "attachments can only be fully understood and evaluated when read in the context of the emails to which they are attached." *Families for Freedom v. U.S. Customs & Border Protection*, No. 10-cv-2705, 2011 WL 4599592, at *5 (S.D.N.Y. Sept. 30, 2011). Any other rule would "permit the producing party to essentially unilaterally redact otherwise responsive discovery." *Karnoski v. Trump*, No. 17-cv-1297, 2020 WL 2736961, at *1 (W.D. Wash. Mar. 4, 2020).

It is baffling why RCN refuses to follow this well settled rule.[2] Whatever the reason, RCN's refusal has now delayed the production of these documents by more than a month beyond the Court's deadline for RCN to produce Mr. Holanda's file.[3] The Court should order RCN to produce these documents immediately.

### B. Responsive Documents That Are Allegedly Privileged Only In Part Must Be Produced In Redacted Form.

RCN is also withholding 126 documents that it concedes are privileged only in part.[4] RCN refuses to produce these documents even in redacted form. Without conceding the validity of any of RCN's privilege assertions with regard to these documents, at a minimum RCN must be compelled to redact and produce these documents so Plaintiffs can evaluate RCN's claims.

It is axiomatic that when a document contains both privileged and nonprivileged information, "the producing party should redact the privileged portions and produce the rest." *Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-cv-704, 2022 WL 605347, at *2 (D.

---

[2] While RCN's privilege log claims these documents are "confidential," any such concerns have already been addressed by virtue of the entry of a stipulated protective order in this action. *See* ECF 85.

[3] RCN's ongoing withholding of documents that it concedes are *not privileged* further underscores the inequity of allowing RCN to begin taking fact depositions in this case before document production is complete. *See* ECF 215.

[4] RCNPriv 2491, 2493, 2496, 2498, 2500, 2502, 2504, 2511, 2513, 2517, 2523, 2525, 2531, 2533-2534, 2538, 2540, 2546, 2550, 2556, 2561-2562, 2565, 2567, 2569, 2571, 2576, 2584, 2590, 2593, 2598, 2603, 2605, 2607, 2611, 2614, 2622, 2626, 2632, 2643, 2655, 2664, 2678, 2683, 2692, 2694, 2701, 2709, 2711, 2713, 2718, 2724, 2730, 2739, 2745, 2754, 2760, 2766, 2775, 2780, 2782, 2786, 2796, 2803, 2805, 2807, 2809, 2812, 2815, 2823, 2830, 2838, 2842, 2849, 2853, 2855, 2861, 2870, 2875, 2882, 2884, 2904, 2906, 2908, 2913, 2915, 2917, 2919, 2921, 2924, 2926, 2932, 2946, 2954, 2956-2958, 2960, 2962, 2967, 2969, 2974, 2976-2977, 2984, 2987, 2989, 2991, 2994, 2996, 2999, 3013, 3016, 3027, 3029, 3033, 3036, 3039, 3041, 3043, 3054, 3056, 3059, 3062, 3066, 3068.

**McElroy Deutsch**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 6

Del. Jan. 27, 2022); *see also Southersby Dev. Corp. v. Borough of Jefferson Hills*, No. 09-cv-208, 2011 WL 5509433, at *2 (W.D. Pa. Nov. 10, 2011) (finding that producing party should "redact what it reasonably believed to be privileged and produce the remainder of the document").

There is no reason why RCN cannot take that approach here. Indeed, RCN did exactly that when it produced redacted versions of six of Mr. Holanda's communications. Without conceding the validity of those redactions, they demonstrate that RCN is fully capable of redacting allegedly privileged information in its documents. Moreover, RCN identified in its privilege log the portions of the documents at issue that it contends are privileged (*e.g.*, one "slide" in a presentation or one "line item" in a document).[5] Thus, the Court should compel RCN to redact those portions of the documents and produce the remainder so Plaintiffs can evaluate the documents and RCN's privilege claims.

C. **Communications With Third Parties Are Not Privileged And Must Be Produced.**

RCN withheld 54 communications in Mr. Holanda's file that were sent to third parties, including but not limited to Abry, TPG, Stonepeak, and the financial firms that worked with those entities during the 2016 sale of RCN from Abry to TPG and the 2020 sale from TPG to Stonepeak.[6] These third-party communications are not privileged, and to the extent any document sent to one of these third parties ever was privileged, such privilege was waived.

