**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(609) 989-2040**

**CHAMBERS OF**
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

**U.S. COURTHOUSE**
**402 E. STATE STREET, RM 6052**
**TRENTON, NJ 08608**

May 26, 2023

**LETTER ORDER**

**Re: UMG Recordings, Inc., et al. v. RCN Telecom Services, LLC, et al.**
**Civil Action No. 19-17272 (RK)**

Dear Counsel:

Pending before the Court is a discovery dispute concerning Defendants' designation and withholding of documents as privileged. The Court conducted a hearing regarding this dispute on February 16, 2023. At issue are documents withheld from Defendants' general production, as well as documents withheld from a search of Mr. Holanda's (RCN's CEO) files. As the parties know, the Court conducted an *in camera* review of a sampling of documents from Defendants' general production. The Court shall address the outcome of that review under separate cover. The Court shall also address its findings with respect to documents withheld from Mr. Holanda's files that Plaintiff claims involve no attorneys on the communications and/or copy an attorney for the purpose of avoiding production rather than because legal advice was exchanged.

Herein, the Court addresses the following three categories of documents all withheld from the production of documents from Mr. Holanda's files: (1) documents that are not privileged in their entirety, but contain some privileged information; (2) families of documents in which one document contains relevant, albeit privileged information, while the remainder of the documents in the family contain no relevant information; and (3) documents withheld from Mr. Holanda's files based on the common interest privilege.

The Court notes that it has broad discretion in deciding the discovery issues. *See United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017) (noting that "[a]s we have often said, matters of docket control and discovery are committed to [the] broad discretion of the district court"); *Halsey v. Pfeiffer*, Civil Action No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010) (noting that "[d]istrict courts provide magistrate judges with particularly broad discretion in resolving discovery disputes"); *Gerald Chamles Corp. v. Oki Data Americas, Inc.*, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]") The Court utilizes said discretion in considering whether Defendants have properly withheld documents from Mr. Holanda's production and/or if certain documents must be produced.

As the parties know, pursuant to FED.R.CIV.P. ("Rule") 26(b), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Further, information is properly withheld based on the attorney-client privilege where the following elements are met:

> (1) The asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3dCir. 1994). Importantly, the party asserting the claimed privilege, here Defendants, bears the burden of establishing that it applies. *Louisiana Mun. Police Employees Ret. Sys. v Sealed Air Corp.*, 253 F.R.D. 300, 305 (D.N.J. 2008); *Schwarz Pharma, Inc. v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 01-

4995 (DRD), 2007 WL 2829744, at *2 (Sept. 27, 2007) (citing *Smithkline Beechman Corp. v. Apotex Corp*., 232 F.R.D. 467, 472 (E.D. Pa. 2005). There is no specific evidence required to establish that the privilege applies. Instead, the applicability of the attorney-client privilege must be determined on a case-by-case basis. *See Upjohn Co. v. United States*, 449 U.S. 383, 396, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

Turning to the three categories of withheld documents identified above, the Court notes that during the hearing held on February 16, 2023, Defendants agreed to produce the first category of documents, *i.e.*, documents from Mr. Holanda's files that are not privileged in their entirety but contain some privileged information, with the privileged information redacted from same. To the extent Defendants have not already produced these documents, they are directed to do so no later than **June 14, 2023**.

With respect to the second category of documents, at this juncture, the Court finds the production of the entire families of documents is not proportional to the needs of the case. Defendants have represented that the other documents contained in the families of documents in which a single document has hit for relevant information contain no information relevant to this case. Moreover, Defendants have represented that the non-relevant documents also contain sensitive, confidential information. While this information could be protected by a protective order if produced, the value of said production appears to be *de minimis*. Nevertheless, to the extent not already produced, Defendants are directed to produce the documents that contain the relevant privileged information in redacted form to Plaintiffs even though the remaining documents in the family may be withheld. Defendants shall make this production by **June 14, 2023**.

Finally, the Court addresses the third category of documents currently being withheld from Mr. Holanda's files, *i.e.*, documents withheld based on the common interest privilege. These

documents involve documents exchanged between parties who own or previously owned RCN, specifically, Abry Partners, TPG Capital, and Stonepeak Infrastructure Partners, as well as the financial firms who worked with those entities, related to the 2016 sale of RCN from Abry Partners to TPG Capital and the 2020 sale from TPG Capital to Stonepeak Infrastructure Partners.

As an initial matter, the Court notes that the common interest privilege or "community-of-interest privilege allows attorneys representing different clients with similar legal interests to share information without having to disclose it to others. It applies in civil and criminal litigation, and even in purely transactional contexts." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 364 (3d Cir. 2007), *as amended* (Oct. 12, 2007). No party in this matter disputes that proposition; instead, they argue about the applicability of the common interest privilege to the communications at issue based on the circumstances of this case.

