# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

KATHLEEN N. FENNELLY
Direct Dial: (973) 401-7117
kfennelly@mdmc-law.com

June 5, 2023

**VIA ECF**

The Honorable Robert Kirsch
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:   *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
             Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Kirsch:

      This firm, Jenner & Block LLP, and Stein Mitchell Beato & Missner LLP jointly represent Plaintiffs in the above-referenced action. Defendants are represented by Armstrong Teasdale, LLP. Pursuant to the Text Order of May 24, 2023 (Dkt. 246), Plaintiffs and Defendants (together, the "Parties") jointly submit this status letter to the Court.

      **I.**    **General Facts of the Case**

      Plaintiffs are record companies in the business of creating, distributing, selling, and licensing recorded music. Defendants ("RCN") are cable, telephone, and internet service providers.

      Plaintiffs assert claims against RCN for contributory and vicarious copyright infringement. Dkt. 9 at ¶¶ 84–107. Plaintiffs allege that RCN's customers violated Plaintiffs' exclusive rights to reproduce and distribute their copyrighted sound recordings by uploading and downloading copyrighted songs over the internet. *Id.* at ¶¶ 52, 86, 98. Plaintiffs' claim for contributory infringement is based on their contentions that: (1) RCN knew about its customers' infringements because RCN received millions of notices of specific acts of infringement or was willfully blind to those infringements; and (2) RCN materially contributed to the infringements by failing to terminate the accounts of repeat infringers or take any other meaningful action to stop the infringements and instead continuing to provide internet services to its infringing customers. With regard to their claim for vicarious infringement, Plaintiffs contend that RCN had the right and ability to supervise or control the infringements of its subscribers by controlling their access to internet services and that RCN's high-speed internet services drew infringing customers to RCN, providing a direct financial benefit from the infringements to RCN. Plaintiffs allege that RCN's

McElroy, Deutsch, Mulvaney & Carpenter, LLP
COLORADO · CONNECTICUT · DELAWARE · FLORIDA · MASSACHUSETTS · NEW JERSEY · NEW YORK · PENNSYLVANIA · RHODE ISLAND

4750302_1

# McElroy Deutsch

Hon. Robert Kirsch, U.S.D.J.
June 5, 2023
Page 2

copyright infringement was willful, and they seek statutory or actual damages pursuant to 17 U.S.C. § 504. *Id.* at 26.

RCN contends that the Digital Millennium Copyright Act ("DMCA") safe harbor for internet service providers, 17 U.S.C. § 512(a), bars Plaintiffs' claims because RCN implemented and enforced a policy for terminating accused repeat infringers in appropriate circumstances. Dkt. 161 at 15–16. Plaintiffs contend that RCN is ineligible for the safe harbor because RCN failed to reasonably implement a repeat infringer policy or otherwise take any action to stop the infringements on its network.

RCN also disputes Plaintiffs' allegations. Among other things, RCN disputes that the email notices in question conferred knowledge of specific instances of infringement and disputes that RCN directly profited from any alleged acts of direct infringement. RCN contends that it did not engage in any conduct sufficient to support contributory or vicarious liability for copyright infringement, in that all RCN did was provide its subscribers with access to the internet as a whole.

## II.     Procedural History

Plaintiffs initiated this action on August 27, 2019, Dkt. 1, and filed an Amended Complaint on November 22, 2019, Dkt. 9. The case was initially assigned to Judge Shipp. Plaintiffs alleged four causes of action: (1) contributory copyright infringement against RCN; (2) vicarious copyright infringement against RCN; (3) contributory copyright infringement against Patriot Media Consulting, LLC ("Patriot"), which Plaintiffs alleged provides management services to RCN; and (4) vicarious copyright infringement against Patriot. *See* Dkt. 9 at ¶¶ 84-132.

