

**Edward F. Behm, Esquire**

Direct  **T** 267.780.2030   **F** 215.405.9070

ebehm@atllp.com

October 10, 2023

**VIA EMAIL**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
              Civil Action No. 3:19-cv-17272-RK-TJB

Dear Judge Bongiovanni:

      This firm represents Defendants (collectively, "RCN") in the above-referenced matter. We write to briefly reply to the Court's May 26, 2023 Order (ECF No. 247) ("Order"), requiring the production of certain documents. RCN understands the decision by the Court and intends to comply with a production of documents to Plaintiffs pursuant to that Order today.[1]

      However, we write to seek clarification of one point that affects 15 documents under Category 3: documents withheld from Mr. Holanda's file based on the common interest privilege. Order at 1.

      The Court found that the common interest privilege does not apply to the documents in Category 3 because the documents represent communications between parties "negotiating a commercial transaction from the opposite sides of a bargaining table." Order at 5 (citing *10x Genomics, Inc. v. Celsee, Inc.*, 505 F. Supp. 3d 334, 338 (D. Del. 2020)). RCN understands this holding; however, there are fifteen documents to which this characterization does not apply.

      *First*, in Plaintiffs' letter to the Court,[2] four documents within the set of 54 comprising Category 3 represent communications between **only** RCN and ABRY Partners.[3] ABRY Partners owned RCN at the time of these communications.[4] As its owner, ABRY Partners shared an

---

[1] The Order identified June 14, 2023 as the date for production; however, the case was then stayed pending mediation. Pursuant to ECF No. 252, in which the Court granted the parties' joint request for an extension of the mediation stay, RCN now submits this letter and simultaneously serves its production on Plaintiffs.

[2] This letter identified the documents at issue in the Court's Order. *See* ECF No. 224.

[3] The four documents are identified on RCN's privilege log as: RCNPriv2952, 3037, 3044-3045. *See* ECF No. 224-3 (RCN's Privilege Log with "categories" added by Plaintiffs) ("RCN's Priv. Log").

[4] ABRY Partners sold RCN to TPG in February 2017.

ARMSTRONG TEASDALE LLP   |   2005 MARKET STREET, 29TH FLOOR, ONE COMMERCE SQUARE, PHILADELPHIA, PA 19103   **T** 267.780.2012 **F** 215.405.9070   ArmstrongTeasdale.com

"identical legal interest" with RCN.  *10x Genomics*, 505 F. Supp. at 338; Order at 5.  Indeed, because ABRY and RCN were both negotiating with TPG (the company that acquired RCN from ABRY in 2017) from the same "side of the table," they were "allied in a common legal cause."  *Id.* at 337.[5]  No third parties were present on these emails.

These four documents, exchanged only between ABRY and RCN, contain attorney-client privileged and work product material prepared by outside counsel.  *See, e.g.,* RCN's Priv. Log, at RCNPriv3045 (attachment titled "Litigation Strategy Memo").  Both RCN and ABRY intended for these materials to be shared under a common privilege and the case law supports that understanding.  *See, e.g.*, *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 379 (3d Cir. 2007), as amended (Oct. 12, 2007); *see also Polycast Tech. Corp. v. Uniroyal, Inc.*, 125 F.R.D. 47, 49 (S.D.N.Y. 1989) (finding joint representation when a parent's officer and general counsel affirmatively advised subsidiary on how to comply with merger agreement to which parent and subsidiary were both parties).  Additionally, even if there was no common interest between RCN and ABRY—to be clear, there was—disclosing these materials still would not waive the work product protection because RCN and ABRY were allies, not adversaries.  *See, e.g.*, *Berardino v. Prestige Mgmt. Servs., Inc.*, No. 2:14-cv-3451, 2017 WL 1084523, at *4 (D.N.J. Mar. 21, 2017) ("Because the work-product doctrine serves instead to protect an attorney's work product from falling into the hands of an adversary, a disclosure to a third party does not necessarily waive the protection of the work-product doctrine."); *see also Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991) (only disclosure to an "adversary" constitutes a waiver of work product protection).  Moreover, these documents were exchanged years before this litigation was initiated and relate to an entirely different matter than the dispute presently before the Court.

*Second*, there are two other documents that RCN should likewise be permitted to withhold because they are communications between RCN and its current owner, Stonepeak, without the involvement of any third parties.  Specifically, the email and attachment identified on RCN's privilege log as RCNPriv3042-3043 are correspondence exchanged between RCN and Stonepeak during the period when Stonepeak owned RCN regarding legal matters.  Because no third parties participated in these communications and RCN and Stonepeak shared "identical legal interests" concerning the subject matter, these documents are outside the scope of the Order.

*Third*, nine documents identified on RCN's privilege log as RCNPriv3026-3027, RCNPriv3067-3068, RCNPriv2990-2991, and RCNPriv2505-2507 are emails and attachments exchanged between RCN and JP Morgan and/or Morgan Stanley—companies that served as RCN's banking advisors during RCN's acquisition negotiations.  *See* RCN's Priv. Log.  RCN's attorneys were on each of these emails.  *See, e.g.*, *Sec. & Exch. Comm'n v. Rayat*, No. 1:21-cv-4777, 2023 WL 4706074, at *3 (S.D.N.Y. July 24, 2023) ("To be eligible for protection as a common interest communication, the communication must be shared with an attorney of the member of a community of interest and the community must share a common interest.").  Because

---

 https://www.businesswire.com/news/home/20170201006122/en/TPG-Capital-Closes-Acquisitions-of-RCN-and-Grande-Communications.

[5] *See also, Importers Serv. Corp. v. Aliotta*, No. 2:22-cv-4640, 2023 WL 3173568, at *9 (D.N.J. Apr. 28, 2023) ("A duty of loyalty runs between a wholly owned subsidiary's directors and the parent because 'in a parent and wholly-owned subsidiary context, the directors of the subsidiary are obligated only to manage the affairs of the subsidiary in the best interests of the parent and its shareholders.'") (citing *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 366-67 (3d Cir. 2007)).

ARMSTRONG TEASDALE LLP

RCN and its bankers were operating from the same "side of the table," RCN submits that these documents are also properly withheld. *10x Genomics*, 505 F. Supp. 3d at 338.

The Court states in its Order that the common interest privilege "allows attorneys representing different clients with similar legal interests to share information without having to disclose it to others." Order at 4. Because the fifteen documents discussed herein fall within that description, it is appropriate for RCN to withhold these documents. RCN therefore respectfully requests that the Court enter an order clarifying that RCN is not required to produce these documents.

RCN can be available for an in-person hearing or teleconference on this matter at the Court's convenience.

Respectfully Submitted,

*/s/ Edward F. Behm, Jr.*
Edward F. Behm, Jr.

CC:    All counsel of record via ECF