

**Edward F. Behm, Esquire**
Direct **T** 267.780.2030  **F** 215.405.9070
ebehm@atllp.com

November 14, 2023

**VIA EMAIL**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *UMG Records, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
               Civil Action No. 3:19-cv-17272-RK-TJB

Dear Judge Bongiovanni:

      This firm represents Defendants (collectively, "RCN") in the above-referenced matter. We write in response to Plaintiffs' October 31, 2023 letter, requesting an order to compel certain documents from RCN ("Pls. Ltr.," ECF No. 255).

      Plaintiffs assert that RCN "refuses to produce, in contravention of this Court's May 26, 2023 Order," eight documents. The Court should ignore this bluster. RCN is participating in discovery in good faith, and it is seeking clarification of the Court's Order regarding the common interest privilege. This is because it appears the Court may not have appreciated that certain documents at issue were outside the scope of the Court's stated rationale for ordering their production—i.e., that the common interest privilege does not apply to communications between parties on opposite sides of the bargaining table.

      In its May 26, 2023 order (ECF No. 247) ("Order"), the Court held, in part, that RCN should produce "documents from Mr. Holanda's files that are not privileged in their entirety but contain some privileged information, with the privileged information redacted from the same." Order at 3.[1] The following documents were identified as falling within that category and thus, RCN properly redacted them: RCNPriv2709, 2803, 2809, 2924, 2962, and 2969. *See* ECF No. 224 at fn. 4. Nonetheless, Plaintiffs complained about these six documents, and eight additional documents. *See* Ex. 1 (10/17/23 J. Tracer email). Because those six documents fell within two separate categories addressed by the Court (one that permitted redaction, and one that did not), RCN agreed to produce those documents in unredacted form to Plaintiffs to avoid further dispute. *Compare* ECF No. 224 at fn. 4 and fn. 6; *see also* Ex. 1 (10/23/23 M. Szewczyk email).

---

[1] In its Order, the Court held that RCN should produce certain documents by June 14, 2023. However, as a result of mediation, this case was stayed until October 6, 2023. *See* ECF No. 252. RCN produced the documents ordered by the Court the following business day. *See* ECF No. 253.

The remaining eight documents, however, do not warrant production in unredacted form. Plaintiffs argue that these documents fall within the third category addressed by the Court, relating to the common interest privilege. Pls. Ltr. at 2. With respect to that category, the Court held that:

> RCN should "produce the communications exchanged between RCN, Abry Partners, TPG Capital, and/or Stonepeak Infrastructure Partners, as well as the financial firms who worked with those entities, related to the 2016 sale of RCN from Abry Partners to TPG Capital and the 2020 sale from TPG Capital to Stonepeak infrastructure Partners."

Order at 7.

The eight documents at issue (RCNPriv2571, 2611, 2965, 2966, 2967, 2984, 2994, and 3029) do not fall within the scope of the Court's order because these emails were all exchanged between parties that were either current owners, board members, or managing RCN at the time of the communication.

Plaintiffs argue that the Court included these eight documents in its Order on common interest simply because those documents were identified as part of the 54 in Plaintiffs' letter to compel. ECF No. 224, fn. 6. That may be, but it does not change the fact that the Court's stated rationale for ordering production—that the communications at issue were between parties on opposite sides of the bargaining table—does not apply to them. Order at 5-7. Put another way, there is no analysis or discussion in the Court's Order in which the Court concluded that the common interest privilege would not apply to communications between RCN and its then-owner. *See id.*

Additionally, all but two of these eight documents (RCNPriv2965-66) were identified by *Plaintiffs* as appropriate to redact. *See* ECF No. 224, fn. 4 (under section entitled, "Responsive Documents That Are Allegedly Privileged Only in Part Must Be Produced in Redacted Form"). It is disingenuous for Plaintiffs to now argue these same documents do not warrant redaction.

In light of the foregoing, RCN respectfully requests that the Court deny the relief sought in Plaintiffs' letter. As previously noted, RCN believes oral argument may assist the Court in resolving these issues, and RCN can be available for an in-person hearing or teleconference on this matter at the Court's convenience.

Respectfully Submitted,

*/s/ Edward F. Behm, Jr.*
Edward F. Behm, Jr.

CC: All counsel of record via ECF