# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

KATHLEEN N. FENNELLY
Direct Dial:  (973) 401-7106
tcurtin@mdmc-law.com

November 17, 2023

**VIA ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 06808

      Re:    *UMG Records, Inc. et al. v. RCN Telecom Services, LLC, et al.*
              Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni,

      This firm, Jenner & Block LLP, and Stein Mitchell Beato & Missner LLP jointly represent Plaintiffs. We write in response to the November 14, 2023 letter submitted by Defendants ("RCN") and in further support of Plaintiffs' letter of October 31, 2023 seeking an order compelling RCN to produce eight documents in unredacted form. *See* ECF 255, 257.

      Plaintiffs are making a simple request that the Court enforce an order it already made. RCN's response underscores the propriety of that request. In June 2022, Plaintiffs moved for an order directing RCN to produce 54 documents reflecting communications it had with third parties, but which RCN withheld purportedly pursuant to the common-interest privilege. *See* ECF 224 at 6–7. To avoid confusion about which documents Plaintiffs were addressing, Plaintiffs identified each of the 54 documents at issue by reference to RCN's privilege log. *See id.* at 6 n.6. RCN argued its decision to withhold these documents was proper because the common-interest privilege extended to parties "on adverse sides of a business deal." ECF 226 at 5 (internal quotations omitted). The Court held a hearing in February 2023 to address these documents. *See* ECF 244.

      In May 2023, this Court issued an unambiguous order holding that the common-interest privilege was "inapplicable" and compelling RCN to produce its communications with ***all*** of "Abry Partners, TPG Capital, and/or Stonepeak Infrastructure Partners, as well as the financial firms who worked with those entities" during the sales of RCN in 2016 and 2020. ECF 247 at 7.

      However, RCN did not comply with the Court's clear instruction. Instead, it disingenuously sought "clarification" (*i.e.*, reconsideration) that the Court's order did not apply to some of the 54 documents, *see* ECF 253, 254, and unilaterally redacted eight of the documents it did produce without providing any legal or evidentiary basis for doing so. When Plaintiffs pressed

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
November 17, 2023
Page 2

RCN to produce the redacted documents in unredacted form, RCN again claimed that its redactions were proper because of the common-interest privilege, notwithstanding the Court's order rejecting that argument as to those very same documents.  *See* ECF 257-1.

      RCN expressly concedes that the eight documents at issue were among the 54 addressed by the Court's order.  *See* ECF 257 at 2.  That should be dispositive.  Nevertheless, RCN attempts to justify its redactions by making the factual assertion—supported only by the unsworn statement of RCN's counsel—that the documents at issue were allegedly exchanged between parties on the same side of a transaction.  To be clear, RCN ***never made*** that argument when these issues were briefed or argued.  Yet relying on that assertion, RCN makes the disingenuous statement that its redactions were proper because the Court's "stated rationale" for compelling RCN to produce these 54 documents—namely, that parties on opposite sides of a transaction do not share a common legal interest—"does not apply."  *Id.*  Of course, the Court's "stated rationale" was based on the arguments the parties had actually presented to it regarding those documents.  *See* ECF 247 at 3–7.  So stripped of rhetoric and bluster, RCN's position is that it could redact documents the Court ordered it to produce because the Court's order did not address an argument that RCN never made.

      No authority supports RCN's position that a party given the opportunity to be heard on an issue can disregard an order resolving that issue based on the court's alleged failure to address arguments that were never presented.  To the contrary, arguments not presented to a court are waived.  *See* ECF 254 at 4 (citing cases).

      Moreover, even were the Court to consider the merits of RCN's new argument (though it should not), RCN provides no foundation whatsoever for its new factual allegations.  *See* ECF 257 at 2.  Rather, RCN offers conclusory assertions from its attorneys and relies on those assertions as if they were proven facts.  As Plaintiffs have explained, RCN cannot meet its burden to prove its privilege assertions when it fails to provide any evidentiary bases for them.  *See* ECF 254 at 5.

      Simply put, RCN is flagrantly violating this Court's order compelling it to produce these eight documents in full.[1]  Accordingly, the Court should compel RCN to produce unredacted versions of these documents within seven days of the Court's order.  Further, because RCN concedes these eight documents were among the 54 that Plaintiffs addressed in their motion and addressed by the Court's order, the Court should award Plaintiffs their attorneys' fees associated with seeking this relief as a sanction for RCN's refusal to comply with the Court's order.

---

[1] While RCN also contends that Plaintiffs took the position that redacting six of the eight documents was proper, that is not true and facially misrepresents Plaintiffs' position.  *See* ECF 257 at 2.  RCN previously refused to produce six of these documents ***at all*** based on its claim that their non-privileged portions were irrelevant.  Accordingly, Plaintiffs argued that, "at a minimum," RCN was required to produce these documents in redacted form so they could evaluate RCN's privilege claims.  ECF 224 at 5.  Plaintiffs stated expressly that they were not "conceding the validity of any of RCN's privilege assertions."  *Id.*  Since the Court has now held that these documents are not privileged, there is no basis to redact any portion of them.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
November 17, 2023
Page 3

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*s/ Kathleen N. Fennelly*

KATHLEEN N. FENNELLY

cc:  All counsel (via ECF and e-mail)