# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

KATHLEEN N. FENNELLY
Direct Dial: (973) 401-7106
tcurtin@mdmc-law.com

November 28, 2023

**VIA ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 06808

      Re:    *UMG Records, Inc. et al. v. RCN Telecom Services, LLC, et al.*
                Civil Action No. 3:19-cv-17272-MAS-TJB

Dear Judge Bongiovanni,

      This firm, Jenner & Block LLP, and Stein Mitchell Beato & Missner LLP jointly represent Plaintiffs. On November 22, 2023, Defendants RCN Telecom Services, LLC *et al.* ("RCN") filed a reply letter in support of its motion purportedly seeking "clarification" of the Court's May 26, 2023 Order (ECF 247) (the "Order"). ECF 259. Because RCN's letter asserted new facts concerning the relevant sales of RCN, Plaintiffs submit this brief response.

      The new assertions in RCN's letter are profoundly troubling as they are based on an express admission that RCN's prior factual representations to the Court concerning several documents key to the parties' longstanding privilege dispute were false. All while litigating this privilege dispute, RCN asserted that JP Morgan and Morgan Stanley were financial agents of Stonepeak Infrastructure Partners, the private equity firm that acquired RCN in 2020. *See, e.g.*, ECF 229 at 3. Now, for the first time, RCN concedes that assertion was false. ECF 259. This concession underscores Plaintiffs' position that RCN has failed to satisfy its burden of proof on ***any*** of its assertions of privilege because they were all supported solely by the unsubstantiated and unsworn statements of its counsel and were wholly unsupported by any sworn testimony or factual evidence. *See* ECF 194 at 10–12; ECF 200 at 7; ECF 227 at 7; ECF 230 at 6. Now that these self-serving, unsworn allegations of counsel have been exposed as utterly unreliable and false, the Court should not only summarily deny RCN's motion seeking to circumvent the Court's May 26, 2023 Order and compel RCN to produce the disputed documents but should similarly reject all of RCN's assertions of privilege.

      Moreover, RCN's letter offers no rebuttal to the other arguments Plaintiffs made in opposition to RCN's request for "clarification," including but not limited to Plaintiffs' argument that financial firms like JP Morgan and Morgan Stanley share only financial interests with the

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
November 28, 2023
Page 2

parties that retain their services and do not share legal interests that would support a common-interest privilege claim. *See* ECF 254. RCN's silence on that point and all the other arguments Plaintiffs made independently warrants denying the relief RCN seeks. Indeed, it is now manifest that RCN has no response to Plaintiffs' arguments or other affirmative evidence to offer supporting its privilege assertions.

  Given these facts, there is no need for further oral argument. The instant discovery dispute has been pending for two years, the motions have been amply briefed and the matters have already been the subject of oral argument at an in-person hearing. *See* Tr. of Feb. 16, 2023 Hearing. Additional oral argument would simply permit RCN to further delay the resolution of these issues by continuing to reshape its prior submissions and circumventing already-decided issues. RCN's admission that its prior factual representations were false should be the final straw. All of RCN's assertions of privilege are unsupported and should be rejected.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

*s/ Kathleen N. Fennelly*

Kathleen N. Fennelly

cc: All counsel (via ECF and e-mail)