Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
Telephone: 267.780.2000
Fax: 215.405.9070

Richard L. Brophy (*pro hac vice*)
Zachary C. Howenstine (*pro hac vice*)
Margaret R. Szewczyk (*pro hac vice*)
Angela B. Kennedy (*pro hac vice*)
Kyle G. Gottuso (*pro hac vice*)
Sydney K. Johnson (*pro hac vice*)
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RCN TELECOM SERVICES, LLC, et al.,<br><br>Defendants. | No.  3:19-cv-17272-RK-TJB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' APPEAL FROM AND OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER OF JUNE 21, 2024**<br><br>**Return Date: August 5, 2024**<br><br>**Oral Argument Requested** |

## **TABLE OF CONTENTS**

I. PROCEDURAL HISTORY ...............................................................................5

II. LEGAL STANDARD .......................................................................................6

III. ARGUMENT......................................................................................................7

IV. CONCLUSION ................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**                                       **Page(s)**

*Cooper Health Sys. v. Virtua Health, Inc.*,
  259 F.R.D. 208 (D.N.J. 2009) ...............................................................................9

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL-2738, 2021 WL 3144945 (D.N.J. July 26, 2021) .............9

*In re Teleglobe Communications Corp.*,
  493 F.3d 345 (3d Cir. 2007) ................................................................................11

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
  176 F.3d 669 (3d Cir. 1999) ..................................................................................7

*Munich Reinsurance Am., Inc. v. Am. Nat'l Ins. Co.*,
  No. 3:09-cv-6435-FLW-DEA, 2011 WL 1466369 (D.N.J. April 18, 2011) .......11

*Spencer v. Cannon Equip. Co.*,
  No. 1:07-cv-2437-JBS-KMW, 2009 WL 1883929 (D.N.J. June 29, 2009) ..........6

*TC Tech. LLC v. Sprint Corp.*,
  No. 1:16-cv-153, 2018 WL 6584122 (D. Del. Dec. 13, 2018) ............................12

*TD Bank, N.A. v. Hill*,
  No. 1:12-cv-7188-RBK-JS, 2014 WL 12617548 (D.N.J. Aug. 20, 2014) ..........11

*United States v. Adlman*,
  134 F.3d 1194 (2d Cir. 1998) ..............................................................................10

*Upjohn Co. v. United States*,
  449 U.S. 383 (1981) ............................................................................................10

*Westinghouse Elec. Corp. v. Republic of Philippines*,
  951 F.2d 1414 (3d Cir. 1991) ................................................................................9

**Rules**

Federal Rule of Civil Procedure 72(a) .................................................................4, 6

Federal Rule of Civil Procedure 26(b)(3)(A) .........................................................10

Local Civil Rule 72.1(c)(1)(A) ..................................................................................4

Defendants RCN Telecom Services, LLC, et al. ("RCN") submit this Memorandum of Law in support of their appeal from and objections to the non-dispositive June 21, 2024 Order of the Magistrate Judge (ECF No. 263, the "Order"). Specifically, pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1)(A), RCN appeals the Order to the extent it requires RCN to produce two documents identified as RCNPriv3044-45. *See* Order at 7-12.[1]

RCNPriv3044 is a 2016 email from RCN's CEO to two individuals with ABRY Partners, a private equity firm which owned RCN at the time. RCNPriv 3045 is an attachment to that email titled "Litigation Strategy Memo," which was authored by RCN's outside counsel and addressed to RCN's in-house general counsel. This memorandum provided outside counsel's legal analysis of RCN's litigation and settlement strategy for a then-pending copyright infringement litigation between RCN and BMG Rights Management. The Magistrate Judge did not review either document *in camera* prior to ordering their production.

Respectfully, the Order is clearly erroneous and contrary to law to the extent it requires RCN to produce these documents. Both reflect protected attorney work

---

[1] The relevant section of the Order—section 3, beginning on page 7—does not identify the 15 documents that RCN was ordered to produce in that section. They are identified in RCN's October 10, 2023 letter brief (ECF No. 253), in which RCN asked Judge Bongiovanni to clarify a prior ruling.

4

product and were also properly withheld as attorney-client privileged in view of the common legal interest shared by RCN and ABRY, its then-owner.

RCN therefore respectfully requests that the Court modify and set aside the Order with respect to RCNPriv3044-45. RCN also invites the Court to review both documents *in camera* and respectfully requests oral argument on this matter.

## I. PROCEDURAL HISTORY

In an Order dated May 26, 2023 (ECF No. 247), the Magistrate Judge addressed RCN's privilege and work product claims with respect to several categories of documents. With respect to the third category—documents from the email files of RCN's CEO, James Holanda—the Magistrate Judge ordered RCN to produce certain communications between RCN and third parties on grounds that they were communications between parties "on opposite sides of a bargaining table" and therefore not protected by the common interest doctrine. ECF No. 247 at 3-7.

