Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
Telephone: 267.780.2000
Fax: 215.405.9070

Richard L. Brophy (*pro hac vice*)
Zachary C. Howenstine (*pro hac vice*)
Margaret R. Szewczyk (*pro hac vice*)
Angela B. Kennedy (*pro hac vice*)
Kyle G. Gottuso (*pro hac vice*)
Sydney K. Johnson (*pro hac vice*)
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br>RCN TELECOM SERVICES, LLC, et al.,<br><br>      Defendants. | No.  3:19-cv-17272-RK-TJB<br><br>**REPLY IN SUPPORT OF APPEAL FROM AND OBJECTIONS TO THE NON-DISPOSITIVE JUNE 21, 2024 ORDER OF THE MAGISTRATE JUDGE** |

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................... 1

II. ARGUMENT ......................................................................................... 3

   A. *In Camera* Review Would Demonstrate that RCN Properly Withheld the Two Disputed Documents. ............................................ 3

   B. RCN Properly Withheld the Two Disputed Documents ....................... 5

      1. The litigation strategy memorandum is protected work product. ... 5

      2. RCN has shown that the challenged documents are within the scope of the common interest privilege. .......................................... 9

   C. RCN's Appeal Is Timely and Procedurally Proper ............................ 11

III. CONCLUSION .................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Crown Financial Corp. v. McDonald's Corp*,
   No. 1:12-cv-4120, 2013 WL 12155435 (D.N.J. Nov. 25, 2013) ..........................6

*In re Cendant Corp. Sec. Litig.*,
   343 F.3d 658 (3d Cir. 2003) ...............................................................................9

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   No. 3:16-md-2738-MAS-RLS, 2021 WL 3144945 (D.N.J. July 26, 2021) ..........8

*Kearney Partners Fund, LLC v. U.S.*,
   No. 2:11-cv-4075, 2013 WL 1737819 (D.N.J. Apr. 22, 2013)...............................4

*S. Found. v. Alaska Native Tribal Health Consortium*,
   No. 3:17-cv-00018, 2024 WL 83422 (D. Ak. Jan. 8, 2024) ..................................4

*Sporck v. Peil*,
   759 F.2d 312 (3d Cir. 1985) ............................................................................2, 8

*United States v. Singac Healthcare, LLC*,
   No. 2:23-cv-145-MEF-LDW, 2023 WL 9064990 (D.N.J. June 15, 2023)............3

*United States v. Zolin*,
   491 U.S. 554 (1989) .........................................................................................3, 4

*Westwood Prod., Inc. v. Great Am. E & S Ins. Co.*,
   No. 3:10-cv-3605-MLC-DEA, 2011 WL 3329616 (D.N.J. 2011).........................8

**Statutes**

17 U.S.C. § 512(a) ..................................................................................................1

Defendants RCN Telecom Services, LLC, *et al*. ("RCN") respectfully submit this Reply in support of RCN's Appeal from and Objections to the Non-Dispositive June 21, 2024 Order of the Magistrate Judge (ECF No. 263, the "Order").

## I. INTRODUCTION

Plaintiffs' 29-page opposition is an exercise in bluster and misdirection. It is laden with baseless accusations that RCN has delayed the resolution of this case by improperly withholding relevant evidence, when in fact it was *Plaintiffs* who sought a stay over RCN's opposition.[1] *See* ECF No. 221 at 6-9. Plaintiffs also omit that the Magistrate Judge reviewed a sampling of the withheld documents *in camera* and recognized that RCN's privilege claims are "largely well-founded." Order at 2 (upholding RCN's claims with respect to 26 of 30 documents). And it should be no surprise that RCN has raised many privilege and work product claims, considering that the focus of Plaintiffs' discovery is the sufficiency of RCN's safe harbor policy under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(a)—a policy crafted to shield RCN from copyright infringement claims that RCN implemented in close consultation with inside and outside counsel.

---

[1] There are so many baseless accusations in Plaintiffs' brief that RCN will not waste the Court's with pages of point-by-point responses, considering that those matters have no bearing on the issues actually before the Court. It suffices to say that RCN vehemently disagrees with most aspects of Plaintiffs' characterization of the events that preceded this appeal.

1

Here, however, the issue before the Court is much narrower and concerns only **two documents,** RCNPriv3044 and 3045: a litigation strategy memorandum regarding an unrelated 2016 copyright infringement litigation, and an accompanying email. The memorandum is classic opinion work product, to the point that Plaintiffs do not really try to argue that it is discoverable. *See Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) (opinion work product is "accorded an almost absolute protection from discovery"). Instead, Plaintiffs spend the bulk of their opposition attempting to convince the Court to avoid the merits altogether. As discussed below, Plaintiffs' arguments regarding waiver and other alleged procedural issues are meritless.

