NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RCN TELECOM SERVICES, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 19-17272 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**THIS MATTER** comes before the Court upon Defendants' Appeal, (ECF No. 266), of the June 21, 2024 Letter Order of the Honorable Tonianne J. Bongiovanni, U.S.M.J., ("June 2024 Order," ECF No. 263). Plaintiffs filed a brief in opposition, (ECF No. 267), and Defendants filed a reply, (ECF No. 270). The Court has carefully considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Appeal is **DENIED**.

**I.      BACKGROUND**

In this appeal, Defendants—RCN Telecom Services, LLC and its related entities (together, "RCN")—challenge Judge Bongiovanni's order to turn over an email and its attachment (identified as RCNPriv3044-45, the "Disputed Documents") that RCN now contends are protected from discovery by the common interest privilege and the work product doctrine. The Court summarizes only the limited portion of the sprawling record necessary to its decision.

In a series of letters filed in 2022, Plaintiffs requested that Judge Bongiovanni compel RCN to produce hundreds of documents for which RCN's CEO is the custodian. (ECF Nos. 224, 226, 227, 229, 230, 243.) Among those documents were the two Disputed Documents, which were within a group of 54 withheld documents that the CEO had sent to third parties and that Plaintiffs

1

therefore contended were not privileged. (ECF No. 224 at 6.) RCN, on the other hand, claimed that the documents were protected by the common interest privilege because the CEO sent them to parties that "own or previously owned RCN" and the documents related to the sale of RCN from one parent company to another. (ECF No. 226 at 5.) In a sur-reply, RCN reiterated this basis for withholding the Disputed Documents. (ECF No. 229 at 2.) Judge Bongiovanni held a hearing on the discovery disputes on February 16, 2023. (ECF Nos. 242, 244.)

On May 26, 2023, Judge Bongiovanni issued a Letter Order addressing, in part, the parties' dispute over "documents withheld from [the CEO's] files based on the common interest privilege." ("May 2023 Order" at 1, ECF No. 247.) This category comprised "documents exchanged between parties who own or previously owned RCN"—including Abry Partners ("Abry")—and that "related to the 2016 sale of RCN from Abry Partners to TPG Capital." (*Id.* at 4.) Judge Bongiovanni carefully applied the Third Circuit's explication of the common interest privilege from *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345 (3d Cir. 2007), as amended (Oct. 12, 2007), and held that the privilege "would not be served by applying it to the communications at issue here," and ordered RCN to produce the communications between RCN and Abry related to the 2016 sale. (*Id.* at 4–7.)

On October 10, 2023, RCN filed a letter purporting to "seek clarification" as to how Judge Bongiovanni's May 2023 Order applied to fifteen documents, including the two Disputed Documents. (ECF No. 253 at 1.)[1] As relevant here, RCN extracted one quote from the May 2023 Order that RCN argued was inapplicable to the Disputed Documents. (*Id.*) RCN concluded that Abry and RCN shared an "identical legal interest" because they were "negotiating with" TPG

---

[1] After the May 2023 Order issued, the parties agreed to mediate before the Honorable Freda L. Wolfson, U.S.D.J. (ret.), during which time the matter was stayed. (ECF Nos. 250, 252.) The mediation was ultimately unsuccessful.

Capital at the time Abry was considering selling RCN to TPG Capital. (*Id.* at 2.) RCN also argued for the first time that the Disputed Documents were attorney work product material. (*Id.*)

In the challenged June 2024 Order, Judge Bongiovanni addressed several discovery disputes, including RCN's October 2023 letter seeking "clarification." (*See* June 2024 Order at 7–12.) The Court first held that the issues on which RCN sought reconsideration had been "briefed at length" and that because "there is nothing obscure or ambiguous that needs clarification" about the May 2023 Order, RCN's letter was in fact a motion for reconsideration. (*Id.* at 8, 10.)

On the merits, Judge Bongiovanni noted that for the privilege to protect a communication between a parent company and its subsidiary, the two entities must "share at least a substantially similar legal interest" and that "it is not the case that parents and subsidiaries are in a community of interest as a matter of law." (*Id.* at 11 (quoting *In re Teleglobe*, 493 F.3d at 365, 378).) As applied to RCN's claims, Judge Bongiovanni held:

> Defendants have not met their burden of establishing that the common interest privilege applies .... Defendants have not established the shared legal interest between ABRY and Defendants. There is no explanation of the purported shared legal interest or how Defendants and ABRY's legal interests aligned. The mere fact that both were on the same side of the table when ABRY sold Defendants to TPG, *i.e.*, the fact relied upon by Defendants in their request for "clarification," is insufficient.

