

**Edward F. Behm, Esquire**

Direct **T** 267.780.2030  **F** 215.405.9070

ebehm@atllp.com

September 4, 2024

**VIA ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *UMG Recordings, Inc., et al. vs. RCN Telecom Services, LLC, et al.*
              Civil Action No. 3:19-cv-17272-RK-TJB **(Oral Argument Requested)**

Dear Judge Bongiovanni:

This firm represents Defendants (collectively, "RCN") in the above-referenced matter. We write in response to the August 27, 2024 letter brief submitted by Plaintiffs UMG Recordings, Inc., et al. ("Plaintiffs"), in which Plaintiffs seek an order requiring RCN to produce nearly 1,000 documents RCN withheld and logged as attorney-client privileged and/or attorney work product. *See* ECF No. 279. The Court should reject Plaintiffs' unsupported and unprecedented request.

## BACKGROUND OF DISPUTE AND MEET-AND-CONFER EFFORTS

In its June 21, 2024 Letter Order, the Court informed the parties that it had reviewed a sampling of 30 challenged documents *in camera*, and the Court upheld RCN's privilege claims as to 26 of those documents. ECF No. 263 at 2-3. The Court then ordered the parties to "use the Court's findings regarding the 30 documents reviewed *in camera* and apply same to the remaining documents at issue to either eliminate or, at least significantly narrow, the number of documents in dispute." *Id.* at 3.

That is precisely what RCN did. RCN's counsel conducted a document-by-document review of the roughly 1,300 remaining disputed documents and determined that, based on the Court's rulings, 361 of those documents should be produced and the remainder were properly withheld. *See* Declaration of Zachary C. Howenstine ("Howenstine Decl."), ¶¶ 2-3.

Plaintiffs have no basis for claiming that the Court should order RCN to produce all 1,000 of the remaining challenged documents because RCN has not made some unspecified "evidentiary showing" to support its privilege claims. The Court has rejected the notion that such a showing is necessary—indeed, RCN did not submit any such evidence regarding the 26 documents the Court reviewed *in camera* and deemed privileged. *See* ECF No. 263 at 2-3; *see also* ECF No. 210. Furthermore, pursuant to the Court's direction to confer (ECF No. 263 at 3), counsel for the parties met and conferred about these matters on August 6, 2024. Howenstine Decl., ¶ 4. In that meeting, Plaintiffs' counsel did not even **mention** a supposed need for additional evidence to support RCN's privilege claims. *Id.*, ¶¶ 4-7.

Hon. Tonianne J. Bongiovanni
Page 2

Under the circumstances, RCN has serious questions about whether Plaintiffs met and conferred in good faith.[1] The tone, substance, and relief requested in Plaintiffs' letter brief is wholly at odds with the parties' meet-and-confer discussion. In that meeting, not only did Plaintiffs not complain about the "evidentiary" basis of RCN's privilege claims, Plaintiffs did not express any intention whatsoever to seek an order requiring RCN to produce additional documents. *Id.*, ¶ 7. Instead, Plaintiffs' counsel merely advised that Plaintiffs could not vet RCN's remaining privilege claims because Plaintiffs did not know the content of the 26 of 30 documents the Court deemed properly withheld. *Id.* To address that issue, Plaintiffs suggested that they might ask the Court to provide more guidance on the nature of the Court's privilege rulings. *Id.*

Thus, in the hope of resolving or at least narrowing the disputes, RCN's counsel volunteered to provide more detailed descriptions of the 26 documents, so that Plaintiffs could have a better understanding of why the Court upheld RCN's privilege claims. *Id.*, ¶ 8 & Ex. 1. Upon receiving that information, Plaintiffs' counsel responded by email that they did "not see how this advances the ball towards an agreed resolution of our privilege disputes"—notwithstanding that RCN was doing precisely what the Court ordered the parties to do. *Id.*, ¶ 9 & Ex. 2.

In that message—the last word from Plaintiffs before they filed their letter brief—Plaintiffs did not question the factual or evidentiary basis of RCN's privilege claims, did not request any additional information or documents from RCN, did not propose an additional meet and confer, and did not tell RCN that they planned to seek an order requiring RCN to produce additional documents. *See id.* Instead, Plaintiffs merely made a vague reference to "further court intervention [being] necessary," which RCN understood to refer to Plaintiffs seeking more guidance from the Court (as they had previously suggested they would do). *See id.*

### ARGUMENT

The Court should not reward Plaintiffs for sandbagging and raising complaints with the Court that the parties could have attempted to resolve informally. If Plaintiff had complained that RCN's privilege log descriptions lacked sufficient detail, then RCN could have provided additional information, as RCN did for the 26 *in camera* review documents the Court found to be privileged. *Id.*, ¶ 8 & Ex. 1. If Plaintiffs had advised that they believed an attorney declaration is necessary to support RCN's privilege claims regarding the remaining disputed documents, then the parties could have discussed what Plaintiffs believe is required and RCN could have attempted to provide it. While RCN remains in the dark as to what sort of evidentiary showing Plaintiffs believe is necessary, RCN now endeavors to provide it in the attached declaration.[2] *See id.*, ¶ 10.

