# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

KATHLEEN N. FENNELLY
Direct Dial: (973) 401-7106
tcurtin@mdmc-law.com

September 24, 2024

**VIA ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 06808

    Re:    *UMG Records, Inc. et al. v. RCN Telecom Services, LLC, et al.*
             Civil Action No. 3:19-cv-17272-RK-TJB

Dear Judge Bongiovanni,

      This firm represents Plaintiffs in the above-referenced action. Pursuant to the Stipulation and Order entered on August 12, 2024, ECF 272, Plaintiffs submit this reply letter in further support of their August 27, 2024 request for an order compelling Defendants ("RCN") to produce the remaining "Category 1 Documents" that RCN has improperly withheld or redacted based on a claim of privilege, *see* ECF 279, and in response to the September 4, 2024 letter in opposition submitted by RCN, ECF 281. RCN's opposition barely addresses the central issue in this dispute—RCN's failure to support its privilege assertions with any competent evidence—and instead attempts to distract the Court with baseless complaints about the parties' meet-and-confer process. The Court should reject RCN's misleading arguments and order RCN to produce the documents at issue.

    **I.**    **RCN Has Failed to Meet Its Burden to Prove the Documents Are Privileged.**

      It is *undisputed* that each of the remaining documents at issue in this dispute either includes no attorneys at all or simply copies attorneys who did not participate in the discussion.[1] The attorney-client privilege, however, protects only communications made "for the purpose" of obtaining or providing a legal opinion, legal services, or assistance in a legal proceeding. *In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979). Merely copying in-house counsel who "did not actively participate in providing legal advice as part of that email" is insufficient to warrant attorney-client privilege protection. *Dejewski v. Nat'l Beverage Corp.*, No. 19-CV-14532-ES-ESK, 2021 WL 118929, at *1 (D.N.J. Jan. 12, 2021).

---

[1] The remaining Category 1 Documents are set forth in the appendix to Plaintiffs' letter dated August 27, 2024. *See* ECF 279. RCN does not dispute the accuracy of this list.

McElroy, Deutsch, Mulvaney & Carpenter, LLP
COLORADO  · CONNECTICUT  · DELAWARE  · FLORIDA  · MASSACHUSETTS  · NEW JERSEY  · NEW YORK  · PENNSYLVANIA  · RHODE ISLAND

**McElroy Deutsch**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
September 24, 2024
Page 2

It has thus been Plaintiffs' central contention throughout this years-long dispute that RCN cannot withhold these documents unless it proves, *with evidence*, that they consist of communications made for the purpose of obtaining or providing legal advice, despite the lack of attorney involvement. Courts within this Circuit require that privilege assertions be accompanied by corroborating affidavits or other evidence. *See Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, L.L.C.*, 202 F.R.D. 418, 423 (E.D. Pa. 2001); *see also* ECF 279 at 3–4 (citing additional cases). This rule plainly requires the party asserting privilege to submit sworn testimony (or similar evidence) from a *percipient* witness whose first-hand knowledge of the communications at issue permits him or her to establish that the communications were in fact exchanged "for the purpose" of obtaining or providing legal advice.

However, RCN has never provided any support for its privilege assertions other than the say so of its outside counsel litigating this case. The only "evidence" RCN belatedly and improperly offers in its opposition is a conclusory declaration from the very same outside litigation counsel responsible for RCN's submissions to the Court in this discovery dispute. But self-serving declarations from outside counsel, such as this one, are insufficient to support a privilege assertion and discharge the claimant's burden. *See Reich v. Hercules, Inc.*, 857 F. Supp. 367, 372 (D.N.J. 1994) (granting motion to compel, despite affidavit from outside counsel, because fact witness affidavits attesting to the facts surrounding the documents at issue were "noticeably absent"). This holding is particularly appropriate here, because outside counsel was not a participant in the underlying communications in the Category 1 Documents and is in no position to testify as to what their purpose was. Indeed, counsel's declaration provides *no* clarity on the basis for the privilege assertion other than stating that outside litigation counsel reviewed the communications at issue and decided they were privileged. *See* Howenstine Decl. ¶ 10, ECF 281-1. That statement alone confirms the legal insufficiency of RCN's privilege assertions.

Moreover, RCN's submission confirms that its litigation counsel have applied different standards in making their privilege assertions at different moments in time, making it impossible to rely on their decisions in the absence of any corroborating record evidence. RCN concedes that, initially, it withheld communications as privileged whenever its outside litigation counsel subjectively determined that they reflected "an implicit request for counsel to weigh in with legal input as necessary." ECF 281 at 3. Now, however, RCN continues to withhold documents when its outside litigation counsel unilaterally determined that the relevant request for legal advice was "more explicit." *Id.* RCN does not indicate how much "more explicit" the request had to have been or how its outside litigation counsel applied the standard they invented. More importantly, whatever RCN's standard was, it was the *wrong standard*. The relevant standard is not whether outside litigation counsel could subjectively construe a document as seeking legal advice, based on unspecified explicitness or context criteria, but rather whether the author of the document was *in fact* seeking legal advice. *See In re Grand Jury Investigation*, 599 F.2d at 1233; *In re G-I Holdings Inc.*, 218 F.R.D. 428, 436 (D.N.J. 2003) (rejecting privilege claim for failure to demonstrate that the "express purpose" of a communication was to seek legal advice). RCN offers

McElroy, Deutsch, Mulvaney & Carpenter, LLP

**McElroy Deutsch**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
September 24, 2024
Page 3

nothing whatsoever that would permit the Court to make that determination for any of the documents at issue.

