# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 3:19-cv-17272-RK-TJB |
| ) | |
| RCN TELECOM SERVICES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF RICHARD BROPHY IN SUPPORT OF
RCN'S UNOPPOSED CONSOLIDATED MOTION TO SEAL
CONFIDENTIAL INFORMATION PURSUANT TO L.CIV.R. 5.3(c)**

I, Richard Brophy, declare as follows:

1. I am licensed to practice law in the State of Missouri and am a partner with the law firm of Armstrong Teasdale LLP. I am counsel of record for Defendants RCN Telecom Services, LLC, et al. ("RCN") in this suit filed by Plaintiffs UMG Recordings, Inc., et al. ("Plaintiffs"). I have been admitted to practice in the District of New Jersey on a *pro hac vice* basis pursuant to ECF No. 39 entered on January 28, 2020.

2. I have personal knowledge of the facts set forth below and if called upon and sworn as a witness, I could and would competently testify to them.

3. I submit this declaration in support of RCN's unopposed Consolidated Motion to Permanently Seal Confidential Information ("Motion to Seal") pursuant to Local Civil Rule 5.3(c). The Motion to Seal seeks to seal in its entirety Exhibits

1

B and C to ECF No. 280, a redacted version of the reply letter brief filed as ECF No. 282, and Exhibit A to ECF No. 282 in its entirety ("the Confidential Material").

4. In addition to this declaration, the Redaction Index attached hereto as Exhibit A identifies the bases for sealing these materials and the injury that would occur if the Motion to Seal is not granted.

5. The information and materials that RCN seeks to seal contain highly confidential, non-public information relating to RCN's business processes, legal strategies, and competitively sensitive information relating to certain aspects of RCN's business.

**ECF No. 280, Exhibits B and C ("RCN Emails")**

6. Exhibits B and C to Plaintiffs' Letter Brief (ECF No. 279) are internal emails between RCN employees, which includes RCN's in-house general counsel. These emails relate to RCN's management of confidential internal processes, and also include personally identifiable information of its customers.

7. These emails were produced in discovery and designated as "Highly Confidential—Attorneys' Eyes Only" ("AEO") pursuant to the August 7, 2020 Discovery Confidentiality Order (ECF No. 85, "Confidentiality Order").

8. This designation is consistent with the AEO definition set forth in Paragraph 2 of the Confidentiality Order, which describes AEO materials as "highly sensitive business or personal information." ECF No. 85.

9. The emails to be sealed contain confidential information that RCN has a legitimate interest in protecting.

10. The public disclosure of the confidential information contained in these emails would cause irreparable damage to RCN. In particular, revealing RCN's confidential processes relating to copyright notices would divulge sensitive business information to RCN's competitors and copyright monitoring companies. In addition, divulging RCN's confidential processes to its subscribers could negatively affect the efficacy of those processes.

11. In addition, because these emails are designated AEO, the Plaintiffs themselves do not presently have access to this information—only their outside counsel does. Should this information become available to Plaintiffs, it would provide an unfair advantage to Plaintiffs and other copyright enforcement companies about RCN and its customers outside of the context of this litigation.

12. Further, publicly disclosing these emails would reveal personally identifiable information of RCN's customers which RCN is obligated to protect. *See* 47 U.S.C. § 551(c).

13. These emails do not contain any matters of public concern.

14. There are no less restrictive means to protect the Confidential Information than to seal the emails containing this information. Because these emails contain predominantly confidential information, redacting the confidential

portions of the emails instead of sealing the complete document would render the documents largely unreadable and meaningless.

**ECF No. 282, Reply and Exhibit A ("Legal Memorandum")**

15. Exhibit A to Plaintiffs' Reply brief is a confidential memorandum titled "Litigation Strategy Memo" from RCN's outside litigation counsel to RCN's in-house general counsel providing legal analysis of RCN's litigation and settlement strategy for a then-pending copyright infringement litigation.

16. This memorandum was produced in discovery and designated as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Confidentiality Order.

17. This designation is consistent with the AEO definition set forth in Paragraph 2 of the Confidentiality Order, which describes AEO materials as "highly sensitive business or personal information." ECF No. 85.

18. The memorandum to be sealed contains confidential information that RCN has a legitimate interest in protecting.

19. Plaintiffs' Reply brief, which was filed in redacted form (ECF No. 283) should also be sealed-in-part because it references confidential information from Exhibit A.

20. RCN has a legitimate interest in protecting this information from disclosure and would suffer a clearly defined injury if the Confidential Information

is not sealed. Information contained in the Confidential Materials would reveal confidential and sensitive business information, such as business strategies and proposed payment terms. Public disclosure of this information will cause irreparable injury to RCN's prospective business relations, including, but not limited to, providing an unfair advantage to companies in competition with RCN and/or companies seeking to enforce copyrights against RCN because, for example, they will already understand the terms that RCN is willing to accept.

21. In addition, because this memorandum is designated AEO, the Plaintiffs themselves do not presently have access to this information—only their outside counsel does. Should this information become available to Plaintiffs, it would greatly compromise and provide a disadvantage to RCN.

22. This memorandum does not contain any matters of public concern.

23. Pursuant to Local Civil Rule 5.3(c)(4), the full versions of the documents containing the Confidential Material were filed under temporary seal (ECF Nos. 180 and 182). RCN proposes sealing the Exhibits in their entirety, but only sealing limited portions of Plaintiffs' Reply Letter Brief. A redacted version of Plaintiffs' Reply Letter Brief was filed as ECF No. 283.

24. Pursuant to Local Civil Rules 5.3(c)(1) and 7.1(d)(4), no brief is necessary because all facts in support of this Motion are set forth herein, and RCN does not believe a brief will assist the Court.

25. Pursuant to Local Civil Rules 5.3(c)(3), RCN relies upon the index submitted in support of this Motion to Seal.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed on October 8, 2024 in St. Louis, Missouri.

/s/   *Richard L. Brophy*
Richard L. Brophy
