# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>      Plaintiffs,<br><br>  vs.<br><br>RCN TELECOM SERVICES, LLC, et al.,<br><br>      Defendants. | No.  3:19-cv-17272-RK-TJB<br><br>**ORDER GRANTING MOTION TO SEAL WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

**THIS MATTER**, having been opened to the Court by Defendants RCN Telecom Services, LLC, *et al.* ("RCN"), by way of a motion for an Order pursuant to Local Civil Rules 5.3(c), to seal in its entirety the materials filed with the Court under temporary seal as Exs. B and C to ECF No. 280 (the "RCN Emails"), to seal-in-part Plaintiffs' Reply Letter Brief (ECF No. 282), and Ex. A to ECF No. 282 in its entirety (the "Legal Memorandum") (collectively, "the Subject Materials"), the Court having considered the submissions in support of the Motion to Seal and the factors contained in Local Civil Rule 5.3(c), the Court makes the following findings of fact and conclusions of law:

1

**FINDINGS OF FACT**

1. On August 27, 2024, Plaintiffs filed the RCN Emails under temporary seal as Exhibits B and C to their Letter Brief to the Court (ECF No. 180).

2. On September 24, 2024, Plaintiffs filed the Legal Memorandum under temporary seal as Exhibit A to their Reply in Support of their Letter Brief to the Court (ECF No. 182).

3. Prior to the Defendants' filing of the Subject Materials under temporary seal, on August 7, 2020, the Court entered the parties' Discovery Confidentiality Order (ECF No. 85).

4. The Discovery Confidentiality Order provides that any party producing information or filing documents in the course of this action may designate materials as "Confidential" or "Confidential—Attorneys' Eyes Only" (*Id*., ¶ 1).

5. RCN filed the instant Motion to maintain the confidentiality of the Subject Materials. The Subject Materials were designated by RCN as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Discovery Confidentiality Order, and Plaintiffs are not challenging that designation at this time. All parties thus consent to maintaining the seal over the Subject Materials.

6. RCN has filed an index that is substantially in the form suggested by Appendix U to the Local Civil Rules setting forth the information required by Local Civil Rule 5.3(c)(3)(a–f).

7. Pursuant to Local Civil Rule 5.3(c)(2), the parties have conferred regarding the materials and information that are the subject of the motion to seal. Plaintiffs consent to the instant motion and RCN is not aware of any objections.

8. Local Civil Rule 5.3(c) authorizes the Court to seal and/or otherwise restrict public access to the Subject Materials.

9. RCN seeks the sealing of the Subject Materials, designated as "Confidential—Attorneys' Eyes Only" under the parties' Discovery Confidentiality Order entered by the Court on the August 7, 2020 (ECF No. 85).

10. The RCN Emails are internal emails between RCN employees that include RCN's in-house general counsel. These emails relate to RCN's internal process for managing copyright infringement notices. *See* Brophy Decl., ¶ 11. The Legal Memorandum is a document titled "Litigation Strategy Memo," which was authored by RCN's outside litigation counsel and addressed to RCN's in-house general counsel. This memorandum provides outside counsel's legal analysis of RCN's litigation and settlement strategy for a then-pending copyright infringement litigation. *See* Brophy Decl., ¶ 14. Plaintiffs' Reply Letter Brief references portions of the Legal Memorandum (ECF No. 283).

11. RCN contends that the Subject Materials contain highly confidential, non-public information relating to RCN's business processes, legal strategies, and competitively sensitive information relating to certain aspects of RCN's business.

Plaintiffs dispute this characterization of the Subject Materials but do not oppose maintaining the Subject Materials under seal in connection with the instant discovery dispute.

**CONCLUSIONS OF LAW**

1. While there is a presumptive right of public access to pretrial motions of a nondiscovery nature, there is no presumptive right of access to discovery motions and supporting materials. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993).

2. Local Civil Rule 5.3(c) authorizes the Court to seal and/or otherwise restrict public access to material submitted in support of a motion and allows a court to consider:

> (a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

3. RCN contends that it has a strong and legitimate interest in protecting the Subject Materials that were produced in this matter from being disclosed to the public, and cites *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. 2:12-cv-05275-MCA-LDW, 2016 WL 234838 (D.N.J. Jan. 19, 2016), which recognized "a legitimate interest in maintaining the confidentiality

4

of…internal email communications [and] confidential memoranda and analyses." *Id.* at *3. RCN contends that public disclosure of this information will cause clearly defined and serious irreparable injury to RCN, for example, by rendering information that was not intended to be seen by competitors available for review and potentially used against RCN. *See, e.g., Depomed, Inc. v. Purdue Pharma L.P.*, No. 3:13-cv-571-BRM-TJB, 2017 WL 2840003, at *2 (D.N.J. June 29, 2017). Moreover, RCN contends that disclosure of this information would be accessible to companies seeking to enforce copyrights against RCN, including Plaintiffs, who are not able to view Confidential—AEO materials. The Court need not rule on RCN's contentions, because the Third Circuit has held that there is no presumptive right to public access to materials filed in connection with discovery motions and their supporting documents. *Leucadia*, 998 F.2d at 164.

4. For the exhibits sought to be sealed, no less restrictive alternative to the requested relief is presently available or practicable. Redacting only portions of the Subject Materials instead of sealing the complete documents would render the documents as a whole largely unreadable and without meaning. *See* Brophy Decl., ¶ 13; *Fields PAG, Inc.*, 2016 WL 9185293, at *4 (sealing agreements in their entirety). Apart from Plaintiffs' Reply Brief, which was already filed in redacted format (ECF No. 283), redacting the exhibits at issue would render documents meaningless. *Id.*

5. No prior order sealing the material identified has been entered by the Court in this action.

6. For the above reasons, good cause exists for the entry of an Order permanently sealing the Subject Materials submitted by RCN under Local Civil Rule 5.3(c).

**THEREFORE**, for the above reasons, it is on this __12th__ day of November_____, 2024,

**ORDERED** that RCN's Motion to Seal , pursuant to Local Civil Rule 5.3(c) is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to seal docket entries: ECF No. 280 (Exhibits B and C to Plaintiffs' letter dated August 27, 2024) and ECF No. 282 (the unredacted version of Plaintiffs' letter dated September 24, 2024 and accompanying Exhibit A).

s/Tonianne J. Bongiovanni
_____
HON. TONIANNE BONGIOVANNI
United States Magistrate Judge

[Docket Entry No. 284 is terminated].