# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

KATHLEEN N. FENNELLY
Direct Dial: (973) 401-7106
kfennelly@mdmc-law.com

August 29, 2025

**VIA ECF**
Hon. Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Federal Building
 and U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

      Re:    *UMG Recordings, Inc. et al. v. RCN Telecom Services, LLC et al.*
             Civil Action No. 19-17272 (MAS) (TJB)

Dear Judge Bongiovanni:

This firm, together with Steptoe LLP and Stein Mitchell Beato & Missner LLP, represents Plaintiffs in the above-referenced matter. We write in response to the letter filed by RCN on August 25, 2025 (Dkt. No. 312), with leave from the Court, as granted on August 27, 2025. RCN's letter submitted a reorganized privilege log sorting the documents into each of the three categories described by the Court in its July 25, 2025 text order (Dkt. No. 303) and cited additional authority that RCN contends supports its withholding of the documents RCN designated as falling under Category 1.

RCN's revised privilege log confirms the overbreadth of its privilege designations. As described below, nearly 25% of the entries in the privilege log fall into the Court's "Category 1," meaning no lawyer was included in the communication. In contrast, just a sliver of the entries—a mere 3%—were authored by attorneys (as indicated by RCN's color-coding in the "From" field).

This letter responds to RCN's cited authority and provides context for RCN's categorization.

    **I.  The Category 1 Documents and RCN's Cited Authority**

The Court described Category 1 documents as "withheld documents on which no attorney is listed as the sender, recipient, cc, or in any other fashion[.]" RCN identified nearly 25% of the entries in its privilege log as Category 1 documents (726 of 3,064 entries).[1] The overwhelming majority of those entries appear to be meeting invites or "status updates," both of which are highly unlikely to involve the substantive exchange of legal advice, particularly given that no attorneys are included.[2]

---

[1] This total includes 51 that were produced with redactions and 675 that remain withheld in their entirety.
[2] *E.g.*, RCNPriv1214, RCNPriv1594–1595.

McElroy, Deutsch, Mulvaney & Carpenter, LLP
COLORADO  · CONNECTICUT  · DELAWARE  · FLORIDA  · MASSACHUSETTS  · NEW JERSEY  · NEW YORK  · PENNSYLVANIA  · RHODE ISLAND

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 29, 2025
Page 2

RCN's August 25 letter identifies several decisions from this district that purportedly "confirm RCN properly withheld from discovery the documents in Category 1 of its updated privilege log."

However, RCN's cited authorities stand only for the proposition of law that communications without an attorney *could* be privileged in theory. That rule applies only in limited contexts, depending on the content and purpose of the communication at issue, and RCN bears the burden to show that its assertions of privilege are proper.[3] Here, where RCN has never submitted any declaration or other evidence to the Court to lay a foundation for its privilege assertions and has asserted privilege over *several hundred* communications with no lawyer involved, RCN has not satisfied its burden. As Plaintiffs have explained on numerous occasions, courts in this Circuit require privilege assertions to be accompanied by corroborating affidavits or other evidence from a percipient witness, establishing the basis for privilege.[4] RCN still has not done so.[5]

Below, Plaintiffs provide some brief additional context for the authorities RCN offered in its August 25, 2025 letter, which do nothing to dislodge the principles Plaintiffs cite above and in previous submissions on this issue.

### A. *Doe v. Princeton* & *In re American Medical Collection Agency*

RCN's first excerpt, from *Doe v. Princeton*, expressly distinguishes communications that "effectuate or enable legal advice" from those that "concern[] business affairs, technical issues, or public relations."[6] Only the former can be privileged. Indeed, *Doe v. Princeton* concerned examples where "counsel was included and copied[] on the communication for the purposes of seeking and receiving legal advice."[7]

RCN's second excerpt notes that communications between non-attorneys may still be privileged *if* made "to relay [legal] advice."[8] But again, the Court distinguished communications made to "share[] and discuss[] legal advice from counsel, separate and apart from any factual content."[9]

Although RCN does not discuss it expressly, the decision that *Doe v. Princeton* relies on for RCN's cited proposition, *In re American Medical Collection Agency*, provides important context. Specifically, that decision clarifies that where "communications contain both legal and business

