

**Michael C. Witsch**
Direct **T** 267.780.2016
mwitsch@atllp.com

September 5, 2025

**VIA ECF**

The Honorable Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *UMG Recordings, Inc., et al. vs. RCN Telecom Services, LLC, et al.*,
             Civil Action No. 3:19-cv-17272-RK-TJB

Dear Judge Bongiovanni:

      This firm represents Defendants (collectively, "RCN") in the above-referenced matter. RCN submits this letter, with the Court's leave, to briefly address some discrete issues in Plaintiffs' letter of August 29, 2025 (ECF No. 313). This letter does not address Plaintiffs' arguments about the case law, as the parties briefed these issues already, and the Court did not invite argument in its Order (ECF No. 303). RCN rests on its previously presented arguments and the additional case law provided in its August 25 letter, as requested by the Court. *See* ECF Nos. 197; 226; 229; 281.

      **Category 1 Documents**

      Plaintiffs incorrectly claim that the reorganized privilege log "confirms the overbreadth" of RCN's designations, citing the number of Category 1 tags and the prominence of "meeting invites." ECF No. 313 at 1. Plaintiffs' assertions are misguided.

      *First*, a point of clarification: Only 126 of the documents tagged as "Category 1" are in dispute. All that remains in dispute are the 778 documents identified in the Appendix of Plaintiffs' August 27, 2024 letter. *See* ECF No. 279 at 3 and n.3.

      Plaintiffs correctly note that RCN tagged 726 documents as "Category 1." ECF No. 313 at 1. As explained in RCN's letter, however, RCN tagged both the documents in dispute *and* documents that RCN has not produced, although they are not in dispute. *See* ECF No. 312 at 1.[1] Only about 125 of the tagged documents are in dispute.

      *Second*, Plaintiffs base their "overbreadth" accusation on an issue the Court has already addressed in RCN's favor. Plaintiffs assert that "[t]he overwhelming majority of [Category 1] entries appear to be meeting invites or 'status updates'" that are "highly unlikely" to be privileged because no attorneys are included. ECF No. 313 at 1. The Court already addressed this issue in 2024.

---

[1] Plaintiffs assert that RCN's filing with the Court did not include log entries that don't fall in Category 1, 2, or 3. *See* ECF No. 313 at 8 n.32. This is false—RCN's filing included non-categorized entries. *See* ECF No. 312-1 at 152-440.

A bit of procedural context is useful: The Court conducted an *in camera* review of a set of RCNPriv documents that Plaintiffs had selected for review. ECF No. 263 at 2. The *in camera* review documents included four "meeting invites" of the type Plaintiff now identifies as non-privileged. *See* ECF Nos. 281-1 at ¶ 8 (Howenstine Decl.); 281-2 at entries 35-38 (meeting invitations). The Court reviewed those meeting invites and confirmed they were properly withheld. *See* ECF No. 263 at 2-3.

The examples Plaintiffs now identify in their letter (RCNPriv1214, RCNPriv1594–1595) contain language that is either identical to the language the Court found protected, or of the exact same type as the language the Court approved. In other words, RCN applied the Court's finding to the other invitations, as the Court instructed, and withheld documents like those the Court had found properly withheld.

It is true that these invites do not expressly list an attorney as the "sender" or "recipient," but the same protected information is contained within the bodies of the invites—just like the samples the Court affirmed *in camera*. Plaintiffs' "highly unlikely" speculation overlooks this relevant factual background on the issue.

### Category 2 Documents

Plaintiffs' assertions about Category 2 documents are similarly misguided. Plaintiffs indiscriminately identified nearly all of the non-Category 1 documents as Category 2 documents—643 in all. In other words, Plaintiffs assert that if an attorney is only copied on the document, the document must not involve legal advice. *See* ECF No. 313 at 6.

Plaintiffs made these same arguments prior to the Court's *in camera* review. *See* ECF No. 194 at 10-11. But in that review, the Court found RCN's privilege claims were "largely well-founded" and "[t]he majority of the documents withheld reflect protected information" (ECF No. 263 at 2). In fact, the Court approved of RCN's withholding of numerous documents on which an attorney was merely copied.[2]

Despite that vindication, Plaintiffs now insist that RCN completely failed to apply the Court's guidance to 643 documents. Plaintiffs' position is implausible at best.

### Category 3 Documents

Plaintiffs' Category 3 assertions rely on the notion that the number of times an attorney appears in the "From" column of an email thread reliably shows whether the thread is protected. ECF No. 313 at 7-9. Plaintiffs don't contend with some obvious scenarios, such as when subsequent emails add context to an initial inquiry seeking counsel's input. Plaintiffs also overlook the fact that RCN produced the non-privileged email from the "RCNPriv0253" thread.

In sum, Plaintiffs simply refuse to allow for the possibility that RCN diligently applied the Court's guidance, and the withheld communications are indeed protected.

Respectfully Submitted,

*/s/ Michael C. Witsch*
Michael C. Witsch

CC: All counsel of record via ECF

---

[2] *See* ECF No. 281-2 at entries 2, 3, 7, 11, 12, 13, 17, 21, 22, 23, 24, 25, 26, 30, 34 39, and 40.

ARMSTRONG TEASDALE LLP