A district court judge in the District of Delaware recently considered this issue and held that communications between a company and an entity that was in the process of buying that company are not privileged. *See 10x Genomics, Inc. v. Celsee, Inc.*, 505 F. Supp. 3d 334 (D. Del. 2020). In that case, the company asserted a "common interest privilege" between itself and the entity that was acquiring it. However, the court rejected that argument, concluding that parties in merger and acquisition transactions act to protect only "*their* interests," not the interests of another party. *Id.* at 340. The court also concluded that a party's interest in shielding communications about a corporate transaction from discovery was insufficient to overcome the "public interest in the search for truth" that is the "heart of our system of justice." *Id.* (internal quotations omitted).

The analysis in *10x Genomics* is persuasive and this Court should adopt it. The one court to consider that case since it was decided reached just that conclusion. *See In re Interlogic*

---

[5] *See, e.g.*, RCNPriv 2491 & 2525.

[6] RCNPriv 2505-2507, 2524-2525, 2570-2572, 2609-2612, 2708-2709, 2801-2803, 2808-2809, 2922-2924, 2952, 2961-2970, 2982-2984, 2990-2994, 3026-3031, 3037, 3042-3045, 3067-3068.

**McElroy Deutsch**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 7

*Outsourcing, Inc.*, No. 20-br-325, 2021 WL 2843850, at *1 (Bankr. W.D. Mich. July 6, 2021) (regarding *10x Genomics* "as persuasive").

During the meet and confer process, Plaintiffs asked RCN for the legal basis supporting its withholding of these documents. RCN cited one case ostensibly for the proposition that "the weight of case law" holds that parties negotiating a business deal can share a common legal interest. Ex. 2 at 3 (citing *Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co.*, No. 09-cv-6435, 2011 WL 1466369, at *20 (D.N.J. Apr. 18, 2011)). That is incorrect. Indeed, the court in *10x Genomics* surveyed the body of case law on this issue, considered an identical argument that "the weight of case law" supports the party asserting privilege, and determined that "[t]his does not appear to be an accurate statement." 505 F. Supp. 3d at 339 n.3 (citing *16* cases declining to apply the common interest privilege to merger and acquisition transaction documents).

Because RCN has no sound basis to withhold Mr. Holanda's third-party communications, it should be ordered to produce them.

**D.   Communications With No Attorneys Or Only Nominally Including Attorneys Are Not Privileged And Must Be Produced.**

Plaintiffs have already explained to the Court how RCN is withholding as allegedly privileged hundreds of internal communications that either include no attorneys at all or included attorneys who never participated in the underlying discussions. *See* ECF 194 at 10-12; ECF 200 at 7-9. The Court determined that there are "sufficient facts calling into question" RCN's privilege assertions and is currently conducting an *in camera* review of a sample of these documents. ECF 205 at 12.

Despite the Court's skepticism and ongoing *in camera* review, RCN withheld 552 of Mr. Holanda's documents on the same grounds. In particular, RCN withheld 127 of Mr. Holanda's communications that did not include any lawyers,[7] as well as 425 that included RCN's in-house counsel among multiple recipients, to which RCN's counsel did not respond.[8] For the same reasons Plaintiffs have already explained, these communications are not privileged. *See* ECF 194 at 10-12; ECF 200 at 7-9.

---

[7] RCNPriv 2490-2494, 2496-2500, 2532-2536, 2539-2540, 2570-2572, 2609-2612, 2691-2692, 2708, 2709, 2729-2730, 2781-2782, 2801-2805, 2808-2809, 2912-2926, 2952-2954, 2956-2970, 2973-2977, 2982-2984, 2988-2989, 2992-3013, 3015-3025, 3032-3043.

[8] RCNPriv 2501-2520, 2522-2531, 2537- 2538, 2541-2569, 2573-2608, 2613-2690, 2693-2707, 2710- 2728, 2731- 2775, 2779-2780, 2783-2800, 2806- 2807, 2810-2908, 2927-2951, 2990-2991, 3026-3031, 3052-3068.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
June 3, 2022
Page 8

### III.  Conclusion

Plaintiffs respectfully request that the Court compel RCN to produce the documents from Mr. Holanda's file addressed above.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*s/ Thomas R. Curtin*

THOMAS R. CURTIN

cc:  All counsel (via ECF and e-mail)