In considering said issue, the Court finds that there is nothing inconsistent about the holdings in *In re Teleglobe* and *10x Genomics, Inc. v. Celsee, Inc.*, 505 F. Supp. 3d 334 (D. Del. 2020), the case cited by Plaintiffs to argue that the common interest privilege is inapplicable here. *In re Teleglobe* assessed a claim of privilege in the context of information shared between corporate affiliates, whereas, this case involves merger and acquisition transactions. Moreover, and perhaps more importantly, the Court in *In re Teleglobe* determined that the common interest privilege was inapplicable to the case, noting, "BCE's invocation of the "common interest" privilege in the Bankruptcy Court was out of place, as BCE has never asserted that the parties were represented by separate counsel who properly shared information. Confusing as this area of law is, parties asserting the privilege (who, incidentally, bear the burden of proving it applies) are expected to explain themselves with more precision than BCE has throughout this litigation." *In re Teleglobe*, 493 F.3d at 366, n. 22.

Unlike *In re Teleglobe*, which is largely inapposite, *10x Genomics* specifically considered the application of the common interest privilege under circumstances like those present here. In *10x Genomics*, while the case was pending:

> [N]onparty Bio-Rad Laboratories acquired 100 percent of Defendant Celsee, Inc.'s stock pursuant to an acquisition agreement. The agreement, not surprisingly, has provisions related to this litigation. At two depositions, Celsee refused to let witnesses answer questions about documents Celsee disclosed to Bio-Rad and communications it had with Bio-Rad during the negotiations that resulted in the acquisition agreement. The disclosures and communications occurred after Celsee and Bio-Rad had signed a non-binding letter of intent to engage in the acquisition negotiations. Celsee cited the common interest privilege and the attorney work product doctrine as the bases for its refusal to allow the witnesses to answer the questions posed to them.

*10x Genomics*, 505 F. Supp. 3d at 336. "10x asked the Magistrate Judge to order Celsee to reproduce one of the witnesses for no more than four hours of deposition and to compel that witness to produce and testify about any communications between Celsee and Bio-Rad concerning this litigation and the provisions in the acquisition agreement that concern this litigation[,]" which the Magistrate Judge denied, finding that the communications were protected by the common interest privilege. *Id*. That decision, however, was overturned by the District Court, which determined:

> Celsee has failed to meet its burden here. Celsee has not contended, let alone established, that it and Bio-Rad shared an identical legal interest or that its communications with Bio-Rad were made for the purpose of securing, advancing, or supplying legal representation. And, of course, that makes sense, as **Celsee and Bio-Rad were not engaged in legal strategy sessions but instead were negotiating a commercial transaction from the opposite sides of a bargaining table.**

*Id*. at 338 (Emphasis added.

In reaching this conclusion, the Court in *10x Genomics* analyzed the decision in *Hewlett-Packard Company v. Bausch & Lomb, Inc.*, 115 F.R.D. 308 (N.D. Cal. 1987). In *Hewlett-Packard*, the Court held that "the common interest privilege protected Bausch & Lomb from having to produce to Hewlett-Packard a lawyer's patent opinion letter Bausch & Lomb had previously shared with a prospective buyer of one of Bausch and Lomb's businesses." *10x Genomics,* 505 F. Supp. 3d at 338 (citing *Hewlett-Packard*, 115 F.R.D. at 309). The *10x Genomics* Court declined to follow the *Hewlett-Packard* decision, noting that the "vast majority of the courts that have been asked to follow *Hewlett-Packard* have declined to do so[,]" finding "[f]irst, 'lubricat[ing] business deals' and 'encourage[ing] more openness' in business transactions do not advance the common interest privilege's purpose of 'encourage[ing] full and frank communication between attorneys and their clients [to] thereby promote broader public interests in the observance of the law and administration of justice'" (*10x Genomics*, 505 F.Supp.3d at 340 (quoting *Upjohn*, 449 U.S. at 389, 101 S.Ct. 677)), and "[s]econd, extending a cloak of secrecy to merger and acquisition negotiations would substantially curtail truth seeking in criminal and civil proceedings." *Id.*

While the District of New Jersey has yet to consider the *10x Genomics* decision, two Courts from this District nearly contemporaneously considered the *Hewlett-Packard* decision. *See Net2Phone, Inc. v. Ebay, Inc.*, No. CIV. A. 06-2469 KSH, 2008 WL 8183817, at *7 (D.N.J. June 26, 2008) (finding that the common interest privilege does not apply where the third party's interest "'does not appear to be that of a potential co-defendant in a possible ... action' ... but rather [is] that of an 'adverse [party], negotiating at arm's length a business transaction between themselves.'" (Citations omitted),) *cf. Louisiana Mun. Police Emps. Ret. Sys.*, 253 F.R.D. at 310 (D.N.J. 2008) (noting that privileged information exchanged during a merger between two unaffiliated business is often found to fall within the common-interest doctrine). The Court finds that the *10x Genomics*

and *Net2Phone* decisions represent the appropriate approach. The Court finds that the common interest privilege would not be served by applying it to the communications at issue here and is therefore inapplicable. Defendants are directed to produce the communications exchanged between RCN, Abry Partners, TPG Capital, and/or Stonepeak Infrastructure Partners, as well as the financial firms who worked with those entities, related to the 2016 sale of RCN from Abry Partners to TPG Capital and the 2020 sale from TPG Capital to Stonepeak infrastructure Partners. RCN shall make this production no later than **June 14, 2023**.

**IT IS SO ORDERED**.

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**