On January 21, 2020, RCN and Patriot each filed a motion to dismiss. Dkts. 15 & 30. On August 31, 2020, Judge Shipp denied RCN's motion to dismiss and granted Patriot's without prejudice to Plaintiffs's right to further amend their pleading. Dkts. 88 & 89. Plaintiffs chose not to do so and the Court dismissed Patriot from this case with prejudice on October 9, 2020. Dkt. 107. RCN answered the Amended Complaint on September 14, 2020, Dkt. 96, and filed a First Amended Answer on October 5, 2020, Dkt. 104.

On October 5, 2020, RCN filed a counterclaim against Plaintiffs, their trade association, the Recording Industry Association of America, Inc. (the "RIAA"), and Rightscorp, Inc. ("Rightscorp"). Dkt. 104. The counterclaim alleged one count against all counterclaim-defendants for unfair competition under California Business & Professions Code § 17200. *See id.* at ¶¶ 115-126. Plaintiffs and the RIAA moved to dismiss the counterclaim on November 6, 2020, Dkt. 122, and Rightscorp filed a separate motion to dismiss on December 11, 2020, Dkt. 136. On June 30, 2021, Judge Shipp granted both motions to dismiss without prejudice to RCN to amend its pleading. Dkts. 159 & 160.

**McElroy Deutsch**

Hon. Robert Kirsch, U.S.D.J.
June 5, 2023
Page 3

RCN filed a Second Amended Answer and Amended Counterclaim on July 20, 2021. Dkt. 161. Plaintiffs, the RIAA, and Rightscorp again moved to dismiss. Dkts. 174 & 175. On April 29, 2022, Judge Shipp granted those motions with prejudice. Dkts. 212 & 213.

### III. Status of Discovery

This case is in fact discovery but does not currently have a case management schedule in place. Beginning on December 30, 2021, the Parties filed letter briefs addressing a complex set of document-related discovery disputes with Magistrate Judge Bongiovani. While several subjects were addressed, the primary issues related to the propriety of RCN's assertions of privilege over certain documents withheld from discovery. Dkts. 194, 195 & 196. On February 14, 2022, Magistrate Judge Bongiovanni ordered that the fact discovery deadline then in place would be "extended and reset" after the Parties' disputes were resolved. Dkt. 202. Magistrate Judge Bongiovanni further ordered that fact depositions be stayed. Dkt. 216.

Magistrate Judge Bongiovanni resolved a few of the Parties' preliminary document discovery disputes on March 8, 2022. Dkt. 205. That order compelled RCN and Rightscorp to produce certain documents and directed further briefing of certain issues.

On January 19, 2023, Magistrate Judge Bongiovanni held a telephone conference at which she indicated that fact depositions would remain stayed as between the Parties until the document discovery issues were resolved and scheduled an in-person hearing to address the Parties' remaining pending discovery disputes. Dkt. 240. On February 16, 2023, Magistrate Judge Bongiovanni held that hearing. Dkts. 242 (minute entry) & 244 (transcript). At the hearing, Magistrate Judge Bongiovanni indicated that she would issue a written ruling to resolve the pending disputes.

Magistrate Judge Bongiovanni issued an order resolving some, but not all, of those pending disputes on May 26, 2023. Dkt. 247. The order also indicated that Magistrate Judge Bongiovanni would address the Parties' other pending disputes "under separate cover." *Id.* at 1.

Once Magistrate Judge Bongiovanni issues her separate order and RCN completes its document production as required by the Court, the Parties will be in a position to meet and confer regarding an amended case management schedule, proceed with fact depositions, and conduct expert discovery.

### IV. Pending and Contemplated Motions

As described above, the Parties have document discovery disputes currently pending before Magistrate Judge Bongiovanni. There are no other pending motions.

The Parties expect to file summary judgment motions at the close of discovery.

# McElroy Deutsch

Hon. Robert Kirsch, U.S.D.J.
June 5, 2023
Page 4

**V.      Progress With Regard to Settlement**

The Parties previously engaged in mediation concerning this case and a related case. More recently, the Parties have communicated directly about the possibility of settlement but are not currently engaged in settlement discussions. The Parties are open to discussing potential settlement avenues with the Court.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*s/ Kathleen N. Fennelly*

KATHLEEN N. FENNELLY

cc:  All counsel (via ECF)