RCN subsequently sought clarification of the May 26, 2023 Order with respect to 15 documents within this "category three"—including RCNPriv3044 and 3045—because the Magistrate Judge's stated rationale did not apply to those documents. *See* RCN's Oct. 10, 2023 Ltr. Br. (ECF No. 253). Specifically, none of the 15 documents were communications between parties "on opposite sides of a bargaining table"—rather, they were all communications between RCN and its

then-owner, or between RCN and financial firms representing RCN in acquisition negotiations. *See id.*

The Magistrate Judge treated RCN's request for clarification as a motion for reconsideration and denied it with respect to the 15 documents at issue. Order at 7-12. The Magistrate Judge found that the fact that ABRY Partners owned RCN was insufficient to show a common legal interest, and the Magistrate Judge declined to consider whether work product protection applied. *See id.* at 11 & n.1. Despite RCN's request, the Magistrate Judge did not hear oral argument on the matter.

## II. LEGAL STANDARD

In considering an appeal of a non-dispositive order by a magistrate judge, the Court will modify or vacate an order if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Spencer v. Cannon Equip. Co.*, No. 1:07-cv-2437-JBS-KMW, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009) (cleaned up). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Id.* (citation omitted).

To the extent the Magistrate Judge considered the Order to be an order denying reconsideration, effectively the same underlying standard applied.

6

Reconsideration is warranted "to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

### III. ARGUMENT

The Magistrate Judge's Order requiring the production of the email and litigation strategy memorandum identified as RCNPriv3044 and 3045 is clearly erroneous and contrary to law.

*First*, as an initial matter, the Magistrate Judge committed clear legal error in treating RCN's October 10, 2023 request for clarification as a motion for reconsideration. Respectfully, the Magistrate Judge's prior May 26, 2023 Letter Order (ECF No. 247) did not contain any analysis or reasoning indicating that the Magistrate Judge recognized that the "third category of documents"—including RCNPriv3044 and 3045—contained communications between RCN and its then-owner, nor did it include any analysis or reasoning explaining why such documents would have to be produced. *See* Order at 3-7; *see also* ECF No. 253. Indeed, the Magistrate Judge described the Delaware court's decision in *10x Genomics* as on point because it "specifically considered the application of the common interest privilege under circumstances like those present here," but *10x Genomics* involved communications between parties who "were not engaged in legal strategy sessions but instead were negotiating a commercial transaction from the opposite sides of a

bargaining table." *See* ECF No. 247 at 5.  Under the circumstances, RCN properly sought clarification as to whether the May 26, 2023 Letter Order was intended to apply to communications like RCNPriv3044 and 3045, which were between RCN and its then-owner and concerned RCN's strategy in pending litigation.

*Second*, the Magistrate Judge committed clear legal error in refusing to consider whether RCNPriv3044 and 3045 are protected work product, on grounds that RCN had not previously made that argument. Order at 11 & n.1.  In fact, RCN **had** expressly argued that RCN was entitled "to exchange privileged **and work product materials** [with ABRY] without waiving any privilege or protection." ECF No. 226 at 5 (emphasis added).  RCN's counsel made this same argument in the hearing that preceded the Magistrate Judge's May 26, 2023 ruling.  *See* Feb. 16, 2023 Hr'g Tr. at 20-21 (ECF No. 244) (referring to the strategy memo and noting that Mr. Holanda "necessarily receives a lot of information . . . frequently containing attorney advice, containing attorney work product").  RCN's privilege log was also before the Magistrate Judge, in which RCN designated these documents as protected work product.  ECF No. 224-3 at 113.  In view of these arguments and materials, including RCN's privilege log containing an express work product claim, the Magistrate Judge clearly erred in finding that RCN had not previously raised any work product argument.

8

***Third***, RCNPriv3044 and 3045 are in fact protected work product, as RCN explained in its request for clarification of the Magistrate Judge's prior ruling.  *See* ECF No. 253 at 2.  A document is protected work product if it is "reasonably clear based on the surrounding facts and the nature of the materials that they were in fact prepared or obtained because of pending or anticipated litigation."  *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 3:16-md-2738-MAS-RLS, 2021 WL 3144945, at *4 (D.N.J. July 26, 2021) (quotations & citation omitted).  "The predicate of the waiver inquiry in the work-product context is not, as it is in the attorney-client context, whether the material was disclosed, but whether the material was disclosed to an adversary."  *Id.* at 9; *see also, e.g.*, *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991) ("We agree that the purpose of the work-product doctrine requires us to distinguish between disclosures to adversaries and disclosures to non-adversaries."); *Cooper Health Sys. v. Virtua Health, Inc.*, 259 F.R.D. 208, 215 (D.N.J. 2009).