The purpose of this appeal is to get to the right result. Due to the indiscriminate nature of Plaintiffs' challenges to RCN's privilege claims, the Magistrate Judge was attempting to resolve many discrete issues in the context of broad categories of documents. Against that backdrop, it is unsurprising that two of the documents at issue were erroneously characterized and require further consideration from this Court. As RCN noted in its opening brief—and reiterates again below—the Court can readily dispose of these issues by accepting the two documents for *in camera* review.[2]

---

[2] Plaintiffs assert that RCN was obligated to comply with the Order and produce the disputed documents notwithstanding this appeal. Plaintiffs did not raise that issue with RCN prior to filing their opposition brief. Furthermore, requiring RCN to produce these documents pending appeal would destroy the privilege and work product protection RCN is seeking to maintain.

2

## II. ARGUMENT

### A. *In Camera* Review Would Demonstrate that RCN Properly Withheld the Two Disputed Documents.

Reviewing the two disputed documents *in camera* is the most efficient and straightforward way for the Court to determine whether the Magistrate Judge erred. Plaintiffs did not respond to RCN's request for *in camera* review, and so it appears they do not oppose it. It also bears mentioning that the Court has discretion to conduct this review so long as there is "a factual basis adequate to support a good faith belief by a reasonable person" to support the claim of privilege. *See United States v. Singac Healthcare, LLC*, No. 2:23-cv-145-MEF-LDW, 2023 WL 9064990, at *2 (D.N.J. June 15, 2023) (quoting *United States v. Zolin*, 491 U.S. 554, 572 (1989)).

RCN has certainly met this low bar. First and foremost, RCN is not asking for a voluminous review. *See Zolin*, 491 U.S. at 572 (in exercise of discretion, courts should consider "the volume of materials the district court has been asked to review"). The litigation strategy memorandum that is the focus of RCN's appeal (RCNPriv3045) is only six pages, and the other document (RCNPriv3044) is a seven-sentence email about that memorandum. Courts have granted *in camera* review in far more document-intensive circumstances, including in this case. *See* ECF No. 263 at 2-3 (evaluating 30 documents accepted for *in camera* review); *Kearney Partners Fund, LLC v. U.S.*, No. 2:11-cv-4075, 2013 WL 1737819, at *2-

3

3 (D.N.J. Apr. 22, 2013) (upholding 63 assertions of work product after *in camera* review); *S. Found. v. Alaska Native Tribal Health Consortium*, No. 3:17-cv-00018, 2024 WL 83422, at *2 (D. Ak. Jan. 8, 2024) (accepting 15 documents for *in camera* review "is not overly burdensome or voluminous").

Second, the 2016 litigation strategy memorandum is both (1) classic attorney work product, in that it represents outside counsel's analysis of then-pending litigation involving RCN; and (2) of marginal relevance (if any) in this case, given that it addresses the copyright infringement claims of a different plaintiff concerning alleged infringements that occurred outside the three-year limitations period in this case. These circumstances weigh heavily in favor of conducting *in camera* review to ensure that the ultimate ruling on RCN's privilege and work product claims is correct. *Cf. Zolin*, 491 U.S. at 572 (instructing courts to consider "the relative importance to the case of the alleged privileged information" and "the likelihood that the evidence produced through *in camera* review" will allow the court to resolve the privilege issue).

Again, RCN emphasizes that its purpose in appealing the Magistrate Judge's Order is to get to the correct legal ruling. Because *in camera* review will show that RCNPriv3044 and RCNPriv3045 were properly withheld, and because *Zolin*'s discretionary factors overwhelmingly favor *in camera* review in these

4

circumstances, the Court should direct RCN to provide these documents so that the Court may consider them in resolving this appeal.

### B. RCN Properly Withheld the Two Disputed Documents

*1.    The litigation strategy memorandum is protected work product.*

Plaintiffs cannot dispute that the withheld litigation strategy memorandum is protected work product, and so instead they attempt to convince the Court to avoid the issue altogether. The Court should reject these arguments.

***First***, the Magistrate Judge clearly erred in finding that RCN waived its work product argument. *See* Order at 11 n.1. If the Court were to accept Plaintiffs' argument that RCN did not articulate its work product argument specifically enough, that would hold RCN and other litigants to an impossible standard. *See* ECF No. 267 at 20-22.

When the parties originally submitted letter briefs to the Magistrate Judge, the parties were addressing RCN's privilege and work product claims with respect to over ***500*** discrete documents. *See* ECF No. 224. As a result, the parties had to brief the issues at a high level with respect to general categories of documents. *See* ECF Nos. 224, 226, 227, 229. There was no opportunity for RCN to submit detailed legal argument and supporting evidence concerning each individual document at issue, which is what Plaintiffs' standard would demand. *See generally id.*

5

Plaintiffs also overstate the holdings of the cases they rely on, suggesting that "a party is required to submit supporting evidence" to support a work product claim, citing *Crown Financial Corp. v. McDonald's Corp.* That opinion, however, addressed whether an appraisal report was prepared in anticipation of litigation, an assertion which the court rejected because it was unsupported by any evidence. No. 1:12-cv-4120, 2013 WL 12155435, at *2 (D.N.J. Nov. 25, 2013). In other words, *Crown Financial* involved a circumstance in which additional evidence was necessary to support a privilege or work product claim, but considering the content of *these* documents, this is not such a case.