(*Id.* at 11.) Judge Bongiovanni declined to address RCN's work product argument because RCN opted not to raise that argument before seeking reconsideration. (*Id.* at 11 n.1.)

On July 8, 2024, RCN filed the pending appeal challenging the June 2024 decision denying reconsideration. (ECF No. 266.) RCN never appealed the May 2023 Letter Order.

## II.   LEGAL STANDARD

A magistrate judge is "accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's ruling on a non-

3

dispositive matter may only be set aside if the "order is clearly erroneous or contrary to law." *Id.* (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 365, 395 (1948)). For a decision to be contrary to law, "the Court must find the magistrate judge misapplied or misinterpreted the applicable law." *Hooker v. Novo Nordisk Inc.*, No. 16-4562, 2019 WL 2521749, at *2 (D.N.J. June 19, 2019) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)). The party appealing the decision bears the burden of showing it is clearly erroneous or contrary to law. *Travelers Indemn. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 758–59 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010).

When the underlying ruling relates to a non-dispositive matter, such as a discovery motion, the magistrate's "ruling is entitled to great deference and is reviewable only for abuse of discretion." *Frank v. Cnty. of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted). Abuse of discretion is found "when the judicial action is arbitrary, fanciful or unreasonable," or in other words, "only where no reasonable [person] would take the view adopted by the court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *10 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

### III. <u>DISCUSSION</u>

On appeal, RCN takes issue with several aspects of the June 2024 Order. First, RCN contends that Judge Bongiovanni erred by treating its October 2023 "clarification" letter as a motion for reconsideration. (ECF No. 266-1 at 7–8.) Second, RCN argues that it properly raised its work product doctrine argument prior to reconsideration and that Judge Bongiovanni therefore

4

should have considered its merits. (*Id.* at 8.) Finally, RCN contends that it should succeed on the merits of its arguments because the work product doctrine and common interest privileges apply. RCN describes the Disputed Documents as: "a memorandum, authored by RCN's outside counsel and sent to RCN's general counsel, concerning RCN's litigation and settlement strategy in then-pending copyright infringement litigation," (*id.* at 9), and a cover email from RCN's CEO to employees at Abry with the memorandum that "explain[s] outside counsel's role in the pending litigation and the other work outside counsel's firm was doing for RCN at the time," (*id.* at 4, 10–11). RCN requests to submit the Disputed Documents to the Court for *in camera* review, which it contends will support its position. (*Id.* at 5, 10, 12.)

RCN offers no basis to reverse Judge Bongiovanni's careful decision denying reconsideration in the parties' discovery dispute. At the outset, the Court notes that magistrate judges are accorded "broad discretion" to decide discovery disputes. *Comodo Holdings Ltd. v. Emanuel*, No. 18-14188, 2019 WL 2870732, at *2 (D.N.J. July 2, 2019). Applying a deferential standard of review to Judge Bongiovanni's decision here is "especially appropriate" given the Magistrate Judge's familiarity with the record and three-year stewardship of this five-year-old case through discovery. *See Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (citation omitted); *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *4 (D.N.J. Oct. 27, 2006) ("The deferential standard of review is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings." (citation omitted)).

Judge Bongiovanni did not err by treating RCN's October 2023 letter as a motion for reconsideration and applying the corresponding high standard required for justifying reconsideration. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir.

2010) ("The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." (citation omitted)). A request for clarification serves "to explain or clarify something ambiguous or vague, not to alter or amend." *Garcia v. Corr. Med. Serv., Inc.*, No. 13-1250, 2018 WL 1317867, at *1 (D.N.J. Mar. 14, 2018) (citation omitted). Here, the parties' briefing prior to the May 2023 Order repeatedly cited the Disputed Documents as part of a group of 54 documents that RCN withheld as privileged common interest materials. (*See* ECF No. 224 at 6 n.6; ECF No. 226 at 5; ECF No. 227 at 6; ECF No. 230 at 7.) The May 2023 Order addressed "documents exchanged between parties who own or previously owned RCN," including Abry, during Abry's 2016 sale of RCN, which encompasses the Disputed Documents. (May 2023 Order at 4.) While RCN contends that the language from one case Judge Bongiovanni cited did not apply to the Disputed Documents, the May 2023 Order did not turn on that quote and does not countermand the clear language covering the Disputed Documents.