Plaintiffs are also wrong to suggest that the documents RCN *did* produce somehow show that the remaining withheld documents are not actually privileged. RCN originally withheld as privileged internal communications regarding copyright issues with RCN's internet subscribers

---

[1] There is an apparent benefit to Plaintiffs in delaying the resolution of these issues. This case does not have a schedule, and fact depositions have been stayed for over two years, pending the resolution of Plaintiffs' challenges to RCN's privilege claims. *See* ECF No. 216. If Plaintiffs wanted to ensure that the stay remains in place—for example, because they want to devote their efforts and resources to their secondary copyright infringement case against Frontier Communications that is scheduled for trial next month (*see* ECF No. 2317, Case No. 20-22476-mg (Bankr. S.D.N.Y.))—then one way to accomplish that goal would be to continue to challenge RCN's privilege claims.

[2] As noted above, by upholding RCN's privilege claims as to most of the documents submitted for *in camera* review, the Court has already rejected the notion that additional evidence is necessary.

ARMSTRONG TEASDALE LLP

Hon. Tonianne J. Bongiovanni
Page 3

where in-house counsel was included in the discussion, where the inclusion of counsel reflected (in RCN's view) an implicit request for counsel to weigh in with legal input as necessary. Through its *in camera* rulings, the Court generally rejected that notion and instead required that the request or need for legal advice be more explicit or obvious from the context. RCN applied that conclusion in its re-review of the challenged documents, which resulted in the production of 361 additional documents (including the two examples cited in Plaintiffs' letter brief). *Id.*, ¶ 3. In other words, any challenged documents like the two documents cited by Plaintiffs have now been produced. There is nothing about this production that calls into question RCN's remaining privilege claims. Again, RCN was simply doing what the Court ordered: applying the Court's privilege rulings to narrow the universe of challenged documents.

Plaintiffs' serious accusation that all of RCN's privilege claims are questionable because RCN previously made false statements to the Court is unsupported and unprofessional. Once again, RCN notes that the Court sustained nearly all of RCN's privilege claims upon *in camera* review. Plaintiffs' allegations also do not withstand scrutiny. They say that RCN falsely represented that its CEO, James Holanda, "did not have any responsive documents" (ECF No. 279 at 4), but that is untrue. In fact, to support its argument that Mr. Holanda is not an appropriate custodian for email collection and review, RCN informed the Court that Mr. Holanda "is not involved in the DMCA process at RCN" (ECF No. 197 at 5), which is a fact that remains unquestionably true. As for the roles JP Morgan and Morgan Stanley played in an acquisition of RCN (specifically, who they represented), that was an honest mistake which RCN's counsel readily admitted. *See* ECF No. 259. RCN was not concealing some secret fact, considering that the roles of those companies was public knowledge. *See id.*

Finally, it is galling for Plaintiffs to complain that the Court's rulings on the 30 *in camera* review documents are not instructive because the documents "were not representative of the universe of disputed documents." Plaintiffs acknowledge, as they must, that ***they selected the 30 documents in question***. *See* ECF No. 279 at 5. Furthermore, the Court expressly directed Plaintiffs to select documents from different categories of challenged documents so that the sample *would* be representative. *See* ECF No. 205 at 12. In any event, if Plaintiffs had a legitimate complaint about whether the sample is representative, that could be grounds for Plaintiffs to seek additional *in camera* review, but it would ***not*** be grounds for an order requiring RCN to produce 1,000 documents withheld as privileged.[3]

For all of these reasons, the Court should deny the relief requested in Plaintiffs' letter brief. RCN respectfully requests oral argument.

Respectfully Submitted,

*/s/ Edward F. Behm, Jr.*
Edward F. Behm, Jr.

CC:    All counsel of record via ECF

---

[3] Plaintiffs also suggest that the sample is not representative because it does not contain any documents from Mr. Holanda's files, but they do not explain how Mr. Holanda's emails are so unique that they could not be governed by the Court's other privilege rulings.

ARMSTRONG TEASDALE LLP