Perhaps recognizing this, RCN takes the position that it has no evidentiary burden at all. It cites no authority for that proposition and does not attempt to distinguish Plaintiffs' contrary case law. Instead, RCN baselessly contends that this Court rejected the need for an evidentiary showing in its June 2024 Order ruling on the Category 1 Documents. The Court did no such thing: it simply made determinations on 30 specific documents with the benefit of *in camera* review. *See* ECF 263 at 2–3. The Court itself recognized that any ruling on the *in camera* review documents would be limited to those specific documents. *See* ECF 244 at 52:17–53:9. Nor can RCN offload its burden onto the Court by suggesting that Plaintiffs should request that additional documents be reviewed *in camera*. ECF 281 at 3. "[S]ubmitting a batch of documents to the [c]ourt in camera will not provide an adequate or suitable substitute to an affidavit." *Shore Acres Nursing Home, Inc. v. Cont'l Med. Sys., Inc.*, 1991 WL 161372, at *1 (E.D. Pa. Aug. 19, 1991). The Court should not be put to the choice of either accepting on faith RCN's *ispe dixit* privilege assertions or being required to review hundreds of documents *in camera*.

Finally, there is more recent proof that outside litigation counsel's unsupported assertions should not be taken at face value. RCN was recently ordered to produce a strategy memorandum analyzing ███████████████████████████████████████████████████████████████████████. *See* ECF 263 at 7–12; ECF 273. The memorandum emphasizes that an ███████████████████████████████████████████████████████████████████████. *See* Exhibit A at 5; *see also id.* at 3 (stating that this ███████████████████████). It further states: ███████████████████████████████████████ *Id.* at 5. The memorandum thus reflects ███████████████████████████████████████████████████████████████████████ *See* ECF 224 at 1–3; ECF 227 at 1–3. Given the potential significance of these documents, it is essential that the Court hold RCN to its evidentiary burden.

II.     **RCN's Remaining Arguments Are Meritless.**

With no basis to support its withholding of these documents, RCN attempts to change the subject and offers a litany of baseless complaints about the course of this dispute and the meet-and-confer process. Those arguments should be rejected.

RCN's claim that it was blindsided by Plaintiffs' position on its evidentiary obligations, *see* ECF 281 at 2, is demonstrably false. Plaintiffs have raised this issue repeatedly throughout this dispute, including specifically as it pertained to the Category 1 Documents. ECF 194 at 10;

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
September 24, 2024
Page 4

ECF 200 at 7; *see also* ECF 224 at 7 (incorporating arguments made in earlier letter brief); ECF 227 at 7 (same). Further, at the oral argument concerning this discovery dispute in February 2023, Plaintiffs emphasized that a party "asserting entitlement to the attorney-client privilege may meet its burden only by an evidentiary showing," and highlighted that RCN's deficient evidentiary showing has "been a theme of ours." ECF 244 at 30:20–32:17. Plaintiffs have also raised RCN's failure to meet its evidentiary burden with respect to other categories of withheld documents in this case. *See, e.g.*, ECF 267 at 23.

Nor is there any merit to RCN's contention that Plaintiffs did not meet and confer in good faith. RCN's narrative of the meet-and-confer process conveniently omits that RCN initially told Plaintiffs that RCN had complied with all its discovery obligations and that there was nothing further for it to do. And after Plaintiffs explained to RCN that its more detailed description of the 26 *in camera* documents did not "advance[] the ball," RCN simply did not respond during the 11 days before Plaintiffs' deadline to file their opening letter-brief. In any event, RCN does not explain how any further meet-and-confers could have resolved the central problem with RCN's privilege withholdings: RCN's refusal to support them with any evidence and demand that Plaintiffs simply take RCN's outside litigation counsel at their word.

Finally, RCN's accusation that Plaintiffs are delaying this case to focus on a purportedly upcoming trial in the *Frontier* matter is absurd on its face. ECF 281 at 2 & n.1.[2] Plaintiffs believe that they are entitled to a large monetary judgment and want nothing more than to resolve the instant discovery dispute with all due speed so that they can proceed to try their case. It is RCN that continues to drag out this process by impeding discovery, providing self-serving information in dribs and drabs, and prolonging the briefing on every issue by making ever-shifting arguments and incorrect statements to the Court.

---

[2] Indeed, setting aside that Plaintiffs' litigation counsel in this case have no involvement in the *Frontier* matter whatsoever, there is no trial scheduled next month in *Frontier*. The judge in that case delayed the trial because credible issues had arisen as to whether defendant Frontier improperly withheld certain documents as privileged and then sought to rely on those documents as part of its defense. *See In re Frontier Commc'ns Corp.*, No. 20-BK-22476 (Bankr. S.D.N.Y. Aug. 29, 2024), ECF 2424. This parallels RCN's strategy of asserting a DMCA safe harbor defense while withholding hundreds of documents relating to its DMCA compliance, and underscores the need to resolve this dispute in advance of further discovery. The *Frontier* court resolved most of those privilege issues just a few days ago, *In re Frontier Commc'ns Corp.*, No. 20-BK-22476 (Bankr. S.D.N.Y. Sept. 19, 2024), ECF 2430, and set the trial date for March 2025. *In re Frontier Commc'ns Corp.*, No. 20-BK-22476 (Bankr. S.D.N.Y. Sept. 23, 2024), ECF 2431.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
September 24, 2024
Page 5

### III.     Conclusion

Plaintiffs respectfully request that the Court grant the relief described above. We remain available at the Court's convenience should Your Honor have any questions or wish to discuss this request further.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*s/ Kathleen N. Fennelly*

KATHLEEN N. FENNELLY

cc:  All counsel (via ECF and e-mail)

# EXHIBIT A

Filed Under Seal