---

[3] *E.g.*, *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, No. 19-md-2904, 2023 WL 8595741, at *4 (D.N.J. Oct. 16, 2023).
[4] *See, e.g.*, *Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, L.L.C.*, 202 F.R.D. 418, 423 (E.D. Pa. 2001) (cited in Dkt. No. 282 at 2); *see also* Dkt. No. 279 at 3–4 (citing additional cases).
[5] As described in Plaintiffs' September 24, 2024 letter, RCN's submission of a declaration from its outside litigation counsel in this case, is insufficient. Dkt. No. 282 at 2–3 (citing *Reich v. Hercules, Inc.*, 857 F. Supp. 367, 372 (D.N.J. 1994)).
[6] *Doe v. Princeton Univ.*, No. CV 20-4352 (MAS) (RLS), 2025 WL 388832, at *2 (D.N.J. Feb. 4, 2025). The quoted language itself appears in a parenthetical as an excerpt from *In re Am. Med. Collection Agency*, 2023 WL 8595741, at *4.
[7] 2025 WL 388832, at *3.
[8] *Id.* (citation omitted).
[9] *Id.*

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 29, 2025
Page 3

advice, courts must ascertain whether 'the communication is designed to meet problems which can be fairly characterized as predominantly legal.'"[10] That decision also rejected the claim of privilege before it because it was not supported by "reliable evidence" that would justify the invocation of privilege despite the lack of lawyer involvement, such as an affidavit confirming that the communication involved the mental impressions or legal theories of counsel. Again, RCN has offered no such reliable evidence and now, several years into this case, it is too late to do so.

   B. *D'Ambly v. Exoo* & *Jorjani v. New Jersey Institute of Technology*

As with *Doe v. Princeton*, *D'Ambly v. Exoo* distinguishes correspondence "purposefully made to enable an attorney to provide legal advice" from those that "do not disclose, reflect, transmit or otherwise discuss attorney client information or legal advice."[11] In fact, that decision found several emails not to be privileged because, even though the communications included in-house counsel, they also "cop[ied] numerous individuals that do not appear to be attorneys or involved in providing information related to the provision of legal advice."[12]

*D'Ambly* also confirmed several key principles applicable here, in part relying on *Jorjani*, which RCN also cited:

- "Traditional notions of attorney-client privilege require a communication between an attorney and a client."[13]

- Privilege can "apply to communications by a corporate employee concerning matters within the scope of his/her duties and that were purposefully made to enable an attorney to provide legal advice to the corporation."[14]

- "This application of the attorney-client privilege is meant to be narrow, and the privilege does not protect vague and general 'group-wide' discussions, which 'do not allow for the Court to assess whether the recipients require, or have the capacity to act upon, the information requested.'"[15]

- "As such, taken together in the corporate context, the attorney-client privilege protects 'communications with those that must be consulted [for] a lawyer to provide legal advice — *i.e.*, those that 'need to know' or have information necessary to assist the lawyer in providing legal advice.'"[16]

---

[10] *In re Am, Med. Collection Agency*, 2023 WL 8595741, at *4 (quoting *Leonen v. Johns-Manville*, 135 F.R.D. 94, 99 (D.N.J. 1990)).
[11] *D'Ambly v. Exoo*, No. CV 20-12880 (JKS) (JSA), 2024 WL 4880322, at *6 (D.N.J. Nov. 25, 2024)
[12] *Id.*
[13] *Id.* at *11 (citation omitted).
[14] *Id.* (quoting *Jorjani v. New Jersey Inst. of Tech.*, No. CV 18-11693 (WJM), 2021 WL 4237255, at *4 (D.N.J. Sept. 17, 2021)).
[15] *Id.* (citation omitted)
[16] *Id.* quoting *Jorjani*, 2021 WL 4237255, at *5

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 29, 2025
Page 4

RCN has offered no evidence showing that the Category 1 documents contain discussions among non-attorneys who were necessary to assist a lawyer in providing legal advice.

### C. In re Johnson & Johnson

RCN cites *In re Johnson & Johnson* for the proposition that the absence of an attorney "is not necessarily determinative" of privilege for that document. But that decision found privilege did not apply to, *e.g.*, factual memoranda and exhibits or a report on "predominantly business issues," even in connection with litigation.[17] There, a special master conducted an extensive review of the challenged documents, including declarations from in-house counsel, outside counsel, and a business person, all of whom were involved in the subject litigation and withheld communications.[18] "[O]verbroad and general conclusory statements" in those declarations were "not give[n] much weight" in the Special Master's inquiry.[19] Rather, the Special Master needed to conduct the "complicated task" of examining the subject documents "as a whole in the context in which they were prepared."[20]

Again, RCN has not provided *any* evidence that would enable an assessment of this context for the broad swath of communications and memoranda shared among only non-lawyers.