There is no doubt that RCNPriv3044 and 3045 satisfy this standard.  RCNPriv3045 is a memorandum, authored by RCN's outside counsel and sent to RCN's general counsel, concerning RCN's litigation and settlement strategy in then-pending copyright infringement litigation between RCN and BMG Rights Management.  It is clearly labeled on the first page as "Attorney-Client

9

Communication," "Attorney Work Product," and "Highly Confidential."  This is classic attorney work product, containing counsel's mental impressions and strategic legal analysis regarding pending litigation.[2]  *See, e.g.*, Federal Rules of Civil Procedure 26(b)(3)(A); *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981); *United States v. Adlman*, 134 F.3d 1194, 1199 (2d Cir. 1998) (Rule 26(b)(3) "takes pains to grant special protection to the type of materials at issue in this case—documents setting forth legal analysis.").  RCNPriv3044 is an email transmitting this memorandum to ABRY and explaining outside counsel's role in the pending litigation and the other work outside counsel's firm was doing for RCN at the time.  Again, to the extent the Court has any question about the nature of these documents, RCN respectfully requests permission to submit them for *in camera* review.[3]

*Fourth*, RCN also properly withheld RCNPriv3044 and 3045 as privileged pursuant to the common interest doctrine.  Respectfully, the Magistrate Judge committed clear legal error in concluding that RCN did not "establish[] the shared legal interest between ABRY and" RCN.  Order at 11.  While a parent and

---

[2] The Magistrate Judge did not find, and Plaintiffs have never argued, that these documents are discoverable under Rule 26(b)(3)(A) even if they constitute attorney work product.

[3] RCN notes that the Magistrate Judge conducted an *in camera* review of other documents withheld by RCN and observed that RCN's claims were "largely well-founded."  Order at 2 (finding that 26 of 30 challenged documents were properly withheld).

10

subsidiary may not always have a common legal interest, the shared legal interest here is evident from the nature of the communication: RCN's CEO was sharing outside counsel's memorandum about active litigation involving RCN, for purposes of updating ABRY, RCN's owner, on RCN's legal strategy in that litigation. Indeed, courts in this District have concluded that "a substantially similar legal interest" is sufficient, such that privileged communications between parties who "may face the possibility of joint litigation" or communications "exchanged during a merger between two unaffiliated businesses" remain protected. *Munich Reinsurance Am., Inc. v. Am. Nat'l Ins. Co.*, No. 3:09-cv-6435-FLW-DEA, 2011 WL 1466369, at *20 (D.N.J. April 18, 2011).

Relatedly, the Magistrate Judge also committed clear legal error in finding that the common interest privilege can only apply to communications between attorneys, citing the Third Circuit's decision in *In re Teleglobe Communications Corp.*, 493 F.3d 345, 364 (3d Cir. 2007). *See* Order at 10. As the court recognized in *TD Bank, N.A. v. Hill*, the Third Circuit described its own discussion as "surplusage" and did not specifically address the issue. No. 1:12-cv-7188-RBK-JS, 2014 WL 12617548, at *3 (D.N.J. Aug. 20, 2014) (citing *Teleglobe*, 493 F.3d at 363 n.18). In contrast, the Restatement (Third) of the Law Governing Lawyers, which the Third Circuit cited with approval in *Teleglobe*, and other relevant case law recognize that there is no such requirement. *See id.* at *3. Thus, in *TD Bank*,

11

the district court correctly concluded that notwithstanding *Teleglobe*, the common interest privilege "may apply to communications amongst clients and communications involving non-attorneys with a" common legal interest. *See id.*; *see also TC Tech. LLC v. Sprint Corp.*, No. 1:16-cv-153, 2018 WL 6584122, at *2-3 (D. Del. Dec. 13, 2018) (distinguishing *Teleglobe* on grounds that it applied state law and concluding that "the common interest doctrine does not strictly require that communications be between separate attorneys").

In sum, then, the Order is clearly erroneous and contrary to law to the extent it concludes that RCNPriv3044 and 3045 are neither protected work product nor privileged communications pursuant to the common interest doctrine.

## IV.  CONCLUSION

For the foregoing reasons, the Court should vacate the Order as clearly erroneous and contrary to law to the extent it requires RCN to produce the email and litigation strategy memorandum identified as RCNPriv3044 and 3045.  RCN respectfully requests permission to submit these documents for *in camera* review and respectfully requests oral argument.

Dated: July 8, 2024                                              Respectfully submitted,

By: */s/ Edward F. Behm, Jr.*
Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
(267) 780-2000
(215) 405-9070 (fax)
ebehm@atllp.com

Richard L. Brophy*
Zachary C. Howenstine*
Kyle G. Gottuso*
Angela B. Kennedy*
Margaret R. Szewczyk*
Sydney K. Johnson*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
rbrophy@atllp.com
zhowenstine@atllp.com
kgottuso@atllp.com
akennedy@atllp.com
mszewczyk@atllp.com
skjohnson@atllp.com
**Admitted Pro Hac Vice*

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2024, I caused a copy of the foregoing to be served upon all counsel of record via ECF notification.

                                          */s/ Edward F. Behm, Jr.*
                                          Edward F. Behm, Jr.