Moreover, RCN *has* offered a precise explanation regarding the nature of its work product claim, which is evidenced by the documents themselves. The primary document is a litigation strategy memorandum, authored by outside counsel and ultimately transmitted to RCN's sole owner, ABRY, analyzing then-pending litigation between RCN and BMG. Nothing further is required to show that the document is attorney work product. As a result, Plaintiffs are wrong to suggest that RCN is relying on "mere conclusory or *ipse dixit* assertions."

Finally, the arguments RCN made to the Magistrate Judge were sufficient to raise the work product claim and are completely consistent with RCN's position in this appeal. Plaintiffs cannot dispute that RCN specifically referred to attorney work product when discussing the category of materials that included communications

6

between RCN and ABRY, both in a letter brief and in the subsequent hearing before the Magistrate Judge. *See* ECF No. 226 at 5; ECF No. 244 at 20-21.

Plaintiffs also cannot dispute that RCN submitted its privilege log for the Magistrate Judge's consideration, which contained express work product claims as to these two documents. *See* ECF No. 224-3. Indeed, RCN offered its privilege log because that was the only reasonable way for RCN to relate the nature of its privilege and work product claims with respect to 500+ discrete documents. There is no merit to Plaintiffs' suggestion—unsupported by any authority—that submission of the privilege log "at most preserved RCN's ability to raise [the work product] argument in opposing a subsequent motion to compel." ECF No. 267 at 21. In fact, RCN was directly responding to Plaintiffs' motion to compel *when* it submitted the log for the Magistrate Judge's consideration. Under the circumstances, the Magistrate Judge clearly erred in finding that RCN waived its work product claim.

***Second***, on the merits, it is apparent from the face of RCNPriv3045 (the litigation strategy memorandum) that the document is classic attorney work product, as the Court will appreciate if it accepts the document for *in camera* review. The memorandum is labeled "Attorney-Client Communication" and "Attorney Work Product" and contains outside counsel's analysis of BMG's copyright infringement claims against RCN in a then-pending 2016 lawsuit. This analysis includes an assessment of BMG's likelihood of proving liability, RCN's defenses, RCN's

7

damages exposure, and outside counsel's recommendation regarding settlement strategy. Because the memorandum contains "an attorney's legal strategy, his intended lines of proof, [and] his evaluation of the strengths and weaknesses of his case," it is opinion work product that is "accorded an almost absolute protection from discovery." *See Sporck*, 759 F.2d at 316; *see also, e.g.*, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 3:16-md-2738-MAS-RLS, 2021 WL 3144945, at *10 (D.N.J. July 26, 2021) (upholding claims of protection regarding various internal documents "designed to assist in-house or outside counsel to render legal advice and/or defend J&J in existing or anticipated litigation").

In response, Plaintiffs offer no argument or authority suggesting that this memorandum is not protected work product. Plaintiffs likewise do not dispute that work product protection is only waived upon disclosure of the information to an adversary, and they do not attempt to argue that they met their burden of demonstrating such a waiver. *See, e.g.*, *Westwood Prod., Inc. v. Great Am. E & S Ins. Co.*, No. 3:10-cv-3605-MLC-DEA, 2011 WL 3329616, at *9 (D.N.J. 2011) ("Importantly, waiver of work-product protection occurs only when a disclosure enables an adversary to gain access to the information and the burden of establishing waiver of the work-product doctrine falls on the party seeking to establish waiver.") (cleaned up). Indeed, RCNPriv3044 demonstrates that RCN only shared the

8

memorandum with its then-owner, ABRY Partners—not BMG or any other adversary. And finally, Plaintiffs do not attempt to make the "heightened showing of extraordinary circumstances" that is necessary to obtain discovery of opinion work product. *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 664 (3d Cir. 2003).

As such, on the merits, the Magistrate Judge's Order is clearly erroneous and contrary to law to the extent it concluded that the withheld strategy memo and accompanying email are not protected work product.[3] The Court should therefore vacate the Order with respect to RCNPriv3044 and 3045.