Thus, Judge Bongiovanni unambiguously considered and rejected RCN's arguments with respect to the Disputed Documents. While RCN may not agree with the result, there was nothing needing clarification in the May 2023 Order, and Judge Bongiovanni properly treated RCN's October 2023 letter as a motion for reconsideration.

Next, Judge Bongiovanni did not commit legal error by refusing to reach the merits of an argument—the work product doctrine—that RCN failed to raise before seeking reconsideration. It is axiomatic that reconsideration is "*not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001); *see also Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 543 (D.N.J. 2013) (a motion for

reconsideration is not "an opportunity for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment"), *aff'd*, 564 F. App'x 685 (3d Cir. 2014).

RCN points to three instances in which it contends it raised its work product argument, (ECF No. 266-1 at 8), none of which is availing. RCN's passing reference to "privileged and work product materials" when originally opposing disclosure was made while articulating its common interest argument and did not raise the work product doctrine, (ECF No. 226 at 5), which is a distinct doctrine, *see In re Chevron Corp.*, 633 F.3d 153, 164 (3d Cir. 2011). Likewise, RCN's counsel's single reference during the hearing before Judge Bongiovanni that RCN's CEO receives communications "frequently containing attorney advice, containing attorney work product," (Hr'g Tr. at 20:22–21:1, ECF No. 244), did not raise a work product argument. Finally, RCN cites no authority for its argument that the inclusion of a "work product" designation in its privilege log was sufficient to preserve this argument where none of RCN's other filings ahead of the May 2023 decision did so. *Cf. Cnty. of Essex v. Aetna, Inc.*, No. 17-13663, 2019 WL 3842761, at *1 (D.N.J. Aug. 15, 2019) (collecting cases for the proposition that a party may not raise new arguments on a motion for reconsideration). Indeed, in the briefing prior to Judge Bongiovanni's May 2023 decision, RCN's submissions were devoid of any argument relating to the Disputed Documents and the work product doctrine.

Because RCN failed to raise its work product argument to Judge Bongiovanni before the May 2023 decision, the Court finds that Judge Bongiovanni properly declined to consider the work product argument on reconsideration.[2]

---

[2] Even had Plaintiff directly appealed the May 2023 Order rather the June 2024 Order denying reconsideration, this Court would have found the work product arguments waived on appeal because it was not made to the Magistrate Judge ahead of the May 2023 Order. *See Amersham Biosciences v. PerkinElmer, Inc.*, No. 03-4901, 2005 WL 8179738, at *3 (D.N.J. Apr. 14, 2005) ("[I]t is evident that in this district, a party must raise all arguments to the magistrate judge before a district court can consider the issue on appeal. Failure to do so precludes the district court from hearing the issue.").

Finally, the Court affirms Judge Bongiovanni's decision on the merits. The sharing of communications within members of a corporate family—as RCN and Abry were in 2016—is permissible without breaking privilege when the members of the corporate family are in a "community of interest," such that the common interest doctrine applies. *In re Teleglobe*, 493 F.3d at 370. As Judge Bongiovanni explained, for entities to fall within the same community of interest, "all members of the community must share a common legal interest in the shared communication," and "it is not the case that parents and subsidiaries are in a community of interest as a matter of law." (June 2024 Order at 10–11 (quoting *In re Teleglobe*, 493 F.3d at 364, 378).) In *In re Teleglobe*, the Third Circuit endorsed the "sensible" view that "even in the parent-subsidiary context a joint representation only arises when common attorneys are affirmatively doing legal work for both entities on a matter of common interest." 493 F.3d at 379. As the party seeking the privilege's protection, RCN bears the burden of offering proof to establish its applicability. *See 10x Genomics, Inc. v. Celsee, Inc.*, 505 F. Supp. 3d 334, 337 (D. Del. 2020) (citing *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012)).

The Court finds no error in Judge Bongiovanni's determination that the common interest privilege does not apply to the Disputed Documents. RCN's sole argument before the Magistrate Judge was that RCN and Abry were "on the same side of the table when ABRY sold [RCN] to TPG." (June 2024 Order at 11.) However, the fact that the memo was shared within the corporate family does not, without more, evidence a common legal interest. *See In re Teleglobe*, 493 F.3d at 378 ("[I]t is not the case that parents and subsidiaries are in a community of interest as a matter of law."). For similar reasons, RCN's argument that the privilege applies because RCN and Abry were "on the same side of the table" during the sale discussions impermissibly relies on the parent-subsidiary relationship without any articulation of the parties' legal interests or how they may have