### D. Engage Healthcare v. Intellisphere & Sunnyside Manor, Inc. v. Township of Wall

*Engage Healthcare v. Intellisphere* states that privilege can include communications between the attorney and client, as well as with "their agents that help facilitate attorney-client communications or the legal representation."[21] That case concerned 58 documents, 57 of which had an attorney as an author or recipient, and the 58th involved communicating that attorney's legal advice (as determined by a special master).[22]

Moreover, the Court acknowledged that "the facts underlying a privileged communication" such as an independently existing non-privileged attachment or earlier non-privileged emails that are later forwarded as part of a privileged communication, may not be withheld as privileged.[23]

RCN cites *Sunnyside Manor, Inc. v. Township of Wall* for the same proposition, namely that "disclosure to agents" for "advising the client and handling legal matters" does not waive privilege

---

[17] *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2738 (FLW) (LHG), 2021 WL 3144945, at *10 (D.N.J. July 26, 2021).
[18] *Id.* at *1.
[19] *Id.* at *4.
[20] *Id.*
[21] *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12CV00787FLWLHG, 2017 WL 10259770, at *2 (D.N.J. Sept. 12, 2017), *R&R adopted sub nom. Engage Healthcare Commc'ns, LLC. v. Intellisphere, LLC.*, No. CV 12-787 (FLW)(LHG), 2017 WL 10259774 (D.N.J. Nov. 21, 2017).
[22] *Id.*
[23] *Id.* at *3.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 29, 2025
Page 5

if the disclosure is "necessary for effective representation of the client's interests."[24] There, a third-party expert was hired to provide "indispensable" support to a defendant's consideration of settlement of litigation. At issue were communications between the expert and the defendant's attorneys—not communications omitting attorneys altogether. The Court held that privilege applied to those communications because the expert's contribution "improve[d] the comprehension of the communications between the Defendant and their attorneys"—"an integral part of the [attorney-client] relationship."[25]

Given that the Category 1 entries did not include attorneys at all, there is nothing in the record to suggest that the recipients were agents of attorneys who were "indispensable" or "integral" to the attorney-client relationship.

## II. The Category 2 Documents

The Court described Category 2 documents as "withheld documents on which Plaintiff claims an attorney is copied, but allegedly did not participate in the subject discussion." 643 entries are identified as meeting the Category 2 criteria, consisting of 402 emails and 241 attachments.

The attorney-client privilege protects only communications made "for the purpose" of obtaining or providing a legal opinion, legal services, or assistance in a legal proceeding.[26] Thus, when an email includes multiple recipients, some of whom are attorneys and some of whom are not, it cannot be privileged unless it is "directed to" or "sent by" the attorney.[27] In other words, such an email is not privileged if the attorney "(1) is a mere recipient of that email; and (2) did not actively participate in providing legal advice as part of that email."[28] If the rule were otherwise, corporate parties could systematically ensure that no documents are ever produced in litigation "by simply copying an attorney on all company-generated emails to protect them from discovery, regardless of whether legal services were sought or who the other recipients of the email were." *Id.*[29] That is precisely what appears to have happened here.

---

[24] *Sunnyside Manor, Inc. v. Township of Wall,* No. CIV.A. 02-2902 MCL, 2005 WL 6569572, at *2 (D.N.J. Dec. 22, 2005).
[25] *Id.* at 4.
[26] *In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979).
[27] *Shipyard Assocs., L.P. v. City of Hoboken*, No. 14-cv-1145-CCC-MF, 2015 WL 4623470, at *5 (D.N.J. Aug. 3, 2015) (internal quotations omitted).
[28] *Dejewski v. Nat'l Beverage Corp.,* No. 19-CV-14532-ES-ESK, 2021 WL 118929, at *1 (D.N.J. Jan. 12, 2021).
[29] RCN's cited authorities discussed above also support this proposition. *Doe v. Princeton* states that "it is well-established that simply copying an attorney on a communication is insufficient to fall within the scope of the privilege, particularly in the context of in-house counsel who may have different roles in providing business advice or conducting factual investigations, which are not protected from disclosure." 2025 WL 388832, at *2. That decision also cites two others identified in RCN's letter as support for this proposition, namely, *D'Ambly v. Exoo,* No. 20-12880, 2024 WL 4880322, at *3 (D.N.J. Nov. 25, 2024), and *In re Am, Med. Collection Agency*, 2023 WL 8595741, at *4. *In re Johnson & Johnson* also states that "a statement is not protected simply because it was made by or to an attorney" and "merely copying an attorney on a document does not automatically immunize a document from discovery." 2021 WL 3144945, at *3. These holdings equally apply to Category 3 documents addressed below.