> 2. *RCN has shown that the challenged documents are within the scope of the common interest privilege.*

Plaintiffs are wrong to claim that some sort of extraneous evidence—such as an affidavit from client or counsel[4]—was necessary to show that RCN and ABRY Partners had a common legal interest with respect to the 2016 copyright infringement litigation between BMG and RCN. The key underlying facts are either undisputed (ABRY was RCN's sole owner at the time of this communication) or apparent from the face of the documents (the purpose of the communication was for RCN to update

---

[3] The focus of RCN's appeal is the litigation strategy memorandum, but the appeal concerns both the memorandum and accompanying email because the Court might conclude that the documents should be considered together, particularly considering that the Magistrate Judge's Order did so.

[4] As discussed above, requiring this sort of evidence and detailed legal argument with respect to every privilege claim would hold litigants to an impossible standard. This is particularly true where, as here, RCN was forced to brief the privilege issues with regard with broad swathes of documents.

9

ABRY on RCN's litigation strategy). As a matter of common sense, RCN and ABRY's legal interests in that litigation were 100% aligned, and Plaintiffs offer no basis for concluding otherwise. RCN *did* show a "substantially similar legal interest between" RCN and ABRY, which Plaintiffs agree is all that is required under *Teleglobe*.[5]  *See* ECF No. 267 at 28.

On this point, it is important to recognize that Plaintiffs do not contend, and the Magistrate Judge did not find, that these documents are discoverable because the communications were primarily for some non-legal purpose. *In camera* review of the two documents—which the Magistrate Judge did not conduct—would dispel that notion in any event.

For these reasons, the Magistrate Judge committed clear legal error, and reached a conclusion that is contrary to law, in finding that RCN failed to show that the common legal interest privilege applies to these two documents. No outside evidence was necessary to demonstrate RCN and ABRY's "substantially similar

---

[5] As RCN noted previously, while a parent and subsidiary may not *always* have a common legal interest with respect to a particular issue, under the facts and circumstances here it is apparent that RCN and ABRY did have such a common interest in the BMG litigation.

Additionally, it is unclear whether Plaintiffs actually dispute whether the common interest doctrine applies to communications between non-attorneys. *See* ECF No. 267 at 28 n.11 (arguing that the Magistrate Judge did not reach a conclusion on this issue). In any event, for the reasons set forth in RCN's opening brief, the Magistrate Judge erred in indicating that only communications between attorneys are protected. *See* ECF No. 266-1 at 11-12.

legal interest" in the outcome of the BMG v. RCN litigation, and Plaintiffs offer no argument or authority suggesting otherwise.

### C.     RCN's Appeal Is Timely and Procedurally Proper

In its opening brief, RCN explained that the Magistrate Judge erred in treating RCN's October 10, 2023 request for clarification as a motion for reconsideration of the Magistrate Judge's May 26, 2023 Letter Order.  ECF No. 266-1 at 7-8.  Plaintiffs now argue that if this is true, then RCN's appeal is untimely because filing the motion for clarification did not extend RCN's time to appeal the Letter Order.  *See* ECF No. 267 at 17.

Plaintiffs are wrong in two respects.  First, because RCN is appealing the Magistrate Judge's June 21, 2024 Order, and not the May 26, 2023 Letter Order which RCN sought to have clarified, RCN's appeal is timely.  Second, because the Magistrate Judge *did* treat RCN's request for clarification as a motion for reconsideration—irrespective of whether it was correct to do so—RCN's deadline to appeal the May 26, 2023 Letter Order was tolled in any event under Local Rule 72.1(c)(1)(A).

On the merits, this Court's analysis is not significantly impacted by whether RCN was seeking clarification or reconsideration.  Reconsideration is appropriate, among other things, "to correct a clear error of law or prevent a manifest injustice." *See* Order at 9 (citation omitted).  This standard is very similar to the standard this

11

Court applies in reviewing the Magistrate Judge's Order. *See id.* Thus, RCN respectfully submits that for the same reasons the Order is clearly erroneous and contrary to law, the Magistrate Judge erred in denying reconsideration of the May 26, 2023 Letter Order.

### III.  CONCLUSION

For the reasons stated above, the Court should vacate the Order as clearly erroneous and contrary to law to the extent it requires RCN to produce the email and litigation strategy memorandum identified as RCNPriv3044 and 3045. RCN respectfully reiterates its requests for permission to submit these documents for *in camera* review and for oral argument.

Dated: August 5, 2024

Respectfully submitted,

By: */s/ Edward F. Behm, Jr.*
Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
(267) 780-2000
(215) 405-9070 (fax)
ebehm@atllp.com

Richard L. Brophy*
Zachary C. Howenstine*
Kyle G. Gottuso*
Angela B. Kennedy*
Margaret R. Szewczyk*
Sydney K. Johnson*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
rbrophy@atllp.com
zhowenstine@atllp.com
kgottuso@atllp.com
akennedy@atllp.com
mszewczyk@atllp.com
skjohnson@atllp.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2024, I caused a copy of the foregoing to be served upon all counsel of record via ECF notification.

*/s/ Edward F. Behm, Jr.*
Edward F. Behm, Jr.