8

aligned. *See TD Bank, N.A. v. Hill*, No. 12-7188, 2014 WL 12617548, at *3 (D.N.J. Aug. 20, 2014) ("[T]he [community of interest] doctrine does not apply where a communication is designed to further a commercial transaction instead of a common legal strategy."); *McLane Foodservice, Inc. v. Ready Pac Produce, Inc.*, No. 10-6076, 2012 WL 1981559, at *4 (D.N.J. June 1, 2012) (same). Therefore, Judge Bongiovanni correctly declined to reconsider her decision that RCN failed to establish that a memorandum sent between non-attorneys at a company and its corporate parent—even when it was possible the subsidiary might be sold—was protected by the common interest privilege.

RCN's argument, raised for the first time on appeal, that the Disputed Documents were common interest documents because they related to active litigation involving RCN does not change this conclusion. First, RCN cannot backfill factual detail or legal arguments into its appeal beyond what was presented to the Magistrate. *Joshua-Stone v. Mee*, No. 06-4914, 2008 WL 2986226, at *1 (D.N.J. July 31, 2008) ("[A] district court may not consider any evidence which was not presented to the magistrate judge." (citation omitted); *Cooper Hosp./Univ. Med. Ctr.*, 183 F.R.D. at 142 ("[P]arties who litigate before a Magistrate Judge must raise any and all arguments before the Magistrate Judge, or waive their right to assert the arguments before the district court on appeal."). For the first time on appeal, RCN characterizes its CEO's actions through the Disputed Documents as sharing a memorandum about RCN's litigation strategy, authored by outside counsel, with its parent company for the purposes of updating the parent on the legal strategy. (ECF No. 226-1 at 4, 9–11.) Because this argument was not before Judge Bongiovanni, it is inappropriate to raise it to this Court on appeal.[3]

---

[3] As to RCN's request that this Court now review the Disputed Documents *in camera*, RCN does not say whether it ever asked the Magistrate Judge to review the documents *in camera*. It follows that RCN does not indicate that the Magistrate Judge declined to review them at RCN's request. If RCN's position is that the applicability of the common interest privilege or work product doctrine would have been evident from

Even if the Court were to consider RCN's representations about the Disputed Documents' contents, it still would find that RCN does not make clear what the shared legal interest is that could justify application of the common interest privilege. RCN cites authority that the common interest privilege applies when parties "may face the possibility of joint litigation in which they would share a common interest." (ECF No. 266-1 at 11 (quoting *Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co.*, No. 09-6435, 2011 WL 1466369, at *21 (D.N.J. Apr. 18, 2011)).) However, RCN has not alleged, let alone provided any competent evidence, that RCN and Abry faced joint liability that could create a common legal interest. In *Louisiana Mun. Police Emps. Ret. Sys. v. Sealed Air Corp.*, which *Munich Reinsurance* relies on, the Court recognized common legal interest in the fact that two companies "anticipated potential litigation related to asbestos issues" and had a "substantially similar legal interest in defending against such claims." 253 F.R.D. 300, 310 (D.N.J. 2008). RCN does not suggest that Abry faced legal liability or articulate any way in which RCN and Abry would have needed to coordinate legal strategies in light of the pending litigation. RCN's argument here appears to be simply that because RCN could face legal liability, its then-parent would have been interested in the status of that litigation. Therefore, these arguments, not presented to Judge Bongiovanni, likewise do not suggest that the Court's decision compelling the Disputed Documents' production was mistaken.

---

a review of the document itself, it should have requested that Judge Bongiovanni review the documents. For the District Court to now review the documents *in camera* would undermine the efficiency of the Magistrate Judge managing the parties' discovery disputes. *See Lithuanian Com. Corp.*, 177 F.R.D. at 211 ("Common sense and efficient judicial administration dictate that a party should not be encouraged to make a partial presentation before the magistrate on a major motion, and then make another attempt entirely when the district judge reviews objections to an adverse recommendation issued by a magistrate." (citation omitted)). Therefore, the Court finds it inappropriate to conduct an *in camera* review or consider the question of whether *in camera* review is appropriate in the first instance.

## CONCLUSION

For the foregoing reasons, Defendants' Appeal, (ECF No. 266), is **DENIED** and Judge Bongiovanni's Order, (ECF No. 263), is **AFFIRMED**. An appropriate Order follows.

                                                           _____
                                                           **ROBERT KIRSCH**
                                                           **UNITED STATES DISTRICT JUDGE**

Dated: August 16, 2024

11