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 29, 2025
Page 6

The sheer volume of these type of communications between non-legal individuals, as well as the subject lines of the email chains, appear to indicate that the communications are not directed to attorneys and are not privileged, but, rather, likely involve discussions regarding business activities. For example, when individual privilege log entries are grouped together as an entire email chain based on the subject lines, it is clear that not a single legal individual actually sent any of those emails; they were merely recipients without participating in the conversation among non-lawyers.

Below are just a few examples of email threads (for which all emails are currently at issue) in which neither an attorney nor a paraprofessional participates in the conversation at all, aside from being listed as a recipient of the email. Instead, the email conversations involve communications to and from non-legal individuals (*e.g.*, Ruth Ann Welsh (Project Management), William Sievers (Customer Care), or Robert Roeder (Development)). The subject lines ("RCN.com Change Needed" and "REVISED: Web Hosting Report") and non-participation of attorneys alone indicate the conversations were likely for business purposes.

   A.  RCNPriv0139, RCNPriv0141, RCNPriv0142, RCNPriv0146, RCNPriv0147, RCNPriv0148, RCNPriv0149, RCNPriv0160

| PrivDoc No. | Subject | Sent Date | From | To | CC |
|---|---|---|---|---|---|
| RCNPriv1039 | Confidential: RCN.com Change Needed | 06/28/2016 | Ruth Ann Welsh | Vanessa Perry;  Robert Johnson | **Jeff Kramp**;  **James A. Hill**;  William Davis; William Davis |
| RCNPriv0141 | Re: Confidential: RCN.com Change Needed | 06/28/2016 | Robert Johnson | Ruth Ann Welsh;  Vanessa Perry | **Jeff Kramp**;  **James A. Hill**;  William Davis |
| RCNPriv0142 | Re: Confidential: RCN.com Change Needed | 06/28/2016 | Ruth Ann Welsh | Robert Johnson;  Vanessa Perry | **Jeff Kramp**;  **James A. Hill**;  William Davis; William Davis |
| RCNPriv0146 | Re: Confidential: RCN.com Change Needed | 06/29/2016 | Ruth Ann Welsh | Robert Johnson;  Vanessa Perry | **Jeff Kramp**;  **James A. Hill**;  William Davis; William Davis |
| RCNPriv0147 | Re: Confidential: RCN.com Change Needed | 06/29/2016 | Robert Johnson | Ruth Ann Welsh;  Vanessa Perry | **Jeff Kramp**;  **James A. Hill**;  William Davis |
| RCNPriv0148 | Re: Confidential: RCN.com Change Needed | 06/29/2016 | Ruth Ann Welsh | Robert Johnson;  Vanessa Perry | **Jeff Kramp**;  **James A. Hill**;  William Davis; William Davis |
| RCNPriv0149 | Re: Confidential: RCN.com Change Needed | 06/29/2018 | Robert Johnson | Ruth Ann Welsh;  Vanessa Perry | **Jeff Kramp**;  **James A. Hill**;  William Davis |
| RCNPriv0160 | Re: Confidential: RCN.com Change Needed | 07/01/2016 | Robert Johnson | Ruth Ann Welsh;  Vanessa Perry | **Jeff Kramp**;  **James A. Hill**;  William Davis |

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 29, 2025
Page 7

      B.  RCNPriv0424, RCNPriv0425, RCNPriv0426, RCNPriv0427, RCNPriv0428, RCNPriv0430, RCNPriv0431, RCNPriv0432, RCNPriv0433, RCNPriv0434, RCNPriv0435

| PrivDoc No. | Subject | Sent Date | From | To | CC |
|---|---|---|---|---|---|
| RCNPriv0424 | Re: REVISED: Web Hosting Report | 09/07/2016 | Rob Roeder | William Sievers | Jeff Kramp; William Davis; Ruth Ann Welsh |
| RCNPriv0425 | Re: REVISED: Web Hosting Report | 09/07/2016 | Rob Roeder | William Sievers | Jeff Kramp; William Davis; Ruth Ann Welsh |
| RCNPriv0426 | RE: REVISED: Web Hosting Report | 09/07/2016 | William Sievers | Rob Roeder | Chris Fenger |
| RCNPriv0427 | Re: REVISED: Web Hosting Report | 09/07/2016 | Rob Roeder | William Sievers | Chris Fenger |
| RCNPriv0428 | RE: REVISED: Web Hosting Report | 09/07/2016 | William Sievers | Robert Roeder; Rob Roeder | Jeff Kramp; William Davis; Ruth Ann Welsh; Chris Fenger; Robert Rusinko |
| RCNPriv0430 | Re: REVISED: Web Hosting Report | 09/07/2016 | Rob Roeder | William Sievers | Jeff Kramp; William Davis; Ruth Ann Welsh; Chris Fenger; Robert Rusinko |
| RCNPriv0431 | Re: REVISED: Web Hosting Report | 09/07/2016 | Rob Roeder | William Sievers | Jeff Kramp; William Davis; Ruth Ann Welsh; Chris Fenger; Robert Rusinko |
| RCNPriv0432 | RE: REVISED: Web Hosting Report | 09/07/2016 | Ruth Ann Welsh | William Sievers; Robert Roeder; Rob Roeder | Jeff Kramp; William Davis; Chris Fenger; Robert Rusinko; William Davis |
| RCNPriv0433 | RE: REVISED: Web Hosting Report | 09/07/2016 | Robert Rusinko | Ruth Ann Welsh; William Sievers; Robert Roeder; Rob Roeder | Jeff Kramp; William Davis; Chris Fenger |
| RCNPriv0434 | RE: REVISED: Web Hosting Report | 09/07/2016 | Ruth Ann Welsh | Robert Rusinko; William Sievers; Robert Roeder; Rob Roeder | Jeff Kramp; William Davis; Chris Fenger; William Davis |
| RCNPriv0435 | RE: REVISED: Web Hosting Report | 09/07/2016 | Robert Rusinko | Ruth Ann Welsh; William Sievers; Robert Roeder; Rob Roeder | Jeff Kramp; William Davis; Chris Fenger |

Numerous other emails and threads in Category 2 meet these same criteria and are likely not privileged.

    **III. The Category 3 Documents**

The Court described Category 3 documents as "withheld documents on which an attorney is named and participates in the relevant discussion, but which Plaintiff argues do not involve the exchange of legal advice."

Attorneys have contributed precious little to the correspondence RCN is withholding as privileged, which tends to suggest that correspondence did not involve the exchange of legal advice. Of the 3,064 entries on RCN's privilege log (about 1,000 of which are emails), just **94** are emails from

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 29, 2025
Page 8

an attorney (as identified by RCN).[30] Rather, many of the withheld email exchanges appear to be lengthy discussions among business or technical employees, with just one or two inputs from an attorney—a pattern unlikely to reflect the exchange of legal advice.[31]

Of course, Plaintiffs cannot assess the substance of any attorney's contribution based on RCN's privilege log. So to identify examples that appear to fall in Category 3, Plaintiffs took the following approach:

- Identify the 94 emails listing an attorney in the "From" field.

- Group those 94 emails into "threads" with other emails on the log that appear to be part of the same thread, based on a combination of the subject, dates, and participants.

- Review each thread to identify examples where attorneys made only limited contributions to longer email threads.

Of course, this method is not exhaustive. Without the contents of the emails, Plaintiffs' "threads" could be over- or under-inclusive. For the sake of judicial efficiency, Plaintiffs identified 16 examples of Category 3 documents, with the expectation that the parties can apply the Court's guidance on those examples (and the other challenged documents) to identify any others.

Below are two examples of "threads" that Plaintiffs identified in order to select examples of Category 3 documents.[32] These threads relate to the Category 3 entries with PrivDoc Nos. RCNPriv1037 and RCNPriv0253.

A.  RCNPriv1037

| PrivDoc No. | Subject | Sent Date | From | To | CC |
|---|---|---|---|---|---|
| RCNPriv1027 | CONFIDENTIAL: Samples | 06/28/2018 | Jason Wasmanski | Ruth Ann Welsh; James A Hill | |
| RCNPriv1031 | FW: CONFIDENTIAL: Samples | 06/28/2018 | Ruth Ann Welsh | James A Hill | Jason Wasmanski; William Davis |
| RCNPriv1034 | Re: CONFIDENTIAL: Samples | 06/28/2018 | William Davis | Ruth Ann Welsh | James A Hill; Jason Wasmanski |
| RCNPriv1035 | Re: CONFIDENTIAL: Samples | 06/28/2018 | Jason Wasmanski | William Davis | Ruth Ann Welsh; James A Hill |

---

[30] On August 25, just before filing, counsel for RCN informed counsel for Plaintiffs that earlier drafts of the log had incorrectly identified "James Hill" as an attorney (apparently distinct from James A. Hill) and sent a revised log. Counsel for Plaintiffs responded that "James Hill" still appeared designated as an attorney throughout RCN's revised log and sought clarification. RCN never responded. The log filed at Dkt. 312-1 still identifies James Hill as an attorney.

[31] As previously noted, RCN has never submitted any declaration from a percipient witness about the purpose of these communications to lay a foundation for its privilege assertions.

[32] RCN's filing with the Court did not include log entries that (at this stage) fall outside Categories 1, 2, or 3, although those entries are included in the native Excel file that RCN later provided. That additional information would be unnecessary to the Court, however, because RCN can provide the full thread of correspondence to the Court for in camera review and definitively identify which entries are part of the same thread.

McElroy, Deutsch, Mulvaney & Carpenter, LLP

# McElroy Deutsch

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 29, 2025
Page 9

| | | | | | |
|---|---|---|---|---|---|
| RCNPriv1036 | Re: CONFIDENTIAL: Samples | 06/28/2018 | William Davis | Jason Wasmanski | Ruth Ann Welsh; **James A Hill** |
| RCNPriv1037 | RE: CONFIDENTIAL: Samples | 06/28/2018 | **James A Hill** | William Davis; Jason Wasmanski | Ruth Ann Welsh |
| RCNPriv1038 | RE: CONFIDENTIAL: Samples | 06/28/2018 | ruth.ann.welsh@rcn.net | **James A Hill**; William Davis; Jason Wasmanski | |

B. RCNPriv0253

| **PrivDoc No.** | **Subject** | **Sent Date** | **From** | **To** | **CC** |
|---|---|---|---|---|---|
| RCNPriv0242 | Confidential - Scripting and Information | 08/12/2016 | Ruth Ann Welsh | Candice Baltuskonis | Stu Elick; **Jeff Kramp**; **James A Hill** |
| RCNPriv0243 | RE: Confidential - Scripting and Information | 08/15/2016 | Candice Baltuskonis | Ruth Ann Welsh | Stu Elick; **Jeff Kramp**; **James A Hill** |
| RCNPriv0244 | RE: Confidential - Scripting and Information | 08/15/2016 | Candice Baltuskonis | Ruth Ann Welsh | Stu Elick; **Jeff Kramp**; **James A Hill** |
| RCNPriv0245 | RE: Confidential - Scripting and Information - Update | 08/15/2016 | Candice Baltuskonis | Candice Baltuskonis; Ruth Ann Welsh | Stu Elick; **Jeff Kramp**; **James A Hill** |
| RCNPriv0246 | Confidential - Scripting and Information | 08/15/2016 | Ruth Ann Welsh | **Maggie Szewczyk** | William Davis; William Davis |
| RCNPriv0253 | Re: Confidential - Scripting and Information | 08/15/2016 | **Maggie Szewczyk** | Ruth Ann Welsh | |
| RCNPriv0272 | Confidential - Scripting and Information | 08/16/2016 | Ruth Ann Welsh | **Maggie Szewczyk** | **Jeff Kramp**; William Davis; William Davis |
| RCNPriv1545 | Fwd: Confidential - Scripting and Information | 06/30/2020 | Ruth Ann Welsh | **James Hill**; Ruth Ann Welsh | |

Plaintiffs respectfully request that the Court grant the relief described in their prior submissions regarding RCN's improper privilege designations. We remain available at the Court's convenience should Your Honor have any questions or wish to discuss this request further.

                                    Respectfully submitted,

                                    McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

                                    *s/ Kathleen N. Fennelly*

                                    KATHLEEN N. FENNELLY

cc: All counsel (via ECF and e-mail)